IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE DOW CHEMICAL COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NOVA CHEMICALS CORPORATION )<br>(CANADA), and NOVA CHEMICALS INC. )<br>(DELAWARE), )<br>)<br>Defendants. ) | C.A. No. 05-737 (JJF)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF ITS
MOTION FOR JUDGMENT ON THE PLEADINGS
PURSUANT TO FED. R. CIV. P. RULE 12(c)**

OF COUNSEL:

Ford F. Farabow, Jr.
Ronald A. Bleeker
Joann M. Neth
Mark J. Feldstein
Jeffrey W. Abraham
Troy A. Petersen
FINNEGAN, HENDERSON,
   FARABOW, GARRETT &
   DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001-4413
(202) 408-4000

Dated: November 7, 2006
760477 / 29645

Richard L. Horwitz (#2246)
Kenneth L. Dorsney (#3726)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
Fax: (302) 658-1192
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

*Attorneys for Defendants
NOVA Chemicals Corporation (Canada),
and NOVA Chemicals Inc. (Delaware)*

## TABLE OF CONTENTS

I. NATURE AND STAGE OF THE PROCEEDINGS .................................................... 1

II. SUMMARY OF ARGUMENT ................................................................................... 1

III. STATEMENT OF FACTS .......................................................................................... 3

IV. ARGUMENT ............................................................................................................... 5

    A. Drawings Are A Statutory Requirement -- The Absence Of A Necessary Drawing Renders A Patent Invalid ................................................ 5

    B. A Drawing Is Necessary In All Cases Where The Drawing Is Referred To In Their Specifications ................................................................ 6

    C. Dow's Patents-In-Suit Are Invalid Because They Omit A Drawing Referred To In Their Specifications ................................................................ 8

    D. Judgment On The Pleadings Is Proper In View Of Dow's Admissions ......................................................................................................... 9

V. CONCLUSION .......................................................................................................... 10

# TABLE OF AUTHORITIES

## FEDERAL CASES

*A. O. Smith Corp. v. Affiliated Gas Equip., Inc.*,
   205 F.2d 654 (5th Cir. 1953) ............................................................................. 2, 5

*Akro Agate Co. v. Master Marble Co.*,
   18 F. Supp. 305 (N.D. W. Va. 1937) .................................................................. 2, 5

*British Telecomms v. SBC Communs., Inc.*,
   C.A. No. 03-526-SLR, 2004 US Dist LEXIS 29772 (D. Del. Feb. 24, 2004) ............. 10

*Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*,
   467 U.S. 837 (1984) ........................................................................................ 7, 8

*Enron Oil Trading & Transport Co. v. Walbrook Ins. Co.*,
   132 F.3d 526 (9th Cir. 1997) ............................................................................. 9

*Ethicon Inc. v. Quigg*,
   849 F.2d 1422 (Fed. Cir. 1988) .......................................................................... 7

*Federal Election Comm'n v. Democratic Senatorial Campaign Comm'n*,
   454 U.S. 27 (1981) ........................................................................................... 7

*Fressola v. Manbeck*,
   36 U.S.P.Q. 2d 1211 (D.D.C. 1995) .................................................................... 8

*Grant v. Raymond*,
   31 U.S. 218 (U.S. 1832) .................................................................................... 6

*In re Hayes Microcomputer Prods., Inc.*,
   982 F.2d 1527 (Fed. Cir. 1992) .......................................................................... 2, 5

*Jack Winter, Inc. v. Koratron Co.*,
   375 F. Supp. 1 (N.D. Cal. 1974) ........................................................................ 2, 8

*Litton Sys., Inc. v. Whirlpool Corp.*,
   728 F.2d 1423 (Fed. Cir. 1984) .......................................................................... 5

*Mostowy v. United States*,
   966 F.2d 668 (Fed. Cir. 1992) ............................................................................ 9

*Pfizer v. Ranbaxy*,
   457 F.3d 1284 (Fed. Cir. 2006) .......................................................................... 6, 9

*In re Smyth*,
   189 F.2d 982 (C.C.P.A. 1951) ............................................................................................... 5

## FEDERAL STATUTES

35 U.S.C. § 34 ................................................................................................................................ 5

