**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| THE DOW CHEMICAL COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-737 (JJF) |
| | ) | |
| NOVA CHEMICALS CORPORATION | ) | |
| (CANADA) and NOVA CHEMICALS INC. | ) | |
| (DELAWARE), | ) | |
| | ) | |
| Defendants. | ) | |

**DOW'S ANSWERING BRIEF IN OPPOSITION TO NOVA'S MOTION
<u>FOR JUDGMENT ON THE PLEADINGS</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
Maria Granovsky (#4709)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
  Attorneys for Plaintiff
  The Dow Chemical Company

OF COUNSEL:

Harry J. Roper
Aaron A. Barlow
Darrick J. Hooker
JENNER & BLOCK LLP
330 N. Wabash Ave.
Chicago, IL  60611
(312) 222-9350

Bruce M. Kanuch
The Dow Chemical Co.
2030 Bldg
Midland, MI 48672

December 6, 2006

# TABLE OF CONTENTS

I.    NATURE AND STAGE OF THE PROCEEDINGS ............................................................1

II.   SUMMARY OF THE ARGUMENT ............................................................1

III.  STATEMENT OF FACTS ............................................................3

IV.   ARGUMENT ............................................................6

    A.    On A Motion For Judgment On The Pleadings, All Factual Allegations Made By Dow In The Pleadings Must Be Accepted ............................................................6

    B.    Sections 113 And 111 Are Not Grounds For Patent Invalidity ............................................................6

    C.    Nova's Arguments That The Missing Figure Renders The Patents Invalid Under § 113 Are Meritless ............................................................8

        1.    A Drawing Referred To In The Specification Is Not *Per Se* Necessary As A Matter Of Law ............................................................8

            a)    Nova's Arguments That The MPEP Or The Patent Office Are Entitled To Any Deference On Patent Validity Have Been Rejected By The Federal Circuit ............................................................8

            b)    Nova Misinterprets The MPEP In Any Event ............................................................11

        2.    Nova's Contention That, Despite Statements In The Pleadings To The Contrary, The Missing Figure 1 Is Necessary As A Matter Of Fact, Is Meritless ............................................................15

    D.    Nova's §111 Argument Is Equally Meritless ............................................................16

CONCLUSION ............................................................17

# TABLE OF AUTHORITIES

**Cases**

*Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*,
  467 U.S. 837 (1984) ............................................................................................... 10

*Cort v. Ash*,
  422 U.S. 66 (1975) ................................................................................................... 7

*Diamond v. Diehr*,
  450 U.S. 175 (1981) ................................................................................................. 7

*Ethicon, Inc. v. Quigg*,
  849 F.2d 1422 (Fed.Cir. 1988) .............................................................................. 11

*Exxon Corp. v. Phillips Petroleum Co.*,
  265 F.3d 1249 (Fed.Cir. 2001) .............................................................................. 12

*Finch v. Hercules*, Inc.,
  809 F. Supp. 309 (D. Del. 1992) .............................................................................. 6

*Fressola v. Manbeck*,
  36 U.S.P.Q. 2d 1211 (D.D.C. 1995) ...................................................................... 11

*Hockerson-Halberstadt, Inc. v. Avia Group Int'l*,
  222 F.3d 951 (Fed.Cir. 2000) ................................................................................ 17

*Institute for Scientific Info., Inc. v. Gordon & Breach, Sci. Publishers, Inc.*,
  931 F.2d 1002 (3d Cir. 1991) ................................................................................... 6

*Jack Winter Inc. v. Koratron Co.*,
  375 F. Supp. 1 (D. Cal. 1974) ................................................................................ 12

*Laerdal Med. Corp. v. Ambu, Inc.*,
  877 F. Supp. 255 (D. Md. 1995) .............................................................................. 8

*Magnivision, Inc. v. Bonneau Co.*,
  115 F.3d 956 (Fed. Cir. 1997) ............................................................................... 16

*McKesson Info. Solutions LLC v. TriZetto Group, Inc.*,
  426 F. Supp. 2d 203 (D. Del. 2006) ...................................................................... 17

*Merck & Co., Inc. v. Kessler*,
  80 F.3d 1543 (Fed. Cir. 1996) ............................................................................... 11

*Mostowy v. United States*,
  966 F.2d 668 (Fed. Cir. 1992) ................................................................................. 6

