# EXHIBIT 1
# PART 1 OF 5

# Manual of
# PATENT
# EXAMINING
# PROCEDURE

## Original Sixth Edition, January 1995
## Latest Revision July 1996

 

## U.S. DEPARTMENT OF COMMERCE
### Patent and Trademark Office

The Patent and Trademark Office does not handle the sale of the Manual, distribution of notices and revisions, or change of address of those on the subscription list. Correspondence relating to existing subscriptions should be sent to the Superintendent of Documents at the following address:

>      Superintendent of Documents                    Telephone: (202)512−2267
>      Mail List Section
>      Washington, D.C. 20402

Inquiries relating to purchasing the Manual should be directed to:

>      Superintendent of Documents                    Telephone: (202)512−1800
>      United States Government Printing Office
>      Washington, D.C. 20402

Orders for reproduced copies of individual replacement pages or of previous revisions of the Manual should be sent to the following address:

>      Commissioner of Patents and Trademarks
>      Attention: Certification Branch
>      Washington, D.C. 20231

Previous editions and revisions of the Manual are available on microfilm in the Public Search Room.

The Manual is available on CD−ROM and on diskette from:

>      U.S. Patent and Trademark Office                Telephone: (703)308−0322
>      Office of Electronic Information Products and Services
>      Washington, D.C. 20231

Employees of the Patent and Trademark Office should direct their requests for the Manual, replacement pages, notices, and revisions to the Patent Academy.

Additions to the text of the Manual are indicated by arrows (> <) inserted in the text. Deletions are indicated by a single asterisk (*) where a single word was deleted and by two asterisks (**) where more than one word was deleted. The use of three or five asterisks in the body of the laws and rules indicates a portion of the law or rule which was not reproduced.

First Edition, November 1949
Second Edition, November 1953
Third Edition, November 1961
Fourth Edition, June 1979
Fifth Edition, August 1983
Sixth Edition, January 1995
    Revision 1, September 1995
    Revision 2, July 1996

# Foreword

This Manual is published to provide Patent and Trademark Office patent examiners, applicants, attorneys, agents, and representatives of applicants with a reference work on the practices and procedures relative to the prosecution of patent applications before the Patent and Trademark Office. It contains instructions to examiners, as well as other material in the nature of information and interpretation, and outlines the current practices which the examiners are required or authorized to follow in appropriate cases in the normal examination of a patent application. The Manual does not have the force of law or the force of the Patent Rules of Practice in Title 37, Code of Federal Regulations.

A separate manual entitled "Trademark Manual of Examining Procedure" is published by the Patent and Trademark Office as a reference work for trademark cases.

Examiners will be governed by the applicable statues, the Rules of Practice, decisions, and orders and instructions issued by the Commissioner and the Assistant Commissioners. Orders and Notices still in force which relate to the subject matter included in this Manual are incorporated in the text. Orders and Notices, or portions thereof, relating to the examiners' duties and functions which have been omitted or not incorporated in the text may be considered obsolete. Interference procedure not directly involving the Primary Examiner are not included in this Manual and, therefore, Orders and Notices relating thereto remain in force.

Subsequent changes in practice and other revisions will be incorporated in the form of substitute or additional pages for the Manual.

Suggestions for improving the form and content of the Manual are always welcome. They should be addressed to:

Commissioner of Patents and Trademarks
Editor, MPEP
Washington, D.C. 20231

# Table of Contents

*Chapter*                                                                                                    *Page*

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
100   Secrecy, Access, National Security, and Foreign Filing . . . . . . . . . . . . . . . . . . . . . 100−1
200   Types, Cross−Noting, and Status of Application . . . . . . . . . . . . . . . . . . . . . . . . . . 200−1
300   Ownership and Assignment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 300−1
400   Representative of Inventor or Owner . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 400−1
500   Receipt and Handling of Mail and Papers . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 500−1
600   Parts, Form, and Content of Application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 600−1
700   Examination of Applications . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 700−1
800   Restriction in Applications Filed Under 35 U.S.C. 111; Double Patenting . . . . . 800−1
900   Prior Art, Classification, Search . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 900−1
1000  Matters Decided by Various Patent and Trademark Office Officials . . . . . . . . . 1000−1
1100  Statutory Invention Registration (SIR) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1100−1
1200  Appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1200−1
1300  Allowance and Issue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1300−1
1400  Correction of Patents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1400−1
1500  Design Patents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1500−1
1600  Plant Patents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1600−1
1700  Miscellaneous . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1700−1
1800  Patent Cooperation Treaty . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1800−1
1900  Protest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1900−1
2000  Duty of Disclosure . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2000−1
2100  Patentability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2100−1
2200  Citation of Prior Art and Reexamination of Patents . . . . . . . . . . . . . . . . . . . . . . . 2200−1
2300  Interference Proceedings Under Public Law 98−622 . . . . . . . . . . . . . . . . . . . . . . 2300−1
2400  Biotechnology . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2400−1
2500  Maintenance Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2500−1

Appendix I     Partial List of Trademarks . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A−1
Appendix II    List of Decisions Cited . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A−5
Appendix L     Patent Laws . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . L−1
Appendix R     Patent Rules . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . R−1
Appendix T     Patent Cooperation Treaty . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . T−1
Appendix AI    PCT Administrative Instructions Under the PCT . . . . . . . . . . . . . . . . . . AI−1
Appendix P     Paris Convention for the Protection of Industrial Property . . . . . . . . . . . . P−1

Index . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . I−1

Rev. 1, Sept. 1995

# Introduction

## Constitutional Basis

The Constitution of the United States provides:

"Art. 1, Sec. 8. The Congress shall have power . . . To promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries."

## Statutes

Pursuant to the provision of the Constitution, Congress has over the years passed a number of statutes under which the Patent and Trademark Office is organized and our patent system is established. The provisions of the statutes can in no way be changed or waived by the Patent and Trademark Office.

Prior to January 1, 1953, the law relating to patents consisted of various sections of the Revised Statutes of 1874, derived from the Patent Act of 1870 and numerous amendatory and additional acts.

By an Act of Congress approved July 19, 1952, which came into effect on January 1, 1953, the patent laws were revised and codified into substantially its present form. The patent law is Title 35 of the United States Code which governs all cases in the Patent and Trademark Office. In referring to a particular section of the patent code the citation is given, for example, as. 35 U.S.C. 31.

*35 U.S.C. 1. Establishment.*

The Patent and Trademark Office shall continue an office in the Department of Commerce, where records, books, drawings, specifications, and other papers and things pertaining to patents and to trademark registrations shall be kept and preserved, except as otherwise provided by law.

## Rules of Practice

One of the sections of the patent statute, namely, 35 U.S.C. 6, authorizes the Commissioner of Patents and Trademarks, subject to the approval of the Secretary of Commerce, to establish regulations, not inconsistent with law, for the conduct of proceedings in the Patent and Trademark Office.

*37 CFR 1.351. Amendments to rules will be published.*

All amendments in this part will be published in the *Official Gazette* and in the *Federal Register.*

*35 CFR 1.352. Publication of notice of proposed amendments.*

(a) Whenever required by law, and in other cases whenever practicable, notice of proposed amendments in this part will be published in the *Official Gazette* and in the Federal Register. If not published with the notice, copies of the text will be furnished to any person requesting the same. All comments, suggestions, and briefs received within a time specified in the notice will be considered before adoption of the proposed amendments which may be modified in the light thereof.

(b) Oral hearings may be held at the discretion of the Commissioner.

These regulations or rules and amendments thereto are published in the Federal Register and in the Official Gazette. In the Federal Register and in the Code of Federal Regulations these rules are Part 1 of Title 37, Patents, Trademarks, and Copyrights, and the individual rules, called sections, are numbered with the Part number and a decimal point prefixed to the rule number. A booklet entitled "37 Code of Federal Regulations," published by the Office of the Federal Register, contains all of the patent rules as well as trademark rules and copyright rules. Persons desiring a copy of the patent rules should order a complete copy of "Title 37, Code of Federal Regulations" from the Superintendent of Documents.

The primary function of the Rules of Practice is to advise the public of the regulations which have been established in accordance with the statutes and which must be followed before the Office. The Rules of Practice govern the examiners, as well as applicants and their attorneys. The Rules of Practice appear in the Manual of Patent Examining Procedure as Appendix R.

## Commissioner's Orders and Notices

From time to time, the Commissioner of Patents and Trademarks has issued Orders and Notices relating to various specific situations that have arisen in operating the Patent and Trademark Office. Notices and circulars of information or instructions have also been issued by other Office Officials under authority of the Commissioner. Orders and Notices have served various purposes including directions to the examiners giving them instruction, information, interpretations, and the like. Some may be for the information of the public, advising what the Office will do under specified circumstances.

## Decisions

In addition to the statutory regulations, the actions taken by the examiner in the examination of applications for patents are to a great extent governed by decisions on prior cases. Applicants dissatisfied with an examiner's action may have it reviewed. In general, that portion of the examiner's action pertaining to objections on formal matters may be reviewed by petition to the Commissioner of Patents and Trademarks (see MPEP § 1002) and that portion of the examiner's action pertaining to the rejection of claims on the merits, may be reviewed by appeal to the Board of Patent Appeals and Interferences (see § 1201). The distinction is set forth in 37 CFR 1.181 and 1.191. In citing decisions as

## MANUAL OF PATENT EXAMINING PROCEDURE

authority for his or her actions, the examiner should cite the decision in the manner set forth in MPEP § 707.06.

