IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE DOW CHEMICAL COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 05-737 (JJF) |
| ) | |
| NOVA CHEMICALS CORPORATION ) | **JURY TRIAL DEMANDED** |
| (CANADA), and NOVA CHEMICALS INC. ) | |
| (DELAWARE), ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR JUDGMENT ON THE PLEADINGS
PURSUANT TO FED. R. CIV. P. RULE 12(c)**

OF COUNSEL:

Ford F. Farabow, Jr.
Ronald A. Bleeker
Joann M. Neth
Mark J. Feldstein
Jeffrey W. Abraham
Troy A. Petersen
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001-4413
(202) 408-4000

Dated: December 20, 2006
768607 / 29645

Richard L. Horwitz (#2246)
Kenneth L. Dorsney (#3726)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
Fax: (302) 658-1192
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

*Attorneys for Defendants*
*NOVA Chemicals Corporation (Canada), and*
*NOVA Chemicals Inc. (Delaware)*

# TABLE OF CONTENTS

I.   Summary of the Argument ................................................................................ 1

II.  Dow's Denial That the Missing "FIG. 1" is "Necessary" is an
     Unsupported Legal Conclusion ........................................................................ 1

III. A Valid Patent Must Meet All the Statutory Requirements ............................. 2

   A.   Sections 111 and 113 are and always have been grounds for
        invalidity .................................................................................................. 3

IV.  Deference to the USPTO ................................................................................. 5

   A.   The USPTO interpretation of section 113 is long held and clear: a
        drawing referred to in the specification is necessary .............................. 5

   B.   The USPTO interpretation of section 113 is reasonable and due
        deference .................................................................................................. 6

   C.   The USPTO's internal procedures do not justify Dow's omission ............. 8

V.   The Court Should Reject Dow's Attempt to Argue Beyond the Pleadings
     by Reference to the Hsiao Declaration ............................................................. 9

VI.  Conclusion ...................................................................................................... 12

# TABLE OF AUTHORITIES

## FEDERAL CASES

*A. O. Smith Corp. v. Affiliated Gas Equip., Inc.*,
205 F.2d 654 (5th Cir. 1953) ..................................................................................4

*Akro Agate Co. v. Master Marble Co.*,
18 F. Supp. 305 (N.D. W. Va. 1937) ......................................................................4

*Ashlow Limited et al. v. Morgan Construction Company*,
213 U.S.P.Q. 671 (D.S.C. 1982)............................................................................5

*Burlington Industries Inc. v. Quigg*,
822 F.2d 1581 (Fed. Cir. 1987)..............................................................................5

*In re Chakrabarty*,
596 F.2d 952 (C.C.P.A. 1979) ...............................................................................3

*Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*,
467 U.S. 837 (1984)............................................................................................6, 7

*Doug Grant Inc. v. Greate Bay Casino Corp*,
232 F.3d 173 (3d Cir. 2000)...................................................................................1

*Ethicon Inc. v. Quigg*,
849 F.2d 1422 (Fed. Cir. 1988)..............................................................................6

*Finch v. Hercules, Inc.*,
809 F. Supp. 309 (D. Del. 1992) ............................................................................2

*Fressola v. Manbeck*,
36 U.S.P.Q. 2d 1211 (D.D.C. 1995) ......................................................................7

*Grant v. Raymond*,
31 U.S. 218 (1832).................................................................................................3

*In re Hayes Microcomputer Products, Inc.*,
982 F.2d 1527 (Fed. Cir. 1992)..........................................................................3, 4

*Jack Winter, Inc. v. Koratron Co.*,
375 F. Supp. 1 (N.D. Cal. 1974) ............................................................................4

*Merck & Co., Inc. v. Kessler*,
80 F.3d 1543 (Fed. Cir. 1996)................................................................................6

*Pfizer v. Ranbaxy*,
  457 F.3d 1284 (Fed. Cir. 2006)..........................................................................3, 5, 7

*Skyberg v. United Food and Commercial Workers Intern. Union, AFL-CIO*,
  5 F.3d 297 (8th Cir. 1993) ..............................................................................................9

*In re Smyth*,
  189 F.2d 982 (C.C.P.A. 1951) ...........................................................................4, 10, 11

## FEDERAL STATUTES

35 U.S.C. § 34 ............................................................................................................................4

35 U.S.C. § 101..........................................................................................................................2

35 U.S.C. § 111............................................................................................................... *passim*

