IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THE DOW CHEMICAL COMPANY,           :
                                    :
            Plaintiff,              :
                                    :
    v.                              : Civil Action No. 05-737-JJF
                                    :
NOVA CHEMICALS CORP., and           :
NOVA CHEMICALS INC.,                :
                                    :
            Defendants.             :

### MEMORANDUM ORDER

Pending before the Court is Defendants' Motion For Judgment On The Pleadings (D.I. 20). For the reasons discussed, the Motion will be denied.

**I. BACKGROUND**

Plaintiff The Dow Chemical Company ("Dow") is incorporated in Delaware with its principal place of business in Michigan. Defendant NOVA Chemicals Corporation is a Canadian corporation and Defendant NOVA Chemicals, Inc. is incorporated in Delaware (collectively "Nova"). On October 21, 2005, Plaintiff filed this action alleging infringement of U.S. Patent Nos. 5,847,053 ("the '053 patent") and 6,11,023 ("the '023 patent") which relate to ethylene polymer blends. On August 10, 2006, Defendants counterclaimed alleging invalidity and non-infringement. On November 7, 2006, Defendants filed the instant Motion. Discovery has not yet commenced.

**II. PARTIES' CONTENTIONS**

By its Motion, Defendants contend that judgment on the pleadings is warranted because Plaintiff's patent is invalid for

failure to comply with the statutory requirements of 35 U.S.C. §§ 111 and 113. Specifically, Defendants contend that Sections 111 and 113 require that a drawing referred to in the specification be included and, because Plaintiff admits that a drawing referred to in the specification was omitted, both the '053 and '023 are invalid. In response, Plaintiff contends that the omitted drawing does not render the patents invalid because Sections 111 and 113 are not bases for patent invalidity. Plaintiff further contends that the drawing is not required by the statute because it is not "necessary."

### III. LEGAL STANDARD

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is governed by the same standards that apply to a motion to dismiss under Rule 12(b)(6). Specifically, the Court must accept all factual allegations in the pleadings as true and draw all reasonable factual inferences in the light most favorable to the nonmovant. The Court is not required to accept legal conclusions alleged or inferred from the pleaded facts. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1969 (2007).[1]

---

[1] Where the parties submit matters outside the pleadings with their briefing, the Court, pursuant to Fed. R. Civ. P. 12(c), may treat the Motion as one for summary judgment under Rule 56.

2

**IV.   DISCUSSION**

Under 35 U.S.C. § 113, a patent applicant "shall furnish a drawing *where necessary* for the understanding of the subject matter sought to be patented." (emphasis added). Defendants contend that a drawing is "necessary" where a drawing is referred to in the specification but omitted. Defendants contend that this drawing requirement is a "condition of patentability" and omission of a necessary drawing is sufficient ground for finding a patent invalid. To support its contention that a drawing is necessary where referred to but ommitted, Defendants rely on the Manual of Patent Examining Procedure ("MPEP") of the U.S. Patent and Trademark Office ("USPTO") and its procedural guidelines for assigning filing dates to patent applications. However, the Court understands that the MPEP is a training and instruction manual which does not have the force of law. <u>Racing Strollers, Inc. v. TRI Indus., Inc.</u>, 878 F.2d 1418, 1422 (Fed. Cir. 1989). For this reason, the Court concludes that the necessity of a drawing is not a purely legal question. Accordingly, the Court concludes that the issue presented by the instant Motion will require factual context, and therefore, Defendants' Motion will be denied.

---

However, the district court has the discretion to limit its ruling to the complaint and properly treat the motion as a motion to dismiss. <u>See</u> <u>Kulwicki v. Dawson</u>, 969 F.2d 1454, 1462 (3d Cir. 1992). In the circumstances here, the Court concludes that the additional materials attached to the parties' submissions are not necessary to a determination of the instant Motion, and therefore, will treat the Motion as a motion for judgment on the pleadings under Rule 12(c).

## ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that Defendants' Motion For Judgment On The Pleadings (D.I. 20) is **DENIED**.

July 23, 2007

_____
UNITED STATES DISTRICT JUDGE