IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE DOW CHEMICAL COMPANY, )<br>  )<br>Plaintiff, )<br>  )<br>v. )<br>  )<br>NOVA CHEMICALS CORPORATION )<br>(CANADA), and NOVA CHEMICALS INC. )<br>(DELAWARE), )<br>  )<br>Defendants. ) | C.A. No. 05-737 (JJF)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' OPENING BRIEF IN SUPPORT
OF MOTION FOR LEAVE TO AMEND**

OF COUNSEL:

Ford F. Farabow, Jr.
Ronald A. Bleeker
Joann M. Neth
Mark J. Feldstein
Jeffrey W. Abraham
Troy A. Petersen
Martin I. Fuchs
Ken Motolenich-Salas
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001-4413
Tel: (202) 408-4000

H. Woodruff Turner
KIRKPATRICK & LOCKHART
   PRESTON GATES ELLIS LLP
535 Smithfield Street
Pittsburgh, PA 15222
Tel: (412) 355-6478

Richard L. Horwitz (#2246)
Kenneth L. Dorsney (#3726)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

*Attorneys for Defendants
NOVA Chemicals Corporation (Canada), and
NOVA Chemicals Inc. (Delaware)*

Dated: January 11, 2008
838693 / 29645

# TABLE OF CONTENTS

I. NATURE AND STAGE OF THE PROCEEDINGS ...................................................................1

II. SUMMARY OF THE ARGUMENT .........................................................................................1

III. STATEMENT OF FACTS .........................................................................................................2

IV. ARGUMENT ..............................................................................................................................3

    A. Leave to Amend is Granted Freely Under the Federal Rules And Third Circuit Precedent ...............................................................................................3

    B. NOVA Has Not Unduly Delayed Seeking Leave to Amend .................................4

    C. Dow Will Not Be Unduly Prejudiced By NOVA's Amended Answer and Counterclaims ...............................................................................................4

V. CONCLUSION ...........................................................................................................................5

# TABLE OF AUTHORITIES

## CASES

*Adams v. Gould Inc.*,
    739 F.2d 858 (3d Cir. 1984)..................................................................................1, 3

*B&R, Inc. v. Donald Lane Construction*,
    19 F. Supp. 2d 217 (D. Del. 1998).................................................................................4

*Dole v. Arco Chemical Co.*,
    921 F.2d 484 (3d Cir. 1990)...........................................................................................4

*Foman v. Davis*,
    371 U.S. 178 (1962)........................................................................................................4

*Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of Virgin Islands, Inc.*,
    663 F.2d 419 (3d Cir. 1981)...........................................................................................5

*Justofin v. Metropolitan Life Insurance Co.*,
    372 F.3d 517 (3d Cir. 2004)...........................................................................................3

*Procter & Gamble Co. v. Nabisco Brands, Inc.*,
    125 F.R.D. 405 (D. Del. 1987) .......................................................................................4

*Synopsys, Inc. v. Magma Design Automation*,
    C.A. 05-701-GMS, 2006 U.S. Dist. LEXIS 33751 (D. Del. May 25, 2006)..............4

## FEDERAL STATUTES

Fed. R. Civ. P. 15(a) ..............................................................................................1, 2, 3

I.  **NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff The Dow Chemical Company ("Dow") has accused Defendants NOVA Chemicals Corporation and NOVA Chemicals Inc. ("NOVA") of infringing United States Patent Nos. 5,847,053 and 6,111,023 (the "'053 patent" and "'023 patent" respectively), which are generally directed to polymer blends having certain specified properties. By the present motion, NOVA seeks leave to file its Amended Answer and Counterclaims against Dow to assert additional defenses and to assert counterclaims for unenforceability of the patents-in-suit and violations of the Clayton Act and Sherman Antitrust Act. Reorganization and minor editorial revisions of its previous averments are also included in NOVA's proposed Amended Answer and Counterclaims.

Although a Scheduling Order has not yet been entered, the parties' agreed-upon proposed Scheduling Order provides that motions to amend the pleadings may be filed on or before January 31, 2008. (*See* D.I. 28, ¶6). Fact discovery is presently ongoing, consistent with the parties' agreed-upon proposed Scheduling Order, though no depositions have yet been noticed. A trial date has also not yet been set.

