IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE DOW CHEMICAL COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NOVA CHEMICALS CORPORATION ) <br> (CANADA) and NOVA CHEMICALS ) <br> INC. (DELAWARE), ) <br> ) <br> Defendants. ) | C.A. No. 05-737 (JJF) |

**STIPULATION AND ORDER
GOVERNING DISCOVERY MATERIALS**

The parties, by counsel, hereby stipulate to the entry of the following Stipulation And Order Governing Discovery Materials, pursuant to Fed.R.Civ.P. 26(c), and upon agreement of the parties and their counsel:

This Order shall apply to and govern all discovery taken in any form (*e.g.*, oral, written or electronic) from any party or non-party to this action, including but not limited to: interrogatory responses, responses to requests for admission, documents produced in response to requests for production or subpoenas, documents produced voluntarily, and deposition testimony. The Order shall also apply to and govern all copies, recordings, excerpts, and summaries of information obtained through discovery in this matter, as well as any motions, briefs, or other filings incorporating any such information. For ease of reference, the discovery responses, information and other materials described in this paragraph shall be collectively referred to throughout this Order as "Discovery Material."

The provisions of this Order shall apply to (i) the parties presently named in this action, (ii) any parties that may later be joined in this action, (iii) any non-parties who provide discovery

in this matter, and (iv) any other person or entity who receives Discovery Material pursuant to the terms of this Order.

1. <u>Confidential Material</u>. Any information, documents, materials or things produced, formally or informally, in response to a discovery request or deposition in this action and any document or material filed with the Court may be designated as "Confidential", as defined in this paragraph, by the person or entity producing or filing it (the "Designating Person"). Any information, documents, materials or things produced that the Designating Person in good faith regards as constituting or revealing proprietary, confidential or trade secret technical, business or financial information, or as implicating privacy concerns, not disclosed in the ordinary course of business and which has not already been disclosed publicly and where the Designating Person in good faith believes that disclosure of such information to persons other than those specifically identified in paragraph 2.1 below would likely cause harm to its competitive position in the marketplace or to its business interests, may be designated as "Confidential," provided that samples of commercial products produced by the parties shall not be designated Confidential.

2. <u>Access</u>. All Confidential Material shall be held in confidence and shall not be used or disclosed for any purpose other than the litigation of this action (including any appeals related thereto) and may be disclosed only as follows:

2.1. Material designated "Confidential" may be disclosed to: (1) counsel of record for the respective parties in this action, their legal associates, and persons working solely in secretarial, clerical and paralegal capacities who are assisting counsel in this action, (2) qualified persons taking testimony involving information designated as "Confidential" and necessary stenographic and clerical personnel thereof, (3) two

attorneys from the in-house legal department staff of the parties; (a) who are not presently involved, to any extent, in patent prosecution (foreign or domestic) relating to polyethylene polymers or catalysts or processes for making polyethylene polymers; (b) who are not involved in competitive decision making in the areas of solution phase polyethylene polymers or catalysts or processes for making solution phase polyethylene polymers, other than advising management with regard to litigation; and, (c) who are not involved in licensing in the areas of solution phase polyethylene polymers or catalysts or processes for making solution phase polyethylene polymers, other than settlement of litigation (Bruce Kanuch and Guy Relford for The Dow Chemical Company and William Mitchell and Gary Matz for Nova Chemicals Corp.), and those persons working solely in secretarial, clerical and paralegal capacities who are assisting those attorneys in this action, (4) litigation support consultants engaged to provide services relating to document indexing or imaging, demonstrative exhibits, graphics, charts, animations and/or jury studies who have signed an Undertaking in the form of Attachment A, (5) mock jurors engaged by any consultant in preparation for trial who have signed an Undertaking in the form of Attachment A, (6) the court and the court's staff, (7) any person to the extent required by Court Order, and (8) those individuals to whom Confidential Material may be disclosed under the terms of paragraphs 2.2, 2.3, 2.4 and 2.5 below.

    2.2.    Confidential Material may be disclosed to Independent Experts designated pursuant to paragraphs 2.3 and 2.4, below. For purposes of this Protective Order, "Independent Expert" means an expert or independent consultant or contractor who has signed an Undertaking in the form of Attachment A and who is not an employee of the party and who is retained for the purposes of advising and assisting counsel in the

preparation or trial of this action, or who is retained to give expert testimony, or who is retained for both purposes, and his or her assistants to whom it is necessary to disclose Confidential Material for the purposes of this action.

