IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE DOW CHEMICAL COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NOVA CHEMICALS CORPORATION ) <br> (CANADA), and NOVA CHEMICALS INC. ) <br> (DELAWARE), ) <br> ) <br> Defendants. ) | C.A. No. 05-737 (JJF) <br><br> **JURY TRIAL DEMANDED** <br><br> **PUBLIC VERSION** |

**DEFENDANTS' REPLY BRIEF IN SUPPORT
OF MOTION TO COMPEL PRODUCTION OF WITHHELD DOCUMENTS**

OF COUNSEL:

Ford F. Farabow, Jr.
Ronald A. Bleeker
Joann M. Neth
Mark J. Feldstein
Jeffrey W. Abraham
Martin I. Fuchs
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001-4413
(202) 408-4000

H. Woodruff Turner
Thomas A. Donovan
KIRKPATRICK & LOCKHART PRESTON
GATES ELLIS L.L.P.
535 Smithfield Street
Pittsburgh, PA 15222
(412) 355-6500

Dated: May 2, 2008
Public Version Dated: May 9, 2008

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
Fax: (302) 658-1192
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

*Attorneys for Defendants
NOVA Chemicals Corporation (Canada), and
NOVA Chemicals Inc. (Delaware)*

# TABLE OF CONTENTS

I. Introduction ...................................................................................................................... 1

II. Dow's Work Product Claims Overreach ........................................................................... 1

    A. Dow's Materials Prepared in Support of its Competitive Intelligence are Not Protected Litigation Work Product .............................................................. 1

    B. Dow's Privilege Logs are Defective and Not Cured by the Porter and Johnson Declarations ........................................................................................... 4

        1. The Porter Declaration Addresses Only a Fraction of the Withheld Documents Attributed to Him ................................................................. 4

        2. The Johnson Declarations Lack Credibility ............................................ 5

        3. Other Testing Documents ....................................................................... 6

    C. Dow's Materials Prepared in Support of its Patent Prosecution are not Protected Litigation Work Product ......................................................................... 7

    D. NOVA's Substantial Need for Dow's Testing Documents .................................. 8

III. Dow's Attorney Client Privilege Claims are Improper .................................................... 8

IV. Conclusion ........................................................................................................................ 9

# TABLE OF AUTHORITIES

## CASES

*Carter v. Gibbs*,
  909 F.2d 1450 (Fed. Cir. 1990) *(en banc)* ..................................................................8

*Electronic Data Systems Corp. v. Steingraber*,
  No. 4:02 CV 225, 2003 WL 21653414 (E.D. Tex. July 9, 2003)..............................2

*Hercules, Inc. v. Exxon Corp.*,
  434 F. Supp. 136 (D. Del. 1977)..........................................................................7, 8

*Hickman v. Taylor*,
  329 U.S. 495 (1947)..................................................................................................8

*Holmes v. Pension Plan of Bethlehem Steel Corp.*,
  213 F.3d 124 (3d Cir. 2000)......................................................................................2

*Occidental Chemical Corp. v. OHM Remediation Services Corp.*,
  175 F.R.D. 431 (W.D.N.Y. 1997)........................................................................2, 6

*Reedhycalog UK, LTD. v Baker Hughes Oilfield Ops., Inc.*,
  242 F.R.D. 357 (E.D. Tex. 2007)..........................................................................3, 6

*Rohm & Haas, Co. v. Brotech Corp.*,
  815 F. Supp. 793 (D. Del. 1993)...........................................................................2, 6

*In re: Spalding Sports Worldwide, Inc.*,
  203 F.3d 800 (Fed. Cir. 2000)................................................................................8, 9

*Upjohn Co. v. United States*,
  499 U.S. 383 (1981)..................................................................................................9

*Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*,
  707 F. Supp. 1429 (D. Del. 1989)............................................................................4

## RULES

Fed. R. Civ. P. 26(b)(3)........................................................................................................8

I.  **Introduction**

Dow's extensive claims of work product and attorney client privilege are not properly supported. It is respectfully requested that the Court order production of these documents, or alternatively, order inspection by a Special Master under guidance by the Court as set forth below.

