# EXHIBIT A

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT B

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT C



**FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP**

901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

JEFFREY W. ABRAHAM
202-408-4035
jeffrey.abraham@finnegan.com

April 11, 2008

**VIA EMAIL AND FIRST CLASS MAIL**

Aaron A. Barlow
JENNER & BLOCK LLP
330 N. Wabash Ave.
Chicago, IL 60611

      Re:    *The Dow Chemical Co. v. NOVA Chemicals Corp., et al.*
              *C.A. No. 05-737 (JJF), D. Del.*

Dear Aaron:

We have reviewed the third revised privilege log you sent us on April 8, 2008. Dow continues to claim work product immunity and attorney client privilege improperly. As we have told you repeatedly in our prior letters, and during the April 3 meet and confer teleconference, we do not agree that this is appropriate. Furthermore, your third-revised loge does not establish that the documents themselves were generated for a litigation purpose, let alone this litigation. Indeed your letter of April 4 states that "specific dates and other information . . . could not be found on the documents themselves."

We ask again that you produce these documents to us, and we are attaching two specific lists of documents that we believe should be produced immediately. These are documents we have discussed with you previously, in writing and during our April 3 meet and confer. It is our understanding from our previous discussions that you refuse to provide us with all of these documents. Accordingly we are filing our motion to compel today.

If you advise us by 4 p.m. EDT today that you are willing to produce the documents, we will not need to file the motion. If we do not hear from you by then we will assume the answer is "no," as you have told us previously, and that we are at an irresolvable impasse.

Sincerely,

Jeffrey W. Abraham

Enclosure
cc:    Richard L. Horwitz, Esq. (via email)
       Rodger D. Smith II, Esq. (via email)

Washington, DC ▪ Atlanta, GA ▪ Cambridge, MA ▪ Palo Alto, CA ▪ Reston, VA ▪ Brussels ▪ Taipei ▪ Tokyo

II. List of Improper Work Product Claims

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 2 | 54 | 102 | 148 | 194 | 241 | 292 | 348 |
