IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE DOW CHEMICAL COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NOVA CHEMICALS CORPORATION ) <br> (CANADA), and NOVA CHEMICALS INC. ) <br> (DELAWARE), ) <br> ) <br> Defendants. ) | C.A. No. 05-737 (JJF) <br><br> **JURY TRIAL DEMANDED** |

**NOTICE OF DEPOSITION OF DOW CHEMICAL COMPANY
PURSUANT TO FED. R. CIV. P. 30(b)(6)**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants NOVA Chemicals Corporation and NOVA Chemicals, Inc., will take the deposition of Plaintiff The Dow Chemical Company ("Dow") by oral examination using videotape, audiotape, and/or stenographic means. The deposition will begin at 9:00 AM on August 21, 2008, at the offices of JENNER & BLOCK LLP, 330 N. Wabash Ave., Chicago, Ill. 60611, or such other location as the parties may mutually agree, and will continue from day to day until completed. The deposition will be taken before a Notary Public or other officer authorized by law to administer oaths. You are invited to attend and examine the witness.

Pursuant to Fed. R. Civ. P. 30(b)(6), Dow is directed to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf regarding each topic in Exhibit A, attached hereto. The persons so designated shall testify as to the matters known or reasonably available to Dow, as defined in Exhibit A.

At least five (5) business days prior to the noticed date, Dow shall designate in writing each person who will testify on its behalf and the subject matters identified in Exhibit A as to

which each designee shall testify.  Dow shall also produce to Defendant, or identify if already produced, at least five (5) business days prior to the noticed date any documents relied on or reviewed by the designee(s) for the purposes of becoming knowledgeable about the topic(s) on which the designee(s) may testify.

OF COUNSEL:

Ford F. Farabow, Jr.
Ronald A. Bleeker
Joann M. Neth
Mark J. Feldstein
Jeffrey W. Abraham
Troy A. Petersen
Martin I. Fuchs
Ken Motolenich-Salas
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC  20001-4413
Tel:  (202) 408-4000

H. Woodruff Turner
Thomas A. Donovan
Robert D. Yeager
Brian P. Anderson
KIRKPATRICK & LOCKHART
  PRESTON GATES ELLIS LLP
535 Smithfield Street
Pittsburgh, PA  15222
Tel:  (412) 355-6478

Dated:  August 5, 2008
877241 / 29645

POTTER ANDERSON & CORROON LLP

By: /s/ David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19801
    Tel:  (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendants*
*NOVA Chemicals Corporation (Canada), and*
*NOVA Chemicals Inc. (Delaware)*

## **EXHIBIT A**

## **DEFINITIONS AND INSTRUCTIONS**

1. The term "you," "your," and "Dow" encompasses The Dow Chemical Company and all predecessors and/or successors thereto; all affiliated or related companies thereof; each division or subsidiary thereof; all parents thereof, whether wholly or partially owned; and its partners, directors, owners, officers, members, employees, and any other persons under the control of The Dow Chemical Company.

2. The term "patents-in-suit" shall mean United States Patent Number 5,847,053 (the '053 patent) and United States Patent Number 6,111,023 (the '023 patent).

3. The term "this action" shall mean *The Dow Chemical Company v. NOVA Chemicals Corp. et al*, Case No. 05-737 (JJF), filed in the United States District Court for the District of Delaware.

## **TOPICS OF EXAMINATION**

1. All licenses, covenants, settlements, or other agreements or understandings between Dow and any third party (including without limitation any joint ventures or affiliates in which Dow directly or indirectly holds an equity interest), and any negotiations relating to such agreements or understandings (whether or not such negotiations resulted in an executed agreement), relating to the grant or receipt of rights by Dow with respect to: a) either or both of the patents-in-suit, or any patent application or patent related thereto, or any foreign counterparts of the patents-in-suit; b) Dow's INSITE$^{TM}$ technology; and c) the Dow products sold under the names ELITE$^{TM}$ and DOWLEX$^{TM}$.

2. All financial valuations and/or assessments made by or for Dow with respect to: a) either or both of the patents-in-suit, or any patent application or patent related thereto, or any foreign counterparts of the patents-in-suit; and b) any product(s) sold by Dow which is or was covered by the claims of the patents-in-suit.

3. The quantity, pricing, expenses (fixed and variable), margins, and gross and fully-allocated net profits realized from the sale of products for ELITE$^{TM}$, DOWLEX$^{TM}$, and any product which is or was covered by the claims of the patents-in-suit, including how such information was compiled and calculated;

4. Dow's accounting methods for sales, cost allocation, and profits related to ELITE®, DOWLEX™, and any product covered by the claims of the patents-in-suit.

5. Any instance(s) in which sales of any Dow product, including, but not limited to, any ELITE™ and/or DOWLEX™ product, were lost because of a sale or sales of NOVA SURPASS® product(s).

6. Any instance(s) where Dow reduced its price for any Dow product, including, but not limited to, Dow's ELITE™ and/or DOWLEX™ products, because of competition from NOVA SURPASS® product(s).

7. Any license or offer of a license from Dow to practice INSITE™ technology, to make ELITE™ or DOWLEX™ products, or to practice any Dow patents relating to polyethylene, including, but not limited to, any license or offer of license to DDE, Asahi, BP, Chevron, Mitsui, BSL, and Siam Cement.

8. Dow's manufacturing capacity with respect to its ELITE™ and DOWLEX™ products and/or any product covered by the claims of the patents-in-suit, including any available and/or unused capacity for such manufacturing during the period 2003 to 2009.

9. Any evidence that Dow marked any products, including, but not limited to, its ELITE™ and DOWLEX™ products, with the patent numbers of the patents-in-suit and any facts and/or documents that support such a contention.

10. Any evidence that Dow gave NOVA actual notice of infringement of the patents-in-suit prior to the filing date of this action, and the date of such notice.

11. The identification of the persons most knowledgeable about the factual bases in topics 1-10, above.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on August 5, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on August 5, 2008, the attached document was Electronically Mailed to the following person(s):

Rodger D. Smith II
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
rdsefiling@mnat.com

Harry J. Roper
Steven R. Trybus
Aaron A. Barlow
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611
hroper@jenner.com
strybus@jenner.com
abarlow@jenner.com

Darrick J. Hooker
Jenner & Block LLP
333 North Wabash Avenue
Chicago, IL 60611
dhooker@jenner.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

743809 / 29645