IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE DOW CHEMICAL COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No: 05-737-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| NOVA CHEMICALS CORPORATION (Canada), | ) | |
| and NOVA CHEMICAL INC. (Delaware), | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF DEPOSITION UNDER RULE 30(B)(6)
OF NOVA CHEMICALS CORPORATION AND NOVA CHEMICALS INC.**

PLEASE TAKE NOTICE that The Dow Chemical Company ("Dow") will take the deposition by stenographic transcription, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, of NOVA Chemicals Corporation and NOVA Chemicals Inc. ("Nova") at 9:30 a.m. on September 12, 2008, at the offices of Finnegan, Henderson, Farabow, Garrett & Dunner LLP, 901 New York Avenue, NW, Washington, DC 20001-4413, at which time and place Nova is requested and required to designate and produce one or more officers, directors, managing agents, or other persons who consent to testify on its behalf as to the matters listed on Exhibit A attached to this notice. The deposition may be videotaped.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

Harry J. Roper
Aaron A. Barlow
Raymond Nimrod
Darrick Hooker
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611
(312) 222-9350 (phone)

*/s/ Rodger D. Smith II*
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
rsmith@mnat.com
  *Attorney for Plaintiff*
  *The Dow Chemical Company*

August 15, 2008

# EXHIBIT A

# DEFINITIONS

Unless the context indicates otherwise, the following words and phrases are defined and used herein as follows:

1. "Nova" means NOVA Chemicals Corporation and NOVA Chemicals Inc., its predecessors, successors and affiliated entities, including all corporate parents, partners, agents, employees, officers, directors, representatives, officers, divisions and subsidiaries.

2. "Surpass" means Nova's film grade polymer products sold under the tradename Surpass® and any other Nova product sold, marketed or licensed by Nova for sale which fits within the definition of "SSC C8 Polymers" as defined in paragraph 5 of Nova's Amended Answer in this case.

3. "Patents-in-suit" means the two U.S. Patents identified in the Complaint.

# MATTERS FOR EXAMINATION

1. Nova's sales of Surpass, by quantity and by price, into the United States, or sold with the expectation of resale into the United States, from 2002 through the present.

2. Nova's projections, forecasts, or estimates of sales, by quantity and by price, of Surpass into the United States, or sold with the expectation of resale into the United States through December 8, 2011.

3. Nova's costs and profit margins for Surpass sales into the United States and the accounting methods and procedures used by Nova to compute and track such margins.

4. Nova's competitive marketing strategy for Surpass, in general and specifically as directed against any Dow product, including but not limited to (a) Nova's identification of potential and actual competitors, (b) strategies for meeting competition from each such competitor, (c) Nova's identification of properties or characteristics that Nova

represents to customers make Surpass an attractive alternate to competitive products, and (d) Nova's pricing of Surpass to meet or beat competitive products.

       5.       Nova's pricing strategy for Surpass.

       6.       Identification of each customer that purchased Surpass, the customer's end use application for the Surpass product, the annual volume (in pounds and dollars) of Surpass sold to each customer, and the factors considered by Nova in establishing the price charged to such customers.

       7.       Nova's sales to customers who switched from Dow products to Surpass or who purchased Surpass products instead of Dow products.

       8.       Nova's marketing, promoting or offering to sell Surpass to potential or existing customers that were or are purchasing products from Dow and Nova's pricing strategy relative to such customers.

       9.       Nova's marketing research related to Surpass, including but not limited to Nova's understanding of the demand for Surpass or similar products and the availability of other competitive products.

       10.     Nova's first knowledge of the patents-in-suit and its analysis, if any, into whether any Surpass product infringe those patents.

       11.     Any license or offer to license, whether granted by Nova to others or taken by Nova from others, related to any polyethylene product.

       12.     Nova's position or understanding with respect to what constitutes a reasonable royalty for patents in the polyethylene industry.

       13.     Any financial valuation or assessment with respect to the patents-in-suit or the exposure of Nova to those patents.

14. Nova's corporate structure as it relates to Nova's Surpass products, including the identities of persons responsible for and/or involved in sales, marketing, distribution, product management, and financial planning and analysis.

## CERTIFICATE OF SERVICE

I, Rodger D. Smith II, hereby certify that on August 15, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard L. Horwitz
> rhorwitz@potteranderson.com

I also certify that copies were caused to be served on August 15, 2008, upon the following in the manner indicated:

### BY HAND AND EMAIL

Richard L. Horwitz
Potter Anderson & Corroon, LLP
1313 N. Market Street, 6th Floor
Wilmington, DE  19899

### BY EMAIL

Jeffrey W. Abraham
Finnegan, Henderson, Farabow
 Garrett & Dunner, LLP
901 New York Avenue, N.W.
Washington, DC  20001
jeffrey.abraham@finnegan.com

*/s/ Rodger D. Smith II*
Rodger D. Smith II (#3778)