IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE DOW CHEMICAL COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-737 (JJF) |
| | ) |
| NOVA CHEMICALS CORPORATION | ) **JURY TRIAL DEMANDED** |
| (CANADA), and NOVA CHEMICALS INC. | ) |
| (DELAWARE), | ) **PUBLIC VERSION** |
| | ) |
| Defendants. | ) |

**DEFENDANTS' OPENING BRIEF IN SUPPORT
OF MOTION TO COMPEL PRODUCTION OF WITHHELD DOCUMENT**

OF COUNSEL:
Ford F. Farabow, Jr.
Ronald A. Bleeker
Joann M. Neth
Mark J. Feldstein
Jeffrey W. Abraham
Troy A. Petersen
Martin I. Fuchs
Ken Motolenich-Salas
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001-4413
Tel: (202) 408-4000

H. Woodruff Turner
Thomas A. Donovan
Robert D. Yeager
Brian P. Anderson
KIRKPATRICK & LOCKHART
 PRESTON GATES ELLIS LLP
535 Smithfield Street
Pittsburgh, PA 15222
Tel: (412) 355-6478

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants
NOVA Chemicals Corporation (Canada), and
NOVA Chemicals Inc. (Delaware)*

Dated: August 11, 2008
Public Version Dated: August 18, 2008
877984 / 29645

## **TABLE OF CONTENTS**

I. NATURE AND STAGE OF THE PROCEEDINGS ...........................................................1

II. SUMMARY OF THE ARGUMENT ................................................................................1

III. STATEMENT OF FACTS .................................................................................................2

IV. ARGUMENT......................................................................................................................4

    A. DOW WAIVED ANY PURPORTED PRIVILEGE BY INTENTIONALLY REMOVING THE CONTESTED DOCUMENT FROM ITS SIXTH PRIVILEGE LOG AND PRODUCING IT..............................4

    B. DOW CORRECTLY PRODUCED THE CONTESTED DOCUMENT AS IT IS NOT ENTITLED TO PROTECTION BY EITHER THE ATTORNEY-CLIENT PRIVILEGE OR WORK PRODUCT IMMUNITY..............................................................................................................5

V. CONCLUSION...................................................................................................................7

# TABLE OF AUTHORITIES

*Berg Elecs., Inc. v. Molex, Inc.,*
 875 F. Supp. 261 (D. Del. 1995) ................................................................................. 4

*Ciba-Geigy Corp. v. Sandoz Ltd.,*
 916 F. Supp. 404 (D.N.J. 1995) .................................................................................. 4

*Helman v Murry's Steaks, Inc.,*
 728 F. Supp. 1099 (D. Del. 1990) ............................................................................... 6

*Hercules, Inc. v. Exxon Corp.,*
 434 F. Supp. 136 (D. Del. 1977) ................................................................................. 7

*Holmes v. Pension Plan of Bethlehem Steel Corp.,*
 213 F.3d 124 (3d Cir. 2000) .................................................................................... 5-6

*Novartis Pharms. Corp. v. Abbott Labs.,*
 203 F.R.D. 159 (D. Del. 2001) .................................................................................... 7

*Pfizer, Inc. v. Ranbaxy Labs.,*
 C.A. No. 03-209-JFF, 2004 WL 2323135 (D. Del. Oct. 7, 2004) ............................... 6

*RCA Corp. v. Data General Corp.,*
 C.A. No. 84-270-JJF, 1986 WL 15693 (D. Del. July 2, 1986) ................................... 5

*Westinghouse Elec. Corp. v. Republic of the Philippines*
 951 F.2d 1414 (3d Cir. 1991) ................................................................................. 4, 5

## FEDERAL STATUTES

Fed. R. Civ. P. 26 ................................................................................................................ 7

I.     **NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff The Dow Chemical Company ("Dow") has accused Defendants NOVA Chemicals Corporation and NOVA Chemicals Inc. (collectively "NOVA") of infringing United States Patent Nos. 5,847,053 and 6,111,023 (the "'053 patent" and "'023 patent," respectively), which are generally directed to polymer blends having certain specified properties. NOVA has counterclaimed that the patents are not infringed by NOVA's products, are invalid over prior art and for, *inter alia*, lacking the required written description and enabling disclosure, and unenforceable due to inequitable conduct.[1]

Consistent with ongoing factual discovery pursuant to the Scheduling Order (D.I. 113), the parties have exchanged documents and logs of withheld documents, and have taken several depositions. Fact discovery is scheduled to close on September 16, 2008. By the present motion, NOVA seeks to compel Dow to produce a full copy of a contested document that Dow produced to NOVA and subsequently demanded NOVA return on the alleged bases that it is protected by the attorney client privilege and work product immunity and was inadvertently produced.

