# EXHIBIT AA



**FINNEGAN**
**HENDERSON**
**FARABOW**
**GARRETT &**
**DUNNER LLP**

901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

JOANN M. NETH
202-408-4028
joann.neth@finnegan.com

August 1, 2008

Aaron A. Barlow
Jenner & Block LLP
330 N. Wabash Ave.
Chicago, IL 60611

Re:   *The Dow Chemical Co. v. NOVA Chemicals Corp., et al.*
       C.A. No. 05-737 (JJF); D. Del

Dear Aaron:

Your letter of July 21, 2008 again fails to address Nova's objection to Dow's strategic behavior in securing a scheduling order that left important court dates such as claim construction hearing/briefing, pretrial and trial dates unchanged without telling Nova that it intended to assert patent claims in addition to the two claims it had previously been asserting. This sandbagging on Dow's part may well prejudice NOVA's trial preparations, for example with respect to non-infringement and/or invalidity, necessitating revision of the current scheduling order.[1] NOVA reserves its right to approach the court to do so, if and as necessary.

Your letter ignores this issue and resorts instead to accusing NOVA of not identifying additional claim terms that will require construction when Dow itself has not identified what the new claims it may assert are. Needless to say, Nova cannot point to additional claim terms if Nova does not know what claims Dow is asserting.

Your email of earlier today suggests a meet and confer to discuss the parties' claim constructions. After reviewing Dow's proposed claim constructions, we have

---

[1] As far as those defenses are concerned, your letter acknowledges that NOVA has already identified seven prior art references in response to Dow's contention interrogatories. NOVA will of course update its responses to those interrogatories as and if needed in the course of discovery, and as required by the Federal Rules of Civil Procedure and Local Rules of the District of Delaware.

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

Aaron A. Barlow
August 1, 2008
Page 2

modified slightly one of our proposed constructions in order to better frame the dispute for the Court. That is, we believe that the claim term, "(B)...ethylene polymer...comprising a linear polymer fraction, as determined using a temperature rising elution fractionation (TREF) technique" from the '023 patent should be construed to mean: a composition having a (B) component that is a heterogeneously branched ethylene polymer and contains a polymer fraction that is neither branched nor highly branched, but is linear, as determined using a temperature rising elution fractionation (TREF) technique. We also conclude from our review of our respective claim constructions that there is no dispute with respect to the claim term "Composition Distribution Breadth Index (CDBI) greater than 50 percent." Rather, we agree that this term should be construed to mean: the weight percent of the polymer molecules having a comonomer content within 50 percent of the median total molar comonomer content must be greater than 50 percent. Attached hereto is a revised version of NOVA's proposed claim constructions incorporating these changes.

Upon consideration of the above and attached, you may feel that the meet and confer you propose in your email is unnecessary. Please let me know after you have had an opportunity to consider this.

Sincerely,

Joann M. Neth

JMN:mp
Enclosure

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE DOW CHEMICAL COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-737 (JJF) |
| | ) |
| NOVA CHEMICALS CORPORATION (Canada) | ) |
| and NOVA CHEMICALS INC., (Delaware) | ) |
| | ) |
| Defendants. | ) |
| | ) |

## NOVA'S PROPOSED CONSTRUCTIONS FOR CLAIM TERMS IN CLAIM 6 OF THE '053 PATENT AND CLAIM 1 OF THE '023 PATENT

### '053 Patent – Claim 6

| Claim Term | Nova's Proposed Construction |
|---|---|
| "composition comprising (A) . . . and (B)" | Composition must contain the recited "homogeneously branched linear ethylene/$\alpha$-olefin interpolymer" (A) and the recited "heterogeneously branched linear ethylene polymer" (B). Composition may include other components. However, all "homogeneously branched linear ethylene/$\alpha$-olefin interpolymer(s)" must satisfy the requirements of element (A) and all "heterogeneously branched linear ethylene polymer(s)" must satisfy the requirements of element (B). |
| "homogeneously branched linear ethylene $\alpha$-olefin interpolymer" | Ethylene $\alpha$-olefin interpolymer in which the comonomer is randomly distributed within a given interpolymer molecule and wherein substantially all of the interpolymer molecules have the same ethylene/comonomer ratio within that interpolymer. Such interpolymer has a CDBI greater than about 30 percent and no long chain branching. Such interpolymer is not "substantially linear" as defined in the patent. |

- 1 -

| Claim Term | Nova's Proposed Construction |
|---|---|
| "a slope of strain hardening coefficient of greater than or equal to 1.3" | Indefinite. Not amenable to construction. The specification defines strain hardening coefficient (SHC) = (slope of strain hardening) • $(I_2)^{0.25}$ without identifying any units of measurement. Slope of strain hardening is defined by referencing a drawing (Fig. 1, col. 6, line 40), which is missing from the specification. In absence of the drawing, the units of slope of strain hardening are not defined. Further, the portion of the strain hardening region for drawing the parallel line (col. 6, lines 41-43) whose slope is determined is also not defined. SHC, therefore, cannot be determined. |
| "(B) . . . heterogeneously branched linear ethylene polymer" | Ethylene polymer having a distribution of branching different from and broader than the homogeneously branched ethylene/ α-olefin, including having a highly branched portion, a medium branched portion and an essentially linear portion. |

'023 Patent – Claim 1

| Claim Term | Nova's Proposed Construction |
|---|---|
| "(A) . . . at least one ethylene interpolymer" | A substantially linear ethylene polymer prepared from a catalyst with constrained geometry about the metal atom as described in U.S. Patent No. 5,272,236. |
| "a slope of strain hardening coefficient of greater than or equal to 1.3" | Indefinite. Not amenable to construction. The specification defines: strain hardening coefficient (SHC) = (slope of strain hardening) • $(I_2)^{0.25}$ without identifying any units of measurement. The slope of strain hardening is defined by reference to a drawing (Fig. 1, col. 7, line 18), which is missing from the specification. In the absence of the drawing, the units of slope of strain hardening are not defined. Further, the portion of the strain hardening region for drawing the parallel line (col. 7, lines 19-21) whose slope is determined is also not defined. SHC, therefore, cannot be determined. |

| Claim Term | Nova's Proposed Construction |
|---|---|
| "(B) . . . ethylene polymer . . . comprising a linear polymer fraction, as determined using temperature rising elution fractionation (TREF) technique" | A composition having a (B) component that is a heterogeneously branched ethylene polymer and contains a polymer fraction that is neither branched nor highly branched, but is linear, as determined using a temperature rising elution fractionation (TREF) technique. |