**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| THE DOW CHEMICAL COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-737 (JJF) |
| | ) | |
| NOVA CHEMICALS CORPORATION | ) | |
| (CANADA) and NOVA CHEMICALS INC. | ) | |
| (DELAWARE), | ) | **PUBLIC VERSION** |
| | ) | |
| Defendants. | ) | |

**DOW'S ANSWERING BRIEF IN OPPOSITION
TO DEFENDANTS' MOTION TO COMPEL**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
*Attorneys for Plaintiff*
*The Dow Chemical Company*

OF COUNSEL:

Harry J. Roper
Aaron A. Barlow
Raymond N. Nimrod
Darrick J. Hooker
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL  60611
(312) 222-9350

Confidential Version Filed: August 28, 2008
Public Version Filed: September 5, 2008

**TABLE OF CONTENTS**

I. NATURE AND STAGE OF THE PROCEEDINGS ....................................................... 1

II. SUMMARY OF THE ARGUMENT ................................................................................ 1

III. STATEMENT OF FACTS ................................................................................................ 2

IV. ARGUMENT ..................................................................................................................... 3

    A. DOCUMENT #2235 IS PRIVILEGED ..................................................................... 3

    B. DOW DID NOT WAIVE ITS PRIVILEGES BY
       INADVERTENT PRODUCTION ............................................................................ 7

V. CONCLUSION .................................................................................................................. 9

# **TABLE OF AUTHORITIES**

## **CASES**

*Berg Electronics, Inc. v. Molex, Inc.*, 875 F. Supp. 261 (D. Del. 1995) ......................... 4-5, 8, 9-10

*Burlington Industries v. Exxon Corp.*, 65 F.R.D. 26 (D. Md. 1974) ................................. 6

*Dowd v. Calabrese*, 101 F.R.D. 427 (S.D.N.Y. 1984) ............................................... 10

*Eutectic Corp. v. Metco, Inc.*, 61 F.R.D. 35 (E.D.N.Y. 1973) ..................................... 6, 7

*GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268 (Fed. Cir. 2001) ..................................... 5

*In re Grand Jury*, 138 F.3d 978 (3d Cir. 1998) ................................................... 7, 9, 10

*In re Grand Jury Proceedings*, 604 F.2d 798 (3d Cir. 1979) ....................................... 7

*In re Hechinger Investment Co. of Del.*, 303 B.R. 18 (D. Del. 2003) ............................. 9, 10

*Helman v. Murry's Steaks, Inc.*, 728 F. Supp. 1099 (D. Del. 1990) ............................... 5, 9, 10

*Hopson v. Mayor & City Council of Baltimore*, 232 F.R.D. 228 (D. Md. 2005) ..................... 10

*International Business Machines Corp. v. Comdisco*, No. 91-C-07-199,
    1992 WL 149502 (Del. Super. Ct. June 22, 1992) .............................................. 6

*Maldonado v. N.J. ex rel. Administrative Office of Courts-Probation Division*,
    225 F.R.D. 120 (D.N.J. 2004) ................................................................ 10

*Pfizer, Inc. v. Ranbaxy Laboratories, Ltd.*, C.A. No. 03-209-JJF,
    2004 WL 2323135 (D. Del. Oct. 7, 2007) ..................................................... 5

*RCA Corp. v. Data General Corp.*, No. 84-270-JJF,
    1986 WL 15693 (D. Del. July 2, 1986) ...................................................... 5, 6, 7

*Redland Soccer Club, Inc. v. Department of Army of U.S.*, 55 F.3d 827 (3d Cir. 1995) ........... 9

*Rhodia Chimie v. PPG Industrial, Inc.*, 218 F.R.D. 416 (D. Del. 2003) ........................... 8

*United States v. United Shoe Machine Corp.*, 89 F. Supp. 357 (D. Mass. 1950) .................... 5

*Westinghouse Electric Corp. v. Republic of the Philippines*, 951 F.2d 1414 (3d Cir. 1991) ...... 9

*Williams v. Sprint/United Management Co.*, 238 F.R.D. 633 (D. Kan. 2006) ........................ 6

*Wm. T. Thompson Co. v. General Nutrition Corp., Inc.*, 671 F.2d 100 (3d Cir. 1982)...................5

