IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE DOW CHEMICAL COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NOVA CHEMICALS CORPORATION ) <br> (CANADA), and NOVA CHEMICALS INC. ) <br> (DELAWARE), ) <br> ) <br> Defendants. ) | C.A. No. 05-737 (JJF) <br><br> **JURY TRIAL DEMANDED** <br><br> **PUBLIC VERSION** |

**DEFENDANTS' REPLY BRIEF IN SUPPORT
OF MOTION TO COMPEL PRODUCTION OF WITHHELD DOCUMENT**

OF COUNSEL:
Ford F. Farabow, Jr.
Ronald A. Bleeker
Joann M. Neth
Martin I. Fuchs
Mark J. Feldstein
Jeffrey W. Abraham
Troy A. Petersen
Ken Motolenich-Salas
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001-4413
Tel: (202) 408-4000

H. Woodruff Turner
Thomas A. Donovan
Robert D. Yeager
Brian P. Anderson
KIRKPATRICK & LOCKHART
 PRESTON GATES ELLIS LLP
535 Smithfield Street
Pittsburgh, PA 15222
Tel: (412) 355-6478

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants*
*NOVA Chemicals Corporation (Canada), and*
*NOVA Chemicals Inc. (Delaware)*

Dated: September 5, 2008
Public Version Dated: September 12, 2008
882397 / 29645

## **TABLE OF CONTENTS**

I.   INTRODUCTION. ...........................................................................................................1

II.  DOW'S INTENTIONAL PRODUCTION OF DOCUMENT 2235 WITHOUT
     REDACTION CONSTITUTES WAIVER................................................................1

     A.   Dow Intentionally Removed Document 2235 From Its Log and Produced
          It Without Redaction..........................................................................................2

     B.   Dow Offers No Evidence to Prove Production Was a Mistake ..............................5

     C.   Dow Benefited From Producing Document 2235 and Should Not Be
          Allowed To Now Reclaim It...............................................................................6

III. THE CONTESTED DOCUMENT IS NOT ENTITLED TO PROTECTION BY
     EITHER THE ATTORNEY-CLIENT PRIVILEGE OR WORK PRODUCT
     DOCTRINE ................................................................................................................7

IV.  CONCLUSION...........................................................................................................10

# TABLE OF AUTHORITIES

*AMP, Inc. v. Fujitsu Microelectronics, Inc.*,
    853 F. Supp. 808 (M.D. Pa. 1994) ............................................................................... 7

*Berg Elecs., Inc. v. Molex, Inc.*,
    875 F. Supp. 261 (D. Del. 1995) .................................................................................. 5

*Conoco Inc. v. Dept. of Justice*,
    687 F.2d 724 (3d Cir. 1982) ........................................................................................ 7

*Helman v Murry's Steaks, Inc.*,
    728 F. Supp. 1099 (D. Del. 1990) ............................................................................... 9

*In re Brand Name Prescription Drugs Antitrust Litigation*,
    No. 94 C 879, 1995 WL 683777 (N.D. Ill Nov. 16, 1995) .......................................... 4

*Murray v. Gemplus Int'l*,
    217 F.R.D. 362 (E.D. Pa. 2003) .................................................................................. 7

*Novartis Pharms. Corp. v. Abbott Labs.*,
    203 F.R.D. 159 (D. Del. 2001) .................................................................................... 9

*Pfizer, Inc. v. Ranbaxy Labs.*,
    C.A. No. 03-209-JJF, 2004 WL 2323135 (D. Del. October 7, 2004) ......................... 8

*RCA Corp. v. Data General Corp.*,
    C.A. No. 84-270-JJF, 1986 WL 15693 (D. Del. July 2, 1986) .................................... 7

*Rohm and Haas Co. v. Brotech Corp.*,
    815 F. Supp. 793 (D. Del. 1993) ................................................................................ 10

