IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE DOW CHEMICAL COMPANY, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 05-737-JJF |
| NOVA CHEMICALS CORPORATION (CANADA), and NOVA CHEMICALS INC. (DELAWARE), | : |
| Defendants. | : |

**MEMORANDUM ORDER**

Pending before the Court is a Motion To Compel (D.I. 216) filed by the Defendants NOVA Chemicals Corporation and NOVA Chemicals Inc. ("NOVA"). Plaintiff ("DOW") opposes the motion. Both parties have briefed the motion and it is ready for decision.

The focus of the instant motion is the refusal of DOW to make available 30(b)(6) witnesses for deposition on topics noticed by NOVA. The Court has read the parties' briefs and considered their arguments and the following are the Court's rulings on the individual topics noticed by NOVA.

I.   Docket Item 202 seeks explanations for the alleged misrepresentation and omissions of DOW inventors and attorneys associated with the filing and prosecution of the patents-in-suit. In its briefing, DOW states that it will provide a witness to testify on topics that relate to NOVA's inequitable conduct defenses, specifically Topics A-E and I-K.  Nova argues this

limitation is improper, NOVA contends that if DOW is permitted to exclude other noticed topics, NOVA will be denied the opportunity to discover on topics that may reasonably lead to admissible evidence. I find that the topics sought by NOVA are overly broad and what DOW has offered is sufficient for NOVA to discover admissible evidence relevant to the issues in this case.

      II. Docket Item 195, Topics A-I. The Court agrees with DOW that 30(b)(6) depositions on the topics noticed by NOVA do not pertain to the issues in this litigation. In reaching this conclusion, the Court notes the argument by NOVA that "[t]estimony from a prepared witness as to how DOW, the company, used this information in project Highlander is reasonably likely to lead to admissible evidence in support of NOVA's defenses that the specification is non-enabling and the claims indefinite because the specification does not disclose what method to use in determining whether or not SHC limitation of the patents claims is satisfied." (D.I. 231 at 4). The Court finds this argument unpersuasive and supportive of DOW's claim that information sought by the noticed deposition concerning DOW research projects is irrelevant to the issues of this litigation.

      III. Docket Item 123, Topics 1-3, seeks to prove the Ward publication does not disclose the SHC definition which will provide evidentiary support for Nova's assertion that DOW is not aware of any publication or public use prior to April 28, 1993. After considering DOW's response, I agree with Dow it has

provided witnesses on this matter and no further discovery is required.

    IV. Docket Items 116 and 176, Topics A2 and A4, DOW argues that the topics noticed for the Schwartz deposition are protected by attorney work product privilege. NOVA argues that it only seeks the facts Schwartz knows about the accused products not any attorney work product material. Based on this representation, the Court finds that the Schwartz deposition should go forward.[1]

    IT IS SO ORDERED.

February 20, 2009
DATE

Joseph J. Farnan Jr.
UNITED STATES DISTRICT JUDGE

---

[1] The Motion For Protective Order relating to Mr. Kreinberg (D.I. 188) will be granted in view of the instant ruling.