IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
THE DOW CHEMICAL COMPANY,         :
                                  :
          Plaintiff,              :
                                  :
     v.                           : Civil Action No. 05-737-JJF
                                  :
NOVA CHEMICALS CORPORATION        :
(CANADA), and NOVA CHEMICALS      :
INC. (Delaware),                  :
                                  :
          Defendants.             :
                                  :
```

Harry J. Roper, Esquire; Aaron A. Barlow, Esquire and Paul D. Margolis Esquire of JENNER & BLOCK LLP, Chicago, Illinois.
Raymond Nimrod, Esquire and Gregory D. Bonifield, Esquire of JENNER & BLOCK LLP, New York, New York.
Rodger D. Smith II, Esquire and Andrew C. Mayo, Esquire of MORRIS, NICHOLS, ARSHT & TUNNEL LLP, Wilmington, DE.

Attorneys for Plaintiff The Dow Chemical Company.

Ford F. Farabow, Jr., Esquire; Ronald A. Bleeker, Esquire; Joann M. Neth, Esquire; Martin I. Fuchs, Esquire; Mark J. Feldstein, Esquire; Jeffrey W. Abraham, Esquire; Troy A. Petersen, Esquire and Ken Motolenich-Salas, Esquire of FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P., Washington, D.C.
H. Woodruff Turner, Esquire; Thomas A. Donovan, Esquire; Robert D. Yeager, Esquire and Brian P. Anderson, Esquire of KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP, Pittsburgh, PA.
Richard L. Horwitz, Esquire; David E. Moore, Esquire and D. Fon Muttamara-Walker, Esquire of POTTER ANDERSON & CORROON LLP, Wilmington, DE.

Attorneys for Defendants NOVA Chemicals Corporation (Canada) and NOVA Chemicals Inc. (Delaware).

**MEMORANDUM OPINION**

May 20, 2010
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is Defendants Nova Chemicals Corporation (Canada) and Nova Chemical Inc.'s (Delaware) (collectively "Nova") Motion For Summary Judgment Of Non-Infringement And/Or Invalidity Of The '023 Patent (D.I. 257) and Nova's Motion To Strike Dow's Untimely Expert Declarations. (D.I. 322.) Plaintiff The Dow Chemical Company ("Dow") opposes both of these motions. (D.I. 287, 348.) Both parties have subsequently agreed that the portion of the Motion For Summary Judgment relating to the invalidity of the '023 patent is moot following the Court's claim construction, thus it will be denied as moot.

## I. BACKGROUND

Dow contends that Nova infringed upon Dow's patents, United States Patent Nos. 5,847,053 ("the '053 patent") and 6,111,023 ("the '023 patent"). The patents-in-suit relate to polymer blends. Each of the asserted claims requires a polymer blend with a Component A and a Component B. In the asserted claims, Component A is required to have a slope of strain hardening coefficient greater than or equal to 1.3 or 1.5. '053 Patent. Additionally, Component B consists of at least one heterogeneously branched linear ethylene polymer. Id. The Court construed the term "heterogeneously branched" to mean "a polymer

having a distribution of branching different from and broader than the homogeneously branched ethylene/α-olefin." (D.I. 270, 271.)

The instant Motion (D.I. 257) seeks summary judgment in favor of Defendant Nova on the grounds that there could not have been infringement because the accused Nova polymers do not contain either a Component A with a slope of strain hardening coefficient greater than or equal to 1.3 or 1.5 nor a Component B with at least one heterogeneously branched linear ethylene polymer. (D.I. 258.) Dow responds that questions of fact remain and thus the motion should be denied. Most of the instant dispute between Dow and Nova derives from the fact that in testing the accused product, Dow created the product itself and thus, whether this was a proper means to evaluate the alleged infringement.

After Dow filed its Counterstatement of Facts (D.I. 287), Nova filed a second motion, its Motion To Strike Dow's Untimely Expert Declarations. (D.I. 322.) By this motion Nova asserts that the expert statements relied upon in Dow's Counterstatement were improper and should be stricken. Dow also opposes this motion. (D.I. 348.)

## II. MOTION TO STRIKE EXPERT DECLARATIONS

### A. Legal Standard

In patent cases, discovery issues, such as the exclusion of evidence, are evaluated under Third Circuit precedent. Under that precedent "[t]he exclusion of critical evidence is considered an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." Bridgestone Sports Co. Ltd. v. Acushnet Co., Civ. No. 05-132-JJF, 2007 U.S. Dist LEXIS 11370, *10 (D. Del. Feb. 15, 2007)(quoting In re Paoli R.R. Yard PCB Litg., 35 F.3d 717, 749 (3d Cir. 1994)).

