IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE DOW CHEMICAL COMPANY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 05-737-JJF |
| | : |
| NOVA CHEMICALS CORPORATION | : |
| (CANADA), and NOVA CHEMICALS | : |
| INC. (Delaware), | : |
| | : |
| Defendants. | : |

**MEMORANDUM ORDER**

Pending before the Court is a Motion For Entry Of A
Permanent Injunction Pursuant To 35 U.S.C. § 283 (D.I. 556) filed
by Plaintiff The Dow Chemical Company's ("Dow").  For the reasons
discussed, the Court will deny Dow's Motion.

The decision to grant injunctive relief within the context
of a patent infringement action lies within the discretion of the
Court; however, that discretion must be exercised reasonably and
consistently with the principles of equity.  35 U.S.C. § 283;
eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006); see
also Power Integrations, Inc. v. Fairchild Semiconductor Int'l,
Inc., No. 04-1371-JJF, 2008 U.S. Dist. LEXIS 100539, *2-3 (D.
Del. Dec. 12, 2008).   Accordingly, a plaintiff patentee
requesting injunctive relief must demonstrate:

(1) that it has suffered an irreparable injury; (2) that
remedies available at law, such as monetary damages, are
inadequate to compensate for that injury; (3) that,
considering the balance of hardships between the
plaintiff and defendant, a remedy in equity is warranted;
and (4) that the public interest would not be disserved
by a permanent injunction.

eBay, 547 U.S. at 391. "Courts awarding permanent injunctions typically do so under circumstances where [the] plaintiff practices its invention and is a direct market competitor." Advanced Cardiovascular Sys. v. Medtronic Vascular, Inc., 579 F. Supp. 2d 554, 558 (D. Del. 2008).

Applying these factors to the circumstances of this case, the Court declines, in its discretion, to enter a permanent injunction. Although there is some suggestion that Dow may have lost customer relationships and business opportunities as a result of Nova's infringement, the Court is ultimately not persuaded that Dow will suffer irreparable harm if an injunction is not entered. In making this determination, the Court is persuaded that monetary damages, including lost profits, are sufficient to remedy the primary injuries sustained by Dow. In addition, the Court notes that the patents-in-suit expire in October 2011, slightly more than a year's time. Given the substantial issues for appeal[1], including the question of standing that exists in this action, the Court is not persuaded that entry of a permanent injunction will serve the parties or the public interest. Indeed, the Court is persuaded that Nova will face significant losses if a permanent injunction is

---

[1]     In this regard, the Court notes that Nova has alternatively moved for a stay of any injunction order pending appeal which the Court would likely grant, even if a permanent injunction was entered.

entered, and Nova is successful on appeal. Further, the Court is persuaded that numerous consumers of Nova's product would be injured through the loss of productivity that will follow if a new polymer product is required to be inserted into their production facilities. In the Court's view, this burden is significant when compared to the relatively short exclusivity period remaining on the patents. Accordingly, in light of the circumstances presented in this case, the Court declines to enter a permanent injunction order.

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion For Entry Of A Permanent Injunction Pursuant To 35 U.S.C. § 283 (D.I. 556) is **DENIED**.

July **30**, 2010
DATE

UNITED STATES DISTRICT JUDGE

3