```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE
```

THE DOW CHEMICAL COMPANY,            :
                                     :
          Plaintiff,                 :
                                     :
     v.                              :  Civil Action No. 05-737-JJF
                                     :
NOVA CHEMICALS CORPORATION           :
(CANADA), and NOVA CHEMICALS         :
INC. (Delaware),                     :
                                     :
          Defendants.                :

**MEMORANDUM ORDER**

Pending before the Court is a Motion For Interest And An Accounting (D.I. 558) filed by Plaintiff, The Dow Chemical Company's ("Dow"). By its Motion, Dow requests the Court to (1) award pre-judgment interest from 2002 through June 18, 2010, at the prime rate, compounded quarterly in the amount of $14,265,977.00; (2) award post-judgment interest on the jury's damages award and the Court's pre-judgment interest award consistent with 28 U.S.C. § 1961; and (3) order an accounting of Nova's sales because those sales were not part of the jury's damages award and Dow is entitled to recover damages on sales of the infringing SURPASS product made by Nova in 2010. In requesting an accounting, however, Dow also requests the Court to stay any accounting until after appeal.

In response, Nova acknowledges that Dow is entitled to pre-judgment interest and post-judgment interest and also agrees that an accounting should be stayed pending appeal. However, Nova

contends that Dow's expert incorrectly calculated the amount of pre-judgment interest due to Dow.  According to Nova, Dow's expert ignored the jury's division of damages between lost profits on the SURPASS resins and reasonable royalty on the off-grade XJS resins.  By combining all infringing products sold per quarter and using that amount to apportion damages, Nova contends that Mr. Hoffman inappropriately allocated lost profit damages to a portion of the off-grade XJS resins sold.  Thus, Nova contends that Dow is entitled to pre-judgment interest in the amount of $11,597,548.00 through June 18, 2010.

After considering the parties' arguments in light of the jury's verdict, the Court concludes that Dow's calculation of pre-judgment interest is consistent with the jury's verdict and an appropriate calculation.  In the Court's view, there is no basis to support Nova's argument that all of the jury's reasonable royalty damages apply to the XJS resins and none to the SURPASS resins.  Indeed, neither party argued that Dow should be awarded 100% of Nova's sales of SURPASS on-grade products.  In the Court's view, Dow's pre-judgment interest calculation appropriately takes into account that the jury awarded lost profit damages to Dow for the majority of Nova's infringing sales of the SURPASS product and a reasonable royalty for the rest.  Accordingly, the Court will adopt Dow's pre-judgment interest calculation and grant Dow's Motion in its entirety.

NOW THEREFORE, IT IS HEREBY ORDERED that Dow's Motion For Interest And An Accounting (D.I. 558) is **GRANTED**.

July 30, 2010
DATE

_____
UNITED STATES DISTRICT JUDGE