35 U.S.C. § 101 .............................................................................................................................. 5

35 U.S.C. § 111 ..................................................................................................................... *passim*

35 U.S.C. § 113 ..................................................................................................................... *passim*

35 U.S.C. § 282 ........................................................................................................................... 6, 9

## ADMINISTRATIVE MATERIAL

37 C.F.R. § 1.51 ............................................................................................................................. 5

*In re Incomplete Application*,
   123 U.S.P.Q. 70 (USPTO Commissioner of Patents Nov. 28, 1958) ..................................... 7

MPEP (July 1978) § 608.02 ........................................................................................................... 7

MPEP (Aug. 1983) § 608.02 .......................................................................................................... 6

MPEP (Aug. 2006) § 608.02 .................................................................................................. 1, 6, 8

MPEP (Aug. 2006) § 608.01 (f), (g) .............................................................................................. 7

I.  **NATURE AND STAGE OF THE PROCEEDINGS**

On October 21, 2005, plaintiff Dow Chemical Co. ("Dow") filed this action against Defendants Nova Chemicals Corp. and Nova Chemicals Inc. (collectively "Nova"), for alleged infringement of U.S. Patent Nos. 5,847,053 ("'053 patent," Ex. 1) and 6,11,023 ("'023 patent," Ex. 2) (collectively "the patents-in-suit"). Dow served its complaint on June 20, 2006. Dow's complaint contains a single count alleging infringement by Nova of the patents-in-suit, and its prayers for relief are based solely on and are limited to this alleged infringement. (D.I. 1 at 3.) Nova answered and counterclaimed on August 10, 2006, pleading invalidity and non-infringement. Dow filed a Reply to the counterclaim on September 20, 2006, and Dow was subsequently granted leave to file an Amended Reply (Ex. 3) on October 18, 2006.

A Rule 26(f) conference has not yet been scheduled, and a Rule 16(b) scheduling order has not yet issued.

II. **SUMMARY OF ARGUMENT**

The patent statute requires that an applicant "shall furnish a drawing where necessary for the understanding of the subject matter sought to be patented." 35 U.S.C. § 113. Moreover, the statute further requires that a patent application "shall include... a drawing as prescribed by section 113 of this title" in order to be complete. 35 U.S.C. § 111(a)(2)(B).

Under its long-established interpretation of § 113, the United States Patent and Trademark Office ("USPTO") deems a drawing "necessary," and therefore required, in all cases where the drawing is specifically referred to in the patent specification. (Ex. 4, MPEP (Aug. 2006) § 608.02 at 600-104.) The courts have recognized that the

1

interpretation of the drawing requirements of 35 U.S.C. § 113 is "solely within the discretion of the Patent Office," *Jack Winter, Inc. v. Koratron Co.*, 375 F. Supp. 1, 35 (N.D. Cal. 1974), and have invalidated patents that failed to fulfill USPTO drawing requirements, *A. O. Smith Corp. v. Affiliated Gas Equip., Inc.*, 205 F.2d 654 (5th Cir. 1953); *Akro Agate Co. v. Master Marble Co.*, 18 F. Supp. 305, 331-32, 335 (N.D. W. Va. 1937). The Court of Appeals for the Federal Circuit likewise has recognized that a violation of § 113 can lead to invalidity. *In re Hayes Microcomputer Prods., Inc.*, 982 F.2d 1527, 1536 (Fed. Cir. 1992).

In the present case, all claims of both patents-in-suit require that the claimed composition satisfy an essential feature defined in the specification as the "slope of strain hardening coefficient" ("SHC"). (*E.g.*, Ex. 1, '053 patent, col. 6, ll. 45-50, claim 1; Ex. 2, '023 patent, co. 7, ll. 22-28, claim 1.) In order to calculate the SHC, both virtually identical specifications state that one first needs to calculate the "slope of strain hardening" (a parameter distinct from the slope of strain hardening *coefficient*, SHC), which is in turn derived from a drawing of a curve. (Ex. 1, '053 patent, col. 6, ll. 45-50; Ex. 2, '023 patent, col. 7, ll. 22-28.) The specifications refer to a "FIG. 1" drawing described as the curve "used to calculate the slope of strain hardening." (Ex. 1 '053 patent, col. 6, ll. 40-44; Ex. 2, '023 patent, col. 7, ll. 18-21.) This drawing is missing from both of the patents-in-suit--a fact which has now been admitted by Dow in its pleadings. (Ex. 3, Amended Reply, ¶¶ 34, 37, 123, 126.)