*New South Indus., Inc. v. Apache Grounding Corp.*,
666 F. Supp. 1067 (M.D. Tenn. 1987)................................................................. 10

*Norian Corp. v. Stryker Corp.*,
363 F.3d 1321 (Fed.Cir. 2004)........................................................................... 16

*Pfizer v. Ranbaxy*,
457 F.3d 1284 (Fed.Cir. 2006)............................................................................. 8

*Racing Strollers, Inc. v. TRI Indus., Inc.*,
878 F.2d 1418 (Fed.Cir. 1989)....................................................................... 9, 13

*Touche Ross & Co. v. Redington*,
442 U.S. 560 (1979).............................................................................................. 7

*Waldbaum, In re*, 457 F.2d 997 (1972)................................................................. 7

## Statutes

35 U.S.C. § 102............................................................................................................ 7

35 U.S.C. § 103............................................................................................................ 7

35 U.S.C. § 111............................................................................................................ 1

35 U.S.C. § 113..................................................................................................... 1, 6, 9

35 U.S.C. § 282..................................................................................................... 2, 7

Plaintiff The Dow Chemical Company ("Dow") opposes the motion for judgment on the pleadings filed by defendants Nova Chemicals Corporation (Canada) and Nova Chemicals Inc. (Delaware) (collectively "Nova").  Nova's motion is inconsistent with the pleadings in this case, and it is based on mischaracterizations of the United States Patent and Trademark Office's ("Patent Office") documents describing its internal operations.  The motion should be denied.

## I.    NATURE AND STAGE OF THE PROCEEDINGS

Dow filed its Complaint on October 21, 2005 against Nova seeking an injunction and damages for Nova's infringement of U.S. Patent Nos. 5,847,053 and 6,111,023 ("patents-in-suit").  After attempts to settle the case through negotiation failed, Dow served its Complaint on June 20, 2006.  Nova answered and counterclaimed on August 10, 2006.  Dow filed its reply on September 20, 2006, and filed an amended reply on October 18, 2006.  On November 7, 2006, Nova filed this motion for judgment on the pleadings alleging invalidity under 35 U.S.C. §§ 111 and 113.

A Rule 26(f) conference has not been scheduled, and a Rule 16(b) scheduling order has not been issued.

## II.    SUMMARY OF THE ARGUMENT

1.    In addressing Nova's Rule 12(c) motion, the Court should assume that the material facts alleged in Dow's pleadings are correct and draw all reasonable inferences in Dow's favor.  In its Amended Reply to Nova's Answer and Counterclaims, Dow denied that the admittedly missing Figure 1 is a necessary figure for the understanding of the inventions disclosed in the patents-in-suit.  Since this factual allegation must be accepted by the Court as true, Nova cannot establish on the face of the pleadings that no relief could be granted to Dow.  Therefore, Nova's motion should be denied.

2.      Furthermore, neither of the two statutory provisions that Nova relies upon, namely 35 U.S.C. §§ 111 and 113, provides a legal basis for holding a patent invalid, as Nova incorrectly suggests.  Nova's argument here is based on a flawed reading of 35 U.S.C. § 282, clause (2).  That clause provides that invalidity defenses may be based on "any ground specified in part II of this title as a condition for patentability."  However, sections 111 and 113 do not meet that criteria.

3.      Nova's arguments regarding sections 111 and 113 are, in any event, factually and legally meritless.

a.      Nova argues that Figure 1 is "necessary" *per se* as a matter of law because the specifications of the patents-in-suit refer to it.  However, neither the statute nor the case law indicates that a figure referred to, but missing, from a patent is *per se* necessary.  Nova argues that it is the Patent Office, not the courts, that must interpret § 113, and then relies on a misinterpretation of the Patent Office's Manual for Patent Examining Procedure ("MPEP") to support its position.   However, it is well-settled that the courts should not defer to the Patent Office concerning the substantive requirements of patent law, and that the Patent Office has absolutely ***no substantive rulemaking authority***.  Furthermore, Nova's interpretation of the MPEP is totally incorrect.  The MPEP sections Nova cites relate to the Patent Office's internal procedures for opening its mail and assigning filing dates to applications.  Those regulations state that a missing drawing is only ***prima facie*** incomplete, but make it clear that as long as an application contains ***at least one drawing*** and "something that can be construed as a written description," a filing date is given.  Thus, Nova's argument is totally without merit.