## Publications Available from Superintendent of Documents

Orders should be addressed and remittances made payable to Superintendent of Documents, U.S. Government Printing Office, Washington, D.C. 20402.

*Patent Official Gazette.* The official journal of the Patent and Trademark Office relating to patents. Issued each Tuesday, simultaneously with the weekly issuance of patents, it contains a selected figure of the drawings and a claim of each patent granted, indexes of patents, list of patents available for license or sale, and general information such as orders, notices, changes in rules, and changes in classification.

*Annual Indexes.* An index of the patents issued each year is published in two volumes, one an alphabetical index of patentees and the other an index by subject matter of inventions. The two parts are sold separately. Price varies from year to year, depending upon size of the publication. An annual index of Trademarks contains an alphabetical index of trademark registrants, registration numbers, dates published, classification of goods for which registered, and decisions published during the calendar year. Price varies from year to year, depending upon size of the publication.

*Guide for Patent Draftsmen.* Patent and Trademark Office requirements for Patent drawings with illustrations.

*Manual of Classification.* A looseleaf volume listing the numbers and descriptive titles of the more than 300 classes and 95,000 subclasses used in the subject classification of patents, with an index to the classifications. Substitute and additional pages, which are included in the subscription service, are issued from time to time.

*General Information Concerning Patents.* Contains a vast amount of general information concerning the application for and granting of patents, expressed in nontechnical language for the layman. Multiple copies available from Superintendent of Documents.

*Manual of Patent Examining Procedure.* A looseleaf manual which serves primarily as a detailed reference work on patent examining practice and procedure for the Patent and Trademark Office's Examining Corps including statutes, rules, treaties, etc. Subscription service includes basic manual, revisions, and change notices.

*Patents and Inventions — An Information Aid to Inventors.* The purpose of this publication is to aid inventors in deciding whether to apply for patents, in obtaining patent protection, and in promoting their inventions.

*Patent Attorneys and Agents Registered to Practice Before the U.S. Patent and Trademark Office.* An alphabetically and a geographically arranged listing of patent attorneys and agents registered to practice before the U.S. Patent and Trademark Office.

*Title 37—Code of Federal Regulations.* Compilation of the rules of practice of the U.S. Patent and Trademark Office.

## Publications Available From the Patent and Trademark Office

Orders should be addressed to Patent and Trademark Office, Washington, D.C. 20231. Remittances should be made payable to Commissioner of Patents and Trademarks. Postage stamps, Superintendent of Documents coupons or other Government coupons are not acceptable in payment of Patent and Trademark Office fees.

*Q & A About Patents.* Brief nontechnical answers to questions most frequently asked about Patents.

*Q & A About Plant Patents.* Same as above for plant patents.

*Patents.* Copies of the specification and drawings of all patents are available at one dollar and fifty cents each. When ordering, identify the patent by the patent number, or give full name of the inventor and approximate date of issuance of the patent.

*Classification Definitions.* Contain the changes in classification of patents as well as definitions of new and revised classes and subclasses. Price is based upon size of publication.

*Weekly Class Sheets.* Lists showing classification of each patent in the weekly issue of the *Patent Official Gazette.*

# Chapter 600  Parts, Form, and Content of Application

| | |
|---|---|
| 601 | **Content of Provisional and Nonprovisional Applications** |
| 601.01 | Complete Application |
| >601.01(a) | Nonprovisional Applications Filed Under 35 U.S.C. 111(a) |
| 601.01(b) | Provisional Applications Filed Under 35 U.S.C. 111(b) |
| 601.01(c) | Conversion to a Provisional Application |
| 601.01(d) | Application Filed Without All Pages of Specification |
| 601.01(e) | Nonprovisional Application Filed Without at Least One Claim |
| 601.01(f) | Applications Filed Without Drawings |
| 601.01(g) | Applications Filed Without All Figures of Drawings |
| 601.01(h) | Forms< |
| 601.02 | Power of Attorney or Authorization of Agent |
| 601.03 | Change of Correspondence Address |
| 601.04 | National Stage Requirements of the United States as a Designated Office |
| 602 | **Original Oath or Declaration** |
| 602.01 | Oath Cannot Be Amended |
| 602.02 | New Oath or Substitute for Original |
| 602.03 | Defective Oath or Declaration |
| 602.04 | Foreign Executed Oath |
| 602.04(a) | Foreign Executed Oath Is Ribboned to Other Application Papers |
| 602.05 | Oath or Declaration — Date of Execution |
| 602.05(a) | Oath or Declaration in Division and Continuation Cases |
| 602.06 | Non-English Oath or Declaration |
| 602.07 | Oath or Declaration Filed in United States as a Designated Office |
| 603 | **Supplemental Oath or Declaration** |
| 603.01 | Supplemental Oath or Declaration Filed After Allowance |
| 604 | **Administration or Execution of Oath** |
| 604.01 | Seal |
| 604.02 | Venue |
| ** | |
| 604.03(a) | Notarial Powers of Some Military Officers |
| 604.04 | Consul |
| 604.04(a) | Consul — Omission of Certificate |
| 604.06 | By Attorney in Case |
| 605 | **Applicant** |
| 605.01 | Applicant's Citizenship |
| 605.02 | Applicant's Residence |
| 605.03 | Applicant's Post Office Address |
| 605.04(a) | Applicant's Signature and Name |
| 605.04(b) | One Full Given Name Required |
| 605.04(c) | Inventor Changes Name |
| 605.04(d) | Applicant Unable to Write |
| 605.04(e) | May Use Title With Signature |
| 605.04(f) | Signature on Joint Applications — Order of Names |
| 605.04(g) | Correction of Inventorship |
| 605.05 | Administrator, Executor, or Other Legal Representative |
| 605.07 | Joint Inventors |
| 606 | **Title of Invention** |
| 606.01 | Examiner May Require Change in Title |
| 607 | **Filing Fee** |
| 607.02 | Returnability of Fees |
| 608 | **Disclosure** |
| 608.01 | Specification |
| 608.01(a) | Arrangement of Application |
| 608.01(b) | Abstract of the Disclosure |
| 608.01(c) | Background of the Invention |
| 608.01(d) | Brief Summary of Invention |
| 608.01(e) | Reservation Clauses Not Permitted |
| 608.01(f) | Brief Description of Drawings |
| 608.01(g) | Detailed Description of Invention |
| 608.01(h) | Mode of Operation of Invention |
| 608.01(i) | Claims |
| 608.01(j) | Numbering of Claims |
| 608.01(k) | Statutory Requirement of Claims |
| 608.01(l) | Original Claims |
| 608.01(m) | Form of Claims |
| 608.01(n) | Dependent Claims |
| 608.01(o) | Basis for Claim Terminology in Description |
| 608.01(p) | Completeness |
| 608.01(q) | Substitute or Rewritten Specification |
| 608.01(r) | Derogatory Remarks About Prior Art in Specification |
| 608.01(s) | Restoration of Cancelled Matter |
| 608.01(t) | Use in Subsequent Application |
| 608.01(u) | Use of Formerly Filed Incomplete Application |
| 608.01(v) | Trademarks and Names Used in Trade |
| 608.02 | Drawing |
| 608.02(a) | New Drawing —When Required |
| 608.02(b) | Informal Drawings |
| 608.02(c) | Drawing Print Kept in File Wrapper |
| 608.02(d) | Complete Illustration in Drawings |
| 608.02(e) | Examiner Determines Completeness of Drawings |
| 608.02(f) | Modifications in Drawings |
| 608.02(g) | Illustration of Prior Art |
| 608.02(h) | Additional, Duplicate, or Substitute Drawings |
| 608.02(i) | Transfer of Drawings From Prior Applications |
| 608.02(m) | Drawing Prints |
| 608.02(n) | Duplicate Prints in Patentability Report Cases |
| 608.02(o) | Dates Entered on Drawing |
| 608.02(p) | Correction of Drawings |
| 608.02(q) | Conditions Precedent to Amendment of Drawing |
| 608.02(r) | Separate Letter to Draftsman |
| 608.02(t) | Cancellation of Figures |
| 608.02(v) | Drawing Changes Which Require Sketches |
| 608.02(w) | Drawing Changes Which May Be Made Without Applicant's Sketch |
| 608.02(x) | Disposition of Orders for Amendment of Drawing |

Rev. 2, July 1996

**601**

608.02(y)   Return of Drawing
608.02(z)   Allowable Applications Needing Drawing
            Corrections or Formal Drawings
608.03      Models, Exhibits, Specimens
608.03(a)   Handling of Models, Exhibits, and Specimens
608.04      New Matter
608.04(a)   Matter Not in Original Specification, Claims, or
            Drawings
608.04(b)   New Matter by Preliminary Amendment
608.04(c)   Review of Examiner's Holding of New Matter
608.05      Deposit of Computer Program Listings
609         **Information Disclosure Statement**

# 601 Content of Provisional and Nonprovisional Applications [R−2]

*35 U.S.C. 111 Application*

(a) IN GENERAL.—

(1) WRITTEN APPLICATION.—An application for patent shall be made, or authorized to be made, by the inventor, except as otherwise provided in this title, in writing to the Commissioner.