35 U.S.C. § 113............................................................................................................... *passim*

35 U.S.C. § 282.......................................................................................................................1, 2

## ADMINISTRATIVE MATERIAL

*In re Incomplete Application*,
  123 U.S.P.Q. 70 (USPTO Commissioner of Patents Nov. 28, 1958)............................5

MPEP (Aug. 2006) § 608.02..................................................................................................5, 6

I.   **SUMMARY OF THE ARGUMENT**

Dow does not dispute that the patents-in-suit each refer to a "FIG. 1" that was omitted from the patents. Instead, Dow focuses on legally and factually irrelevant digressions regarding legislative intent underlying 35 U.S.C. § 282 and minutia of U.S. Patent and Trademark Office ("USPTO") internal procedures. These digressions fail to undermine the authority cited by Nova holding patents invalid for failure to meet the drawing requirements of 35 U.S.C. §§ 111 and 113. They also fail to weaken the deference owed to the reasonable and compelling USPTO interpretation of section 113. Dow's patents are unquestionably invalid under this interpretation.

II.  **DOW'S DENIAL THAT THE MISSING "FIG. 1" IS "NECESSARY" IS AN UNSUPPORTED LEGAL CONCLUSION**

Dow first argues that Nova's motion for judgment on the pleadings should be rejected in view of Dow's denial that omitted "FIG. 1" is "necessary." (D.B.[1] at 6.) While "factual allegations" by the party opposing such a motion must be accepted, Dow's denial of the ultimate issue is an unsupported legal conclusion inconsistent with its other factual admissions. The facts admitted by Dow are that (1) "FIG. 1" is expressly referred to in the patents-in-suit and (2) "FIG. 1" was omitted from both patents. (N.B. Ex. 3, Amended Reply, ¶¶ 34, 37, 123, 126.) Unlike factual allegations, courts "need not accept as true unsupported conclusions and unwarranted inferences." *Doug Grant Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-184 (3rd Cir. 2000) (citations and quotations omitted). If a plaintiff could defeat a motion for judgment on the pleadings based on its

---

[1] Nova's Opening Brief in Support of its Motion for Judgment on the Pleadings (D.I. 21) is referred to herein as "N.B." and Dow's Answering Brief (D.I. 23) is referred to herein as "D.B."

self-serving legal conclusions, a 12(c) motion would never be granted. Even the cases cited by Dow show that courts properly reject untenable allegations. *Finch v. Hercules, Inc.*, 809 F. Supp. 309, 312-313 (D. Del. 1992) (rejecting unsustainable allegation in plaintiff's complaint, and granting defendant's 12(c) motion).

### III.   A VALID PATENT MUST MEET ALL THE STATUTORY REQUIREMENTS

Dow asks this Court to believe that "Sections 113 and 111 are not grounds for patent invalidity." (D.B. at 6-7). Dow ignores, however, the numerous cases considering and discussing invalidity under these sections, and holding patents invalid under sections 111 or 113 (or their predecessors). Dow instead focuses its arguments on the scope of section 282, ignoring the statutory requirements for a valid patent under 35 U.S.C. as a whole.

Indeed, Dow's argument that sections 111 and 113 are not grounds for invalidity rests solely on its *de novo* exposition of the Congressional intent underlying 35 U.S.C. § 282. (D.B. at 6-7.) In essence, Dow tells the Court that to be a "condition for patentability" within the meaning of section 282 and hence a ground for invalidity, the section must expressly recite "condition for patentability" in its title. *Id.* Dow's exposition of legislative intent, however, is unsupported by any citations whatsoever.

Independent of section 282, patent validity is "subject to the conditions and requirements of this title [35 U.S.C.]." 35 U.S.C. § 101. A valid patent requires more than a patentable invention. Indeed, "[i]f the inventor holds the three different keys to the three doors [(*i.e.*, novelty, utility, and statutory subject matter)], his invention... qualifies for a patent, otherwise not; but *he, as inventor, must meet still other statutory requirements in the preparation and prosecution of his patent application." In re*

2

*Chakrabarty*, 596 F.2d 952, 960 (C.C.P.A. 1979) (emphasis added); *see also Grant v. Raymond*, 31 U.S. 218, 248-49 (1832), quoted at page 6 of Nova's opening brief (D.I. 21).