II.  **SUMMARY OF THE ARGUMENT**

NOVA's present motion for leave to amend its pleadings is consistent with such leave being freely granted pursuant to Federal Rule of Civil Procedure 15(a) in the absence of undue delay, bad faith, or prejudice to the nonmovant as a result of the delay. *Adams v. Gould Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Here, there is no undue delay or bad faith, especially given that this motion is within the time period agreed upon by the parties in the proposed Scheduling Order. (*See* D.I. 28, ¶6). There is also no prejudice to Dow in the timing of this Motion, as the discovery phase of the case is ongoing and no depositions have been noticed. Accordingly,

NOVA respectfully requests the Court to grant its Motion for Leave to Amend its Answer and Counterclaims.

## III. STATEMENT OF FACTS

By the present motion, NOVA seeks leave to file its Amended Answer and Counterclaims against Dow to assert additional defenses and to assert counterclaims for unenforceability of the patents-in-suit and violations of the Clayton Act and Sherman Antitrust Act.

Although this action formally commenced on October 21, 2005, the date Dow filed its Complaint, Dow did not serve its Complaint until eight months later, on June 20, 2006. NOVA answered and counterclaimed that the patents-in-suit were both invalid and not infringed. Dow served a Reply and later served an Amended Reply after NOVA notified Dow of substantial deficiencies in Dow's initial Reply and agreed to allow Dow to file its Amended Reply pursuant to Fed. R. Civ. P. 15(a). (D.I. 19). On November 7, 2006, Nova filed a Motion for Judgment on the Pleadings based on Dow's omission from the patents-in-suit of a figure related to a claimed parameter. (D.I. 20). The Court, on July 23, 2007, issued its ruling denying NOVA's Motion for Judgment on the Pleadings. (D.I. 27).

Dow delayed its prosecution of this case until a Rule 26(f) conference on September 4, 2007. Subsequently, on September 25, 2007, the parties jointly submitted a proposed Scheduling Order, which has not yet been entered. The proposed Scheduling Order sets January 31, 2008, as the last day for a party to amend the pleadings. The proposed Scheduling Order also sets May 30, 2008, as the last day for fact discovery and September 30, 2008, as the last day for expert discovery. To date, the parties have exchanged and responded to written discovery and have

started to produce documents, but document production is not complete and no depositions have been noticed or taken.

On December 3, 2007, NOVA provided a copy of NOVA's proposed Amended Answer and Counterclaims to Dow. Subsequent to a meet and confer between counsel, Dow refused to provide consent to allow NOVA to file its Amended Answer and Counterclaims.

## IV.   ARGUMENT

Federal Rule of Civil Procedure 15(a) provides that leave to amend a party's pleading shall be freely given when justice so requires. Absent undue delay, bad faith, or prejudice to the nonmovant as a result of the delay, courts recognize that motions to amend pleadings should be liberally granted. Indeed, undue prejudice to the nonmovant is the touchstone for the denial of leave to amend. Here, there is no undue delay or bad faith given that this motion is within the time period agreed upon by the parties in the proposed Scheduling Order, and there is also no prejudice to Dow in the timing of this Motion, as the discovery phase of the case is in its initial stages. Accordingly, NOVA respectfully requests the Court to grant its Motion for Leave to Amend its Answer and Counterclaims.

### A.   Leave To Amend Is Granted Freely Under The Federal Rules And Third Circuit Precedent

Rule 15(a) provides that leave to amend the pleadings is granted freely "when justice so requires." FED. R. CIV. P. 15(a). This applies equally to answers, defenses, and counterclaims, as Rule 15(a) does not discriminate on the basis of pleading type. *See, e.g., Justofin v. Metropolitan Life Ins. Co.*, 372 F.3d 517, 525 (3d Cir. 2004). Indeed, absent undue delay, bad faith, or prejudice to the nonmovant as a result of the delay, the Third Circuit recognizes that motions to amend pleadings should be liberally granted. *Adams*, 739 F.2d at 867-68. At its essence, the relevant principle is that "[i]f the underlying facts or circumstances relied upon by a