    2.3.    Confidential Material may be made available to Independent Experts, provided that the following information is made known in writing to the outside counsel of the Designating Person and received no less than ten (10) business days before the intended date of disclosure to that Independent Expert:

- a copy of the Independent Expert's executed undertaking in the form attached as **Attachment A** to this Order,
- a copy of the Independent Expert's current resume or curriculum vitae disclosing all present and past employers,
- the identification of any matters in which the Independent Expert has offered a report, been deposed, or testified as an expert in a litigation matter, for the past five (5) years, and
- all other present and all prior relationships of that Independent Expert with the parties.

    2.4.    If the party or non-party whose Confidential Material would be disclosed to the other party's Independent Expert ("Objecting Party") objects to disclosure of that Confidential Material to an Independent Expert, the Objecting Party shall serve written objections, identifying with particularity the basis for the objection. Such objections shall not be unreasonably made. Service of the objections shall be by personal delivery, facsimile or email within ten (10) business days after the date of receipt of the identification of an Independent Expert. If the parties cannot agree on disclosure of Confidential Material to the proposed Independent Expert, the Objecting Party shall file and serve a motion for an Order forbidding disclosure to the proposed Independent Expert within ten (10) business days of the parties' failure to agree on the disclosure of

4

Confidential Material to the proposed Independent Expert. On any such motion, the Objecting Party shall have the burden of establishing the need for excluding an Independent Expert from access to Confidential Material. No Confidential Material shall be disclosed to that Independent Expert until the validity of the objection has been resolved, either by negotiation or by the Court.

2.5. Material designated as "Confidential" may be disclosed upon written stipulation by the parties to this action to any other persons who have signed an Undertaking in the form of Attachment A hereto.

2.6. Copies and extracts may be made by or for the foregoing persons, provided that all copies and extracts are appropriately marked. All copies and extracts are subject to paragraph 10 of this Order.

2.7. A person with custody of Confidential Materials shall maintain them in a manner that limits access only to those persons who have agreed to be bound by this Order.

2.8. The designation of any document as "Confidential" shall not preclude any party from showing the document to any person who appears as an author, addressee or recipient on the face of the document or that it is reasonable to conclude would have had personal access to or knowledge of the information contained in the document or thing.

2.9. Notwithstanding the foregoing, a party may disclose its own Confidential Material to non-parties as its sees fit.

2.10. Additionally, notwithstanding the foregoing, nothing in this Order shall be deemed to prevent or hinder the disclosure to any person of publicly available information.

3.  <u>Designating Documents</u>.  When a party or non-party producing documents wishes to designate some portion of a document as "Confidential," such designation shall be made by placing an appropriate legend on every page of a multi-page document.  Such a legend need not be placed on the original document of the producing party, but may instead be placed on copies produced or exchanged, and this designation of Confidential Material need not be made until copies of the materials are requested after inspection and selection by counsel.  Making documents and materials available for inspection by a party's or non-party's counsel shall not constitute a waiver of any claim of confidentiality, and all documents and materials provided for inspection by a party's or non-party's counsel shall be treated as though designated as "Confidential" at the time of the inspection.

4.  <u>Designating Depositions or Other Testimony</u>.

4.1.  Deposition transcripts or portions thereof, or other oral or transcribed testimony and/or evidence, may be designated as "Confidential" by a party or non-party either: (i) during the deposition or oral testimony itself, in which case the transcript of the designated testimony shall be bound in a separate volume and marked by the reporter, as the Designating Person may direct, or (ii) by captioned, written notice to the reporter and all counsel of record, within thirty days after the transcript is available for review by sending a written list of the pages and/or exhibits to be so marked to counsel for the other party whereupon the party receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Person.  Pending expiration of the thirty days, the deposition or oral testimony transcript shall be treated as if it had been designated "Confidential."  If

any deposition or oral testimony is so designated, then such testimony and substance thereof shall be subject to the same restrictions contained in paragraph 2 of this Order.

    4.2.    Where testimony is designated as "Confidential" at a deposition or during oral testimony, the Designating Person may exclude from the deposition or other proceeding all persons other than those to whom the Confidential Material may be disclosed under paragraph 2 of this Order. The failure of any properly excluded persons to comply with such a request shall constitute substantial justification for counsel to advise the witness that he/she need not answer the question.