II. **Dow's Work Product Claims Overreach**

  A.  **Dow's Materials Prepared in Support of its Competitive Intelligence are Not Protected Litigation Work Product**

[redacted]

---

[1] As used herein, "D.B." refers to refers to Dow's April 28, 2008, Brief in Opposition to NOVA's Motion to Compel (D.I. 82) and "D.B.Ex.___" refers to the exhibits thereof; "N.B." refers to NOVA's April 11, 2008, Opening Brief in Support of Motion to Compel Production of Withheld Documents (D.I. 61) and "N.B.Ex.___" refers to exhibits thereof; and "Exh. ___" refers to exhibits in support of Defendants' Reply Brief in Support of Motion to Compel Production of Withheld Documents filed herewith.

Because Dow was undisputedly engaged ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as part of its ordinary course of business, documents which do not reflect a primary and specific work product purpose should be produced. Dow admits in its brief that documents now withheld as work product do not themselves contain evidence that they were created for a work product purpose. (D.B. at 6; D.B.Ex. I ("specific dates and other information [added to Dow's revised third log] . . . could not be found in the documents themselves").) Thus, even if the 34,000 pages of withheld testing data and other documents "were prepared with an eye toward litigation, it is indisputable that the documents also contain information which [Dow] would be expected to obtain or compile in the ordinary course of its business," meaning that they cannot be withheld as work product.[2] *Occidental Chem. Corp. v. OHM Remediation Servs. Corp.*, 175 F.R.D. 431, 435 (W.D.N.Y. 1997); *see also Rohm & Haas, Co. v. Brotech Corp.*, 815 F. Supp. 793, 798 (D. Del. 1993) (documents that can "be read as more directed to business and technical issues than to legal matters" are not protected work product); *Electronic Data Sys. Corp. v. Steingraber*, No. 4:02 CV 225, 2003 WL 21653414, *5-6 (E.D. Tex. July 9, 2003). This is because "[w]ork product prepared in the ordinary course of business is not immune from discovery." *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2000).[3]

---

[2] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[3] As the parties have a basic dispute on this point, meeting and conferring was unsuccessful, as is evidenced by Dow's continued withholding of years of investigative testing documents. (*E.g.,* Exh. C.) And despite Dow's statements to the contrary, Dow had more than adequate notice of the specific information NOVA sought to have included on Dow's privilege log (*E.g.,* Exh. D, NOVA's First Set of Requests (1-104) to Dow For Production of Documents and Things at ¶6, served on October 3, 2007 (D.I. 31)), and NOVA reiterated that request in written correspondence to Dow's counsel and during the April 3, 2008, meet and confer prior to filing this motion (Exh. E). Furthermore, NOVA and Dow counsel reached consensus during the April 3, 2008 meet and confer, which had been delayed at Dow's request, that this fundamental dispute
(continued on next page)

Yet, after five versions of its privilege log[4], Dow continues to overreach in seeking to withhold information relating to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Dow's inconsistent redactions and removal of documents evidence this and further support NOVA's objections. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Dow sought to withhold with this evidence ▇▇▇▇▇▇▇▇▇▇▇▇▇ by redacting these words from some documents. (Exh. F, *cf.* DN97930 to DN97620-21.) In other documents, Dow apparently attempted to shield the conclusion ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Similarly, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Dow redacted this information in different versions of the same document ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ This proof of overreaching further supports an order for production of documents in *Withheld Document Category A* (N.B., Appendix 1). *See Reedhycalog UK, LTD. v Baker Hughes Oilfield Ops., Inc.*, 242 F.R.D. 357, 361 (E.D. Tex. 2007) (ordering production of plaintiff's pre-litigation testing materials, "[g]iven [plaintiff's] conflicting characterizations of the testing, [plaintiff] has failed to show that the *primary purpose* of the testing was to prepare for litigation") (emphasis in original).

---

(continued from previous page)
was ripe for resolution by the Court according to the schedule for the May 9, 2008 motion day. (Exh. E at 2.)    Furthermore, NOVA agreed to consider a later revision of Dow's log and revise its motion if and as necessary. (*Id.*)

[4] Dow produced a first privilege log on March 11, 2008 (N.B.Ex. B), a revised second privilege log on March 19, 2008, a revised third privilege log on April 8, 2008 (N.B.Ex. H), a revised fourth privilege log on April 12, 2008 (D.B.Ex. K), after the filing of NOVA's opening brief, and a revised fifth privilege log as an exhibit to its Opposition Brief (D.B.Ex. M).