| 7 | 55 | 103 | 149 | 195 | 242 | 293 | 349 |
| 8 | 56 | 104 | 150 | 196 | 243 | 294 | 350 |
| 10 | 57 | 105 | 151 | 197 | 244 | 295 | 351 |
| 11 | 58 | 106 | 152 | 198 | 250 | 296 | 352 |
| 12 | 59 | 107 | 153 | 199 | 251 | 297 | 353 |
| 13 | 60 | 108 | 154 | 200 | 252 | 298 | 354 |
| 14 | 61 | 109 | 155 | 201 | 253 | 299 | 355 |
| 15 | 62 | 110 | 156 | 202 | 254 | 300 | 356 |
| 16 | 63 | 111 | 157 | 203 | 255 | 302 | 357 |
| 17 | 64 | 112 | 158 | 204 | 256 | 303 | 358 |
| 18 | 65 | 113 | 159 | 205 | 257 | 304 | 359 |
| 19 | 66 | 114 | 160 | 206 | 258 | 305 | 360 |
| 20 | 67 | 115 | 161 | 207 | 259 | 306 | 361 |
| 21 | 68 | 116 | 162 | 208 | 260 | 307 | 362 |
| 22 | 69 | 117 | 163 | 209 | 261 | 308 | 363 |
| 23 | 70 | 118 | 164 | 210 | 262 | 309 | 364 |
| 24 | 73 | 119 | 165 | 211 | 263 | 311 | 365 |
| 25 | 74 | 120 | 166 | 212 | 264 | 312 | 366 |
| 26 | 75 | 121 | 167 | 213 | 265 | 313 | 367 |
| 27 | 76 | 122 | 168 | 214 | 266 | 314 | 368 |
| 28 | 77 | 123 | 169 | 215 | 267 | 315 | 369 |
| 29 | 78 | 124 | 170 | 216 | 268 | 316 | 371 |
| 30 | 79 | 125 | 171 | 217 | 269 | 317 | 372 |
| 31 | 80 | 126 | 172 | 218 | 270 | 318 | 373 |
| 32 | 81 | 127 | 173 | 219 | 271 | 319 | 374 |
| 33 | 82 | 128 | 174 | 220 | 272 | 320 | 375 |
| 34 | 83 | 129 | 175 | 221 | 273 | 321 | 376 |
| 35 | 84 | 130 | 176 | 222 | 274 | 322 | 377 |
| 36 | 85 | 131 | 177 | 223 | 275 | 331 | 378 |
| 37 | 86 | 132 | 178 | 224 | 276 | 332 | 380 |
| 38 | 87 | 133 | 179 | 225 | 277 | 333 | 381 |
| 39 | 88 | 134 | 180 | 226 | 278 | 334 | 382 |
| 40 | 89 | 135 | 181 | 227 | 279 | 335 | 383 |
| 41 | 90 | 136 | 182 | 228 | 280 | 336 | 384 |
| 42 | 91 | 137 | 183 | 229 | 281 | 337 | 385 |
| 43 | 92 | 138 | 184 | 230 | 282 | 338 | 386 |
| 44 | 93 | 139 | 185 | 231 | 283 | 339 | 388 |
| 45 | 94 | 140 | 186 | 232 | 284 | 340 | 389 |
| 47 | 95 | 141 | 187 | 233 | 285 | 341 | 390 |
| 48 | 96 | 142 | 188 | 234 | 286 | 342 | 391 |
| 49 | 97 | 143 | 189 | 235 | 287 | 343 | 392 |
| 50 | 98 | 144 | 190 | 236 | 288 | 344 | 397 |
| 51 | 99 | 145 | 191 | 237 | 289 | 345 | 398 |
| 52 | 100 | 146 | 192 | 238 | 290 | 346 | 399 |
| 53 | 101 | 147 | 193 | 239 | 291 | 347 | 400 |