II.    **SUMMARY OF THE ARGUMENT**

After already generating six versions of its privilege log, the Court instructed Dow to "clean up" its privilege log by removing entries that "clearly [do not fall] within a legitimate assertion of privilege that can be demonstrated by an objective indicia." Dow then reviewed its revised Sixth Privilege Log, identified the contested document as one which was **not** protected by the attorney-client privilege or work product doctrine, removed the contested document from its log, and produced the contested document to NOVA. By voluntarily producing the contested

---

[1] NOVA has also counterclaimed under the Sherman Act (15 U.S.C. § 1 *et seq.*) and the Clayton Act (15 U.S.C. § 12 *et seq.*) for antitrust injury; these claims have been bifurcated for resolution after the patent case. (D.I. 50.)

document, Dow waived any purported attorney-client privilege or work product immunity reflected in the document.

Dow's decision to remove the document from the log and produce it was correct. The document does not contain any communication between client and attorney concerning legal advice or reflect materials prepared by an attorney or at an attorney's request in anticipation of litigation. Hence, Dow's claims of attorney-client privilege and work product immunity are improper. Accordingly, NOVA respectfully requests that the Court grant its Motion to Compel Dow to produce the contested document.

### III.  STATEMENT OF FACTS

The parties began exchanging documents in January of 2008, and exchanged initial privilege logs on March 11, 2008. The inadequacies of Dow's privilege logs and its improper withholding of documents was the subject of NOVA's previous Motion to Compel Withheld Documents (D.I. 61-65) filed on April 11, 2008.

On May 2, 2008, Dow provided NOVA with its revised Sixth Privilege Log, which included an entry for Document No. 2235, dated September 5, 2003, and described as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ As it had in the five previous revisions of its privilege log, Dow listed work product immunity as the only reason for withholding the document. Dow's sole basis for the work product immunity claim was a sworn declaration by Mr. Johnson, signed on April 30, 2008 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2

On May 9, 2008, the Court conducted a hearing on NOVA's previous motion to compel. The Court concluded that NOVA had demonstrated Dow's claims of privilege on its sixth log may be overly broad and ordered Dow to "clean [ ] up" its log and produce what "clearly doesn't fall within a legitimate assertion of privilege that can be demonstrated by an objective indicia." (D.I. 96, May 9, 2008, Hr'g Tr. at 18, ll. 2-15.) Three weeks later, on May 27, 2008, Dow provided NOVA with its revised Seventh Privilege Log and produced 496 additional documents that Dow intentionally removed from its sixth log. **The entry for Document No. 2235 on the revised Seventh Privilege Log simply read "Removed and produced," and the contested document was included in Dow's May 27, 2008 production.** (Ex. 2.) On May 27, 2008, Dow also provided a Supplemental Declaration of Mark Johnson, in which he removed reference to Document No. 2235 from the list of documents allegedly prepared in anticipation of this litigation.

On July 31, 2008, Dow informed NOVA in writing that it "recently became aware that [Dow] inadvertently produced" the contested document, a document bearing Bates No. DN00117236-37. (Ex. 3.) According to Dow, this document is protected by both the attorney-client privilege and work product immunity, and therefore "should not have been produced." (*Id.*) Dow requested that NOVA return the document immediately. (*Id.*)

[redacted]

---

[2] NOVA requests that Dow submit an unredacted copy of the contested document for in camera review with its brief in opposition to the present Motion to Compel.

[REDACTED]

NOVA responded to Dow's letter in writing, stating that it disagreed with Dow's position and requested an emergency hearing with the Court. Subsequently, Dow provided NOVA a redacted copy of the contested document. (Ex. 4.)

The parties have met and conferred on this topic, but were unable to resolve the dispute.

## IV. ARGUMENT

### A. DOW WAIVED ANY PURPORTED PRIVILEGE BY INTENTIONALLY REMOVING THE CONTESTED DOCUMENT FROM ITS SIXTH PRIVILEGE LOG AND PRODUCING IT

Federal Rule of Civil Procedure 26(b)(5)(B) and the Protective Order in this case (D.I. 60, para. 13) provide some protection for a party who inadvertently discloses information subject to a claim of privilege or of protection as attorney work product. It is well-settled, however, that when a party voluntarily discloses attorney-client privileged communications, the privilege is waived. *Westinghouse Elec. Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1427 (3d Cir. 1991). Similarly, voluntary disclosure of work product to an adversary waives work production protection. *Id.* at 1428-29. Moreover, the burden of proving that the production of a protected document was inadvertent and not voluntary falls upon the producing party. *See Ciba-Geigy Corp. v. Sandoz Ltd.*, 916 F. Supp. 404, 412 (D.N.J. 1995); *see also Berg Elecs., Inc. v. Molex, Inc.*, 875 F. Supp. 261, 263 (D. Del. 1995) (stating that a court must look to the *factual basis* for the claim the disclosure was inadvertent).