## **FEDERAL RULES**

Fed. R. Civ. P. 26(b)(3)(A) ................................................................................................................7

Fed. R. Evid. 501 ..............................................................................................................................5

**I.      NATURE AND STAGE OF THE PROCEEDINGS**

On May 9, 2008, the Court ordered Dow to re-review the documents listed on its privilege log and produce any documents that are not privileged.  (*See* D.I. 98 at 19:23-24.) Dow's attorneys complied by withdrawing privilege assertions and producing approximately 700 previously withheld documents.  Among those was a September 5, 2003 email chain from Bill Fordyce to Mark Johnson ("Document #2235"), which was determined to be privileged in part, producible in part.  Document #2235 was removed from the privilege log so that a redacted version could be produced.

While preparing for a deposition, Dow discovered that Document #2235 had been produced in its entirety rather than in redacted form.  On July 31, 2008, the same day that Dow discovered its mistake, Dow sent a letter to Nova, requesting that Document #2235 be returned immediately.  (*See* D.I. 126 at Ex. 3.)  Dow produced the redacted version of the document to Nova.  (*See* D.I. 126 at Ex. 4.)

Nova's present motion seeks production of the unredacted document on the grounds that (1) the document is not privileged and, (2) even if privileged, the privilege has been waived.  (D.I. 124; D.I. 126.)

**II.     SUMMARY OF THE ARGUMENT**

The redacted portions of Document #2335 are privileged attorney-client communications and work product.  The production of the privileged portions was inadvertent and do not constitute a waiver of privilege.  Nova's motion should be denied.[1]

---

[1]   The redacted version of the document is attached to Nova's motion as Exhibit 4. (D.I. 126 at Ex 4.)  The unredacted document, which the Declarations of Stephen Krupp, and Mark Johnson, each refer to as being attached, has been filed as a separate exhibit (Ex. A) to this Brief for *in camera* inspection by the Court, and is not being served on Nova.

**III.     STATEMENT OF FACTS**

In April 2003, Nova began to manufacture and sell a line of polyethylene polymer products called SURPASS.  (Krupp Decl. at ¶ 2; Johnson Decl. at ¶ 2; *see also* D.I. 1 at ¶ 16.)

REDACTED

REDACTED  (Krupp Decl. at ¶ 2; Johnson Decl. at ¶ 2.)  REDACTED

REDACTED

(Krupp Decl. at ¶ 2; Johnson Decl. at ¶ 2.)  REDACTED

REDACTED  (Krupp Decl. at ¶ 2; Johnson Decl. at ¶ 2.)  REDACTED

REDACTED

(Krupp Decl. at ¶¶ 2-3; Johnson Decl. at ¶¶ 2-3.)

REDACTED

(Krupp Decl. at ¶ 3; Johnson Decl. at ¶ 3.)  Johnson shared his draft with Bill Fordyce, Senior Director of Research and Development for Polyethylene in the e-mail chain that is the subject of Nova's motion to compel.  (Krupp Decl. at ¶ 3; Johnson Decl. at ¶ 3.)  REDACTED

(Krupp Decl. at ¶ 3; Johnson Decl. at ¶ 3; *see also* Ex. A.)

In October 2005, Dow initiated the present action.  (D.I. 1.)  In response to Nova's document requests, Dow's attorneys reviewed almost one million pages of documents

---

[2]   One of Johnson's key responsibilities is to serve, at the direction of counsel, as a liaison between Dow's attorneys and technical and business leaders in managing and coordinating anticipated and ongoing patent litigation.  (Krupp Decl. at ¶ 1.)

2

between January and March 2008. Dow produced a privilege log (*see* D.I. 126 at Ex. 2) of withheld documents, which included Document #2235. (*Id.*)

In the course of complying with this Court's order to re-review its initial privilege assertions, Dow's attorneys withdrew privilege assertions and produced approximately 700 previously withheld documents. Document #2235 was determined to be a document that was privileged in part, producible in part. It was removed from the privilege log so that a redacted version could be produced. On July 31, 2008, Dow discovered that it had mistakenly produced the unredacted version of the document and that same day sent a letter to Nova requesting that Document #2235 be returned immediately. (*See* D.I. 126 at Ex. 3.) Dow produced the redacted version of the document to Nova. (*See* D.I. 126. at Ex. 4.)