*Westinghouse Elec. Corp. v. Republic of the Philippines*,
    951 F.2d 1414 (3d Cir. 1991) ................................................................................. 6, 7

*Williams v. Sprint/United Mgmt. Co.*,
    No. 03-2200-JWL, 2007 WL 38397 (D. Kan. Jan. 5, 2007) ............................... 5, 6, 9

*Wunderlich-Malec Sys., Inc. v. Eisenmann Corp.*,
    No. 05 C 4343, 2006 WL 3370700 (N.D. Ill. Nov. 17, 2006) ..................................... 5

## RULES

Fed. R. Civ. P. 26(b)(3) ........................................................................................................ 9

I.  **INTRODUCTION**

By voluntarily producing the contested document ("Doc. 2235")[1], Dow waived any purported attorney-client privilege or work product immunity. Dow's intentional decision to produce the document is evidenced in the undisputed facts that (1) Dow reviewed the document multiple times prior to producing it on May 27, 2008, (2) Dow removed the contested document from its privilege log, (3) Dow newly described the document as "Removed and produced" on its seventh log, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ and (5) Dow produced the contested document to NOVA without redaction. Aside from conclusory statements and attorney argument, Dow offers nothing to refute the evidence that its production to NOVA of the contested document in unredacted form was based on conscious and intentional decisions.

Moreover, Dow's claims of attorney-client privilege and work product immunity for the document are unfounded. Accordingly, NOVA respectfully requests that the Court grant its Motion to Compel Dow to produce the contested document in unredacted form.

II. **DOW'S INTENTIONAL PRODUCTION OF DOCUMENT 2235 WITHOUT REDACTION CONSTITUTES WAIVER**

Dow's claim that it inadvertently produced an unredacted copy of Doc. 2235 is inconsistent with the intentional actions it took to produce the document in response to this Court's order (D.I. 96) to "clean up" its privilege log. After asserting work product protection for the document on six iterations of its privilege log and in three declarations, Dow made the decision to produce the document and change the corresponding entry on its cleaned-up log to

---

[1] Although Dow refers to Doc. 2335 on page 1 of its brief and also in the Declarations of Stephen Krupp and Mark Johnson, NOVA believes that is a typographical error and that Dow is actually referring to Doc. 2235, as it does in other portions of its brief.

"Removed and produced." (D.I. 126, Ex. 2.) These affirmative acts by Dow distinguish the document from documents that Dow decided were redactable, all of which were labeled with "Redaction" on Dow's cleaned-up log. (Ex. 5 at p. 292, Entry No. 2322.) Moreover, as further evidence of Dow's intentional decision to produce the document, as of the date of Dow's cleaned-up log, Dow's affiant, Mr. Johnson, swore a new declaration no longer asserting that Doc. 2235 reflected attorney work product. Dow's decision to produce the document was also self-serving, as it helped Dow avoid having to turn over all of the documents on its log, a remedy the Court threatened to impose if Dow did not properly clean up its log. Thus, the production of the unredacted document was the result of a series of conscious decisions by Dow to remove the document from the log and produce it to NOVA, evidencing voluntary, **not** inadvertent, production. Dow's mere conclusory statement that its production was inadvertent is not sufficient to meet Dow's burden to withhold the previously produced document.

### A. Dow Intentionally Removed Document 2235 From Its Log and Produced It Without Redaction

Dow's assertion that it mistakenly produced in-full a document "determined to be privileged in part, producible in part" is contrary to the undisputed facts surrounding its production - all of which evidence Dow's intentional decision to produce Doc. 2235.