Pursuant to Fed. R. Civ. P. 26(a)(2) a party is required to produce an expert report for each expert witness. Specifically, parties must adhere to the following:

> Federal Rule of Civil Procedure 26(a)(2)(B) requires an expert's report to "contain a complete statement of all opinions to be expressed and the basis and reasons therefor; [and] the data or other information considered by the witness in forming the opinions." Fed. R. Civ. P. 26(a)(2)(B). In determining whether an expert's testimony has exceeded the scope of his or her report, the Court has not required verbatim consistency with the report, but has allowed testimony which is consistent with the report and is a reasonable synthesis and/or elaboration of the opinions contained in the expert's report.

Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc., 585 F. Supp. 2d 568, 581 (D. Del. 2008).

### B. Parties' Contentions

Nova contends that the three declarations of the Dow experts

4

filed with Dow's counterstatements of fact to Nova's summary judgment motions (D.I. 290, 293, 294) should be struck as untimely. (D.I. 323.) Nova argues that these declarations constitute additional expert opinions that should have been filed before the end of discovery. (Id.) Nova also contends that the declarations were improperly molded to meet Dow's legal challenges in responding to the summary judgment motions and therefore Nova is unduly prejudiced. Thus, Nova requests the Court not to use these declarations.

Dow responded that the declarations are proper elaborations and responses to criticism Nova presented in its opening summary judgment briefs. (D.I. 348 at 1.) Dow adds that the Motion should be denied because it fails to identify any specific objectionable content in the declarations. (Id.) Lastly, Dow argues that even if a portion of the declarations should be struck, Nova offers no explanation as to why the declarations should be struck in their entirety. (Id. at 16.) Nova replies that the declarations are new opinions, not elaborations. (D.I. 363.)

### C. Decision

The Court concludes that the subject declarations only elaborate and therefore, should not be excluded. The declarations are not newly conceived arguments. The subject declarations are more in line with the portion of the testimony

that was allowed in Forest Labs, Inc. v. Ivex Pharms., Inc., 237 F.R.D. 106 (D. Del. 2006).

For example, in his initial expert declaration Dr. Soares noted that he had reproduced the allegedly infringing product, the conditions he did so in, and his belief that the reproduction was accurate. (D.I. 290 Ex. A.) In his declaration at issue, Dr. Soares reiterated his opinion and elaborated on how he reached that opinion by providing greater detail on the processes he had mentioned. (D.I. 290.) The Court finds such an elaboration on his prior declaration appropriate.

Regarding Dr. Hsiao's declaration (D.I. 294), the Court finds that it does not offer an improper opinion or evidence. Nova contends that Dr. Hsiao has changed his opinion on the method of calculating slope of strain hardening which had previously been that maximum slope is necessary. (D.I. 363 at 9.) However, in the Court's view, Nova's contention mischaracterizes Dr. Hsiao's declaration. Dr. Hsiao has been consistent in stating that a person of ordinary skill in the art would know to use maximum slope. In his contested declaration, Dr. Hsaio states essentially the same thought, specifically that, "[t]he only way to measure the actual slope of strain hardening is to use maximum slope." (D.I. 294 at 8.) He then elaborates that other methods can "provide information relating to maximum slope." (Id.)

Lastly, the Court finds that Dr. Crist's declaration did not include any improper material. Although United States Patent No. 6,506,866 ("the '866 patent") was not discussed in Dr. Crist's initial declaration, it is discussed in the subject declaration with good reason. Nova introduced the '866 patent to the litigation after expert declarations had been filed. Although Nova argues that it is prejudiced by Dr. Crist's declaration, the Court finds that Nova is not unduly prejudiced by a discussion of a patent that it introduced to the litigation after the deadline to file expert declarations. Nova cannot contend that it was unable to investigate a patent that it introduced. Finally, Nova's argument that Dr. Crist provided inconsistent opinions appears to be incorrect. Dr. Crist provided similar testimony regarding the evaluation of "maximum slope" across his declarations and simply made an appropriate elaboration in the subject declaration. (See D.I. 293.)

In sum, the Court will not strike the declarations of Dow's experts because they consist of consistent and appropriate elaborations of prior opinions and statements.