Since Dow has admitted that this "FIG. 1" is missing, the patents-in-suit are both invalid for failure to satisfy the statutory requirements of § 113. Moreover, both patents are also invalid as incomplete under the related statutory requirement of § 111.

2

Because the present issue is wholly a matter of law based on the admissions in Dow's Amended Reply, the Court should hold the patents-in-suit to be invalid, and grant judgment on the pleadings in favor of Nova.

## III. STATEMENT OF FACTS

The specifications of the two patents-in-suit are essentially identical. The patents are generally directed to blends of polyethylene. They each claim compositions having a first polyethylene component (A) and a second polyethylene component (B), both components being further defined by certain physical and chemical limitations.

Each of the claims of the patents-in-suit includes a limitation that the SHC parameter for component A is greater than or equal to 1.3. (*E.g.*, Ex. 1, '053 patent, independent claims 1, 6; Ex. 2, '023 patent, independent claims 1, 9.) According to the specifications of these patents, SHC is obtained from a mathematical formula in which a parameter called the "slope of strain hardening" is multiplied by the melt index of the polymer. (Ex. 1, '053 patent, col. 6, ll. 45-50; Ex. 2, '023 patent, col. 7, ll. 22-28; Ex. 3, Amended Reply, ¶¶49, 138.) The value of this "slope of strain hardening," in turn, is said to be calculated from a drawing ("FIG. 1") of a stress/strain curve by drawing a line parallel to the strain hardening region of the stress strain curve. (Ex. 1, '053 patent, col. 6, ll. 40-44; Ex. 2, '023 patent, col. 7, ll. 18-21.) This drawing does not appear in either of the patents-in-suit.

The specifications in fact refer to two different drawings as "FIG. 1." The first reference to "FIG. 1" describes it as the curve showing "the various stages of the stress/strain curve used to calculate the slope of strain hardening." (Ex. 1, '053 patent, col. 6, ll. 40-44; Ex. 2, '023 patent, col. 7, ll. 18-21; Ex. 3, Amended Reply, ¶¶34, 123.) *This is the missing drawing.* The second "FIG. 1" is said to "graphically depict the

3

relationship between the density" and SHC for certain polymers. (Ex. 1, '053 patent, col. 6, ll. 61-67; Ex. 2, '023 patent, col. 7, ll. 38-44.) This "second" FIG. 1 appears to be the graph entitled "Slope of Strain-Hardening coefficient (S.H.C.) VS Density" and labeled "Sheet 1 of 2" in both patents-in-suit. The patents also refer to a FIG. 2, said to show the results of a temperature rising elution fractionation measurement. (Ex. 1, '053 patent, col. 7, ll. 55-58; Ex. 2, '023 patent, col. 8, ll. 41-44.) Dow's reply admits that neither of these figures is the omitted "FIG. 1" showing "the various stages of the stress/strain curve used to calculate the slope of strain hardening." (Ex. 3, Amended Reply, ¶¶40, 41, 129, 130.)

Dow has now admitted in its pleadings that "FIG. 1" is referred to but is missing from both of the patents-in-suit:

> **Nova Counterclaim Paragraph No. 34.** The '053 patent states, *inter alia*, at column 6, lines 40-42 that "FIG. 1 shows the various stages of the stress/strain curve used to calculate the slope of strain hardening."
>
> **Dow Answer**: Admitted.
>
> **Nova Counterclaim Paragraph No. 37.** The "FIG. 1" described in the '053 patent at column 6, lines 40-42 is not contained in the '053 patent.
>
> **Dow Answer**: Admitted.

(Ex. 3, Amended Reply; *see also* ¶¶123, 126.) Moreover, Dow has admitted in its pleadings that there is *no* figure in either patent-in-suit that shows "the various stages of the stress/strain curve used to calculate the slope of strain hardening." (Ex. 3, Amended Reply, ¶40-42, 129-131.)