b.      The plain language of the statute makes it clear that a drawing is necessary only when it is needed for an understanding of the claimed invention.  As explained in the

declaration of Prof. Benjamin Hsiao, an expert in the field of tensile properties of polymers, the description of the invention in the patents-in-suit is more than adequate to understand the invention and how to make and use it. Tensile curves, such as the missing Figure 1, were well known in the art at the time the applications leading to the patents-in-suit were filed. Anyone of ordinary skill in the art would readily understand what such a figure would look like. Nova's argument that the "slope of strain hardening" parameter for any polymer must be calculated using the missing Figure 1 is absurd. Each polymer has its own slope of strain hardening, and this parameter would need to be calculated on a tensile curve based on measurements of that polymer, not a typical example referred to in the patents-in-suit. Thus, Nova's argument that Figure 1 is necessary is completely meritless.

4.    Nova's argument that the patents-in-suit are invalid under 35 U.S.C. § 111 is equally meritless. Section 111 requires only a drawing "to the extent required by § 113." Because, as mentioned above, the missing drawing is not required by §113, it is not required by § 111.

## III.    STATEMENT OF FACTS

The patents-in-suit both share the same specification. In the BRIEF DESCRIPTION OF THE DRAWINGS, the patents refer to two figures, Figure 1 and Figure 2, which Nova admits are both present in the patents. (D.I. 21 [Nova Brief] at 3-4). Nova also does not dispute that throughout each patent every single reference to a figure, except one, correctly refers to one of the figures present in the patents.

The only erroneous reference to a figure, the so-called "missing FIG 1," appears at the end of a paragraph describing the four stages of tensile strain that a polymer undergoes as it is stretched. This reference states that the missing Figure 1 shows "the various stages of the

3

stress/strain curve used to calculate the slope of strain hardening." (D.I. 21 [Exhs. 1 & 2 to Nova Br.], '053 patent, col. 6, lines 40-42; '023 patent, col. 7, lines 18-19).

In its Amended Reply to Nova's Counterclaims, which contained 193 allegations, Dow denied that the missing "FIG 1" was **necessary** for the understanding of the invention disclosed by the patents-in-suit:

> **Counterclaim Paragraph No. 43.**
>
> A figure showing "the various stages of the stress/strain curve used to calculate the slope of strain hardening," as described in the '053 patent at column 6, lines 40-42, is necessary for the understanding of the subject matter claimed in the '053 patent.
>
> **Dow Answer:**
>
> Denied.
>
> **Counterclaim Paragraph No. 132.**
>
> A figure showing "the various stages of the stress/strain curve used to calculate the slope of strain hardening," as described in the '023 patent at column 7, lines 18-19, is necessary for the understanding of the subject matter claimed in the '023 patent.
>
> **Dow Answer:**
>
> Denied.

(D.I. 19 [Dow's Amended Reply to Nova's Counterclaims ("Amended Reply")]). Thus, in the pleadings Dow unequivocally denied that the missing Figure 1 is **necessary**.

Dow's denial that the missing figure is necessary for an understanding of the invention is also supported by Prof. Hsiao, Professor of Chemistry, State University of New York at Stony Brook. In his declaration, filed concurrently with this brief, Prof. Hsiao explains that the four stages of tensile strain were well known to persons of ordinary skill in the art of

polymer science in 1993, when the patents were filed, and for many years before. (Hsiao Dec. ¶ 7). For example, shown below is a typical tesnile curve from a text book published in 1971:



Figure 11.2. Typical load–extension curve for a cold-drawing polymer.

(*See* Hsiao Dec., Exh. 1 at 271). As explained by Prof. Hsiao, this well-known curve shows the same four stages referred to in the patents-in-suit. (Hsiao Dec. at ¶ 7). Someone skilled in the art would have been familiar with this well-known behavior of polymers when reading the specifications of the patents-in-suit. (*Id.*).

In fact, the patent contains a detailed description of exactly what such a figure would look like, including a description, in words, of each of the four regions that would appear in a typical tensile curve. (D.I. 21 [Exh. 1 to Nova Br.], '053 Patent, at col. 6, ll. 27-39; [Exh. 2 to Nova Br.], '023 Patent, at col. 7, ll. 5-17); (Hsiao Dec. ¶ 7). From this description, a person of ordinary skill in the art could easily reconstruct a figure, such as the one shown above, that shows "the various stages of the stress/strain curve used to calculate the slope of strain hardening." (Hsiao Dec. ¶ 9).