(2) CONTENTS.—Such application shall include—

(A)   a specification as prescribed by section 112 of this title;

(B)   a drawing as prescribed by section 113 of this title; and

(C)   an oath by the applicant as prescribed by section 115 of this title.

(3) FEE AND OATH.—The application must be accompanied by the fee required by law. The fee and oath may be submitted after the specification and any required drawing are submitted, within such period and under such conditions, including the payment of a surcharge, as may be prescribed by the Commissioner.

(4) FAILURE TO SUBMIT.—Upon failure to submit the fee and oath within such prescribed period, the application shall be regarded as abandoned, unless it is shown to the satisfaction of the Commissioner that the delay in submitting the fee and oath was unavoidable or unintentional. The filing date of an application shall be the date on which the specification and any required drawing are received in the Patent and Trademark Office.

(b) PROVISIONAL APPLICATION.—

(1) AUTHORIZATION.—A provisional application for patent shall be made or authorized to be made by the inventor, except as otherwise provided in this title, in writing to the Commissioner. Such application shall include—

(A)   a specification as prescribed by the first paragraph of section 112 of this title; and

(B)   a drawing as prescribed by section 113 of this title.

(2) CLAIM.—A claim, as required by the second through fifth paragraphs of section 112, shall not be required in a provisional application.

(3) FEE.—(A) The application must be accompanied by the fee required by law.

(B)   The fee may be submitted after the specification and any required drawing are submitted, within such period and under such conditions, including the payment of a surcharge, as may be prescribed by the Commissioner.

(C)   Upon failure to submit the fee within such prescribed period, the application shall be regarded as abandoned,

unless it is shown to the satisfaction of the Commissioner that the delay in submitting the fee was unavoidable or unintentional.

(4) FILING DATE.—The filing date of a provisional application shall be the date on which the specification and any required drawing are received in the Patent and Trademark Office.

(5) ABANDONMENT.—The provisional application shall be regarded as abandoned 12 months after the filing date of such application and shall not be subject to revival thereafter.

(6) OTHER BASIS FOR PROVISIONAL APPLICATION.—Subject to all the conditions in this subsection and section 119(e) of this title, and as prescribed by the Commissioner, an application for patent filed under subsection (a) may be treated as a provisional application for patent.

(7) NO RIGHT OF PRIORITY OR BENEFIT OF EARLIEST FILING DATE.—A provisional application shall not be entitled to the right of priority of any other application under section 119 or 365(a) of this title or to the benefit of an earlier filing date in the United States under section 120, 121, or 365(c) of this title.

(8) * >APPLICABLE< PROVISIONS.—The provisions of this title relating to applications for patent shall apply to provisional applications for patent, except as otherwise provided, and except that provisional applications for patent shall not be subject to sections 115, 131, 135, and 157 of this title.

*37 CFR 1.51. General requisites of an application.*

(a) Applications for patents must be made to the Commissioner of Patents and Trademarks.

(1) A complete application filed under § 1.53(b)(1) comprises:

(i) A specification, including a claim or claims, see §§ 1.71 to 1.77;

(ii) An oath or declaration, see §§ 1.63 and 1.68;

(iii) Drawings, when necessary, see §§ 1.81 to 1.85; and

(iv) The prescribed filing fee, see § 1.16.

(2) A complete provisional application filed under § 1.53(b)(2) comprises:

(i) A cover sheet identifying:

(A) The application as a provisional application,

(B) The name or names of the inventor or inventors, (see § 1.41),

(C) The residence of each named inventor,

(D) The title of the invention,

(E) The name and registration number of the attorney or agent (if applicable),

(F) The docket number used by the person filing the application to identify the application (if applicable),

(G) The correspondence address, and

(I) The name of the U.S. Government agency and Government contract number (if the invention was made by an agency of the U.S. Government or under a contract with an agency of the U.S. Government);

(ii) A specification as prescribed by 35 U.S.C. 112, first paragraph, see § 1.71;

(iii) Drawings, when necessary, see §§ 1.81 to 1.85; and

(iv) The prescribed filing fee, see § 1.16.

(b) Applicants are encouraged to file an information disclosure statement in nonprovisional applications. See §§ 1.97 and 1.98. No information disclosure statement may be filed in a provisional application.

(c) Applicants may desire and are permitted to file with, or in the application or authorization to charge, at any time during the pendency

PARTS, FORM, AND CONTENT OF APPLICATION

of the application, any fees required under any of §§ 1.15 to 1.18 to a deposit account established and maintained in accordance with § 1.25.

## GUIDELINES FOR DRAFTING A NONPROVISIONAL PATENT APPLICATION UNDER 35 U.S.C. 111(a)

The following guidelines illustrate the preferred layout and content of patent applications filed under 35 U.S.C. 111(a). These guidelines are suggested for the applicant's use.

### Arrangement and Contents of the Specification

The following order of arrangement is preferable in framing the specification and, except for the title of the invention, each of the lettered items should be preceded by the headings indicated.

(a) Title of the Invention.

(b) Cross−References to Related Applications (if any).

(c) Statement as to Rights to Inventions Made Under Federally Sponsored Research and Development (if any).

(d) Background of the Invention.

1. Field of the Invention.

2. Description of Related Art Including Information Disclosed Under 37 CFR 1.97 and 37 CFR 1.98.

(e) Summary of the Invention.

(f) Brief Description of the Drawing.

(g) Description of the Preferred Embodiment(s).

(h) Claim(s).

(i) Abstract of the Disclosure (on a separate page).

### Content

(a) *Title of the Invention*: (See 37 CFR 1.72(a).) The title of the invention should be placed at the top of the first page of the specification. It should be brief but technically accurate and descriptive preferably from two to seven words.

(b) *Cross−References to Related Applications*: (See 37 CFR 1.78 and MPEP § 201.11.)

(c) *Statement as to Rights to Inventions Made Under Federally Sponsored Research and Development (if any)*: (See MPEP § 310.)

(d) *Background of the Invention*: The specification should set forth the Background of the Invention in two parts:

(1) Field of the Invention: A statement of the field of art to which the invention pertains. This statement may include a paraphrasing of the applicable U.S. patent classification definitions. The statement should be directed to the subject matter of the claimed invention. This item may also be titled "Technical Field".

(2) Description of the Related Art Including Information Disclosed Under 37 CFR 1.97 and 1.98: A paragraph(s) describing to the extent practical the information known to the applicant, including references to specific documents where appropriate. Where applicable, the problems involved in the information disclosed which are solved by the applicant's invention, should be indicated. This item may also be titled "Background Information".

(e) *Summary of the Invention*: A brief summary or general statement of the invention as set forth in 37 CFR 1.73. The summary is separate and distinct from the abstract and is directed toward the invention rather than the disclosure as a whole. The summary may point out the advantages of the invention or how it solves problems previously existent in the art (and preferably indicated in the Background of the Invention). In chemical cases the summary should point out in general terms the utility of the invention. If possible, the nature and gist of the invention or the inventive concept should be set forth. Objects of the invention should be treated briefly and only to the extent that they contribute to an understanding of the invention. This item may also be titled "Disclosure of Invention."

(f) *Brief Description of the Drawing(s)*: A reference to and brief description of each Figure in the drawing(s) as set forth in 37 CFR 1.74.

(g) *Description of the Preferred Embodiment(s)*: A description of the preferred embodiment(s) of the invention as required in 37 CFR 1.71. The description should be as short and specific as is necessary to adequately and accurately describe the invention. This item may also be titled "Best Mode for Carrying Out the Invention".

Where elements or groups of elements, compounds, and processes, which are conventional and generally widely known in the field to which the invention pertains, form a part of the invention described and their exact nature or type is not necessary for an understanding and use of the invention by a person skilled in the art, they should not be described in detail. However, where particularly complicated subject matter is involved or where

**601**

the elements, compounds, or processes may not be commonly or widely known in the field, the specification should refer to another patent or readily available publication which adequately describes the subject matter.

(h) *Claim(s):* (See 37 CFR 1.75.) A claim may be typed with the various elements subdivided in paragraph form. There may be plural indentations to further segregate subcombinations or related steps.

Reference characters corresponding to elements recited in the detailed description and the drawings may be used in conjunction with the recitation of the same element or group of elements in the claims. The reference characters, however, should be enclosed within parentheses so as to avoid confusion with other numbers or characters which may appear in the claims. The use of reference characters is to be considered as having no effect on the scope of the claims.

Claims should preferably be arranged in order of scope so that the first claim presented is the broadest. Where separate species are claimed, the claims of like species should be grouped together where possible and physically separated by drawing a line between claims or groups of claims. (Both of these provisions may not be practical or possible where several species claims depend from the same generic claim.) Similarly, product and process claims should be separately grouped. Such arrangements are for the purpose of facilitating classification and examination.

The form of claim required in 37 CFR 1.75(e) is particularly adapted for the description of improvement-type inventions. Such a claim is to be considered a combination claim and should be drafted with this thought in mind.