### A.   Sections 111 and 113 are and always have been grounds for invalidity

In *Pfizer v. Ranbaxy*, the Federal Circuit held a claim invalid for failure to meet a statutory requirement (35 U.S.C. § 112, ¶4), explaining that "the overall statutory scheme… requires applicants to satisfy certain requirements before obtaining a patent, some of which are more procedural or technical than others." 457 F.3d 1284, 1292 (Fed. Cir. 2006). Dow wrongly tells the Court that *Pfizer* "does not have any bearing on the issue here." (D.B. at 7.) Tellingly, Dow does not address *Pfizer*'s explicit reference to invalidity under section 111.

The *Pfizer* court expressly cited two separate provisions of section 111, the oath requirement under section 111(a)(2)(C) and the fee requirement under section 111(a)(3), and grouped these together with section 102(b) as requirements for a valid patent. *Pfizer*, 457 F.3d at 1292. In contrast to Dow's argument that there cannot be invalidity for non-compliance with sections 111 and 113, the Federal Circuit cites section 111 as an exemplary requirement for a valid patent. Notably, the drawing requirement of section 111 is provided in part (a)(2)(B), the section immediately preceding the oath requirement cited in *Pfizer*.

Dow also ignores the Federal Circuit's consideration of invalidity under section 113 in *In re Hayes Microcomputer Prods., Inc.* 982 F.2d 1527, 1536 (Fed. Cir. 1992). If, as Dow argues, "Sections 113 and 111 are not grounds for patent invalidity" (D.B. at 6-7), the Federal Circuit would not have had cause to specifically address the question of

3

invalidity under section 113 before holding that the subject patent "include[d] adequate drawings under 35 U.S.C. Section 113 (1988)." *Hayes* at 1536.

Dow's opposition also does not address cases cited by Nova where a patent was specifically held invalid or an application rejected for failure to meet the drawing requirements. Among these, *A. O. Smith Corp. v. Affiliated Gas Equipment* affirmed dismissal of the patentee's complaint and held the subject patent invalid for lack of a drawing required by 35 U.S.C. § 34 (predecessor to § 113). 205 F.2d 654, 655, 658 (5th Cir. 1953). The Court of Customs and Patent Appeals similarly affirmed the USPTO's rejection of the appellant's priority claim to a British provisional application because the provisional application lacked drawings as required under 35 U.S.C. § 34 and was therefore incomplete. *In re Smyth*, 189 F.2d 982, 989-990 (C.C.P.A. 1951) ("We feel quite confident that the United States Patent Office would not and should not grant a patent upon an application having a specification as meager and incomplete as appellant's British provisional specification...."). *See also Jack Winter, Inc. v. Koratron Co.*, 375 F. Supp. 1, 35 (N.D. Cal. 1974) ("§ 113 specifies that 'when the nature of the case admits, the applicant shall furnish a drawing.' Whether the '432 application at issue 'admit[ted]' of a drawing is a question solely within the discretion of the Patent Office.") (quoting 35 U.S.C. § 113, alterations in original)[2]; *Akro Agate Co. v. Master Marble Co*, 18 F. Supp. 305, 331, 335 (N.D. W.V. 1937) (finding of fact #33, conclusion of law T) (holding claims invalid for failing to illustrate claimed feature as required by statute and USPTO);

---

[2] Dow's contention that "§ 113 was not the basis for the court's ruling in *Jack Winter*" (D.B. at 11) is far from accurate. As reproduced above, the Court's statement that whether a patent "'admit[ted]' of a drawing is a question solely within the discretion of the Patent Office" immediately follows express reference to section 113 and directly quotes the statute.

4

*Ashlow Ltd. et al. v. Morgan Constr. Co.*, 213 U.S.P.Q. 671, 697 (D.S.C. 1982) (patent invalid under, *inter alia*, 35 U.S.C. § 111).

Accordingly, there is no question that a patent failing to meet *all* the statutory requirements, including those of sections 111 and 113, is invalid.[3] *Pfizer*, 457 F.3d at 1292.