3

[counter-]plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### B. NOVA Has Not Unduly Delayed Seeking Leave to Amend

NOVA's motion for leave to amend its Answer and Counterclaims is timely, as NOVA has moved to amend its pleadings within the time set forth in the proposed Scheduling Order agreed to by the parties and submitted to this Court. *See, e.g., Synopsys, Inc. v. Magma Design Automation*, C.A. No. 05-701-GMS, 2006 U.S. Dist. LEXIS 33751, *13 (D. Del. May 25, 2006). Even the passage of time between NOVA's initial Answer and Counterclaims does not "override the 'presumption in favor of allowing a party to amend pleadings.'" *B&R, Inc. v. Donald Lane Construction*, 19 F. Supp. 2d 217, 221 (D. Del. 1998) (granting defendants motion to amend, filed approximately nine months after the initial answer was filed and over a year after the Complaint was filed). Further, the actual passage of time is minimal relative to Plaintiff Dow's fifteen month period of inaction in prosecuting this case.

### C. Dow Will Not Be Unduly Prejudiced By NOVA's Amended Answer And Counterclaims

As the case is in its early stages and discovery is still in its initial phase, Dow will not be unduly prejudiced by the timing of NOVA's present Motion. To prove undue prejudice, Dow would have to show that its "ability to present its case would be seriously impaired were amendment allowed." *Dole v. Arco Chemical Co.*, 921 F.2d 484, 488 (3d Cir. 1990) (citing *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989)). Yet, as was found to be the case in *Procter & Gamble Co. v. Nabisco Brands, Inc.*, adequate time remains for Dow to prepare its case. 125 F.R.D. 405, 409-10 (D. Del. 1987) (holding that, where discovery was still open and no trial date had been set, the proposed amendments would not unduly prejudice the nonmovant, nowithstanding nonmovant's argument of prejudice due to additional time and expense for

4

discovery and a lengthier and more complicated trial). Indeed, as was the case in *Procter & Gamble*, discovery is ongoing and no trial date has been set. Thus, granting NOVA's Motion to Amend will not deprive Dow "of the opportunity to present facts or evidence which [they] would have offered" if the amendments had been earlier filed. *Id.* (citing *Heyl & Patterson Int'l, Inc. v. F. D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981)).

Because undue prejudice to the nonmovant is the touchstone for the denial of leave to amend, and because there is no such undue prejudice in the present matter, NOVA respectfully requests the Court to grant its Motion for Leave to Amend its Answer and Counterclaims. *See Heyl & Patterson*, 663 F.2d at 425.

## V.  CONCLUSION

For the reasons stated above, NOVA respectfully asks this Court to grant it leave to amend its Answer and Counterclaims. NOVA further requests all other relief to which it is justly entitled.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Ford F. Farabow, Jr.
Ronald A. Bleeker
Joann M. Neth
Mark J. Feldstein
Jeffrey W. Abraham
Troy A. Petersen
Martin I. Fuchs
Ken Motolenich-Salas
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC  20001-4413
Tel:  (202) 408-4000

By: */s/ Kenneth L. Dorsney*
Richard L. Horwitz (#2246)
Kenneth L. Dorsney (#3726)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

*Attorneys for Defendants*
*NOVA Chemicals Corporation (Canada), and*
*NOVA Chemicals Inc. (Delaware)*

H. Woodruff Turner
KIRKPATRICK & LOCKHART
  PRESTON GATES ELLIS LLP
535 Smithfield Street
Pittsburgh, PA 15222
Tel: (412) 355-6478

Dated: January 11, 2008
838693 / 29645

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Kenneth L. Dorsney, hereby certify that on January 11, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on January 11, 2008, I have Electronically Mailed the document to the following person(s):

Rodger D. Smith II
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
rdsefiling@mnat.com

Harry J. Roper
Steven R. Trybus
Aaron A. Barlow
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611
hroper@jenner.com
strybus@jenner.com
abarlow@jenner.com

/s/ Kenneth L. Dorsney
Richard L. Horwitz
Kenneth L. Dorsney
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

743809 / 29645