    4.3.    Any party may mark and use at a deposition exhibit(s) that have been designated "Confidential" and examine any witness thereon, provided that the deposition witness is one to whom the exhibit may be disclosed under paragraph 2 of this Order and the exhibit and related transcript pages receive the same confidentiality designation as the exhibit.

    4.4.    Nothing in this Order shall preclude counsel from using or asking questions about any Discovery Material that was previously authored, prepared, received or reviewed by a fact witness during the deposition of that fact witness.

5.    <u>Designating Discovery Responses.</u>

    5.1.    Interrogatories or the Answers thereto, Requests for Admissions or the Responses thereto, motions, briefs, memoranda, correspondence and other documents prepared, produced, served and/or filed in connection with these cases (or portions of the foregoing) containing "Confidential" information, shall be similarly designated in as "Confidential" in accordance with the provisions and procedures of paragraphs 3 and 6.

6. <u>Court Procedures</u>.

6.1. Any filings with the Court containing Confidential Material shall be filed under seal in accordance with the Court's electronic filing system (the "CM/ECF System") or such other procedures adopted by the Court. This paragraph shall not prevent a second copy of any such pleading or other documents specifically intended for review by the Court from being hand-delivered to chambers to assure prompt attention thereto, as long as reasonable safeguards are observed to maintain the confidentiality of the documents.

6.2. The Clerk of the Court is directed to place and maintain under seal any such pleading or other document filed with or delivered to this Court pursuant to paragraph 6.1 and in accordance with this Order and the practices of this Court, and in accordance with procedures for filing sealed documents using the Court's CM/ECF System or other procedures adopted by the Court.

7. <u>Subpoena By Third Parties Other Courts or Agencies</u>. If a third party, another court or an administrative agency subpoenas or orders production of documents or information or materials designated for protection under this Protective Order which a party has obtained under the terms of this Order, such party shall promptly notify the Designating Person of the pendency of such subpoena or order and of the deadline by which documents responsive to the subpoena or order must be produced.

8. <u>Designation Objections</u>. A party may challenge the propriety of the designation of Discovery Material as "Confidential" by serving on all other parties a captioned notice of objection, which shall identify with particularity the items as to which the designation is challenged, and state the basis for each challenge. If the dispute over the designation cannot be

resolved in good faith within ten business days of receipt of said notice of objection, the objecting party may file a motion to have the matter declassified. The original designations shall remain effective until ten days after entry of an Order re-designating the materials or documents and during the pendency of any appeal, petition or request for reconsideration filed within the ten-day period. In any such motion, the Designating Person shall have the burden of establishing that the designation is proper.

9. No Prejudice.

9.1. Nothing in this Order shall preclude any party from seeking, and obtaining additional or different protection with respect to the confidentiality of discovery.

9.2. This Order shall not diminish any existing obligation or right with respect to Confidential Material, nor shall it prevent a disclosure to which the Designating Person consents in writing before the disclosure takes place.

9.3. Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Order shall not be admissible for any purpose during any proceeding on the merits of this action.

9.4. A party may seek to make late designations of information and materials if that party failed to make a timely designation through mistake or inadvertence. Such supplemental designation must be made promptly after discovering the mistake or omission.

10. Final Disposition. All provisions of this Order restricting the use of information obtained during discovery shall continue to be binding after the conclusion of this action, including all appeals, until further order of the Court, unless the parties agree otherwise in writing. Upon final termination of the action, all Confidential Material, including all copies,

abstracts, summaries, documents or materials containing information taken from them (but excluding any materials which in the judgment of counsel are work product or privileged materials), shall be either returned to counsel for the Designating Person, or destroyed within sixty (60) days after (i) a judgment becomes final and non-appealable or (ii) the lawsuit is settled. In the case of materials designated under this Order by someone other than the Designating Person, the materials shall be either returned to counsel for the Designating Person, or destroyed. However, outside counsel may retain one copy of pleadings, motions, responses to motions, discovery requests and responses, attorney and consultant work product, and depositions, including one copy of any designated exhibits, solely for archival purposes. The receiving party or its outside counsel shall, upon request from the producing party, certify that, to the best of its knowledge, all "Confidential" materials have been returned or destroyed.

11. <u>Modification and Survival</u>. The restrictions imposed by this Order may only be modified or terminated by written stipulation of all parties or by order of this Court. This Order shall survive termination of this action and the Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Order.