3

### B.    Dow's Privilege Logs are Defective and Not Cured by the Porter and Johnson Declarations

Dow has produced five versions of its privilege log, the latest not even formally sent to NOVA but only provided as an exhibit to Dow's opposition brief. This continuing revision is improper. *See Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F. Supp. 1429, 1443-44 (D. Del. 1989) (where a party attempted to augment the entries in its privilege log in response to a motion to compel, Judge Roth stated that "[b]efore compiling its withheld document list, plaintiff could easily have ascertained the standard of particularity expected by this Court and could have met that standard. Allowing it to do so now would encourage dilatory discovery practices," and ordered that withheld documents be produced). Even worse, none of Dow's five privilege logs has properly supported most of its claims, as the documents in *Withheld Document Category A* are indistinguishable from those prepared in the ordinary course of Dow's business practices. Dow's secondary arguments to avoid this conclusion, by reliance on declarations as to the origins of some withheld documents, are fundamentally flawed and insufficient.

### 1.    The Porter Declaration Addresses Only a Fraction of the Withheld Documents Attributed to Him

Four hundred fifteen (415) testing documents were withheld as allegedly being tests requested by a Gregory L. Porter, formerly of the Jenkins & Gilchrist law firm.[5] (D.B.Ex. M,

---

[5] A change between Dow's revised third privilege log (N.B.Ex. H) and its current revised fifth privilege log (D.B.Ex. M) was to globally replace the phrase "at the request of Jenkins & Gilchrist" with "at the request of G. Porter," despite this information not being provided in the documents themselves (*e.g.*, D.B.Ex. I) or any of its prior privilege log revisions. (*Cf.*, N.B.Ex. H and D.B.Ex. M, Entry Nos. 592-598, 745-767.) Dow similarly globally replaced its descriptions stating "at the request of Jenner & Block" with "at the request of H. Roper." (*Cf.*, N.B.Ex. H and D.B.Ex. M, Entry Nos. 535-591.) Yet, Dow admits that this information is not contained in or otherwise evident from the documents themselves. (D.B.Ex. I.)

4

*e.g.,* Entry Nos. 94-159, 887-896.) ▮

▮

▮

▮

▮ were prepared primarily in anticipation of litigation or used solely for that purpose (in fact many were sent to non-legal business personnel, *see, e.g.,* D.B.Ex. M, Entry Nos. 71, 72, 323, 393, 1063, 2145, 2154, 2366), and these should be ordered produced as well.

### 2. The Johnson Declarations Lack Credibility

Mr. Johnson's declarations have been consistently wrong. In his first conclusory declaration he wrongly said all the withheld documents related to SURPASS and the present litigation, and he failed to disclose any ongoing competitive analysis. (N.B. at 9-10; N.B.Ex. E, ¶3.) His revised[6] second declaration specifically admits mistakes in his first declaration as to 128 documents. (D.I. 84, ¶9.) ▮

▮

Dow's privilege logs further undermine Mr. Johnson, who claims that ▮

▮

▮ To the contrary, Dow's fifth revised privilege log

---

[6] On May 1, 2008, Dow filed a revised version of Mr. Johnson's second declaration admitting to errors in the declaration filed with Dow's brief on April 28, 2008. (*See* D.I. 85.) The revised second Johnson Declaration acknowledges to yet further errors in Mr. Johnson's initial attestations beyond those admitted to in the original second Johnson Declaration▮

▮

indicates that Mr. Johnson was sending testing results and analyses to Dow' ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓ personnel such as Roger Schwartz ▓▓▓▓▓▓▓▓▓▓▓▓, Bruce Story ▓▓▓▓▓, Kip Thomson ▓▓▓▓▓, Joe Laehu ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, Jeffrey Wooster ▓▓▓▓▓▓▓▓▓▓ and numerous other Dow personnel. (D.B.Ex. M, Entry No. 2174; *see also* Entry Nos. 239, 1688, 1883.)