II. List of Improper Work Product Claims

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 401 | 464 | 510 | 556 | 602 | 762 | 808 | 859 |
| 404 | 465 | 511 | 557 | 603 | 763 | 809 | 860 |
| 405 | 466 | 512 | 558 | 604 | 764 | 810 | 861 |
| 406 | 467 | 513 | 559 | 605 | 765 | 811 | 862 |
| 407 | 468 | 514 | 560 | 606 | 766 | 812 | 863 |
| 410 | 469 | 515 | 561 | 607 | 767 | 813 | 864 |
| 411 | 470 | 516 | 562 | 608 | 768 | 814 | 865 |
| 412 | 471 | 517 | 563 | 609 | 769 | 815 | 866 |
| 413 | 472 | 518 | 564 | 610 | 770 | 816 | 867 |
| 421 | 473 | 519 | 565 | 611 | 771 | 817 | 868 |
| 427 | 474 | 520 | 566 | 612 | 772 | 818 | 869 |
| 428 | 475 | 521 | 567 | 613 | 773 | 819 | 870 |
| 430 | 476 | 522 | 568 | 614 | 774 | 820 | 871 |
| 431 | 477 | 523 | 569 | 615 | 775 | 823 | 872 |
| 432 | 478 | 524 | 570 | 616 | 776 | 824 | 873 |
| 433 | 479 | 525 | 571 | 620 | 777 | 825 | 874 |
| 434 | 480 | 526 | 572 | 622 | 778 | 826 | 875 |
| 435 | 481 | 527 | 573 | 623 | 779 | 827 | 876 |
| 436 | 482 | 528 | 574 | 734 | 780 | 828 | 877 |
| 437 | 483 | 529 | 575 | 735 | 781 | 831 | 878 |
| 438 | 484 | 530 | 576 | 736 | 782 | 832 | 879 |
| 439 | 485 | 531 | 577 | 737 | 783 | 833 | 880 |
| 440 | 486 | 532 | 578 | 738 | 784 | 834 | 881 |
| 441 | 487 | 533 | 579 | 739 | 785 | 835 | 882 |
| 442 | 488 | 534 | 580 | 740 | 786 | 836 | 884 |
| 443 | 489 | 535 | 581 | 741 | 787 | 837 | 885 |
| 444 | 490 | 536 | 582 | 742 | 788 | 839 | 886 |
| 445 | 491 | 537 | 583 | 743 | 789 | 840 | 887 |
| 446 | 492 | 538 | 584 | 744 | 790 | 841 | 888 |
| 447 | 493 | 539 | 585 | 745 | 791 | 842 | 889 |
| 448 | 494 | 540 | 586 | 746 | 792 | 843 | 890 |
| 449 | 495 | 541 | 587 | 747 | 793 | 844 | 891 |
| 450 | 496 | 542 | 588 | 748 | 794 | 845 | 892 |
| 451 | 497 | 543 | 589 | 749 | 795 | 846 | 893 |
| 452 | 498 | 544 | 590 | 750 | 796 | 847 | 894 |
| 453 | 499 | 545 | 591 | 751 | 797 | 848 | 895 |
| 454 | 500 | 546 | 592 | 752 | 798 | 849 | 896 |
| 455 | 501 | 547 | 593 | 753 | 799 | 850 | 897 |
| 456 | 502 | 548 | 594 | 754 | 800 | 851 | 898 |
| 457 | 503 | 549 | 595 | 755 | 801 | 852 | 899 |
| 458 | 504 | 550 | 596 | 756 | 802 | 853 | 900 |
| 459 | 505 | 551 | 597 | 757 | 803 | 854 | 901 |
| 460 | 506 | 552 | 598 | 758 | 804 | 855 | 902 |
| 461 | 507 | 553 | 599 | 759 | 805 | 856 | 903 |
| 462 | 508 | 554 | 600 | 760 | 806 | 857 | 913 |
| 463 | 509 | 555 | 601 | 761 | 807 | 858 | 915 |