Although Dow stated in its letter to NOVA that disclosure of the contested document was inadvertent, the circumstances surrounding the production of the document suggests otherwise. Dow voluntarily produced the document to NOVA after being instructed by this Court to "clean

up" its revised Sixth Privilege Log. (D.I. 96, May 9, 2008, Hr'g Tr. at 18, ll. 9-15.) Dow reviewed its revised Sixth Privilege Log over the course of three weeks, presumably to follow the Court's instruction that it remove any document that "clearly doesn't fall within a legitimate assertion of privilege that can be demonstrated by an objective indicia." *Id.* Dow specifically identified the contested document as suitable for production to NOVA, and had Mr. Johnson prepare a supplemental declaration that omitted the contested document from among Dow's alleged work product. **As a result, Dow not only produced the contested document, but Dow also changed the entry on its privilege log for this document to read "Removed and produced."** Thus, Dow took several affirmative steps in producing the contested document to NOVA and identifying it as neither protected work product nor attorney-client privilege, making it clear that Dow's actions were intentional. Under these circumstances, production of an allegedly protected document operates as a waiver of any attorney-client privilege or work product reflected in the document. *See, e.g., Westinghouse*, 951 F.2d at 1427-29.

      **B.    DOW CORRECTLY PRODUCED THE CONTESTED DOCUMENT AS IT IS NOT ENTITLED TO PROTECTION BY EITHER THE ATTORNEY-CLIENT PRIVILEGE OR WORK PRODUCT IMMUNITY**

Dow was correct to produce the contested document as, in the words of the Court, the document "clearly doesn't fall within a legitimate assertion of privilege that can be demonstrated by an objective indicia" and thus does not qualify for protection under either the attorney-client privilege or work product immunity. (D.I. 96, May 9, 2008, Hr'g Tr. at 18, ll. 9-15.) Furthermore, under Paragraph 13.3 of the Protective Order, Dow has the burden of proving that the contested document is protected by the attorney-client privilege or work product immunity. (*See* D.I. 60, para. 13.3.) This requirement that Dow establish such protection is consistent with Third Circuit law. *See Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d

5

Cir. 2000); *RCA Corp. v. Data General Corp.*, C.A. No. 84-270-JJF, 1986 WL 15693, at *2 (D. Del. July 2, 1986).

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████ It is the content of the document itself that determines whether the attorney client privilege applies. *Pfizer, Inc. v. Ranbaxy Labs.*, C.A. No. 03-209-JJF, 2004 WL 2323135, at *2 (D. Del. Oct. 7, 2004).

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████ Simply copying an attorney on an e-mail, however, does not cloak a communication with the protection of the attorney-client privilege. *See Helman v Murry's Steaks, Inc.*, 728 F. Supp. 1099, 1102 (D. Del. 1990). ████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████ Accordingly, Dow's newly asserted claim of attorney-client privilege over the contested document is baseless. Indeed, Dow did not rely on the attorney-client privilege as a basis for withholding the contested document on any of its first six privilege logs.

6

████████████████████████████████████████

████████████████████████████████████████ Fed. R. Civ.

P. 26(b)(3); *Novartis Pharms. Corp. v. Abbott Labs.*, 203 F.R.D. 159, 163 (D. Del. 2001).

████████████████████████████████████████ Such

communications ████████████████ made in the ordinary course of business cannot "fairly

be said to have been prepared or obtained because of prospect of litigation." *Hercules, Inc. v.

Exxon Corp.*, 434 F. Supp. 136, 151 (D.Del. 1977). As such, Dow's assertion that the document

is protected work product is meritless. ████████████████████████

████████████████████████████████████████ (*See* D.I. 112, June 6,

2008, Hr'g Tr. at 88 (ruling on Doc. No. 1630).)

## V.   CONCLUSION

For the reasons stated above, NOVA respectfully asks this Court to compel Dow to produce an unredacted version of the contested document.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Ford F. Farabow, Jr.
Ronald A. Bleeker
Joann M. Neth
Mark J. Feldstein
Jeffrey W. Abraham
Troy A. Petersen
Martin I. Fuchs
Ken Motolenich-Salas
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC  20001-4413
Tel: (202) 408-4000

By: */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants
NOVA Chemicals Corporation (Canada), and
NOVA Chemicals Inc. (Delaware)*

H. Woodruff Turner
Thomas A. Donovan
Robert D. Yeager
Brian P. Anderson
KIRKPATRICK & LOCKHART
  PRESTON GATES ELLIS LLP
535 Smithfield Street
Pittsburgh, PA 15222
Tel: (412) 355-6478

Dated: August 11, 2008
Public Version Dated: August 18, 2008
877984 / 29645

8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on August 18, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on August 18, 2008, the attached document was Electronically Mailed to the following person(s):

Rodger D. Smith II
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
rdsefiling@mnat.com

Harry J. Roper
Steven R. Trybus
Aaron A. Barlow
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611
hroper@jenner.com
strybus@jenner.com
abarlow@jenner.com

Darrick J. Hooker
Jenner & Block LLP
333 North Wabash Avenue
Chicago, IL 60611
dhooker@jenner.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

743809 / 29645