## IV.  ARGUMENT

### A.  DOCUMENT #2235 IS PRIVILEGED

Nova argues that the opinions in Document #2235 are solely opinions of non-lawyers. (D.I. 126 at 6.) Specifically, Nova argues that "[t]he text of the contested documents reveals communications between non-attorney business executives relaying their own opinion with respect to NOVA." (*Id.*) Nova is simply incorrect.   REDACTED

REDACTED

(Krupp Decl. at ¶ 3; Johnson Decl. at ¶ 3.)

REDACTED



(*See* Krupp Decl. at ¶ 3; Johnson Decl. at ¶ 3; *see also* Ex. A.)    REDACTED    is not probative of any issue in the litigation, but in any event, that REDACTED is privileged. The fact that non-

3

lawyer executives shared that privileged <sup>REDACTED</sup> amongst themselves does not destroy the attorney-client privilege.

"The Supreme Court has recognized that the privilege forbidding the discovery and admission of evidence relating to communications between an attorney and a client is intended to ensure the client remains free from apprehension that consultations with a legal advisor will be disclosed." *Berg Elecs., Inc. v. Molex, Inc.*, 875 F. Supp. 261, 261-62 (D. Del. 1995). This Court has adopted the formulation of the attorney-client privilege set forth in *United States v. United Shoe Mach. Corp.*, 89 F. Supp. 357, 358-59 (D. Mass. 1950).[3] *See Helman v. Murry's Steaks, Inc.*, 728 F. Supp. 1099, 1102 (D. Del. 1990); *RCA Corp. v. Data Gen. Corp.*, C.A. No. 84-270, 1986 WL 15693, at *3 (D. Del. July 2, 1986). The attorney-client privilege applies to attorney-client communications that relate "to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding." *RCA*, 1986 WL 15693 at *3. Communications between non-lawyers may be privileged, however, if the communications convey or describe confidential communications between counsel and client, conducted primarily for the purpose of soliciting legal advice or assistance.[4] *Id.* at *4; *see also Williams v. Sprint/United Mgmt. Co.*, 238 F.R.D. 633, 639

---

[3] The federal common law controls this dispute. *See Wm. T. Thompson Co. v. Gen. Nutrition Corp.*, 671 F.2d 100, 103 (3d Cir. 1982) ("[I]n federal question cases, the federal common law of privileges applies."); *see also* Fed. R. Evid. 501 (witnesses' attorney-client privilege with respect to federal claims "shall be governed by the principles of the common law as . . . interpreted by the courts of the United States in light of reason and experience"). Similarly, regional circuit law governs questions regarding inadvertent disclosure and waiver of the attorney-client privilege in patent cases. *See GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1272 (Fed. Cir. 2001).

[4] Nova's argument that Document #2235 is not privileged because "[t]here is no indication within the text that these opinions were in any way formed or based on communications

(D. Kan. 2006) ("lawyer does not have to be connected in some way to an intra-corporate communication for the privilege to apply"); *Burlington Indus. v. Exxon Corp.*, 65 F.R.D. 26, 38-39 (D. Md. 1974) ("documents which are prepared at the direction of members of the control group[,] . . . which are primarily legal in nature, will not fall outside the scope of the attorney-client privilege merely because at their inception the communications were intracorporate"); *Eutectic Corp. v. Metco, Inc.*, 61 F.R.D. 35, 38 (E.D.N.Y. 1973) (confidential communications between client's representatives are privileged if the communications are conducted "for the purpose of obtaining legal services for the client").

The fact that the redacted portions of Document #2235 were not authored or received by an attorney does not preclude the communications from being privileged. *See RCA*, 1986 WL 15693 at *4; *Williams*, 238 F.R.D. at 639; *Burlington*, 65 F.R.D. 38-39; *Eutectic*, 61 F.R.D. at 38.                           REDACTED

(*See* Krupp Decl. at ¶ 3; Johnson Decl. at ¶ 3; Ex. A.)  The intracompany transmission of counsel's advice to a select group of Dow executives serves an important role in securing legal assistance and does not affect the attorney-client privilege. *See RCA*, 1986 WL 15693, at *4.