Dow's basis for its work product immunity claim for Doc. 2235 came initially in a sworn declaration by Mark Johnson, signed on April 2, 2008, ████████████████ ████████████████████████████████████████ ████████████████████████ At that time, the description on Dow's log for Doc. 2235 was "E-mail correspondence regarding presentation." (Ex. 7.) After Dow realized that it had improperly asserted work product immunity over certain documents, ███ ████████████████████████████████████████

2

████████████████████████████████████████████

████████████████████████████████████████ At that time, Dow clearly re-reviewed Doc. 2235, as evidenced by Dow changing the description on its privilege log to read:

████████████████████████████████████████

██████████████████

In conjunction with its Seventh Privilege Log, however, Mr. Johnson provided a Supplemental Declaration ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████

Consistent with ████████████ and after being ordered by the Court to "clean up" its log, Dow removed Doc. 2235 from its log and produced the document without redaction to NOVA along with 496 other documents.[2] Included in the 497 documents produced to NOVA were 44 documents produced in redacted form.[3] For each of the 44 redacted documents, Dow

---

[2] Dow claims that it withdrew privilege assertions for and produced approximately 700 documents after the Court ordered Dow to re-review the documents listed on its log. Dow, however, produced only approximately 500 documents after the May 9, 2008 hearing.



3

changed the entry for that document on its privilege log to reflect its decision to redact the document, such as ███████████████████

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████

Thus, between March 11 and May 27, 2008, Dow re-reviewed Doc. 2235, indicated that it should be produced in full on its privilege log, and then produced the document. Each of these steps required an affirmative act by Dow, and thus was not done inadvertently. *In re Brand Name Prescription Drugs Antitrust Litigation,* No. 94 C 879, 1995 WL 683777, at *3 (N.D. Ill Nov. 16, 1995) ("A truly inadvertent disclosure is 'accidental' and is 'not the product of some conscious . . . decision.'") (citations omitted). In fact, the decision to produce the document was made in accordance with Dow's practice for the remaining 496 documents produced by Dow after the hearing, which Dow admits were all properly produced. (D.B.[4] at 8 ("Dow is unaware of any document that has been inadvertently produced, other than Document #2235.").)

Notwithstanding the fact that Dow did not change the entry for Doc. 2235 on its cleaned-up log to "Redaction" - as it did for the other 44 documents produced with redactions - Dow maintains that it intended all along to produce the document in redacted form. (D.B. at 3.) Dow's letter to NOVA regarding the inadvertent production of Doc. 2235, however, did not mention that Dow had initially intended to produce only a redacted version or that it would

---

[4] As used herein, "D.B." refers to Dow's Answering Brief In Opposition to Defendants' Motion to Compel (D.I. 151).

4

replace Nova's non-redacted version of Doc. 2235 with a redacted version. (D.I. 126, Ex. 3.) Instead, Dow claimed (for the first time) that the entire document contained attorney client communications and constituted work product, and demanded that NOVA return all copies. (*Id.*) It was only *after* NOVA responded to Dow by disagreeing with Dow's position and approached the Court for an emergency hearing that Dow first asserted that it had intended to redact the document before production. This suggests that Dow's supposed intent to produce the document in redacted form "was a mere afterthought" intended to improperly keep certain information out of NOVA's hands. *Wunderlich-Malec Sys., Inc. v. Eisenmann Corp.*, No. 05 C 4343, 2006 WL 3370700, at *5 (N.D. Ill. Nov. 17, 2006) (reasoning that the party's intent to withhold allegedly privileged information was not formed prior to production, but an "afterthought," and concluding that that the producing party waived attorney client privilege and work product protection).

**B.   Dow Offers No Evidence to Prove Production Was a Mistake**

Dow admits that after the Court ordered Dow to clean up its log, it "re-review[ed]" Doc. 2235 and "removed [it] from [Dow's sixth] privilege log." (D.B. at 3.) According to Dow, however, Doc. 2235 was "mistakenly" produced without redaction. (*Id.*) The burden of proving that the production of a protected document was inadvertent and not voluntary falls upon the producing party. *Berg Elecs., Inc. v. Molex, Inc.*, 875 F. Supp. 261, 263 (D. Del. 1995) (stating that a court must look to the *factual basis* for the claim the disclosure was inadvertent). Yet Dow offers no explanation for the alleged mistake. Especially without any evidence to the contrary from Dow, the circumstances surrounding the production of the document, discussed *supra*, indicate that Dow's production was not a mistake, but intentional. *See, e.g., Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL, 2007 WL 38397, at *4-5 (D. Kan. Jan. 5, 2007) (holding production was intentional and constituted waiver where producing party removed a document from its privilege log, and counsel specifically reviewed the document and knowingly