### III. MOTION FOR SUMMARY JUDGMENT

**A. Legal Standard**

In pertinent part, Rule 56(c) of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment

if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether there is a triable dispute of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. Valhal Corp. v. Sullivan Assocs., Inc., 44 F.3d 195, 200 (3d Cir. 1995). In evaluating summary judgment within the context of an argument of non-infringement, an accused infringer may "meet its initial responsibility either by providing evidence that would preclude a finding of infringement, or by showing that the evidence on file fails to establish a material issue of fact essential to the patentee's case." Novartis Corp. v. Ben Venue Labs., Inc., 271 F.3d 1043, 1046 (Fed. Cir. 2001).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts. . . . In the language of the Rule, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)(internal citations omitted). However, the mere existence of some evidence in support of the non-movant will

not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the non-movant on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Thus, if the evidence is "merely colorable, or is not significantly probative," summary judgment may be granted. Id.

### B. Parties' Contentions

Nova argues that it should be granted a summary judgment based on non-infringement because Dow has not and cannot establish all of the elements of infringement. (D.I. 258 at 1.) Nova contends that Dow has been unable to show that the accused polymer contains either a proper Component A or Component B. (Id.) This argument is based primarily on the method by which Dow has tested the accused product. Nova asserts that because Dow ran tests on a version of the accused product it created and did so under different polymerization conditions and with a different co-catalyst than Nova uses, there is no valid evidence of infringement. (Id. at 8-9.) Lastly, Nova contends that there is no evidence of a Component B in the accused product because the accused product is not heterogeneously branched. (Id. at 10.)

Dow counters that genuine issues of material fact are present and unresolved. (D.I. 287.) Dow argues that there is credible evidence establishing infringement of both Components A

and B of the patents-in-suit under the Court's claim construction. (Id.) Dow contends that Nova has over simplified the differences in how each party fabricated the accused product, arguing that both embodiments were identical and that the differences in conditions were based on producing the same product under different circumstances with different reactors. (Id.) Dow also emphasizes that reproductions can be used to prove infringement. (Id. at 20 (citing Liquid Dynamics Corp. v. Vaughan Co., 449 F.3d 1209, 1220-21 (Fed. Cir. 2006).)

**C. Decision**

The Court concludes that genuine issues of material fact remain as to whether the accused products contain Components A and B, and therefore, Nova's Motion For Summary Judgment must be denied. Nova has not meet its burden of showing that there is evidence that would preclude the finding of infringement. Novartis, 271 F.3d at 1046. Nova presented two main arguments in support of summary judgment and both present issues of disputed facts.

The first argument presented by Nova was that the accused product has not been shown to have a qualifying Component A because Dow tested on fabrications of the accused product it made and not on the actual product. When viewed in the light most favorable to Dow, the Court finds that issues of fact remain. In Novartis, the Federal Circuit looked at the Third Circuit

standard for expert opinions in the context of summary judgment:

> In the context of summary judgment motions, the Third Circuit has demanded that the factual predicate of an expert's opinion must find some support in the record, and has emphasized that mere "theoretical speculations" lacking a basis in the record will not create a genuine issue of fact. Penn. Dental Ass'n. v. Med. Serv. Ass'n., 745 F.2d 248, 262 (3d Cir. 1984). Moreover, where an expert's opinion is predicated on factual assumptions, those assumptions must also find some support in the record. Shaw v. Strackhouse, 920 F.2d 1135, 1142 (3d Cir. 1990).

Novartis, 271 F.3d at 1051.  Dow has met this standard by the testing done in this case.  Dow has produced sufficient evidence that the testing procedures it carried out were scientifically acceptable and based on the accused product.  There was testing by a qualified expert in an appropriate setting and the expert also offered substantial explanations for his actions.

Nova's second grounds for summary judgment of non-infringement is based on the argument that the accused product does not contain a proper Component B based on the evaluation of heterogeneously branched.  Nova contends that the component of the accused polymer that Dow considers a Component B is not heterogeneously branched based on a measurement system known as CDBI.  (D.I. 258.)  However, the Court's supplementary claim construction adopted Dow's view on the use of CDBI and found that the claims of the patents-in-suit should not be limited to particular CDBI ranges.  (D.I. 394 at 3-4.)  Thus, the parties have a genuine factual dispute that must be resolved.

In sum, the Court concludes that there are genuine issues of

11

material fact and Nova's Motion for Summary Judgment must be denied.

**IV. CONCLUSION**

For the reasons discussed, the Court will deny both Nova's Motion For Summary Judgment Of Non-Infringement And/Or Invalidity Of The '023 Patent (D.I. 257) and Nova's Motion To Strike Dow's Untimely Expert Declarations. (D.I. 322.)

An appropriate order will be entered.