4

IV. ARGUMENT

### A. Drawings Are A Statutory Requirement--The Absence Of A Necessary Drawing Renders A Patent Invalid

As a condition of patentability, the patent statute requires that "[t]he applicant [for a patent] *shall* furnish a drawing where necessary for the understanding of the subject matter sought to be patented." 35 U.S.C. § 113 (emphasis added).[1] Because section 113 is a statutory requirement for patentability, failure to comply with that requirement renders an issued patent invalid. 35 U.S.C. § 101 ("Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter... may obtain a patent therefor, *subject to the conditions and requirements of this title*." (emphasis added)); *A. O. Smith*, 205 F.2d at 654 (affirming invalidity under 35 U.S.C. § 34 (predecessor to 35 U.S.C. § 113 (2002)) due to absence of drawings deemed necessary by the USPTO); *In re Smyth*, 189 F.2d 982, 989-990 (C.C.P.A. 1951) (affirming USPTO rejection of application filed without required drawings); *Akro Agate*, 18 F. Supp. at 331-32, 335 (finding of fact #33, conclusion of law T) (holding claims invalid for failing to illustrate claimed feature as required by statute and USTPO); *see also Hayes Microcomputer Prods.*, 982 F.2d at 1536 (considering invalidity under section 113).

---

[1] Drawings pursuant to section 113 are also a necessary component of a complete patent application. 35 U.S.C. 111(a)(2) ("Such application *shall* include... a drawing as prescribed by section 113 of this title...." (emphasis added)); *see Litton Sys., Inc. v. Whirlpool Corp.*, 728 F.2d 1423, 1437 (Fed. Cir. 1984) ("Both statute, 35 U.S.C. § 111, and federal regulation, 37 C.F.R. § 1.51, make clear the requirement that an application for a patent *must* include (1) a specification and claims, (2) a drawing, (3) an oath or declaration, and (4) a filing fee. The omission of any one of these component parts makes a patent application incomplete and thus not entitled to a filing date." (emphasis in original, citations omitted)). Failure to fulfill the requirements of section 111 is an independent ground for rendering an issued patent invalid, and Dow's failure to include the necessary FIG. 1, as discussed herein, renders its patents-in-suit invalid under 35 U.S.C. § 111 as well.

The patent statute and case law further confirm that the failure to comply with *any* condition for patentability is a complete defense to an allegation of infringement. 35 U.S.C. § 282 ("The following shall be defenses in any action involving the validity or infringement of a patent... (2) Invalidity of the patent or any claim in suit on any ground specified in part II of this title as a condition for patentability."); *Grant v. Raymond*, 31 U.S. 218, 248-49 (U.S. 1832) ("[A] failure on the part of the patentee, in those pre-requisites of the act which authorise a patent, is a bar to a recovery in an action for its infringement; and that the validity of this defence does not depend on the invention of the inventor but is a legal inference upon his conduct."); *Pfizer v. Ranbaxy*, 457 F.3d 1284, 1292 (Fed. Cir. 2006) ("[T]he overall statutory scheme... requires applicants to satisfy certain requirements before obtaining a patent, some of which are more procedural or technical than others." (*citing, inter alia*, 35 U.S.C. § 111(a)(2)(c) (oath requirement) and § 111(a)(3) (fee requirement))).

**B.     A Drawing Is Necessary In All Cases Where The Drawing Is Referred To In The Specification**

The USPTO interprets section 113 as providing that a drawing is "necessary" under the first sentence of 35 U.S.C. 113 in all cases where the drawing is referred to in the specification, but one or more figures have been omitted. (Ex. 4, MPEP (Aug. 2006) § 608.02 at 600-104.) This requirement applies to all applications leading to the patents-in-suit. The USPTO has expressly construed the first sentence of 35 U.S.C. § 113 this way since at least August 1983 (Ex. 5, MPEP (Aug. 1983) § 608.02 at 600-43)[2], and indeed earlier, when the MPEP provided that:

---

[2]     Because of the statutory requirements of section 113, the USPTO has promulgated detailed procedures to address applications filed without drawings referred
(continued on next page)

6

> in those chemical cases wherein there is a reference in the specification to a drawing and no drawing was present on filing... a chemical application initially will be held incomplete and denied a filing date. If a drawing is later furnished, a filing date may be granted as of the date of receipt of such drawing.