For these reasons, it was not necessary to include a figure showing these regions in the patents-in-suit.

IV.    **ARGUMENT**

    A.    **On A Motion For Judgment On The Pleadings, All Factual Allegations Made By Dow In The Pleadings Must Be Accepted**

As the authority cited by Nova expressly states, "[t]he standard for judgment on the pleadings is stringent." *Mostowy v. United States*, 966 F.2d 668, 672 (Fed. Cir. 1992). In considering such a motion, any factual allegation in the pleadings made by Dow must be accepted. *Institute for Scientific Info., Inc. v. Gordon & Breach, Sci. Publishers, Inc.*, 931 F.2d 1002, 1005 (3d Cir. 1991); *Finch v. Hercules*, Inc., 809 F. Supp. 309, 310 (D. Del. 1992).

Here, Dow unequivocally ***denied*** that Figure 1 is necessary to the understanding of the subject matter of either patent-in-suit. (D.I. 19 [Amended Reply]). Consequently, on this motion, it is deemed established that Figure 1 is ***not necessary*** for such an understanding. *Id*. The plain language of the statute requires a drawing only when it is "necessary for the understanding of the subject matter sought to be patented." 35 U.S.C. § 113. Thus, Nova's motion should be denied based on Dow's pleading alone.

    B.    **Sections 113 And 111 Are Not Grounds For Patent Invalidity**

Second, Nova's defenses under § 113 and 111 were not provided by Congress in the patent statute. They therefore may not be recognized by federal courts. *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568-69, 576 (1979); *Cort v. Ash*, 422 U.S. 66 (1975).

Nova argues that Congress did provide for such defenses in 35 U.S.C. § 282, clause (2). That provision creates validity defenses based on "any ground ***specified*** in part II of this title as a ***condition*** for patentability." *Id.* (emphasis added). The only sections of Part II of Title 35 that include conditions for patentability are §§ 102 and 103. *See Diamond v. Diehr*, 450 U.S. 175, 189-191 (1981); *In re Waldbaum*, 457 F.2d 997, 1002-03 (1972) (recognizing "conditions" in section 101 as referring to § 102 and § 103). Indeed, these sections contain the

phrase "conditions for patentability" in their titles.  Section 102 is entitled "***Conditions for patentability***; novelty and loss of right to patent," and § 103 is entitled "***Conditions for patentability***; non-obvious subject matter."  35 U.S.C. §§ 102-103 (emphasis added).  No other section of part II of Title 35 specifies that it contains conditions for patentability.

Furthermore, Congress made it clear that clause 2 of § 282 does not provide for defenses other than these "conditions for patentability."  Specifically, Congress included a separate provision of 282, clause (3), that expressly makes defenses out of  "failure to comply with any requirement of sections 112 or 251 of this title."  Because Congress added a separate provision to expressly refer to § 112 as a defense, Congress obviously did not intend that clause 2 makes defenses out of every section of the Patent Act that relates in any way to patentability.

Congress was obviously deliberately selective in what requirements of obtaining a patent it thought should be reviewed again in infringement litigation and what requirements should be left to the discretion of the Patent Office under administrative law.  The courts, like Congress, obviously believed that "it is almost surely preferable for a reviewing court not to involve itself in the minutiae of Patent Office proceedings and to second-guess the Patent Office on procedural issues at every turn."  *Laerdal Med. Corp. v. Ambu, Inc.,* 877 F. Supp. 255, 259 (D. Md. 1995) (internal quotation marks and citation omitted).

*Pfizer v. Ranbaxy*, 457 F.3d 1284, 1292 (Fed.Cir. 2006), cited by Nova, also does not have any bearing on the issue here.  In that case, the Federal Circuit expressly relied on clause 3 of § 282 to hold that § 112, ¶ 4 creates an invalidity defense.  The Federal Circuit does not even refer to clause 2 of § 282, much less lend any support to Nova's erroneous argument that all sections of part II of Title 35 create defenses to patent infringement.

Consequently, §§ 113 and 111 do not create grounds for patent invalidity.