In drafting claims in accordance with 37 CFR 1.75(e), the preamble is to be considered to positively and clearly include all the elements or steps recited therein as a part of the claimed combination.

(i) *Abstract of the Disclosure:* (See 37 CFR 1.72(b) and MPEP § 608.01(b).)

*Oath or Declaration*

(See 37 CFR 1.63, 1.68, and 1.69.) Where one or more previously filed foreign applications are cited or mentioned in the oath or declaration, complete identifying data, including the application or serial number as well as the country and date of filing, should be provided.

## GUIDELINES FOR DRAFTING A PROVISIONAL APPLICATION UNDER 35 U.S.C. 111(b)

A provisional application should preferably conform to the arrangement guidelines for nonprovisional applications. The specification must, however, comply with the first paragraph of 35 U.S.C. 112 and refer to drawings, where necessary for an understanding of the invention. Unlike an application filed under 35 U.S.C. 111(a), a provisional application does not need claims. Furthermore, no oath or declaration is required. See MPEP § 201.04(b).

A cover sheet providing identifying information is required for a complete provisional application. In accordance with 37 CFR 1.51(a)(2)(i) the cover sheet must state that it is for a provisional application, it must identify and give the residence of the inventor or inventors, and it must give a title of the invention. The cover sheet must also give the name and registration number of the attorney or agent (if applicable), the docket number used by the person filing the application (if applicable) and the correspondence address. If there is a governmental interest, the cover sheet must include a statement as to rights to inventions made under Federally sponsored research and development (See MPEP § 310). 37 CFR 1.51(a)(2)(i)(H) requires the name of the Government agency and the contract number, if the invention was developed by or while under contract with an agency of the U.S. Government.

Unlike applications filed under 35 U.S.C. 111(a), provisional applications should not include an information disclosure statement. Since no substantive examination is made, such statements are unnecessary. The Office will not accept an information disclosure statement in a provisional application. Any such statement received, will be returned or disposed of at the convenience of the Office.

This cover sheet information enables the Office to prepare a proper filing receipt and provides the Application Processing Division with most of the information needed to process the provisional application. See MPEP § 201.04(b) for a sample cover sheet.

## THE APPLICATION

The specification must be filed in or translated into the English language and must be legibly typewritten,

PARTS, FORM, AND CONTENT OF APPLICATION

**601.01**

written, or printed in permanent ink or its equivalent in quality. See 37 CFR 1.52 and MPEP § 608.01.

The parts of the application may be included in a single document.

Determination of completeness of an application is covered in MPEP § 506 and § 601.01 > − § 601.01(g)<.

The elements of the application are secured together in a file wrapper, bearing appropriate identifying data including the application number and filing date (MPEP § 717).

*Note*

Provisional applications, MPEP § 201.04(b).
Division applications, MPEP § 201.06.
Continuation applications, MPEP § 201.07.
Reissue applications, MPEP § 1401.
Design applications, MPEP Chapter 1500.
Plant applications, MPEP Chapter 1600.
Reexamination, MPEP Chapter 2200.

A model, exhibit, or specimen is not required as part of the application as filed, although it may be required in the prosecution of the application (37 CFR 1.91−1.94, MPEP § 608.03).

*37 CFR 1.59. Papers of application with filing date not returned.*

Papers in an application which has received a filing date pursuant to § 1.53 will not be returned for any purpose whatever. If applicants have not preserved copies of the papers, the Office will furnish copies at the usual cost of any application in which either the required basic filing fee (§ 1.16) or the processing and retention fee (§ 1.21(l)) has been paid. See § 1.618 for return of unauthorized and improper papers in interferences.

See, however, MPEP § 201.14(c) and § 604.04(a).

All applicants are requested to include a preliminary classification on newly filed patent applications. The preliminary classification, preferably class and subclass designations, should be identified in the upper right-hand corner of the letter of transmittal accompanying the application papers, for example "Proposed Class 2, subclass 129."

# 601.01  Complete Application  [R−2]

*37 CFR 1.53. Serial number, filing date, and completion of application.*

(a) Any application for a patent received in the Patent and Trademark Office will be assigned an application number for identification purposes.

(b)(1)The filing date of an application for patent filed under this section, except for a provisional application, is the date on which: a specification containing a description pursuant to § 1.71 and at least one

claim pursuant to § 1.75; and any drawing required by § 1.81(a), are filed in the Patent and Trademark Office in the name of the actual inventor or inventors as required by § 1.41. No new matter may be introduced into an application after its filing date (§ 1.118). If all the names of the actual inventor or inventors are not supplied when the specification and any required drawing will not be given a filing date earlier than the date upon which the names are supplied unless a petition with the fee set forth in § 1.17(i) is filed which sets forth the reasons the delay in supplying the names should be excused. A continuation or divisional application (filed under the conditions specified in 35 U.S.C. 120 or 121 and § 1.78(a)) may be filed under this section, § 1.60 or § 1.62. A continuation−in−part application may be filed under this section or § 1.62.

(2) The filing date of a provisional application is the date on which: a specification as prescribed by 35 U.S.C. 112, first paragraph; and any drawing required by § 1.81(a), are filed in the Patent and Trademark Office in the name of the actual inventor or inventors as required by § 1.41. No amendment, other than to make the provisional application comply with all applicable regulations, may be made to the provisional application after the filing date of the provisional application. If all the names of the actual inventor or inventors are not supplied when the specification and any required drawing are filed, the provisional application will not be given a filing date earlier than the date upon which the names are supplied unless a petition with the fee set forth in § 1.17(q) is filed which sets forth the reasons the delay in supplying the names should be excused.

(i) A provisional application must also include a cover sheet identifying the application as a provisional application. Otherwise, the application will be treated as an application filed under § 1.53(b)(1).

(ii) An application for patent filed under § 1.53(b)(1) may be treated as a provisional application and be accorded the original filing date provided that a petition requesting the conversion, with the fee set forth in § 1.17(q), is filed prior to the earlier of the abandonment of the § 1.53(b)(1) application, the payment of the issue fee, the expiration of 12 months after the filing date of the § 1.53(b)(1) application, or the filing of a request for a statutory invention registration under § 1.293. The grant of any such petition will not entitle applicant to a refund of the fees which were properly paid in the application filed under § 1.53(b)(1).

(iii) A provisional application shall not be entitled to the right of priority under § 1.55 or 35 U.S.C. 119 or 365(a) or to the benefit of an earlier filing date under § 1.78 or 35 U.S.C. 120, 121 or 365(c) of any other application. No claim for priority under § 1.78(a)(3) may be made in a design application based on a provisional application. No request under § 1.293 for a statutory invention registration may be filed in a provisional application. The requirements of §§ 1.821−1.825 regarding application disclosures containing nucleotide and/or amino acid sequences are not mandatory for provisional applications.

(c) If any application is filed without the specification, drawing or name, or names, of the actual inventor or inventors required by paragraph (b)(1) or (b)(2) of this section, applicant will be notified and given a time period within which to submit the omitted specification, drawing, name, or names, of the actual inventor, or inventors, in order to obtain a filing date as of the date of filing of such submission. A copy of the "Notice of Incomplete Application" form notifying the applicant should accompany any response thereto submitted to the Office. If the omission is not corrected within the time period

MANUAL OF PATENT EXAMINING PROCEDURE

**601.01(a)**

set, the application will be returned or otherwise disposed of; the fee, if submitted, will be refunded less the handling fee set forth in § 1.21(n). Any request for review of a refusal to accord an application a filing date must be by way of a petition accompanied by the fee set forth in § 1.17(i), if the application was filed under § 1.53?b)(1), or by the fee set forth in § 1.17(q), if the application was filed under § 1.53(b)(2).

(d)(1) If an application which has been accorded a filing date pursuant to paragraph (b)(1) of this section does not include the appropriate filing fee or an oath or declaration by the applicant, applicant will be so notified, if a correspondence address has been provided and given a period of time within which to file the fee, oath, or declaration and to pay the surcharge as set forth in § 1.16(e) in order to prevent abandonment of the application. A copy of the "Notice to File Missing Parts" form mailed to applicant should accompany any response thereto submitted to the Office. If the required filing fee is not timely paid, or if the processing and retention fee set forth in § 1.21(l) is not paid within one year of the date of mailing of the notification required by this paragraph, the application will be disposed of. No copies will be provided or certified by the Office of an application which has been disposed of or in which neither the required basic filing fee nor the processing and retention fee has been paid. The notification pursuant to this paragraph may be made simultaneously with any notification pursuant to paragraph (c) of this section. If no correspondence address is included in the application, applicant has two months from the filing date to file the basic filing fee, oath or declaration and to pay the surcharge as set forth in § 1.16(e) in order to prevent abandonment of the application; or, if no basic filing fee has been paid, one year from the filing date to pay the processing and retention fee set forth in § 1.21(l) to prevent disposal of the application.