## IV.     DEFERENCE TO THE USPTO

### A.     The USPTO interpretation of section 113 is long held and clear: a drawing referred to in the specification is necessary

Rather than relying on a "strained interpretation" of the MPEP (D.B. at 8), Nova directly referenced, quoted, and even attached the current August 2006 MPEP, prior MPEP versions bracketing the prosecution dates of Dow's patents, and the Patent Commissioner's express view[4] provided in 1958. (N.B. at 6-8.) Each reflects the USPTO's consistent and long held interpretation that "[a] drawing will be considered necessary under the first sentence of 35 U.S.C. § 113 in all applications where the drawing is referred to in the specification and one or more figures have been omitted." (N.B. Ex. 1, MPEP (Aug. 2006) § 608.02 at 600-104.) The 1996 MPEP revision cited by Dow also identically provides that "[a] drawing will be considered necessary under the first sentence of 35 U.S.C. § 113 in all applications where the drawing is referred to in the

---

[3] The issuance of the patents-in-suit is not dispositive, as Dow contends (D.B. at 9), as determinations not in accordance with law must be reversed. *Burlington Indus. Inc. v. Quigg*, 822 F.2d 1581, 1584 (Fed. Cir. 1987).

[4] "Under the statute (35 U.S.C. § 113) and rules, the settled practice is that when a drawing is described in the application, as in the instant case, the application is not complete unless the described drawing… accompanies the papers (Rule 81)." *In re Incomplete Application*, 123 U.S.P.Q. 70 (USPTO Commissioner of Patents Nov. 28, 1958).

specification and one or more figures have been omitted." (D.B. Ex. 1, § 608.02 at 600-77.)

### B. The USPTO interpretation of section 113 is reasonable and due deference

Dow is wrong in its argument that the USPTO's interpretation of the requirements of 35 U.S.C. is "not entitled to any deference whatsoever by the courts on this issue." (D.B. at 10.) Dow also attempts to muddy the waters by arguing about whether the MPEP has the force of law or is a controlling authority. (D.B. at 9-10.) The invalidity of Dow's patents does not depend on whether the USPTO's interpretation of section 113 has the force of law. Invalidity follows from Dow's admitted failure to include a drawing referenced in the specification (N.B. at 3-4) and the USPTO's reasonable and compelling interpretation of section 113, which is properly afforded deference. *Merck & Co., Inc. v. Kessler*, cited by Dow (D.B. at 10), states that while not due "controlling deference," the USPTO's interpretation is nevertheless due deference as persuasive authority. 80 F.3d 1543, 1550 (Fed. Cir. 1996). *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.* is no different, holding that where controlling deference is not warranted, deference is still given and "a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." 467 U.S. 837, 844-845 (1984) (citations omitted) (giving deference to EPA's "reasonable policy choice").

The Federal Circuit has expressly stated that "[o]f course, an agency's interpretation of a statute it administers is entitled to deference...." *Ethicon Inc. v. Quigg*, 849 F.2d 1422, 1425 (Fed. Cir. 1988) (citing *Chevron*). Although *Ethicon* found a USPTO practice relating to reexamination inconsistent with a statutory requirement,

6

Dow nowhere argues that the USPTO's interpretation, which explains the meaning of "necessary" in the context of a patent which refers to a drawing, is inconsistent with section 113. While Dow argues that "[t]he plain language of the statute requires a drawing only... [where] the absence of the drawing makes it *impossible* 'for the understanding of the subject matter sought to be patented'" (D.B. at 8-9 (emphasis added)), this is not what the statute says.

Dow's reliance (D.B. at 10) on *Fressola v. Manbeck*, 36 U.S.P.Q. 2d 1211, 1213 (D.D.C. 1995), for different standards of deference for "substantive" versus "procedural" rules is also misplaced.[5] Rather than supporting Dow's attempts to undermine the MPEP, *Fressola* tells us that "courts have shown a similar degree of deference to agency decisions in reviewing the MPEP as they have when reviewing more formal rules under the [*Chevron*] doctrine...."). *Id.* (citations omitted). Further, the distinction between "substantive" and "procedural requirements" is not relevant in the present case, since *all* statutory requirements for a patent must be met, be they substantive or procedural. *Pfizer*, 457 F.3d at 1292 ("[T]he overall statutory scheme... requires applicants to satisfy certain requirements before obtaining a patent, some of which are more procedural or technical than others.")

Dow chose to refer to and rely on the omitted "FIG. 1" to define a parameter ("SHC") contained in every claim of the patents-in-suit. Dow describes "FIG. 1" as

---

[5] The Commissioner of Patents was the defendant in *Fressola*, and the ultimate question was whether the USPTO's requirement that each claim be a single sentence violated the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 500 et seq. 36 U.S.P.Q. 2d 1211. The distinction between "procedure" and "substantive" rule making addressed by the court was in that context, as public notice and comments are not required under the APA for "procedural" rules. 36 U.S.P.Q. 2d at 1215.