12. <u>No Contract</u>. This proposed Order is for the Court's consideration and approval as an Order. It shall not be construed to create a contract between the parties or between the parties and their respective counsel.

13. <u>Inadvertent Disclosure of Confidential Material</u>. If any party inadvertently discloses Confidential Material to a person or persons other than those designated under Paragraph 2 of this Order, that party shall promptly notify the Designating Person of the disclosure and undertake all reasonable efforts to retrieve the Confidential Material. The inadvertent production or disclosure of any document or thing otherwise protected by the

attorney-client privilege or work-product immunity shall not operate as a waiver of any such privilege or immunity if, promptly after learning that the inadvertent production or disclosure was made, the party who made the inadvertent production or disclosure sends to each receiving party a written request for return of the inadvertently produced or disclosed document or thing. Within ten (10) days of receiving such a request, the receiving party shall return to the producing party the original and, to the extent practicable, all copies of such documents and things identified by the producing party as being privileged or work-product and as having been inadvertently produced.

       13.1.   If the receiving party disputes that any such document or thing was inadvertently produced or is protected by the attorney-client privilege or by work-product immunity, the receiving party shall so notify the producing party in writing when the document or thing is returned to the producing party.

       13.2.   Within ten (10) days after receiving such notification, the producing party shall provide to the receiving party a list identifying all such returned documents and things and stating the basis for the claim of privilege or immunity.

       13.3.   The receiving party may file a motion to compel production of such documents and things the protection of which is still disputed. If such a motion is filed, the producing party shall have the burden of proving that the documents in dispute are protected by the attorney-client privilege or by work-product immunity.

14.   <u>Retroactivity</u>. Discovery Materials previously produced under the designations "Confidential," or "Highly Confidential" or "Confidential subject to D. Ct. Del. Local Rule 26.2" shall be treated as Confidential under this order. Discovery Materials previously produced by the parties pursuant to agreement or local rule may be retroactively designated by notice in

writing of the specific Discovery Material and the corresponding confidentiality designation within thirty (30) days from the entry of this order.

APPROVED AS TO FORM AND AS TO SUBSTANCE:

/s/ *Rodger D. Smith*
Rodger D. Smith II (#3778)
1201 N Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Tel: (302) 658-9200
Fax: (302) 658-3989

Harry J. Roper
Aaron A. Barlow
Darrick J. Hooker
JENNER & BLOCK LLP
330 N. Wabash Ave
Chicago, IL 60611
Tel: (312) 222-9350
Fax: (312) 527-0484

*Attorneys for Plaintiff*
*The Dow Chemical Company*

/s/ *Richard L. Horwitz*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
Fax: (302) 658-1 192
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Ford F. Farabow, Jr.
Ronald A. Bleeker
Joann M. Neth
Mark J. Feldstein
Jeffrey W. Abraham
Troy A. Petersen
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001-4413
(202) 408-4000

*Attorneys for Defendant Nova Chemicals Corporation (Canada) And Nova Chemicals Inc. (Delaware)*

DATED: April __, 2008

BY THE COURT:

_____
Joseph J. Farnan Jr., U.S. District Judge

859911 / 29645

12

**ATTACHMENT A**

| | | |
|---|---|---|
| THE DOW CHEMICAL COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-737 (JJF) |
| | ) | |
| NOVA CHEMICALS CORPORATION (CANADA) and NOVA CHEMICALS INC. (DELAWARE), | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**AGREEMENT TO BE BOUND BY STIPULATION AND ORDER GOVERNING DISCOVERY MATERIALS**

I have read the Stipulation and Order Governing Discovery Materials (the "Stipulation and Order") in the above-captioned matter. I understand the terms and agree to be fully bound by them and hereby submit to the jurisdiction of the United States District Court for the District of Delaware for purpose of enforcement of this Stipulation and Order.

I understand that any violation of the terms of the Stipulation may be punishable by money damages, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

I will hold in confidence and will not disclose to anyone not qualified under the Stipulation and Order, any Confidential Material, or any words, substances, summaries, abstracts or indices of Confidential Material disclosed to me, and I shall use Confidential Material only for purposes of this action and not for any other purpose, including without limitation, any business, proprietary, commercial, governmental or litigation purpose.

At the conclusion of this matter, I will return all Confidential Material, or any words, substances, summaries, abstracts or indices thereof, and all copies thereof, which come into my

possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Date

_____

859911 / 29645