His second declaration ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ In fact, Dow admits the opposite. (D.B.Ex. I.) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Even if generated in part for litigation and in part for business reasons, documents that can "be read as more directed to business and technical issues than to legal matters" are not protected work product. *Rohm & Haas*, 815 F. Supp. at 798. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Thus, any documents not clearly reflecting on their face a primary litigation purpose should be ordered produced. *See Rohm & Haas*, 815 F. Supp. at 798; *Reedhycalog*, 242 F.R.D. at 361.

### 3. Other Testing Documents

The same result should be reached with regard to the testing allegedly requested by Jenner & Block. (*E.g.*, D.B.Ex. M, Entry Nos. 439-463; *see also* Footnote 5, *supra*.) No declaration was filed by any representative of that firm. Yet 316 testing documents have been withheld by Dow as work product based on alleged requests by Jenner which apparently also are not reflected in the documents themselves. (D.B.Ex. I.) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ If it served a business, technical <u>and</u> legal function, it is not work product. *Occidental*, 175 F.R.D. at 435.

6

███████████████████████████████████████████████████████ or even for multiple purposes, is not work product. *Rohm & Haas*, 815 F. Supp. at 798.

### C. Dow's Materials Prepared in Support of its Patent Prosecution are not Protected Litigation Work Product

Dow has actively pursued over 70 patents and applications related to the patents-in-suit. Its patent prosecution related documents are not protected under the work product immunity doctrine. *Hercules, Inc. v. Exxon Corp.*, 434 F. Supp. 136, 152 (D. Del. 1977) ("[I]f the attorney's primary concern is claims which have arisen or will arise during the ex parte prosecution of the application . . . the work product rule does not apply.") Nevertheless, Dow has withheld materials prepared by the inventors of the patents-in-suit, and their technicians, from before and during the prosecution of those patents that lack indicia of having been prepared for litigation as opposed to in support of patent prosecution. (*E.g.*, D.B.Ex. M, Entry No. 2391.)

Further, in 1999, Dow filed a new patent application related to the patents-in-suit.[7] In preparation of their new patent application, Dow attempted to reconstruct the claimed Slope of Strain Hardening Coefficient ("SHC") test required by the patents-in-suit ████████ ██████████████████████ Dow sought to correct ambiguities and outright errors in the patents-in-suit in the new patent application, which ultimately resulted in the '398 patent. Yet, Dow withholds as work product documents attributed to an inventor of the '398 patent from the same time as the application for the '398 patent was being prepared. These documents lack indicia of having been prepared in anticipation of litigation as opposed to in support of patent

---

[7] On November 1, 1999, Dow filed a new patent application, that ultimately issued as U.S. Patent No. 6,723,298 ("'398 patent"). (*See* Exhibit 1 of D.I. 50.) The '398 patent attempts to correct errors in the patents-in-suit, including providing a figure bearing a description similar to the missing Figure 1 from the patents-in-suit that is said to show "the various stages of the stress/strain curve used to calculate" the claimed SHC parameter.

7

prosecution. (D.B.Ex. M, Entry Nos. 1171, 1172, 1174-1186; *see also* Entry Nos. 1379, 1380, and 1384.) They are dated much earlier than the introduction of SURPASS. They do not identify the involvement of particular counsel. They are prosecution documents and not immune from discovery. *Hercules,* 434 F. Supp. at 152.

### D. NOVA's Substantial Need for Dow's Testing Documents

Dow does not dispute NOVA's assertion that the withheld testing data (if properly substantiated) could be at most non-opinion work product and entitled to no more than minimal protection. Nor does Dow dispute that this information is essential to NOVA's defense in this matter. Instead, Dow simply argues that because NOVA has access to its own product, NOVA can perform its own testing. (D.B. at 13-14.) Dow's assertion is not persuasive. In fact, NOVA explained why it cannot perform such testing without undue hardship, or possibly not at all, in its opening brief (N.B. at 13), and maintains the positions set forth therein. As a result, in the event the Court finds that some Dow testing documents are entitled to protection as non-opinion work product, NOVA respectfully requests that the Court order Dow to produce its testing documents pursuant to Fed. R. Civ. P. 26(b)(3).