II. List of Improper Work Product Claims

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 916 | 966 | 1029 | 1109 | 1160 | 1214 | 1260 | 1318 |
| 917 | 967 | 1030 | 1110 | 1161 | 1215 | 1261 | 1321 |
| 918 | 968 | 1031 | 1111 | 1162 | 1216 | 1262 | 1322 |
| 919 | 969 | 1032 | 1112 | 1167 | 1217 | 1263 | 1323 |
| 920 | 970 | 1033 | 1113 | 1171 | 1218 | 1264 | 1324 |
| 921 | 971 | 1034 | 1114 | 1172 | 1219 | 1265 | 1325 |
| 922 | 972 | 1035 | 1115 | 1173 | 1220 | 1266 | 1326 |
| 923 | 973 | 1037 | 1116 | 1174 | 1221 | 1267 | 1327 |
| 924 | 974 | 1038 | 1117 | 1175 | 1222 | 1268 | 1328 |
| 925 | 975 | 1040 | 1118 | 1176 | 1223 | 1269 | 1329 |
| 926 | 976 | 1041 | 1119 | 1177 | 1224 | 1271 | 1330 |
| 927 | 977 | 1042 | 1120 | 1178 | 1225 | 1272 | 1331 |
| 928 | 978 | 1044 | 1121 | 1179 | 1226 | 1273 | 1332 |
| 929 | 979 | 1045 | 1122 | 1180 | 1227 | 1278 | 1333 |
| 932 | 980 | 1048 | 1123 | 1181 | 1228 | 1279 | 1334 |
| 933 | 981 | 1049 | 1125 | 1182 | 1229 | 1280 | 1335 |
| 934 | 982 | 1050 | 1126 | 1183 | 1230 | 1281 | 1336 |
| 935 | 983 | 1055 | 1127 | 1184 | 1231 | 1282 | 1337 |
| 938 | 984 | 1056 | 1128 | 1185 | 1232 | 1283 | 1338 |
| 939 | 985 | 1057 | 1129 | 1186 | 1233 | 1284 | 1339 |
| 940 | 986 | 1058 | 1130 | 1187 | 1234 | 1285 | 1340 |
| 941 | 987 | 1059 | 1131 | 1188 | 1235 | 1286 | 1341 |
| 942 | 989 | 1060 | 1132 | 1189 | 1236 | 1287 | 1342 |
| 943 | 990 | 1061 | 1133 | 1190 | 1237 | 1288 | 1344 |
| 944 | 991 | 1062 | 1134 | 1191 | 1238 | 1289 | 1345 |
| 945 | 992 | 1063 | 1135 | 1192 | 1239 | 1290 | 1346 |
| 946 | 993 | 1064 | 1136 | 1193 | 1240 | 1291 | 1347 |
| 947 | 996 | 1067 | 1137 | 1195 | 1241 | 1297 | 1348 |
| 948 | 997 | 1068 | 1138 | 1196 | 1242 | 1299 | 1349 |
| 949 | 998 | 1069 | 1139 | 1197 | 1243 | 1301 | 1350 |
| 950 | 999 | 1070 | 1140 | 1198 | 1244 | 1302 | 1351 |
| 951 | 1000 | 1072 | 1141 | 1199 | 1245 | 1303 | 1352 |
| 952 | 1004 | 1073 | 1142 | 1200 | 1246 | 1304 | 1354 |
| 953 | 1010 | 1075 | 1143 | 1201 | 1247 | 1305 | 1356 |
| 954 | 1011 | 1076 | 1144 | 1202 | 1248 | 1306 | 1359 |
| 955 | 1012 | 1077 | 1145 | 1203 | 1249 | 1307 | 1362 |
| 956 | 1017 | 1078 | 1146 | 1204 | 1250 | 1308 | 1364 |
| 957 | 1019 | 1079 | 1147 | 1205 | 1251 | 1309 | 1365 |
| 958 | 1021 | 1080 | 1151 | 1206 | 1252 | 1310 | 1372 |
| 959 | 1022 | 1081 | 1152 | 1207 | 1253 | 1311 | 1376 |
| 960 | 1023 | 1082 | 1153 | 1208 | 1254 | 1312 | 1377 |
| 961 | 1024 | 1083 | 1155 | 1209 | 1255 | 1313 | 1378 |
| 962 | 1025 | 1084 | 1156 | 1210 | 1256 | 1314 | 1379 |
| 963 | 1026 | 1085 | 1157 | 1211 | 1257 | 1315 | 1380 |
| 964 | 1027 | 1086 | 1158 | 1212 | 1258 | 1316 | 1384 |
| 965 | 1028 | 1108 | 1159 | 1213 | 1259 | 1317 | 1386 |