---

with counsel" and because the "content" of the document governs privilege determinations (D.I. 126 at 6), relies on an incomplete assertion of law and ignores the facts of this case.  Although "[t]he contents of a communication determine whether the attorney-client privilege applies[,] . . . communications made for the purpose of obtaining or giving legal advice are protected." *Pfizer, Inc. v. Ranbaxy Labs., Ltd.*, C.A. No. 03-209-JJF, 2004 WL 2323135, at *2 (D. Del. Oct. 7, 2007).  Here, the intracompany communications at issue served an important role in securing legal assistance.  Furthermore, at least one court has held that a communication between non-lawyers may maintain its privileged status even if the author did not know the purpose for which the document was created. *See Int'l Bus. Machs. Corp. v. Comdisco*, No. 91-C-07-199, 1992 WL 149502, at *1 (Del. Super. Ct. June 22, 1992) (holding that inadvertently produced document, created at the direction of counsel, was privileged).

5

The redacted portions of Document #2235 do not reflect "communications made in the routine course of business." REDACTED (*See* Ex. A.) Where the "dominant purpose" of a communication between non-lawyers "is to facilitate the rendition of legal services to the client[,]" the fact that the communication involves some routine business activities does not preclude the communication from being held privileged. *Eutectic*, 61 F.R.D. at 39.

Not only are these redacted portions privileged, they constitute protectable work product. "Ordinarily, a party may not discover documents . . . that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). The work product protection extends not only to documents prepared by a party's attorney, but also to documents that are prepared in anticipation of litigation and at the direction of counsel. *In re Grand Jury*, 138 F.3d 978, 981 (3d Cir. 1998). A document is "prepared in anticipation of litigation" where, "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *In re Grand Jury Proceedings*, 604 F.2d 798, 803 (3d Cir. 1979).

REDACTED

(Krupp Decl. at ¶ 3; Johnson Decl. at ¶ 3.) REDACTED

REDACTED

(Krupp Decl. at ¶ 3; Johnson Decl. at ¶ 3.) REDACTED

6

REDACTED          (*See* Krupp Decl. at ¶¶ 2-3; Johnson Decl. at ¶¶ 2-3.)          REDACTED

(Krupp Decl. at ¶ 3; Johnson Decl. at ¶ 3; *see also* Ex. A.)          REDACTED

### B. DOW DID NOT WAIVE ITS PRIVILEGES BY INADVERTENT PRODUCTION

Attorney-client privilege and work product protection waiver issues are analyzed differently. *See Rhodia Chimie v. PPG Indus., Inc.*, 218 F.R.D. 416, 421 (D. Del. 2003). If a party discloses an otherwise privileged communication, the party will not be held to have waived the attorney client privilege unless the facts indicate that the *client* intended to disclose the communication. *Berg Elecs.*, 875 F. Supp. at 263. If counsel is responsible for having disclosed a privileged communication, counsel's disclosure will not constitute waiver of the attorney client privilege unless counsel is found to have been grossly negligent or acted reckless. *Id*. In analyzing whether counsel was grossly negligent or reckless in disclosing a privileged communication, courts focus on the precautions taken to prevent disclosure and the measures employed to rectify the situation upon discovering that disclosure has occurred. *Helman*, 728 F. Supp. at 1104.

Similarly, inadvertent disclosure of work product will not waive the protection. In analyzing whether disclosure of work product constitutes waiver, however, courts focus on "whether the party asserting the work product doctrine pursued all reasonable means to restore the confidentiality of the materials and prevent further disclosures within a reasonable period." *In re Hechinger Inv. Co. of Del.*, 303 B.R. 18, 25 (D. Del. 2003); *accord In re Grand Jury*, 138

7

F.3d at 981. Thus, a party's inadvertent disclosure of either a privileged communication or a protected document will not necessarily waive the attorney-client privilege or the work product protection.[5] *E.g., Berg Elecs.*, 875 F. Supp. at 263 (attorney-client); *Helman*; 225 F.R.D. at 1104 (attorney-client); *cf. In re Hechinger*, 303 B.R. at 25 (work product).