produced it). Because the facts show Dow's decision to produce Doc. 2235 was based on multiple **intentional** decisions and acts, waiver of the attorney-client privilege and work product immunity is necessarily found. *Westinghouse Elec. Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1427 (3d Cir. 1991).

Instead of offering proof of that its production was inadvertent, Dow argues that its counsel's actions were not reckless or grossly negligent, *i.e.*, that it took reasonable precautions to prevent inadvertent disclosures. (Dow. Br. at 7-8.) However this puts the cart before the horse, as the issue of counsel's negligence arises only if the production was truly inadvertent. *Williams*, 2007 WL 38397 at *4 (noting that the Magistrate Judge should have "address[ed] the extent, if any, to which defendant's purposeful production of the [document] render[s] the five factor 'inadvertent disclosure' test inapplicable.") Here, the unrebutted facts show the production to have been intentional, based on multiple reviews and affirmative decisions. It is not the case where the document simply slipped through the cracks.

Moreover, Dow misstates the facts in its attempt to argue that it was not negligent. In particular, Dow points to its review of 1 million pages of documents in an attempt to provide context for Dow's decision to produce Doc. 2235. However, Dow's initial review did identify Doc. 2235 as work product. It was in the context of reviewing the 2,400 documents on its sixth privilege log, in response to the Court's order to clean up its log, that Dow made the decision to produce the document. And then, Doc. 2235 was among only 497 previously withheld documents that Dow produced.

### C. Dow Benefited From Producing Document 2235 and Should Not Be Allowed To Now Reclaim It

Dow attempts to distinguish the present facts from those in *Westinghouse,* where the court concluded that when a party voluntarily discloses attorney-client privileged

6

communications, the privilege is waived. 951 F.2d at 1427. As Dow itself recognizes, "[t]he plaintiffs in *Westinghouse* . . . 'deliberately' produced the documents in hopes of receiving a tangible benefit in return." (D.B. at 8, n. 5.) Dow is incorrect that a "tangible benefit in return" for production is absent here. To the contrary, this Court ordered Dow to "clean up" its log and if it failed to adequately do so, risked having "everything . . . go over to Nova that's on the log." (D.I. 96 at 18.) By producing this document to NOVA, Dow eliminated the document from those that could be challenged by NOVA and made it appear that Dow had in fact had cleaned up its log. The benefit Dow received was maintaining the protection over all of the documents listed on its log and preventing disclosure to NOVA for use in this litigation. After using this document to its advantage, Dow cannot now attempt to reassert protection over that document to shield it from use by NOVA. *Murray v. Gemplus Int'l*, 217 F.R.D. 362, 367 (E.D. Pa. 2003).

Under these circumstances, production of an allegedly protected document operates as a waiver of any attorney-client privilege or work product reflected in the document. *See, e.g., Westinghouse*, 951 F.2d at 1427-29.

### III. THE CONTESTED DOCUMENT IS NOT ENTITLED TO PROTECTION BY EITHER THE ATTORNEY-CLIENT PRIVILEGE OR WORK PRODUCT DOCTRINE

Faced with the burden of proving that the redacted material in the contested document is protected by the attorney-client privilege or work product immunity (D.I. 60, ¶ 13.3; *RCA Corp. v. Data General Corp.*, C.A. No. 84-270-JJF, 1986 WL 15693, at *2 (D. Del. July 2, 1986)), Dow offers nearly identical and conclusory declarations by Stephen Krupp and Mark Johnson. These conclusory declarations should be given little weight. *Conoco Inc. v. Dept. of Justice*, 687 F.2d 724, 728 (3d Cir. 1982) ("self serving conclusory statements in an affidavit" do not establish work product protection); *AMP, Inc. v. Fujitsu Microelectronics, Inc.*, 853 F. Supp. 808,

7

830 (M.D. Pa. 1994) ("conclusory statement" in affidavit by attorney that the document was "responsive to his request . . . involving the rendering of legal advice" was insufficient).