(Ex. 6, MPEP (July 1978) § 608.02 at 52.2.) Still earlier, the Commissioner of Patents held that

> [u]nder the statute (35 U.S.C. 113) and rules, the settled practice is that when a drawing is described in the application, as in the instant case, the application is not complete unless the described drawing... accompanies the papers (Rule 81).

*In re Incomplete Application*, 123 U.S.P.Q. 70 (USPTO Commissioner of Patents Nov. 28, 1958).

The MPEP represents the USPTO's official interpretation of the patent statutes, as codified in Title 35 of the United States Code. As an agency's interpretation of a statute it administers, it is entitled to deference when not in conflict with the statute. *Ethicon Inc. v. Quigg*, 849 F.2d 1422, 1425 (Fed. Cir. 1988) (*citing Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984)); *Fed. Election Comm'n v. Democratic Senatorial Campaign Comm'n*, 454 U.S. 27, 31-32, (1981) ("The interpretation put on the statute by the agency charged with administering it is entitled to deference, but the

---

(continued from previous page)
to in the specification. (Ex. 4, MPEP (Aug. 2006) § 608.01 (f),(g) at 600-16 to 20.) In the 1983 MPEP, USPTO policy was strict in withholding a filing date from an application lacking required figures. (Ex. 5, MPEP (Aug. 1983) § 608.02 at 600-41 ("Applications filed without all figures of drawings described in the specification are not given a filing date since they are 'prima facie' incomplete.") The current USPTO procedure allows the assignment of a filing date, but holds the application deficient until the missing figure is resolved. (Ex. 4, MPEP (Aug. 2006) § 608.01(g) at 600-18 to 20.)

7

courts are the final authorities on statutory construction." (citations omitted)); *Fressola v. Manbeck*, 36 U.S.P.Q. 2d 1211, 1213 (D.D.C. 1995) ("[C]ourts have shown a similar degree of deference to agency decisions in reviewing the MPEP as they have when reviewing more formal rules under the [*Chevron*] doctrine...." (citations omitted)).

The USPTO's interpretation of the drawing requirements of 35 U.S.C. § 113 has been held to be a matter "solely within the discretion of the Patent Office." *Jack Winter*, 375 F. Supp. at 35. For example, in *Jack Winter, Inc. v. Koratron Co.* the court applied the MPEP requirements in effect at the relevant time in deciding this very issue. *Id.*

### C. Dow's Patents-In-Suit Are Invalid Because They Omit A Drawing Referred To In Their Specifications

Dow admits in its pleadings that the patents-in-suit each refer to a "FIG. 1," described as showing a curve having "the various stages of the stress/strain curve used to calculate the slope of strain hardening." (Ex. 3, Amended Reply ¶¶34; 123.) Dow further admits in its pleadings that this FIG. 1 is not contained in either of the patents-in-suit. (Ex. 3, Amended Reply ¶¶40, 41, 129, 130.) Finally, Dow still further admits in its pleadings that there is *no* figure in the patents-in-suit providing an illustration of a curve with "the various stages of the stress/strain curve used to calculate the slope of strain hardening." (Ex. 3, Amended Reply ¶¶42; 131.) Because the missing FIG. 1 is referred to in the specifications--a fact as to which there is no dispute--it is necessary and therefore required under section 113 of the patent statute and under the MPEP. (Ex. 4, MPEP (Aug. 2006) § 608.02 at 600-104.) Thus, Dow's admissions in and of themselves compel the legal conclusion that the patents-in-suit are invalid.

Furthermore, Dow itself chose to use FIG. 1 in its patents-in-suit to allow calculation of the claimed SHC parameter. Under PTO practice (§ 608.02) this reference

8

to and use of the FIG. 1 by Dow in its patent specifications by itself renders it "necessary."