**C.    Nova's Arguments That The Missing Figure Renders The Patents Invalid Under § 113 Are Meritless**

Nova presents two arguments in support of its contention that the missing Figure 1 is necessary under § 113 and therefore its absence means the patents-in-suit are invalid. First, Nova argues that, as a matter of law, any figure referred to in a patent that is missing from the patent is *per se* necessary. Second, Nova argues that in spite of Dow's denial that the missing figure is necessary, the missing figure is in fact necessary. Both of these arguments are without merit.

**1.    A Drawing Referred To In The Specification Is Not *Per Se* Necessary As A Matter Of Law**

First, Nova argues that "in all cases" where a drawing is referred to in the specification, it is necessary under § 113 as a matter of law. Such a rule of law would mean that a missing drawing is always *per se* necessary, and no amount of rebuttal evidence could show the drawing is not necessary. There is simply no basis in the law for this far-fetched position.

**a)    Nova's Arguments That The MPEP Or The Patent Office Are Entitled To Any Deference On Patent Validity Have Been Rejected By The Federal Circuit**

First, as Nova's brief shows, Nova's only support for its theory is a strained interpretation of the MPEP, a "looseleaf training and instruction manual for examiners" which indisputably is not binding legal authority. *Racing Strollers*, *Inc. v. TRI Indus., Inc.*, 878 F.2d 1418, 1422 (Fed. Cir. 1989). The proper authorities fail to support Nova's position.

The plain language of the statute requires a drawing only **"*where necessary* for the understanding of the subject matter sought to be patented."** 35 U.S.C. § 113 (emphasis added). This language indicates that whether a particular drawing is necessary turns on the factual question of whether the absence of the drawing makes it impossible "for the

understanding of the subject matter sought to be patented."  None of the case law Nova cites holds a patent invalid solely because it contains a reference to a missing drawing.  And Nova does not contend that any section of the Patent Office rules, contained in Title 37 of the Code of Federal Regulations ("CFR"), supports its position.

To remedy its lack of support for its motion, Nova argues that the MPEP is the Patent Office's "official interpretation of the patent statutes" and "is entitled to deference when not in conflict with the statute," citing *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844 (1984).  (D.I. 21 [Nova Br.] at 7).  Nova even goes so far as to state that the Patent Office's "interpretation of the drawing requirements of 35 U.S.C. § 113 has been held to be a matter 'solely within the discretion of the Patent Office.'"  (*Id.* at 8) (citation omitted).

First of all, if Nova were correct that it is up to the Patent Office whether the missing Figure 1 is necessary for understanding Dow's invention, then the fact that the Patent Office issued the patents should be dispositive and Nova's motion should be denied for this very reason.  *See New South Indus., Inc. v. Apache Grounding Corp.*, 666 F. Supp. 1067, 1071 (M.D. Tenn. 1987) (Court found that patentee's filing appeared to be in clear violation of MPEP § 512. However, the court rejected a defense based on that violation because "the Commissioner, acting through the patent examiner, in 1978 took no action to enforce section 512 against the plaintiffs.").

Furthermore, Nova's positions on the authority of the MPEP are in conflict with the statements of the Patent Office, as well as the courts.

First, the MPEP, unlike 37 CFR, does not contain rules enacted after notice and comment.  Indeed, the Patent Office itself states that the MPEP "does not have the force of law"

9

or even "the force of the Patent Rules of Practice in Title 37, Code of Federal Regulations." (Exh. 1 [1996 MPEP Foreword]; Exh. 2 [2006 MPEP Foreword]).

Moreover, the MPEP (and even the CFR) can never be considered legal authority of any kind on the substantive requirements of patent validity. They are not entitled to any deference whatsoever by the courts on this issue. In *Merck & Co., Inc. v. Kessler*, 80 F.3d 1543 (Fed. Cir. 1996), the Federal Circuit clearly explained the limits of the deference owed to the Patent Office's interpretations of patent law:

> As we have previously held, the broadest of the PTO's rulemaking powers -- 35 U.S.C. § 6(a) -- authorizes the Commissioner to promulgate regulations directed ***only to "the conduct of proceedings*** in the [PTO]"; ***it does NOT grant the Commissioner the authority to issue substantive rules***.

*Id.* at 1549-50 (emphasis added, capitalization original). The Federal Circuit held that with respect to substantive rules, as opposed to procedural rules, "the rule of controlling deference set forth in *Chevron* **does not apply**." *Id.* at 1550 (emphasis added).