(2) If a provisional application which has been accorded a filing date pursuant to paragraph (b)(2) of this section does not include the appropriate filing fee or the cover sheet required by § 1.51(a)(2), applicant will be so notified if a correspondence address has been provided and given a period of time within which to file the fee, cover sheet and to pay the surcharge as set forth in § 1.16(l) in order to prevent abandonment of the application. A copy of the "Notice to File Missing Parts" form mailed to applicant should accompany any response thereto submitted to the Office. If the required filing fee is not timely paid, the application will be disposed of. No copies will be provided or certified by the Office of an application which has been disposed of or in which the required basic filing fee has not been paid. The notification pursuant to this paragraph may be made simultaneously with any notification pursuant to paragraph (c) of this section. If no correspondence address is included in the application, applicant has two months from the filing date to file the basic filing fee, cover sheet and to pay the surcharge as set forth in § 1.16(l) in order to prevent abandonment of the application.

(e)(1) An application for a patent filed under paragraph (b)(1) of this section will not be placed upon the files for examination until all its required parts, complying with the rules relating thereto, are received, except that certain minor informalities may be waived subject to subsequent correction whenever required.

(2) A provisional application for a patent filed under paragraph (b)(2) of this section will not be placed upon the files for examination and will become abandoned no later than twelve months after its filing date pursuant to 35 U.S.C. 111(b)(1).

37 CFR 1.53 relates to application numbers, filing dates, and completion of applications. 37 CFR 1.53(a) indicates that an application number is assigned to any filed application for identification purposes, even if the application is incomplete or informal. The remaining sections of 37 CFR 1.53 treat nonprovisional applications filed under 35 U.S.C. 111(a) separately from provisional applications filed under 35 U.S.C. 111(b).

**\*\* >601.01(a)  Nonprovisional Applications Filed Under 35 U.S.C. 111(a) [R-2] <**

37 CFR 1.53(b)(1) provides that a filing date is assigned to a nonprovisional application as of the date a specification containing a description and claim and any * >necessary< drawing and the names of all inventors are filed in the Patent and Trademark Office. Failure to meet any of the requirements in 37 CFR 1.53(b)(1) will result in the application being denied a filing date. The filing date to be accorded such an application is the date on which all of the requirements of 37 CFR 1.53(b)(1) are met. Although the filing fee and oath or declaration can be submitted later, no amendments can be made to the specification or drawings which will introduce new matter. This practice is authorized by 35 U.S.C. 111 as amended by Pub. L. 97–247. 37 CFR 1.53(c) provides for notifying applicant of any application incomplete because the specification or drawing is missing and giving the applicant a time period to correct any omission. Applicant will also be notified if all the inventors are not named, such as by the use of "et al." If the omission is not corrected within the time period given, the application will be returned or otherwise disposed of and a handling fee set forth in 37 CFR 1.21(n) will be retained from any refund of a filing fee. 37 CFR 1.53(d)(1) provides that, where a filing date has been assigned to a filed specification and drawing, the applicant will be notified if a correspondence address has been provided and be given a period of time in which to file the missing fee, oath, or declaration and to pay the surcharge due in order to prevent abandonment of the application. The time period usually set is 1 month from the date of notification by the Patent and Trademark Office, but in no case less than 2 months after the date of filing of the application. This time period is subject to the provisions of 37 CFR 1.136(a).

If the required basic filing fee is not timely paid, or the processing and retention fee set forth in 37 CFR

PARTS, FORM, AND CONTENT OF APPLICATION

**601.01(a)**

1.21(l) is not paid within 1 year of the date of mailing of the notification, the application will be disposed of. No copies will be provided or certified by the Office of an application which has been disposed of or in which neither the required basic filing fee nor the processing and retention fee has been paid. The notification under 37 CFR 1.53(d)(1) may be made simultaneously with any notification pursuant to paragraph (c) of 37 CFR 1.53. If no correspondence address is included in the application, applicant has 2 months from the filing date to file the fee, oath or declaration and to pay the surcharge as set forth in 37 CFR 1.16(e) in order to prevent abandonment of the application or one year from the filing date to pay the processing and retention fee set forth in 37 CFR 1.21(l) to prevent disposal of the application. 37 CFR 1.53(e)(1) indicates that a patent application will not be forwarded for examination on the merits until all required parts have been received. 37 CFR 1.53(f) indicates that international applications filed under the Patent Cooperation Treaty which designate the United States of America are considered to have a United States filing date under PCT Article 11(3), except as provided in 35 U.S.C. 102(e), on the date the requirements of PCT Article 11(1) (i) to (iii) are met.

Effective February 27, 1983, in accordance with the provisions of 35 U.S.C. 111 and 37 CFR 1.53(b)(1), a filing date is granted to an application for patent, which includes at least a specification containing a description pursuant to 37 CFR 1.71 and at least one claim pursuant to 37 CFR 1.75, and any drawing referred to in the specification or required by 37 CFR 1.81(a), which is filed in the Patent and Trademark Office and which names the actual inventor or inventors pursuant to 37 CFR 1.41(a). If an application which has been accorded a filing date does not include the appropriate filing fee or oath or declaration, applicant will be so notified and given a period of time within which to file the missing parts to complete the application and to pay the surcharge as set forth in 37 CFR 1.16(e) in order to prevent abandonment of the application.

Applicants should submit a copy of the notice(s) to file missing parts and the notice(s) of incomplete applications with the response submitted to the Patent and Trademark Office. Applicants should also include the application serial number on all correspondence to the Office. These measures will aid the Office in matching papers to applications, thereby expediting the processing of applications.

In order for the Office to so notify the applicant, a correspondence address must also be provided in the application. The address may be different from the Post Office address of the applicant. For example, the address of applicant's registered attorney or agent may be used as the correspondence address. If applicant fails to provide the Office with a correspondence address, the Office will be unable to provide applicant with notification to complete the application and to pay the surcharge as set forth in 37 CFR 1.16(e). In such a case, applicant will be considered to have constructive notice as of the filing date that the application must be completed within 2 months from the filing date before abandonment occurs per 37 CFR 1.53(d)(1). This time period may be extended pursuant to 37 CFR 1.136.

The oath or declaration filed in response to such a notice under 37 CFR 1.53(d)(1) must be executed by the inventors named on filing unless a petition for correction of inventorship complying with 37 CFR 1.48 is filed within the time period set.

The oath or declaration filed in response to such a notice must identify the specification and any amendment filed with the specification which is intended to be part of the original disclosure. If an amendment is filed with the oath or declaration filed after the filing date of the application, it may be identified in the oath or declaration but may not include new matter. No new matter may be included after the filing date of the application. See MPEP § 608.04(b). If the oath or declaration improperly refers to an amendment containing new matter, a supplemental oath or declaration will be required pursuant to 37 CFR 1.67(b), deleting the reference to the amendment containing new matter. If an amendment is filed on the same day that the application filed under 37 CFR 1.53(b)(1) is filed and is referred to in the original oath or declaration filed with or after the application, it constitutes a part of the original application papers and the question of new matter is not considered. Similarly, if the application papers are altered prior to execution of the oath or declaration and the filing of the application, new matter is not a consideration since the alteration is considered as part of the original disclosure.

An amendment which adds additional disclosure filed with a request for a continuation—in—part application under 37 CFR 1.62 is automatically considered a

Rev. 2, July 1996

MANUAL OF PATENT EXAMINING PROCEDURE

**601.01(a)**

part of the original disclosure of the application by virtue of the rule. Therefore, the oath or declaration filed in such an application must identify the amendment adding additional disclosure as one of the papers which the inventor(s) has "reviewed and understands" in order to comply with 37 CFR 1.63. If the original oath or declaration submitted in a continuation—in—part application filed under 37 CFR 1.62 does not contain a reference to the amendment filed with the request for an application under 37 CFR 1.62, the examiner must require a supplemental oath or declaration referring to the amendment.

37 CFR 1.63 requires that an oath or declaration identify the specification to which it is directed. The declaration form suggested by the Office includes spaces for filling in the names of the inventors, title of invention, application number, filing date, foreign priority application information and United States priority application information. While this information should be provided, it is not essential that all of these spaces be filled in in order to adequately identify the specification in compliance with 37 CFR 1.63(a)(2).

The following combinations of information supplied in an oath or declaration filed on the application filing date with a specification are acceptable as minimums for identifying a specification and compliance with any one of the items below will be accepted as complying with identification requirement of 37 CFR 1.63:

(1) name of inventor(s), and reference to an attached specification which is both attached to the oath or declaration at the time of execution and submitted with the oath or declaration on filing;

(2) name of inventor(s), and attorney docket number which was on the specification as filed; or

(3) name of inventor(s), and title which was on the specification as filed.

Filing dates are now granted on applications filed without an oath or declaration in compliance with 37 CFR 1.63, the oath or declaration being filed later with a surcharge. The following combinations of information supplied in an oath or declaration filed after the filed date are acceptable as minimums for identifying a specification and compliance with any one of the items below will be accepted as complying with the identification requirement of 37 CFR 1.63:

(1) name of inventor(s), and application number (consisting of the series code and the serial number; e.g., 08/123,456);

(2) name of inventor(s), serial number and filing date;

(3) name of inventor(s) and attorney docket number which was on the specification as filed;

(4) name of inventor(s), title which was on the specification as filed and filing date;

(5) name of inventor(s), title which was on the specification as filed and reference to an attached specification which is both attached to the oath or declaration at the time of execution and submitted with the oath or declaration; or

(6) name of inventor(s), title which was on the specification as filed and accompanied by a cover letter accurately identifying the application for which it was intended by either the application number (consisting of the series code and the serial number; e.g., 08/123,456), or serial number and filing date. Absent any statement(s) to contrary, it will be presumed that the application filed in the PTO is the application which the inventor(s) executed by signing the oath or declaration.