7

"showing the various stages of the stress/strain curve *used* to calculate the slope of strain hardening." ('053 patent, col. 6, ll. 40-41; '023 patent, col. 7, ll. 18-19 (emphasis added).) The Dow inventors declared under 18 U.S.C. § 1001 that they each had "reviewed and understood the contents of the" application. (Ex. 1, "Declaration and Power of Attorney" from '053 patent (Application No. 08/834,050).) The public is entitled to expect that in these circumstances the "FIG. 1" referred to will be present in the specification. The USPTO's interpretation of section 113 requiring an applicant to include a figure that the applicant himself referred to and used to define his invention is entirely reasonable and consistent with the statute.

### C. The USPTO's internal procedures do not justify Dow's omission

Dow attempts to deflect attention from the clear and long held interpretation of section 113 by focusing on the internal procedures of the USPTO. (D.B. at 11-14.) Nova's 12(c) motion, however, is premised on Dow's failure to meet the statutory requirements of sections 111 and 113. It is not premised on whether or not Dow fulfilled internal USPTO procedures and practices. Thus, Dow's focus on which examiner initially reviews an application for compliance with section 113 and what forms he or she may use (D.B. at 12) is immaterial. Nevertheless, USPTO procedures are wholly consistent with the USPTO interpretation of section 113. The procedures and interpretation require that where an application makes explicit reference to a figure, that figure is "necessary."

For example, the 1996 MPEP edition cited by Dow makes it clear that if an application is found to be missing a figure referred to in the application, the applicant has three options. (D.B. Ex. 1, 1996 MPEP at 600-15.) First, the applicant may show that the figure actually had been provided to the USPTO at the time of filing. Second, the

8

applicant may provide the missing drawing, and obtain a new filing date based on the date of its receipt. Third, the applicant may elect (expressly or by inaction) to proceed with the application as filed. If the applicant proceeds without the omitted drawing, however, "[a]mendment of the specification is *required*... to cancel all references to the omitted drawings...." (D.B. Ex. 1, 1996 MPEP at 600-15 (emphasis added); *see also* 600-23 ("[A]mendment of the specification to cancel all references to any omitted drawing(s)... is required.").)

Here Dow admits in the pleadings that the omitted "FIG. 1" is referred to at column 6, lines 40-42 of the '053 patent and at column 7, lines 18-19 of the '023 patent and that no such "FIG. 1" is present in the patents. (N.B. Ex. 3, Amended Reply, ¶¶ 34, 37, 123, 126.) Proper deference to the USPTO statutory interpretation establishes that the omitted "FIG. 1" is "necessary," and the precedent cited above establishes that the '053 and '023 patents are invalid under 35 U.S.C. §§ 111 and 113.

## V. THE COURT SHOULD REJECT DOW'S ATTEMPT TO ARGUE BEYOND THE PLEADINGS BY REFERENCE TO THE HSIAO DECLARATION

This Court need not consider Dow's introduction of materials outside the pleadings in an attempt to forestall judgment on the pleadings. *Skyberg v. United Food and Commercial Workers Intern. Union, AFL-CIO*, 5 F.3d 297, 302 (8th Cir. 1993) ("A court has wide discretion in electing to consider matters outside the pleadings. We conclude the district court did not abuse its discretion in failing to do so here.") The Hsiao Declaration does not assert a factual dispute regarding whether the referenced "FIG. 1" is missing from Dow's patents-in-suit. Dow has already admitted that "FIG. 1" is missing, and the Hsiao Declaration is not in conflict with this admission. A declaration also cannot be used to overcome Dow's failure to include the drawing referenced in the

specification. *Smyth*, 189 F.2d at 989-990 ("[It would not] be either proper or permissible to accept affidavits in order to establish facts [(*i.e., drawings*)] which the specification itself should recite in order to conform to the mandatory provisions of the pertinent statutes.") Thus, Dow's Declaration is immaterial to the present motion, which can be decided as a matter of law based on Dow's admissions.