### III. Dow's Attorney Client Privilege Claims are Improper

Citing to *In re Spalding Sports Worldwide, Inc.,* 203 F.3d 800 (Fed. Cir. 2000), Dow maintains that it is entitled to withhold uncommunicated draft materials, including draft materials prepared by non-attorneys. (D.B. at 17-18.) However, draft and uncommunicated materials prepared by counsel are not protected as attorney-client communications. "[T]he protective cloak of [the attorney client] privilege does not extend to… memoranda, briefs, communications and other writings prepared by counsel for his own use in prosecuting his client's case." *Hickman v. Taylor,* 329 U.S. 495, 508 (1947); *Carter v. Gibbs,* 909 F.2d 1450, 1451 (Fed. Cir. 1990) (*en banc*) (internal memo written by counsel that did not disclose any confidential communications

8

between client and counsel was not protected by the attorney-client privilege). In contrast to Dow's position, *Spalding* is expressly premised on the "invention record [being] a communication to an attorney... submitted by the inventors of the [subject] patent to Spalding's corporate *legal* department... for the purpose of obtaining legal advice." *Spalding*, 203 F.3d at 805. Dow's late attempts to muddy the descriptions of its withheld documents with blanket references to counsel (D.B. at 18; *see also* Footnote 5, *supra*) that are not reflected in the documents themselves (D.B.Ex. I) do not turn otherwise unprotected uncommunicated drafts and materials into protected communications. Thus, the uncommunicated materials in *Withheld Category B* are not protected by the attorney client privilege and should be produced.

Furthermore, as properly noted in NOVA's Opening Brief, and as undisputed by Dow, the attorney client privilege does not protect from disclosure underlying factual information. (N.B. at 15, *citing, inter alia, Upjohn Co. v. United States,* 499 U.S. 383, 395 (1981).) Dow does not deny that documents in *Withheld Category C* are purely factual information.

## IV. Conclusion

It is respectfully submitted that the Court should order production of the documents in *Withheld Categories A, B,* and *C*, or alternatively, order all the contested documents to be reviewed by a Special Master under guidance by the Court. Dow's Brief indicates that Dow would agree to such a procedure. (D.B. at 8.) All testing documents which do not themselves reflect a primary legal purpose related to a specifically contemplated litigation should be ordered produced. Additionally, documents relating to patent prosecution should be ordered produced. Uncommunicated, allegedly privileged and other purely factual documents should be ordered produced as well.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Ford F. Farabow, Jr.
Ronald A. Bleeker
Joann M. Neth
Mark J. Feldstein
Jeffrey W. Abraham
Troy A. Petersen
Martin I. Fuchs
Ken Motolenich-Salas
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC  20001-4413
Tel:  (202) 408-4000

H. Woodruff Turner
Thomas A. Donovan
Robert D. Yeager
Brian P. Anderson
KIRKPATRICK & LOCKHART
   PRESTON GATES ELLIS LLP
535 Smithfield Street
Pittsburgh, PA  15222
Tel:  (412) 355-6478

Dated: May 2, 2008
Public Version Dated: May 9, 2008
863935 / 29645

By: /s/ David E. Moore
   Richard L. Horwitz (#2246)
   David E. Moore (#3983)
   Hercules Plaza, 6th Floor
   1313 N. Market Street
   Wilmington, Delaware 19801
   Tel:  (302) 984-6000
   rhorwitz@potteranderson.com
   dmoore@potteranderson.com

*Attorneys for Defendants*
*NOVA Chemicals Corporation (Canada), and*
*NOVA Chemicals Inc. (Delaware)*

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on May 9, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on May 9, 2008, the attached document was Electronically Mailed to the following person(s):

Rodger D. Smith II
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
rdsefiling@mnat.com

Harry J. Roper
Steven R. Trybus
Aaron A. Barlow
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611
hroper@jenner.com
strybus@jenner.com
abarlow@jenner.com

Darrick J. Hooker
Jenner & Block LLP
333 North Wabash Avenue
Chicago, IL 60611
dhooker@jenner.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

743809 / 29645