II. List of Improper Work Product Claims

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1387 | 1496 | 1542 | 1588 | 1634 | 1682 | 1728 | 1774 |
| 1390 | 1497 | 1543 | 1589 | 1635 | 1683 | 1729 | 1775 |
| 1391 | 1498 | 1544 | 1590 | 1636 | 1684 | 1730 | 1776 |
| 1394 | 1499 | 1545 | 1591 | 1637 | 1685 | 1731 | 1777 |
| 1395 | 1500 | 1546 | 1592 | 1638 | 1686 | 1732 | 1778 |
| 1400 | 1501 | 1547 | 1593 | 1639 | 1687 | 1733 | 1779 |
| 1401 | 1502 | 1548 | 1594 | 1640 | 1688 | 1734 | 1780 |
| 1402 | 1503 | 1549 | 1595 | 1641 | 1689 | 1735 | 1781 |
| 1403 | 1504 | 1550 | 1596 | 1642 | 1690 | 1736 | 1782 |
| 1404 | 1505 | 1551 | 1597 | 1643 | 1691 | 1737 | 1783 |
| 1405 | 1506 | 1552 | 1598 | 1644 | 1692 | 1738 | 1784 |
| 1406 | 1507 | 1553 | 1599 | 1645 | 1693 | 1739 | 1785 |
| 1407 | 1508 | 1554 | 1600 | 1646 | 1694 | 1740 | 1786 |
| 1408 | 1509 | 1555 | 1601 | 1647 | 1695 | 1741 | 1787 |
| 1409 | 1510 | 1556 | 1602 | 1648 | 1696 | 1742 | 1788 |
| 1410 | 1511 | 1557 | 1603 | 1649 | 1697 | 1743 | 1789 |
| 1411 | 1512 | 1558 | 1604 | 1650 | 1698 | 1744 | 1790 |
| 1452 | 1513 | 1559 | 1605 | 1651 | 1699 | 1745 | 1791 |
| 1458 | 1514 | 1560 | 1606 | 1652 | 1700 | 1746 | 1792 |
| 1460 | 1515 | 1561 | 1607 | 1653 | 1701 | 1747 | 1793 |
| 1467 | 1516 | 1562 | 1608 | 1654 | 1702 | 1748 | 1794 |
| 1468 | 1517 | 1563 | 1609 | 1655 | 1703 | 1749 | 1803 |
| 1469 | 1518 | 1564 | 1610 | 1656 | 1704 | 1750 | 1804 |
| 1470 | 1519 | 1565 | 1611 | 1657 | 1705 | 1751 | 1805 |
| 1473 | 1520 | 1566 | 1612 | 1658 | 1706 | 1752 | 1806 |
| 1474 | 1521 | 1567 | 1613 | 1659 | 1707 | 1753 | 1810 |
| 1475 | 1522 | 1568 | 1614 | 1660 | 1708 | 1754 | 1811 |
| 1477 | 1523 | 1569 | 1615 | 1662 | 1709 | 1755 | 1812 |
| 1478 | 1524 | 1570 | 1616 | 1663 | 1710 | 1756 | 1813 |
| 1479 | 1525 | 1571 | 1617 | 1664 | 1711 | 1757 | 1822 |
| 1480 | 1526 | 1572 | 1618 | 1665 | 1712 | 1758 | 1823 |
| 1481 | 1527 | 1573 | 1619 | 1666 | 1713 | 1759 | 1824 |
| 1482 | 1528 | 1574 | 1620 | 1667 | 1714 | 1760 | 1825 |
| 1483 | 1529 | 1575 | 1621 | 1668 | 1715 | 1761 | 1826 |
| 1484 | 1530 | 1576 | 1622 | 1669 | 1716 | 1762 | 1832 |
| 1485 | 1531 | 1577 | 1623 | 1670 | 1717 | 1763 | 1836 |
| 1486 | 1532 | 1578 | 1624 | 1671 | 1718 | 1764 | 1837 |
| 1487 | 1533 | 1579 | 1625 | 1672 | 1719 | 1765 | 1843 |
| 1488 | 1534 | 1580 | 1626 | 1673 | 1720 | 1766 | 1844 |
| 1489 | 1535 | 1581 | 1627 | 1674 | 1721 | 1767 | 1845 |
| 1490 | 1536 | 1582 | 1628 | 1675 | 1722 | 1768 | 1846 |
| 1491 | 1537 | 1583 | 1629 | 1676 | 1723 | 1769 | 1847 |
| 1492 | 1538 | 1584 | 1630 | 1677 | 1724 | 1770 | 1849 |
| 1493 | 1539 | 1585 | 1631 | 1678 | 1725 | 1771 | 1854 |
| 1494 | 1540 | 1586 | 1632 | 1679 | 1726 | 1772 | 1856 |
| 1495 | 1541 | 1587 | 1633 | 1681 | 1727 | 1773 | 1857 |