The "extent of the document production" and "the number of inadvertent disclosures" should be considered in assessing the reasonableness of precautions taken to prevent inadvertent disclosures. *Maldonado v. N.J. ex rel. Administrative Office of Courts-Probation Div.*, 225 F.R.D. 120, 128 (D.N.J. 2004). Here, counsel reviewed almost one million pages of documents. Counsel conducted a re-review of more than 2,000 documents over a two week period. Dow is unaware of any document that has been inadvertently produced, other than Document #2235.

Moreover, Dow took immediate steps to rectify its inadvertent disclosure. Dow acted the same day that it discovered its mistake, sending a letter to Nova requesting that Document #2235 be returned immediately. (*See* D.I. 126 at Ex. 3.) Dow's prompt action should

---

[5] Nova attempts to avoid the controlling waiver standards by selectively citing to *Westinghouse Elec. Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1427 (3d Cir. 1991), to support the proposition that voluntary disclosure of a privileged communication or protected document constitutes waiver. (D.I. 126 at 4.) In *Westinghouse*, the plaintiffs were held to have waived privilege after they knowingly, intentionally, and purposefully disclosed privileged communications and protected documents to the SEC and DOJ in an attempt to "forestall prosecution" and "obtain lenient treatment." *Id.* at 1429. The plaintiffs in *Westinghouse* never claimed they mistakenly or inadvertently produced the documents at issue because they had, in fact, "deliberately" produced the documents in hopes of receiving a tangible benefit in return. *See id.* at 1431. Post-*Westinghouse*, the Third Circuit has confirmed that a party's disclosure may be inadvertent even where the party "voluntarily" produces privileged documents. *Redland Soccer Club, Inc. v. Dep't of Army of U.S.*, 55 F.3d 827, 856 (3d Cir. 1995) (holding that Government's previous disclosure of five documents was inadvertent and "did not qualify as a 'voluntary' waiver).

8

be weighed in assessing whether the document was produced inadvertently. *See In re Grand Jury*, 138 F.3d at 981; *In re Hechinger*, 303 B.R. at 25.

Nova's insistence that it is entitled to Document #2235 is in direct contravention of this Court's Stipulation and Order Governing Discovery Materials ("Stipulation"). (D.I. 60 at ¶ 13.) Courts routinely uphold and enforce "claw back" agreements. *E.g., Hopson v. Mayor & City Council of Baltimore*, 232 F.R.D. 228, 232 (D. Md. 2005); *Dowd v. Calabrese*, 101 F.R.D. 427, 439-40 (S.D.N.Y. 1984). Under the Stipulation, Dow's inadvertent disclosure does not operate as a waiver of either the attorney client privilege or work product protection. (*Id*.) As described above, the redacted portions of Document #2235 contain both privileged communications and protectable statements. Under the Stipulation, Nova is required to return the unredacted version of Document #2235 to Dow.

## V.  CONCLUSION

For the reasons stated above, Dow respectfully requests that the Court deny Defendants' Motion to Compel Production of Withheld Document.

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        */s/ Rodger D. Smith II*
        Rodger D. Smith II (#3778)
        1201 N. Market Street
        P.O. Box 1347
        Wilmington, DE  19899-1347
        (302) 658-9200
        *Attorneys for Plaintiff*
        *The Dow Chemical Company*

OF COUNSEL:

Harry J. Roper
Aaron A. Barlow
Raymond N. Nimrod
Darrick J. Hooker
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL 60611
(312) 222-9350

Dated: August 28, 2008

**CERTIFICATE OF SERVICE**

I, Rodger D. Smith II, hereby certify that on September 5, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Richard L. Horwitz
> rhorwitz@potteranderson.com

I also certify that copies were caused to be served on September 5, 2008, upon the following in the manner indicated:

> **BY EMAIL**
>
> Richard L. Horwitz
> Potter Anderson & Corroon, LLP
> 1313 N. Market Street, 6th Floor
> Wilmington, DE 19899
>
> Jeffrey W. Abraham
> Finnegan, Henderson, Farabow
>  Garrett & Dunner, LLP
> 901 New York Avenue, N.W.
> Washington, DC 20001
> jeffrey.abraham@finnegan.com

*/s/ Rodger D. Smith II*
Rodger D. Smith II (#3778)