███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████

██████████████

NOVA, however, questions the accuracy of these assertions and the credibility of the declarations. ████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████

████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████

█████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

2004) ("The contents of a communication determine whether the attorney client privilege applies.") ███████████████████████

███████████████████████████████

███████████████████████████

███████████████████████████

███████████████ However, simply copying an attorney on an e-mail does not cloak a communication with the protection of the attorney-client privilege. *See, e.g., Helman v Murry's Steaks, Inc.*, 728 F. Supp. 1099, 1102 (D. Del. 1990).

Moreover, Dow's late claim of attorney client privilege is inconsistent with its past positions. At least through seven iterations of its privilege log and from March 11, 2008 to July 30, 2008, Dow itself did not consider the document to be protected by the attorney client privilege. Dow made no such claim on any of its seven privilege logs, and instead relied solely on the work product doctrine supported by the various prior Johnson declarations. Thus, Dow's new claim of attorney-client privilege over the contested document lacks merit. *See, e.g., Williams*, 2007 WL 38397 at*4, n. 2 (noting that producing party did not believe the document was protected by the attorney-client privilege because for months it consistently identified the document on its privilege logs as protected from disclosure based on only the work product doctrine).

Dow's assertion that the document is protected by the work product doctrine is equally baseless. The text of the contested document itself does not suggest that any materials were prepared by an attorney or at the request of an attorney in anticipation of litigation. Fed. R. Civ. P. 26(b)(3); *Novartis Pharms. Corp. v. Abbott Labs.*, 203 F.R.D. 159, 163 (D. Del. 2001). ■

9



Therefore, Doc. 2235 does not qualify as work product. *Rohm and Haas Co. v. Brotech Corp.*, 815 F. Supp. 793, 797-98 (D. Del. 1993) (ordering production of a document which could "easily be read as more directed to business and technical issues than legal matters").

## IV.  CONCLUSION

For the reasons stated above, NOVA respectfully asks this Court to order Dow to produce an unredacted version of the contested document.

|  |  |
|---|---|
| OF COUNSEL: | Respectfully submitted,<br><br>POTTER ANDERSON & CORROON LLP |

Ford F. Farabow, Jr.
Ronald A. Bleeker
Joann M. Neth
**Martin I. Fuchs**
Mark J. Feldstein
Jeffrey W. Abraham
Troy A. Petersen
Ken Motolenich-Salas
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC  20001-4413
Tel:  (202) 408-4000

H. Woodruff Turner
Thomas A. Donovan
Robert D. Yeager
Brian P. Anderson
KIRKPATRICK & LOCKHART
  PRESTON GATES ELLIS LLP
535 Smithfield Street
Pittsburgh, PA  15222
Tel:  (412) 355-6478

Dated:  September 5, 2008
Public Version Dated: September 12, 2008
882397 / 29645

By: /s/ *David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Defendants*
*NOVA Chemicals Corporation (Canada), and*
*NOVA Chemicals Inc. (Delaware)*

11

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on September 12, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on September 12, 2008, the attached document was Electronically Mailed to the following person(s):

Rodger D. Smith II
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
rdsefiling@mnat.com

Harry J. Roper
Steven R. Trybus
Aaron A. Barlow
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611
hroper@jenner.com
strybus@jenner.com
abarlow@jenner.com

Darrick J. Hooker
Jenner & Block LLP
333 North Wabash Avenue
Chicago, IL 60611
dhooker@jenner.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

743809 / 29645