Although Dow denies that FIG. 1 is "necessary" to an understanding of the claimed subject matter of the patents-in-suit (Ex. 3, Amended Reply ¶¶43; 132), Dow's other admissions are inconsistent with that denial. In particular, Dow admits that missing "FIG. 1" is specifically stated in the patents-in-suit to "show the various stages of the stress/strain curve *used to calculate the slope of strain hardening*." (Ex. 3, Amended Reply ¶¶34, 123 (emphasis added)) The only equation Dow provided in its patent specifications to allow one to calculate the SHC parameter requires the input of the slope of strain hardening value, which is stated in Dow's patents to be calculated from the curve drawn in that "FIG. 1." (Ex. 1, '053 patent, col. 6, ll. 40-50; Ex. 2, '023 patent, col. 7, ll. 18-28.) USPTO regulations confirm Dow's admissions that the omitted "FIG. 1" was "necessary."

Thus, Dow's admitted failure to comply with the requirements of sections 111 and 113 renders the patents-in-suit invalid. 35 U.S.C. § 282; *Pfizer*, 457 F.3d at 1292.

### D. Judgment On The Pleadings Is Proper In View Of Dow's Admissions

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is the proper means to challenge the sufficiency of a complaint, or claims therein. "A district court will render a 'judgment on the pleadings when the moving party clearly establishes on the face of the pleadings [and by evidence of which the court takes judicial notice] that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.'" *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 529 (9th Cir. 1997) (citations omitted); *Mostowy v.*

*United States*, 966 F.2d 668, 672-73 (Fed. Cir. 1992); *British Telecomms v. SBC Communs., Inc.*, C.A. No. 03-526-SLR, 2004 US Dist LEXIS 29772 (D. Del. Feb. 24, 2004) (Ex. 7). Dow admitted in its Amended Reply that the patents-in-suit refer to a drawing, "FIG. 1." The referenced "FIG. 1" is not contained in either of the patents-in-suit, and Dow admits that also. Thus, there is no issue of fact remaining to resolve the invalidity of Dow's patents-in-suit under 35 U.S.C. §§ 111, 113.

## V. CONCLUSION

The invalidity of Dow's patents-in-suit fully resolves all of Dow's allegations and claims for relief. For this and the reasons set forth above, a declaration of invalidity of Dow's patents-in-suit and judgment on the pleadings in favor of Nova is respectfully requested.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Ford F. Farabow, Jr.
Ronald A. Bleeker
Joann M. Neth
Mark J. Feldstein
Jeffrey W. Abraham
Troy A. Petersen
FINNEGAN, HENDERSON,
FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001-4413
(202) 408-4000

Dated: November 7, 2006
760477 / 29645

By: */s/ Richard L. Horwitz*
　　Richard L. Horwitz (#2246)
　　Kenneth L. Dorsney (#3726)
　　Hercules Plaza, 6th Floor
　　1313 N. Market Street
　　Wilmington, Delaware 19801
　　Tel: (302) 984-6000
　　Fax: (302) 658-1192
　　rhorwitz@potteranderson.com
　　kdorsney@potteranderson.com

*Attorneys for Defendants*
*NOVA Chemicals Corporation (Canada),*
*and NOVA Chemicals Inc. (Delaware)*

## LIST OF EXHIBITS

1. U.S. Patent No. 5,847,053

2. U.S. Patent No. 6,11,023

3. Dow's Amended Reply (October 18, 2006)

4. MPEP (Aug. 2006) 600-16 to 20, 104 to 105

5. MPEP (Aug. 1983) 600-38 to 43

6. MPEP (July 1978) 52.2.

7. *British Telecomms v. SBC Communs., Inc.*, C.A. No. 03-526-SLR, 2004 US Dist LEXIS 29772 (D. Del. Feb. 24, 2004)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on November 7, 2006, the foregoing document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF, which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Rodger D. Smith II
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

I hereby certify that on November 7, 2006, I have Electronically Mailed the attached document to the following:

Harry J. Roper
Steven R. Trybus
Joseph F. Marinelli
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611
hroper@jenner.com
strybus@jenner.com
jmarinelli@jenner.com

/s/ Richard L. Horwitz
Richard L. Horwitz
Kenneth L. Dorsney
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

743809