All of the cases cited by Nova on the courts' deference to the Patent Office relate to issues of "the conduct of proceedings in the [PTO]," not to substantive requirements of patent law. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1425 and 1429 (Fed.Cir. 1988) (holding that the Patent Office's decision to stay the proceedings in a reexamination ***conflicted with the statute***); *Fressola v. Manbeck*, 36 U.S.P.Q.2d 1211, 1215 (D.D.C. 1995) (affirming the conduct of proceedings in the PTO according to the MPEP because the provision in question "fits much more comfortably into the 'procedural' box than the 'substantive' one," "lacks the full force of law characteristic of 'substantive' or 'legislative' rules," and "does not affect the substance of an appellant's claims.").

Indeed, in discussing "[d]eference to PTO procedures," the Federal Circuit clearly draws a distinction between deferring to the Patent Office when considering attacks on the

proceedings within the PTO as opposed to alleged Patent Office views on the validity of issued

patents:

> The two cases that Phillips cites … relate to prosecution ***within the PTO, not to the validity of an issued patent*** claiming subject matter found to be patentable.  Neither [case] holds that a possibly imperfect interference procedure is a defense in an infringement action, ***whether the imperfection was due to the examiner, the applicant or both***.

*Exxon Corp. v. Phillips Petroleum Co.*, 265 F.3d 1249, 1253-54 (Fed.Cir. 2001) (emphasis

added).  Thus, the Patent Office's views, if any, on the question of whether a missing figure

would render a patent invalid are entitled to no deference by the courts.  Therefore, the MPEP

cannot be used to provide the basis for construing any requirements for validity set forth in 35

U.S.C. § 113.

Nova's characterization of *Jack Winter Inc. v. Koratron Co.*, 375 F. Supp. 1, 35

(D. Cal. 1974), as holding that the Patent Office's "interpretation of the drawing requirements of

35 U.S.C. § 113 is 'solely within the discretion of the Patent Office'" is nonsense.  (D.I. 21

[Nova Br.] at 2).  In *Jack Winter*, the court stated with respect to the patent application before the

court, whether the "application at issue 'admit[ted]' of a drawing" was within the discretion of

the Patent Office" because the patent applicant, in a letter to the Patent Office, stated,

"Applicants are willing to abide by any decision reached by the Examiner as to illustrated

drawings."  *Jack Winter*, 375 F. Supp. at 35.  Thus, contrary to Nova's mischaracterization,

§ 113 was not the basis for the court's ruling in *Jack Winter*.

### b)    Nova Misinterprets The MPEP In Any Event

Nova's interpretation of the MPEP is totally flawed.  In fact, Nova's entire

approach to interpreting the MPEP, relying on sections from several different versions all of

which either pre-date or post-date the actual period of prosecution of the patents-in-suit, is highly

suspect.  The Federal Circuit has cautioned, "[t]he MPEP is a looseleaf training and instruction manual for examiners which is continually revised in piecemeal fashion and it is not surprising to find inconsistencies in it."  *Racing Strollers*, 878 F.2d at 1422.

Even in the MPEP, Nova's only support for its argument is the following statement from part of the instructions for the examiners in the Patent Office's mail room who open the mail and assign filing dates:

> A drawing will be considered necessary under the first sentence of 35 U.S.C. 113 in all applications where the drawing is referred to in the specification and one or more figures have been omitted.

(D.I. 21 [Exh. 4 to Nova Br.], 2006 MPEP at 600-104).  This instruction is directed to examiners who are not the substantive patent examiners and who do not decide whether requirements of the patent law are satisfied.  Instead, they are called "formality examiners."  *See, e.g.,* "the Application Division *formality examiner*" (D.I. 21 [Exh. 5 to Nova Br.], 1983 MPEP at 600-43); (D.I. 21 [Exh. 6 to Nova Br.], 1978 MPEP at 52.2); "Initial Application Examination Division *formality examiner*" (Exh. 1 [1996 MPEP] at 600-78); or the "OIPE [Office of Initial Patent Examination] *formality examiner*" (D.I. 21 [Exh. 4 to Nova Br.], 2006 MPEP at 600-105) (emphases added).