Any specification that is filed attached to an oath or declaration on a date later than the application filing date will not be compared with the specification submitted on filing. Absent any statement(s) to the contrary, the "attached" specification will be presumed to be a copy of the specification and any amendments thereto which were filed in the Office in order to obtain a filing date for the application.

Any variance from the above guidelines will only be considered upon the filing of a petition for waiver of the rules under 37 CFR 1.183 accompanied by a petition fee (37 CFR 1.17(h)).

Further an oath or declaration attached to a cover letter referencing an incorrect application may not become associated with the correct application and, therefore, could result in the abandonment of the correct application.

Supplemental oaths or declarations in accordance with 37 CFR 1.67 will be required in applications in which the oaths or declarations are not in compliance with the other requirements of 37 CFR 1.63 but contain sufficient information to identify the specifications to which they apply as detailed above.

A copy, such as a photocopy or facsimile transmission, of an originally executed oath or declaration is acceptable and may be filed (see MPEP § 502.01). In the event that a copy of the original is filed, the original

PARTS, FORM, AND CONTENT OF APPLICATION

should be retained as evidence of authenticity. If a question of authenticity arises, the Patent and Trademark Office may require submission of the original. See 37 CFR 1.4(d)(2).

See MPEP § 1896 for the identification requirements for a declaration filed in a U.S. national stage application filed under 35 U.S.C. 371.

The periods of time within which applicant must complete the application may be extended under the provisions of 37 CFR 1.136. Applications which are not completed in a timely manner will be abandoned.

## ** >601.01(b)  Provisional Applications Filed Under 35 U.S.C. 111(b) [R−2]<

A provisional application will be given a filing date in accordance with 37 CFR 1.53(b)(2) as of the date the written description, any necessary drawings and the names of all inventors are filed in the Office. The filing date requirements for a provisional application set forth in paragraph (b)(2) parallel the requirements set forth in paragraph (b)(1), except that no claim is required. Amendments, other than those required to make the provisional application comply with applicable regulations, are not permitted after the filing date of the provisional application.

When the specification, drawing, or name or names of the actual inventors are omitted, 37 CFR 1.53(c) requires that the applicant be notified and given a time period in which to submit the missing element to complete the filing. The filing date will become the date of the completed submission. If the omission is not provided within the prescribed time, the application will be returned or otherwise disposed of and any fee submitted will be refunded less the handling fee set forth in 37 CFR 1.21(n).

37 CFR 1.53(b)(2)(i) requires all provisional applications be filed with a cover sheet identifying the application as a provisional application. The Office will treat an application as having been filed under paragraph (b)(1), unless the application is clearly identified as a provisional application. A provisional application, which is identified as such, but which does not have a complete cover sheet as required by 37 CFR 1.51(b)(2)(i) will be treated as a provisional application. However, the complete cover sheet and a surcharge will

be required to be submitted at a later date in conformance with 37 CFR 1.53(d)(2).

When the provisional application does not have a complete cover sheet or the appropriate fee, the applicant will be notified pursuant to 37 CFR 1.53(d)(2) and given a time period in which to provide the necessary fee or cover sheet and to pay the surcharge as set forth in 37 CFR 1.16(l) in order to prevent abandonment of the application. The time period will usually be set at 1 month from the date of notification, but in no case less than 2 months from the filing date of the application. This time period is subject to the provisions of 37 CFR 1.136(a). If the filing fee is not timely paid, the provisional application will be disposed of. In this case, no copies will be provided or certified by the Office. If no correspondence address has been provided, applicant has 2 months from the filing date to file the basic filing fee, cover sheet, and to pay the surcharge as set forth in 37 CFR 1.16(l) in order to prevent abandonment of the provisional application.

Section 1.53(c) requires that any request for review of a refusal to accord an application a filing date be made by way of a petition accompanied by the fee set forth in 37 CFR 1.17(q) (see MPEP § 506.02).

## ** >601.01(c)  Conversion to a Provisional Application [R−2]<

An application filed under 37 CFR 1.53(b)(1) may be converted to a provisional application in accordance with the procedure described in 37 CFR 1.53(b)(2)(ii). The procedure requires the filing of a petition requesting the conversion and the petition fee set forth in 37 CFR 1.17(q). Filing of the petition in the application is required prior to the abandonment of the 37 CFR 1.53(b)(1)application, the payment of the issue fee, the expiration of 12 months after the filing date of the 37 CFR 1.53 (b)(1) application, or the filing of a request for a statutory invention registration under 37 CFR 1.293, whichever event is earlier. The grant of any such petition does not entitle applicant to a refund of the fees properly paid in the application filed under 37 CFR 1.53(b)(1).

## >601.01(d) Application Filed Without All Pages of Specification [R−2]

The Initial Application Examination Division reviews application papers to determine whether all of the

**601.01(d)**

pages of specification are present in the application. If the application is filed without all of the page(s) of the specification, but containing something that can be construed as a written description, at least one drawing figure, if necessary under 35 U.S.C. 113 (first sentence), the names of all the inventors, and, in a nonprovisional application, at least one claim, the Initial Application Examination Division will mail a "Notice of Omitted Items" indicating that the application papers so deposited have been accorded a filing date, but are lacking some page(s) of the specification.

The mailing of a "Notice of Omitted Items" will permit the applicant to either: (1) promptly establish prior receipt in the PTO of the page(s) at issue (generally by way of a date-stamped postcard receipt (MPEP § 503)); or (2) promptly submit the omitted page(s) in a nonprovisional application and accept the date of such submission as the application filing date. An applicant asserting that the page(s) was in fact deposited in the PTO with the application papers must, within 2 months from the date of the "Notice of Omitted Item(s)", file a petition under 37 CFR 1.53(c) with the petition fee set forth in 37 CFR 1.17(i) (37 CFR 1.17(q) for a provisional application), along with evidence of such deposit (37 CFR 1.181(f)). The petition fee will be refunded if it is determined that the page(s) was in fact received by the PTO with the application papers deposited on filing. An applicant desiring to submit the omitted page(s) in a nonprovisional application and accept the date of such submission as the application filing date must, within 2 months from the date of the "Notice of Omitted Item(s)", file any omitted page(s) with an oath or declaration in compliance with 37 CFR 1.63 and 1.64 referring to such page(s) and a petition under 37 CFR 1.182 with the petition fee set forth in 37 CFR 1.17(h), requesting the later filing date (37 CFR 1.181(f)).

An applicant willing to accept the application as deposited in the PTO need not respond to the "Notice of Omitted Items," and the failure to file a petition under 37 CFR 1.53(c) or 37 CFR 1.182 (and the required petition fee) as discussed above within 2 months of the date of the "Notice of Omitted Item(s)" (37 CFR 1.181(f)) will be treated as constructive acceptance by applicant of the application as deposited in the PTO. Amendment of the specification is required in a nonprovisional application to renumber the pages consecutively and cancel any incomplete sentences caused by the absence of the omitted page(s). Such amendment should be by way of preliminary amendment submitted prior to the first Of-

fice action to avoid delays in the prosecution of the application.

If the application does not contain anything that can be construed as a written description, the Initial Application Examination Division will mail a Notice of Incomplete Application (PTO-1123) indicating that the application lacks the specification required by 35 U.S.C. 112. Applicant may file a petition under 37 CFR 1.53(c) with the petition fee set forth in 37 CFR 1.17(i) (37 CFR 1.17(q) for a provisional application), asserting that: (1) the missing specification was submitted; or (2) the application papers as deposited contain an adequate written description under 35 U.S.C. 112. The petition under 37 CFR 1.53(c) must be accompanied by sufficient evidence (37 CFR 1.181(b)) to establish applicant's entitlement to the requested filing date (e.g., a date-stamped postcard receipt (MPEP § 503) to establish prior receipt in the PTO of the missing specification). Alternatively, applicant may submit the omitted specification, including at least one claim in a nonprovisional application, accompanied by an oath or declaration in compliance with 37 CFR 1.63 and 1.64 referring to the specification being submitted and accept the date of such submission as the application filing date.

Original claims form part of the original disclosure and provide their own written description. See In re Anderson, 471 F.2d 1237, 176 USPQ 331 (CCPA 1973). As such, an application that contains at least one claim, but does not contain anything which can be construed as a written description of such claim(s), would be unusual.

In instances in which a "Notice of Incomplete Application" has been mailed, further action by applicant is necessary for the application to be accorded a filing date. As such, the application will be retained in the Initial Application Examination Division to await such action. Unless applicant either completes the application or files a petition under 37 CFR 1.53(c) with the petition fee set forth in 37 CFR 1.17(i) or 1.17(q), within the period set in the "Notice of Incomplete Application," the application will be processed as an incomplete application under 37 CFR 1.53(c).