Rather than disputing facts relevant to deciding the present motion, the Hsiao Declaration attempts to create a dispute about the relationship between the missing "FIG. 1" and the written disclosure of the patents-in-suit. However, the information cited by Dr. Hsiao is not even consistent with the disclosure of the patents-in-suit.[6] Dr. Hsiao referred to and attached to his declaration a "typical load-extension curve" from a 1971 book ("the Ward book," Ex. 2). Unlike Dr. Hsiao's figure, however, missing "FIG. 1" is described in the patents as a "stress/strain" curve. While Dr. Hsiao attached to his declaration only a single page of the Ward book (p. 271), the following uncited page 272 shows two separate "stress-strain" curves. (Ex. 2.) These "stress-strain" curves are different both from each other and from the "typical load-extension" curve attached to and described in the Hsiao Declaration. Additionally, neither the "load-extension" curve referenced by Dr. Hsiao nor the statements in his declaration identify any "stages" of the curve as being "used to calculate the slope of strain hardening," as the missing "FIG. 1"

---

[6] Dow's assertion that the Hsiao Declaration shows that relevant curves "were well known to persons of ordinary skill in the art of polymer science in 1993" (D.B. at 4-5) is also inconsistent with Dow's prior contentions. Specifically, Dow contends that, prior to April 1993 (the filing date of Dow's first priority application making reference to "SHC" and the missing "FIG. 1"), not one of the four named inventors nor any member of Dow's patent department who participated in the prosecution leading to the patents-in-suit was aware of a figure "show[ing] the various stages of the stress/strain curve used to calculate the slope of strain hardening." (N.B. Ex. 3, Amended Reply ¶¶ 38, 39 127, 128.)

is described in the patents-in-suit, ('053 patent, col. 6, ll. 40-41; '023 patent, col. 7, ll. 18-19).  The figure relied upon by Dr. Hsiao is also at odds with Dow patent, U.S. Patent No. 6,723,398 ("'398 patent," Ex. 3), which claims priority to and was copending with the '023 patent.  The '398 patent shows another figure, FIG. 2, that unlike Dr. Hsiao's figure points to the particular stages or regions "used to determine the slope of strain hardening."  (Ex. 3, col. 2, ll. 45-49 (see also Ex. 1 of Nova's Answer and Counterclaim, D.I. 21).)

Nova does not argue, as Dow suggests (D.B. at 15), that the curve described in the patents-in-suit is the same for all polymers.  Rather, Nova's point is that there is no curve in either patent that allows one to locate the "stages" of the curve that are "used to determine the slope of strain hardening," or that indicates where in the strain hardening region to draw the line parallel to such curve.  Contrast the curve in the Hsaio Declaration with Figure 2 of Dow's '398 patent, which shows the particular stages "used to determine the slope of strain hardening" and which describes in detail where to draw the parallel line.  (Ex. 3, Fig. 2; col. 2, ll. 45-49.)

There is no need for the Court to deal with these issues.  They are irrelevant under the USPTO statutory interpretation and controlling precedent.  *Smyth*, 189 F.2d at 989-990 (affidavit introduced to show that one skilled in the art could have constructed omitted drawings from disclosure in the specification is improper and impermissible).  The drawing ("FIG. 1") is referred to in the patents, and said to be "used" to define the claimed invention.  It is "necessary" under section 113 as a matter of law.

11

## VI. CONCLUSION

Dow's admitted failure to comply with the requirements of sections 111 and 113 renders the patents-in-suit invalid. The invalidity of Dow's patents-in-suit fully resolves all of Dow's allegations and claims for relief. For this and the reasons set forth above, a declaration of invalidity of Dow's patents-in-suit and judgment on the pleadings in favor of Nova is respectfully requested.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Ford F. Farabow, Jr.
Ronald A. Bleeker
Joann M. Neth
Mark J. Feldstein
Jeffrey W. Abraham
Troy A. Petersen
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001-4413
(202) 408-4000

Dated: December 20, 2006
768607 / 29645

By: /s/ Richard L. Horwitz
   Richard L. Horwitz (#2246)
   Kenneth L. Dorsney (#3726)
   Hercules Plaza, 6th Floor
   1313 N. Market Street
   Wilmington, Delaware 19801
   Tel: (302) 984-6000
   Fax: (302) 658-1192
   rhorwitz@potteranderson.com
   kdorsney@potteranderson.com

*Attorneys for Defendants*
*NOVA Chemicals Corporation (Canada), and*
*NOVA Chemicals Inc. (Delaware)*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on December 20, 2006, the foregoing document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF, which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Rodger D. Smith II
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

I hereby certify that on December 20, 2006, I have Electronically Mailed the attached document to the following:

Harry J. Roper
Steven R. Trybus
Joseph F. Marinelli
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611
hroper@jenner.com
strybus@jenner.com
jmarinelli@jenner.com

/s/ Richard L. Horwitz
Richard L. Horwitz
Kenneth L. Dorsney
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

743809