## II. List of Improper Work Product Claims

| | | | | | | |
|---|---|---|---|---|---|---|
| 1859 | 1906 | 1986 | 2052 | 2150 | 2245 | 2338 |
| 1860 | 1915 | 1987 | 2054 | 2151 | 2246 | 2340 |
| 1861 | 1926 | 1988 | 2057 | 2164 | 2255 | 2341 |
| 1862 | 1928 | 1989 | 2059 | 2165 | 2256 | 2342 |
| 1863 | 1929 | 1990 | 2060 | 2166 | 2257 | 2343 |
| 1864 | 1930 | 1991 | 2064 | 2167 | 2261 | 2344 |
| 1865 | 1931 | 1992 | 2065 | 2168 | 2262 | 2345 |
| 1866 | 1932 | 1993 | 2066 | 2169 | 2265 | 2346 |
| 1867 | 1933 | 1994 | 2067 | 2170 | 2266 | 2347 |
| 1868 | 1934 | 1995 | 2068 | 2171 | 2267 | 2348 |
| 1869 | 1935 | 1996 | 2069 | 2172 | 2270 | 2354 |
| 1870 | 1936 | 1997 | 2070 | 2173 | 2283 | 2355 |
| 1871 | 1937 | 1998 | 2072 | 2174 | 2287 | 2356 |
| 1872 | 1938 | 1999 | 2075 | 2175 | 2288 | 2357 |
| 1873 | 1939 | 2000 | 2076 | 2176 | 2289 | 2358 |
| 1874 | 1940 | 2001 | 2083 | 2178 | 2290 | 2359 |
| 1875 | 1941 | 2002 | 2084 | 2179 | 2292 | 2361 |
| 1876 | 1942 | 2003 | 2085 | 2181 | 2293 | 2362 |
| 1877 | 1943 | 2004 | 2086 | 2182 | 2294 | 2364 |
| 1878 | 1944 | 2006 | 2088 | 2183 | 2295 | 2367 |
| 1879 | 1945 | 2007 | 2100 | 2184 | 2296 | 2368 |
| 1880 | 1946 | 2008 | 2101 | 2185 | 2297 | 2369 |
| 1881 | 1947 | 2009 | 2106 | 2186 | 2299 | 2370 |
| 1882 | 1948 | 2010 | 2108 | 2187 | 2306 | 2371 |
| 1883 | 1949 | 2011 | 2109 | 2188 | 2307 | 2373 |
| 1884 | 1950 | 2012 | 2110 | 2189 | 2310 | 2374 |
| 1885 | 1951 | 2013 | 2111 | 2192 | 2311 | 2377 |
| 1886 | 1952 | 2018 | 2117 | 2193 | 2312 | 2391 |
| 1887 | 1953 | 2019 | 2118 | 2199 | 2313 | 2394 |
| 1888 | 1954 | 2021 | 2119 | 2200 | 2316 | |
| 1889 | 1955 | 2027 | 2120 | 2201 | 2317 | |
| 1890 | 1962 | 2028 | 2121 | 2202 | 2319 | |
| 1891 | 1969 | 2032 | 2126 | 2203 | 2320 | |
| 1892 | 1971 | 2033 | 2127 | 2204 | 2321 | |
| 1893 | 1974 | 2034 | 2128 | 2213 | 2324 | |
| 1894 | 1975 | 2035 | 2129 | 2216 | 2325 | |
| 1895 | 1976 | 2036 | 2130 | 2217 | 2326 | |
| 1896 | 1977 | 2037 | 2131 | 2218 | 2327 | |
| 1897 | 1978 | 2038 | 2132 | 2219 | 2328 | |
| 1898 | 1979 | 2039 | 2133 | 2233 | 2330 | |
| 1899 | 1980 | 2040 | 2136 | 2234 | 2331 | |
| 1901 | 1981 | 2043 | 2143 | 2235 | 2332 | |
| 1902 | 1982 | 2047 | 2144 | 2241 | 2333 | |
| 1903 | 1983 | 2048 | 2146 | 2242 | 2334 | |
| 1904 | 1984 | 2049 | 2147 | 2243 | 2335 | |
| 1905 | 1985 | 2050 | 2149 | 2244 | 2337 | |