The formality examiners are not necessarily skilled in the art of the applications they are examining.  They are given simple, mechanical rules for opening the mail and sending it to the correct part of the Patent Office that will ultimately determine whether the information disclosed in the application fulfills the requirements of patentability.  *See, e.g.,* "Assignment of Application for Examination" (Exh. 3 [1996 MPEP] at 500-10; Exh. 4 [2006 MPEP] at 500-24).

In the early 1980s, long before Dow's patent issued, the Patent Office applied the wooden rule that any application that referred to a missing drawing was incomplete.  But contrary to Nova's suggestion, even back then, this was only a *prima facie* ruling applied by the

formality examiner. (D.I. 21 [Exh. 5 to Nova Br.], 1983 MPEP at 600-41). The applicant could file a petition stating that the missing drawing was not necessary and overcome this *prima facie* presumption. *Id*. Thus, even in the 1980s, the Patent Office did not deem all missing drawings necessary.

Furthermore, by 1997, when Dow filed the patent applications that issued as the patents-in-suit, the procedure was considerably different. As the Federal Circuit indicated in *Racing Strollers*, the relevant provisions were "revised in piecemeal fashion," and the initial instruction to the formality examiner to treat any missing drawing as necessary was left in place.

But it is clear that the Patent Office's procedure in 1997 was entirely inconsistent with the notion that any drawing referred to in a patent is necessary under § 113. Specifically, under the 1997 procedure, as under the current procedure, both of which Nova completely ignores, filing dates were given to an application as long as ***at least one drawing*** referred to in the specification was present ***even if drawings referred to in the specification were missing.*** Specifically, the MPEP stated,

> If the application is filed ***without all of the drawing figure(s) referred to in the specification***, and the application contains something that can be construed as a written description, ***at least one drawing***, if necessary under 35 U.S.C. 113 (first sentence), the names of all the inventors, and, in a nonprovisional application, at least one claim, the Initial Application Examination Division will mail a "Notice of Omitted Item(s)" indicating that the application papers so deposited have been accorded a filing date, but are lacking some of the figures of drawings described in the specification.

(Exh. 1 [1996 MPEP] at 600-14) (emphasis added). Moreover, the Notice of Omitted Items form ***did not*** state that the drawings were necessary under § 113 at all. (*Id*. at 600-23).

If the Patent Office considered a drawing necessary under § 113, an entirely different form, the Notice of Incomplete Application, was used. (*Id*. at 600-14 [1996 MPEP]).

This form expressly states that the missing drawings are "necessary for the understanding of the subject matter of the invention in compliance with 35 U.S.C. 113." (*Id*. at 600-23). This procedure conclusively shows, contrary to Nova's argument, the Patent Office does not deem a drawing necessary under § 113 "in all cases where the drawing is specifically referred to in the patent specification." Sometimes they were; sometimes they were not. It depended on the facts, which must be viewed in Dow's favor on this motion.

Furthermore, if the applicant did absolutely nothing in response to the Notice of Omitted Items, the only consequence was that the application as filed would be deemed the complete application. (*Id*. at 600-18). The applicant would then have to amend the papers to omit the reference to the missing figure. The fact that the Patent Office could "require" these changes to be made does not create new grounds for invalidity. The Patent Office rules similarly allow an examiner to **require** the correction of a typographical error.

*7.29 Disclosure Objected to, Minor Informalities*

The disclosure is objected to because of the following informalities: [1]. **Appropriate correction is required.**

Examiner Note:

Use this paragraph to point out minor informalities such as **spelling errors**, inconsistent terminology, numbering of elements, etc., which should be corrected.

(Exh. 1 [1996 MPEP] at 600-45) (emphasis added). Of course, a patent is not invalid for violating the Patent Office's requirement that spelling errors be corrected. *See Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1329 (Fed. Cir. 2004) ("Absent proof of inequitable conduct, the examiner's or **the applicant's absolute compliance with the internal rules of patent examination becomes irrelevant after the patent has issued**.") (emphasis added); *Magnivision, Inc. v. Bonneau Co.*, 115 F.3d 956, 960 (Fed. Cir. 1997) ("A court may invalidate a patent on any

substantive ground…. Procedural lapses during examination … do not provide grounds of invalidity.")

Consequently, Nova is wrong in contending that the MPEP establishes that the reference to a missing drawing in Dow's patents is an automatic violation of § 113.