In instances in which a "Notice of Omitted Items" has been mailed, the application will be retained in the Initial Application Examination Division for a period of 2 months from the mailing date of "Notice of Omitted Items" to permit applicant to either: (1) establish prior receipt in the PTO of the page(s) or drawing(s) at issue; or (2) promptly submit the omitted page(s) or drawing(s) in a nonprovisional application and accept the

PARTS, FORM, AND CONTENT OF APPLICATION

date of such submission as the application filing date. As an applicant may, but is not required to, respond to such a "Notice of Omitted Items," extensions of time under 37 CFR 1.136 will not be applicable to this two−month time period.

Unless applicant timely files a petition under 37 CFR 1.53(c) or 1.182 with the required petition fee, the application will maintain the filing date as of the date of deposit of the application papers in the PTO, and the original application papers (i.e., the original disclosure of the invention) will include only those application papers present in the PTO on the date of deposit. Nonprovisional applications that are complete under 37 CFR 1.51(a)(1) will then be forwarded to the appropriate examining group for examination of the application. Provisional applications that are complete under 37 CFR 1.51(a)(2) will then be forwarded to Files Repository. The current practice for treating applications that are not complete under 37 CFR 1.51(a) will remain unchanged (37 CFR 1.53(d)).

Any petition under 37 CFR 1.53(c) or 1.182 not filed within the two−month period set in the "Notice of Omitted Item(s)" may be dismissed as untimely. 37 CFR 1.181(f). Under the adopted procedure, the PTO may strictly adhere to the two−month period set forth in 37 CFR 1.181(f), and dismiss as untimely any petition not filed within the two−month period. This strict adherence to the two−month period set forth in 37 CFR 1.181(f) is justified as such applications will now be forwarded for examination at the end of the two−month period. It is further justified in instances in which applicant seeks to submit the omitted page(s) or drawing(s) in a nonprovisional and request the date of such submission as the application filing date as: (1) according the application a filing date later than the date of deposit may affect the date of expiration of any patent issuing on the application due to the changes to 35 U.S.C. 154 contained in Public Law 103−465, § 532, 108 Stat. 4809 (1994); and (2) the filing of a continuation−in−part application is a sufficiently equivalent mechanism for adding additional subject matter to avoid the loss of patent rights.

The submission of omitted page(s) or drawing(s) in a nonprovisional application and acceptance of the date of such submission as the application filing date is tantamount to simply filing a new application. Thus, applicants should consider filing a new application as an alternative to submitting a petition under 37 CFR 1.182 (with the petition fee under 37 CFR 1.17(h)) with any

omitted page(s) or drawing(s), which is a cost effective alternative in instances in which a nonprovisional application is deposited without filing fees. Likewise, in view of the relatively low filing fee for provisional applications, and the PTO's desire to minimize the processing of provisional applications, the PTO will not grant petitions under 37 CFR 1.182 to accept omitted page(s) or drawing(s) and accord an application filing date as of the date of such submission in provisional applications. The applicant should simply file a new completed provisional application.<

## >601.01(e)  Nonprovisional Application Filed Without At Least One Claim [R−2]

35 U.S.C. 111(a)(2) requires that an application for patent include, inter alia, "a specification as prescribed by section 112 of this title," and 35 U.S.C. 111(a)(4) provides that the "filing date of an application shall be the date on which the specification and any required drawing are received in the Patent and Trademark Office." 35 U.S.C. 112, first paragraph, provides, in part, that "[t]he specification shall contain a written description of the invention," and 35 U.S.C. 112, second paragraph, provides that "[t]he specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." Also, the Court of Appeals for the Federal Circuit stated in Litton Systems, Inc. v. Whirlpool Corp.:

> Both statute, 35 U.S.C. 111 [(a)], and federal regulations, 37 CFR 1.51 [(a)(1)], make clear the requirement that an application for a patent *must* include . . . a specification and claims. . . . The omission of any *one* of these component parts makes a patent application incomplete and thus not entitled to a filing date.

728 F.2d 1423, 1437, 221 USPQ 97, 105 (Fed. Cir. 1984)(citing *Gearon v. United States*, 121 F.Supp 652, 654, 101 USPQ 460, 461 (Ct. Cl. 1954), *cert. denied*, 348 U.S. 942, 104 USPQ 409 (1955))(emphasis in the original).

Therefore, in an application filed under 35 U.S.C. 111(a), a claim is a statutory requirement for according a filing date to the application. 35 U.S.C. 162 and 171 make 35 U.S.C. 112 applicable to plant and design applications, and 35 U.S.C. 162 specifically requires the specification in a plant patent application to contain a claim. 35 U.S.C. 111(b)(2), however, provides that "[a] claim, as required by the second through fifth para-

MANUAL OF PATENT EXAMINING PROCEDURE

**601.01(f)**

graphs of section 112, shall not be required in a provisional application." Thus, with the exception of provisional applications filed under 35 U.S.C. 111(b), any application filed without at least one claim is incomplete and not entitled to a filing date.

If a nonprovisional application does not contain at least one claim, a "Notice of Incomplete Application" will be mailed to the applicant(s) indicating that no filing date has been granted and setting a period for submitting a claim. The filing date will be the date of receipt of at least one claim. See In re Mattson, 208 USPQ 168 (Comm'r Pat. 1980). An oath or declaration in compliance with 37 CFR 1.63 and 1.64 referring to the claim being submitted is also required.

As 37 CFR 1.53(b)(2)(ii) permits the conversion of an application filed under 35 U.S.C. 111(a) to an application under 35 U.S.C. 111(b), an applicant in an application, other than for a design patent, filed under 35 U.S.C. 111(a) on or after June 8, 1995, without at least one claim has the alternative of filing a petition under 37 CFR 1.53(b)(2)(ii) to convert such application into an application under 35 U.S.C. 111(b), which does not require a claim to be entitled to its date of deposit as a filing date. Such a petition, however, must be filed prior to the expiration of 12 months after the date of deposit of the application under 35 U.S.C. 111(a), and comply with the other requirements of 37 CFR 1.53(b)(2)(ii). See MPEP § 601.01(c).

The treatment of an application subsequent to the mailing of a "Notice of Incomplete Application" is discussed in MPEP § 601.01(d).<

## >601.01(f)    Applications Filed Without Drawings [R—2]

35 U.S.C. 111(a)(2)(B) and 35 U.S.C. 111(b)(2)(B) each provide, in part, that an "application shall include . . . a drawing as prescribed by section 113 of this title" and 35 U.S.C. 111(a)(4) and 35 U.S.C. 111(b)(4) each provide, in part, that the "filing date . . . shall be the date on which . . . any required drawing are received in the Patent and Trademark Office." 35 U.S.C. 113 (first sentence) in turn provides that an "applicant shall furnish a drawing where necessary for the understanding of the subject matter sought to be patented."

Applications filed without drawings are initially inspected to determine whether a drawing is referred to in the specification, and if not, whether a drawing is neces-

sary for the understanding of the invention. 35 U.S.C. 113 (first sentence).

It has been PTO practice to treat an application that contains at least one process or method claim as an application for which a drawing is not necessary for an understanding of the invention under 35 U.S.C. 113 (first sentence). The same practice has been followed in composition applications. Other situations in which drawings are usually not considered necessary for the understanding of the invention under 35 U.S.C. 113 (first sentence) are:

I. *Coated articles or products*: where the invention resides solely in coating or impregnating a conventional sheet (*e.g.*, paper or cloth, or an article of known and conventional character with a particular composition), unless significant details of structure or arrangement are involved in the article claims;

II. *Articles made from a particular material or composition*: where the invention consists in making an article of a particular material or composition, unless significant details of structure or arrangement are involved in the article claims;

III. *Laminated structures*: where the claimed invention involves only laminations of sheets (and coatings) of specified material unless significant details of structure or arrangement (other than the mere order of the layers) are involved in the article claims; or

IV. *Articles, apparatus, or systems where sole distinguishing feature is presence of a particular material*: where the invention resides solely in the use of a particular material in an otherwise old article, apparatus or system recited broadly in the claims, for example:

a. A hydraulic system distinguished solely by the use therein of a particular hydraulic fluid;

b. Packaged sutures wherein the structure and arrangement of the package are conventional and the only distinguishing feature is the use of a particular material.

A nonprovisional application having at least one claim, or a provisional application having at least some disclosure, directed to the subject matter discussed above for which a drawing is usually not considered essential for a filing date, not describing drawing figures in the specification, and filed without drawings will simply be processed for examination, so long as the application contains something that can be construed as a written description and the names of all the inventors. A nonprovisional application having at least one claim, or a

PARTS, FORM, AND CONTENT OF APPLICATION

provisional application having at least some disclosure, di-

MANUAL OF PATENT EXAMINING PROCEDURE

**601.01(g)**

recited to the subject matter discussed above for which a drawing is usually not considered essential for a filing date, describing drawing figure(s) in the specification, but filed without drawings will be treated as an application filed without all of the drawing figures referred to in the specification as discussed in MPEP § 601.01(g), so long as the application contains something that can be construed as a written description and the names of all the inventors. In a situation in which the appropriate examining group determines that drawings are necessary under 35 U.S.C. 113 (first sentence) the filing date issue will be reconsidered by the PTO. The application will be returned to Initial Application Examination Division for mailing of a "Notice of Incomplete Application."