## II. List of Improper Attorney-Client Claims

| | | | | |
|---|---|---|---|---|
| 5 | 675 | 1093 | 2044 | 2297 |
| 249 | 676 | 1094 | 2056 | 2298 |
| 325 | 677 | 1099 | 2062 | 2305 |
| 326 | 678 | 1100 | 2072 | 2308 |
| 328 | 679 | 1105 | 2074 | 2309 |
| 330 | 680 | 1106 | 2097 | 2315 |
| 393 | 681 | 1166 | 2103 | 2316 |
| 394 | 682 | 1169 | 2104 | 2326 |
| 395 | 683 | 1270 | 2105 | 2330 |
| 396 | 684 | 1298 | 2108 | 2331 |
| 414 | 685 | 1319 | 2113 | 2332 |
| 415 | 686 | 1356 | 2114 | 2333 |
| 416 | 689 | 1364 | 2115 | 2334 |
| 417 | 690 | 1365 | 2117 | 2335 |
| 418 | 691 | 1372 | 2119 | 2336 |
| 426 | 692 | 1381 | 2120 | 2337 |
| 624 | 693 | 1399 | 2121 | 2349 |
| 625 | 694 | 1412 | 2122 | 2350 |
| 626 | 695 | 1413 | 2136 | 2354 |
| 627 | 696 | 1414 | 2141 | 2355 |
| 628 | 697 | 1415 | 2150 | 2356 |
| 630 | 698 | 1428 | 2151 | 2368 |
| 631 | 699 | 1429 | 2152 | 2369 |
| 632 | 700 | 1431 | 2153 | 2370 |
| 633 | 701 | 1436 | 2158 | 2371 |
| 641 | 702 | 1437 | 2160 | 2372 |
| 642 | 703 | 1445 | 2161 | 2392 |
| 643 | 704 | 1446 | 2162 | 2393 |
| 644 | 705 | 1449 | 2163 | 2395 |
| 648 | 706 | 1450 | 2174 | 2396 |
| 650 | 709 | 1451 | 2194 | 2397 |
| 654 | 710 | 1467 | 2203 | 2398 |
| 655 | 711 | 1815 | 2204 | |
| 656 | 712 | 1820 | 2228 | |
| 658 | 731 | 1827 | 2229 | |
| 659 | 732 | 1832 | 2249 | |
| 660 | 733 | 1837 | 2258 | |
| 662 | 995 | 1896 | 2268 | |
| 666 | 1040 | 1897 | 2270 | |
| 668 | 1061 | 1898 | 2272 | |
| 669 | 1062 | 1927 | 2273 | |
| 670 | 1063 | 2018 | 2275 | |
| 671 | 1079 | 2019 | 2276 | |
| 672 | 1087 | 2024 | 2292 | |
| 673 | 1091 | 2025 | 2293 | |
| 674 | 1092 | 2026 | 2294 | |

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THE DOW CHEMICAL COMPANY,

Plaintiff,

v.

NOVA CHEMICALS CORPORATION,
and NOVA CHEMICALS, INC.,

Defendants.

Civil Action No. 05-737 (JJF)

## NOVA'S FIRST SET OF REQUESTS (NOS. 1-104) TO DOW FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Nova, Chemicals Corporation, and Nova Chemicals, Inc. (collectively "Nova"), request that Plaintiff, The Dow Chemical Company ("Dow"), produce for inspection and copying all documents and things requested herein within thirty (30) days of service in accordance with the definitions and instructions set forth below. Production of these documents and things shall be at the office of Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., 901 New York Avenue, NW, Washington, D.C. 20001-4413, or at another time and place as may be mutually agreed upon by counsel for the parties.

## DEFINITIONS OF TERMS

The following definitions apply to all of Nova's discovery requests in this case as well as to Dow's discovery responses:

4.    Physical samples, such as samples of polymer materials shall be labeled to indicate the identity of each of the sampled materials, the names used to identify the product or products produced, and the date the materials were produced.

5.    Dow is required to produce not only the original or an exact copy of the original of all documents and things responsive to any of the following numbered requests, but also all copies of such documents and things that bear any notes or markings not found on the originals and all preliminary, intermediate, final, and revised drafts or embodiments of such documents and things. Dow is required to produce all versions of such documents and things as well as identical copies found in different files.

6.    If Dow withholds from production any document or thing responsive to any of the numbered requests below on the ground that said document or thing is privileged or immune from discovery as work product, Dow shall provide a withheld document log identifying:

(a)    the date or dates appearing on such withheld document or thing, or if no date appears thereon, the date (or approximate date) such document or thing was prepared or created;

(b)    the identity of all persons who prepared, authored, signed, and received such document or thing, or who learned of its contents, including an identification of whether or not said person(s) are or were affiliated with Dow and if said person(s) was affiliated with Dow, the nature of the affiliation;

(c)    a description of the nature of the document or thing in a manner that is sufficient to enable Nova to evaluate, and if necessary, challenge the claim of privilege or immunity; and

(d)    the specific grounds for withholding the document or thing, including the nature of the privilege (*e.g.*, attorney-client privilege, work product) or other rule of law relied upon to withhold the document or thing, and the facts supporting those grounds.

7.    Any purportedly privileged document or thing that contains non-privileged matter therein must be produced, with the purportedly privileged portion redacted therefrom. Dow shall identify the specific location on each page where matter has been redacted.