### 2. Nova's Contention That, Despite Statements In The Pleadings To The Contrary, The Missing Figure 1 Is Necessary As A Matter Of Fact, Is Meritless

Nova also argues that, even though Dow's pleadings contain an unequivocal denial that the missing Figure 1 is "necessary," that denial is clearly wrong, so therefore judgment on the pleadings is appropriate. As noted above, this argument is completely inappropriate on a motion for judgment on the pleadings, in which all of the factual allegations in Dow's pleadings must be accepted. Furthermore, Nova's argument is totally illogical, makes no sense and at best converts its motion into a motion for summary judgment, without making the requisite demonstration that there are no material facts remaining to be decided. *See McKesson Info. Solutions LLC v. TriZetto Group, Inc*., 426 F. Supp. 2d 203, 208 (D. Del. 2006) (denying the defendant's motion for summary judgment where a genuine issue of material fact exists).

Nova argues that the patents-in-suit indicate that the SHC parameter referred to in the patent claims must be determined using the slope of strain hardening actually depicted in Figure 1. Specifically, Nova argues that in order to determine the SHC claim term, it is necessary to calculate the slope "from the curve drawn in that 'FIG. 1.'" (D.I. 21 [Nova Br.] at 9). However, the patents' teachings are completely contrary to that.

Specifically, the patents teach that for any polymer covered by the claims, the SHC parameter may be determined using tensile measurements conducted on ***that polymer***, not some other polymer, hypothetical or actual, that may have been used to draw Figure 1. (Hsiao Dec. ¶ 12). In other words, one would not normally determine the SHC value for one polymer

using the slope obtained from a tensile curve of some other polymer. Furthermore, patent drawings are not to scale. *Hockerson-Halberstadt, Inc. v. Avia Group Int'l*, 222 F.3d 951, 956 (Fed. Cir. 2000). Therefore, a person skilled in the art could not perform detailed calculations using the dimensions found in the missing Figure 1 in any event.

Thus, Nova's nonsensical argument that the missing Figure 1 is somehow necessary to determine the SHC claim parameter is meritless on its face, or, at the very best, creates an issue of fact improper to resolve on this motion.

### D.    Nova's §111 Argument Is Equally Meritless

Nova also incorrectly asserts that the patents-in-suit are invalid under 35 U.S.C. § 111(a)(2). (D.I. 21 [Nova Br.] at 2, 5). Section 111(a)(2) states in relevant part that an application for a patent shall include "(1) a specification . . . (2) a drawing as prescribed by [35 U.S.C.] section 113 . . . (3) an oath" and a filing fee. Other than its argument that the missing Figure 1 is necessary under § 113, Nova does not argue that the applications leading to Dow's patents failed to include any of these parts. Thus, § 111 adds nothing to Nova's motion. Absent a violation of § 113, there is no violation of § 111. Because, as discussed above, the missing Figure was not necessary under § 113, Nova's purported § 111 defense fails as well.

## CONCLUSION

For all of the foregoing reasons, Nova's motion for judgment on the pleadings should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

_____

Rodger D. Smith II (#3778)
Maria Granovsky (#4709)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
  Attorneys for Plaintiff
  The Dow Chemical Company

OF COUNSEL:

Harry J. Roper
Aaron A. Barlow
Darrick J. Hooker
JENNER & BLOCK LLP
330 N. Wabash Ave.
Chicago, IL 60611
(312) 222-9350

Bruce M. Kanuch
The Dow Chemical Co.
2030 Bldg
Midland, MI 48672

December 6, 2006

548392

17

## CERTIFICATE OF SERVICE

I, Rodger D. Smith, hereby certify that on December 6, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Richard L. Horwitz
rhorwitz@potteranderson.com

David E. Moore
dmoore@potteranderson.com

I also certify that copies were caused to be served on December 6, 2006, upon the following in the manner indicated:

**BY HAND**

Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon, LLP
1313 North Market Street, 6th Floor
Wilmington, DE 19899

**BY EMAIL**

Jeffrey W. Abraham
Finnegan, Henderson, Farabow
Garrett & Dunner, LLP
901 New York Avenue, N.W.
Washington, DC 20001
jeffrey.abraham@finnegan.com

*/s/ Rodger D. Smith II*
Rodger D. Smith II (#3778)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com
*Attorney for Plaintiff*