If a nonprovisional application does not have at least one claim directed to the subject matter discussed above for which a drawing is usually not considered essential for a filing date, or a provisional application does not have at least some disclosure directed to the subject matter discussed above for which a drawing is usually not considered essential for a filing date, and is filed without drawings, the Initial Application Examination Division will mail a "Notice of Incomplete Application" indicating that the application lacks drawings and that 35 U.S.C. 113 (first sentence) requires a drawing where necessary for the understanding of the subject matter sought to be patented.

Applicant may file a petition under 37 CFR 1.53(c) with the petition fee set forth in 37 CFR 1.17(i) (37 CFR 1.17(q) for a provisional application), asserting that (1) the drawing(s) at issue was submitted, or (2) the drawing(s) is not necessary under 35 U.S.C. 113 (first sentence) for a filing date. The petition must be accompanied by sufficient evidence to establish applicant's entitlement to the requested filing date (e.g., a date-stamped postcard receipt (MPEP § 503) to establish prior receipt in the PTO of the drawing(s) at issue). Alternatively, applicant may submit drawing(s) accompanied by an oath or declaration in compliance with 37 CFR 1.63 and 1.64 referring to the drawing(s) being submitted and accept the date of such submission as the application filing date.

In design applications, the Initial Application Examination Division will mail a "Notice of Incomplete Application" indicating that the application lacks the drawings required under 35 U.S.C. 113 (first sentence). The applicant may: (1) promptly file a petition under 37 CFR 1.53(c) with the petition fee set forth in 37 CFR 1.17(i), asserting that the missing drawing(s) was sub-

mitted; or (2) promptly submit drawing(s) accompanied by an oath or declaration in compliance with 37 CFR 1.63 and 1.64 and accept the date of such submission as the application filing date. 37 CFR 1.154(a) provides that the claim in a design application "shall be in formal terms to the ornamental design for the article (specifying name) as shown, or as shown and described." As such, petitions under 37 CFR 1.53(c) asserting that drawings are unnecessary under 35 U.S.C. 113 (first sentence) for a filing date in a design application will **not** be found persuasive.

The treatment of an application subsequent to the mailing of a "Notice of Incomplete Application" is discussed in MPEP § 601.01(d).<

## >601.01(g) Applications Filed Without All Figures of Drawings [R−2]

The Initial Application Examination Division reviews application papers to determine whether all of the figures of the drawings that are mentioned in the specification are present in the application. If the application is filed without all of the drawing figure(s) referred to in the specification, and the application contains something that can be construed as a written description, at least one drawing, if necessary under 35 U.S.C. 113 (first sentence), the names of all the inventors, and, in a nonprovisional application, at least one claim, the Initial Application Examination Division will mail a "Notice of Omitted Item(s)" indicating that the application papers so deposited have been accorded a filing date, but are lacking some of the figures of drawings described in the specification.

The mailing of a "Notice of Omitted Item(s)" will permit the applicant to either: (1) promptly establish prior receipt in the PTO of the drawing(s) at issue (generally by way of a date−stamped postcard receipt (MPEP § 503)); or (2) promptly submit the omitted drawing(s) in a nonprovisional application and accept the date of such submission as the application filing date. An applicant asserting that the drawing(s) was in fact deposited in the PTO with the application papers must, within 2 months from the date of the "Notice of Omitted Item(s)," file a petition under 37 CFR 1.53(c) with the petition fee set forth in 37 CFR 1.17(i) and 37 CFR 1.17(q) for a provisional application), along with evidence of such deposit (37 CFR 1.181(f)). The petition fee will be refunded if it is determined that the drawing(s) was in fact received by the PTO with the application papers deposited on filing. An applicant desiring to

PARTS, FORM, AND CONTENT OF APPLICATION

**601.01((h)**

submit the omitted drawings in a nonprovisional application and accept the date of such submission as the application filing date must, within 2 months from the date of the "Notice of Omitted Item(s)", file any omitted drawing(s) with an oath or declaration in compliance with 37 CFR 1.63 and 1.64 referring to such drawing(s) and a petition under 37 CFR 1.182 with the petition fee set forth in 37 CFR 1.17(h), requesting the later filing date (37 CFR 1.181(f)).

An applicant willing to accept the application as deposited in the PTO need not respond to the "Notice of Omitted Item(s)," and the failure to file a petition under 37 CFR 1.53(c) or 37 CFR 1.182 with the required petition fee as discussed above within 2 months of the date of the "Notice of Omitted Item(s)" (37 CFR 1.181(f)) will be treated as constructive acceptance by applicant of the application as deposited in the PTO. Amendment of the specification is required in a nonprovisional application to cancel all references to the omitted drawing, both in the brief and detailed descriptions of the drawings and including any reference numerals shown only in the omitted drawings. In addition, a separate letter is required in a nonprovisional application to renumber the drawing figures consecutively (showing the proposed changes in red ink), if necessary, and amendment of the specification is required to correct the references to the drawing figures to correspond with any relabelled drawing figures, both in the brief and detailed descriptions of the drawings. Such amendment and correction to the drawing figures, if necessary, should be by way of preliminary amendment submitted prior to the first Office action to avoid delays in the prosecution of the application.

The treatment of an application subsequent to the mailing of a "Notice of Omitted Item(s)" is discussed in MPEP § 601.01(d).<

**>601.01(h) Forms [R−2]<**

The following forms used by Application Branch to notify applicants of defects are reproduced on the following pages. "Notice to File Missing Parts of Application − Filing Date Granted" Form PTO−1533; "Notice to File Missing Parts of Application − No Filing Date," Form PTO−1532; "Notice of Informal Application" Form PTO−152; "Notice of Incomplete Application," Form PTO−1123; and "Notice of Incomplete Application Filed Pursuant to 37 CFR 1.60," Form PTO−1534; "Notice to File Missing Parts of Application Filed Under 37 CFR 1.60 Filing Date Granted" Form PTO−1607; "Notice to File Missing Parts of Application Filed Under 37 CFR 1.60, No Filing Date," >Form< PTO−1608; "Notice of Improper FWC Filing under 37 CFR 1.72, No Filing Date Granted," >Form< PTO−457 >; "Notice of Omitted Item(s)," Form PTO−1669; "Notice of Omitted Item(s) in a Provisional Application Filed Under 37 CFR 1.53(b)(2)," Form PTO−1672.<

MANUAL OF PATENT EXAMINING PROCEDURE

**601.01(h)**



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| | | | |

DATE MAILED:

## NOTICE TO FILE MISSING PARTS OF APPLICATION
## FILING DATE GRANTED

An Application Number and Filing Date have been assigned to this application. However, the items indicated below are missing. The required items and fees identified below must be timely submitted ALONG WITH THE PAYMENT OF A SURCHARGE for items 1 and 3-6 only of $_____ for large entities or $_____ for small entities who have filed a verified statement claiming such status. The surcharge is set forth in 37 CFR 1.16(e).

If all required items on this form are filed within the period set below, the total amount owed by applicant as a ☐ large entity, ☐ small entity (verified statement filed), is $_____

> Applicant is given **ONE MONTH FROM THE DATE OF THIS LETTER, OR TWO MONTHS FROM THE FILING DATE** of this application, **WHICHEVER IS LATER**, within which to file all required items and pay any fees required above to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

1. ☐ The statutory basic filing fee is: ☐ missing ☐ insufficient. Applicant as a ☐ large entity ☐ small entity, must submit $_____ to complete the basic filing fee.

2. ☐ Additional claim fees of $_____ as a ☐ large entity, ☐ small entity, including any required multiple dependent claim fee, are required. Applicant must submit the additional claim fees or cancel the additional claims for which fees are due.

3. ☐ The oath or declaration:
   ☐ is missing.
   ☐ does not cover items omitted at time of execution.

   An oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date is required.

4. ☐ The oath or declaration does not identify the application to which it applies. An oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.

5. ☐ The signature to the oath or declaration is: ☐ missing; ☐ a reproduction; ☐ by a person other than the inventor or a person qualified under 37 CFR 1.42, 1.43, or 1.47. A properly signed oath or declaration in compliance with 37 CFR 1.63, identifying the application by the above Application Number and Filing Date, is required.

6. ☐ The signature of the following joint inventor(s) is missing from the oath or declaration: _____ An oath or declaration listing the names of all inventors and signed by the omitted inventor(s), identifying this application by the above Application Number and Filing Date, is required.

7. ☐ The application was filed in a language other than English. Applicant must file a verified English translation of the application and a fee of $_____ under 37 CFR 1.17(k), unless this fee has already been paid.

8. ☐ A $_____ processing fee is required for returned checks. (37 CFR 1.21(m)).

9. ☐ Your filing receipt was mailed in error because check was returned without payment.

10. ☐ The application does not comply with the Sequence Rules. See attached Notice to Comply with Sequence Rules 37 CFR 1.821-1.825.

11. ☐ Other.

Direct the response to Box Missing Parts and refer any questions to the Customer Service Center at (703) 308-1202.

### *A copy of this notice MUST be returned with the response.*

FORM PTO-1533 (Rev. 11-94)