8.    If Dow is aware of any document or things requested to be produced that has been lost, discarded, destroyed, or is otherwise not available for production by Dow for any reason whatsoever, Dow shall provide:

(a)    a full identification of each such document or thing, including its author, addressee, recipient, date, and general type (*e.g.*, letter, report);

(b)    a summary of its contents or general subject matter;

(c)    the names, affiliations, and job titles of all persons who participated in preparing and/or signing the document or thing;

(d)    the date and manner of disposal;

(e)    the reason for disposal;

(f)    the identity of any person who has possession, custody, or control of a partial or complete copy of such document or thing; and

(g)    the identity of all persons who participated in and/or authorized the destruction or discarding or who have knowledge of the dates and circumstances surrounding the destruction or discarding.

# EXHIBIT E



**FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP**

901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

JEFFREY W. ABRAHAM
202-408-4035
jeffrey.abraham@finnegan.com

April 7, 2008

<u>**VIA EMAIL AND FIRST CLASS MAIL**</u>

Aaron A. Barlow
JENNER & BLOCK LLP
330 N. Wabash Ave.
Chicago, IL 60611

Re:    *The Dow Chemical Co. v. NOVA Chemicals Corp., et al.*
       <u>C.A. No. 05-737 (JJF), D. Del.</u>

Dear Aaron:

This letter responds to your letter dated April 4, 2008, to Joann Neth.

Dow's multiple delays in providing NOVA with a proper privilege log have placed the deadlines in the entered Scheduling Order in substantial jeopardy. The additional delays indicated in your April 4, 2008, letter only make this situation worse. Further, contrary to the commitments you made in our meet and confer on April 3rd, you failed to identify documents already de-designated from Dow's second revision of its privilege log. Needless to say, we also have not received those documents.

Your letter of April 4 also does not accurately represent the facts related to the deficiencies in Dow's privilege log, in particular by stating that we requested "for the first time" dates for Dow's privilege log entries at the April 3rd meet and confer. To the contrary, NOVA's October 2, 2007, document requests to Dow specifically requested dates and other identifying information for any documents withheld by Dow. What we requested in our letter of March 14, 2008, and at the April 3rd meet and confer, was Dow's evidence to support its extensive claims of privilege and immunity--obviously this includes information such as dates. In response, we received your letter of April 2nd and the conclusory declaration of Mark Johnson. While it is true, of course, that a substantial number of Dow's entries lack dates, your April 4 letter makes it clear that Dow has not relied on dates to support its claims of privilege and immunity for these documents.

During the meet and confer and in our March 14 letter, we also raised the impropriety of Dow's withholding of fact-based testing of NOVA's SURPASS product as work product. We asked if

Aaron A. Barlow
April 7, 2008
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

Dow would produce those documents, and your answer was "no." Clearly we are at an impasse with respect to those documents.

Additionally, as to the inadequacy of Dow's withheld document log and its failure to substantiate Dow's attorney-client privilege and work product claims, we made clear to you during the meet and confer that Dow had since March 14 (over three weeks) to make any revisions to its log that it thought necessary. What we received the evening before the meet and confer on April 3 was the conclusory Johnson Declaration, which we told you was insufficient to carry Dow's burden in substantiating its work product claims. Further, we told you that in view of the current scheduling order and the substantial time that had already passed, we needed to resolve these disputes promptly and that we needed to have them addressed during Judge Farnan's May motion day. You expressed that it was your desire to get the disputes resolved in May as well, and not to have them remain unresolved for an additional month to the June motion day. In view of Judge Farnan's motion procedure, we told you we would get our motion to compel on file early this week. We also told you that to the extent Dow wanted to revise its log, it should do so last week, but that if we received revisions after the filing of our motion, we would consider them and revise the motion if and as necessary.

We will separately respond to the other issues raised in your letter concerning document issues, but note that Dow has still not explained why it failed to previously collect and produce the requested resin samples. You are correct that some of our production requests are directed to samples of single polymers--that is because the patents-in-suit claim properties of the polymeric **components** of the blends.

Sincerely,

Jeffrey W. Abraham

Enclosure
cc:    Richard L. Horwitz, Esq. (via email)
       Rodger D. Smith II, Esq. (via email)

# EXHIBIT F

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT G

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT H

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT I

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY