IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE DOW CHEMICAL COMPANY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 05-737-JJF |
| | : |
| NOVA CHEMICALS CORPORATION | : |
| (CANADA), and NOVA CHEMICALS | : |
| INC. (Delaware), | : |
| | : |
| Defendants. | : |

Harry J. Roper, Esquire; Aaron A. Barlow, Esquire and Paul D. Margolis Esquire of JENNER & BLOCK LLP, Chicago, Illinois.
Raymond Nimrod, Esquire and Gregory D. Bonifield, Esquire of JENNER & BLOCK LLP, New York, New York.
Rodger D. Smith II, Esquire and Andrew C. Mayo, Esquire of MORRIS, NICHOLS, ARSHT & TUNNEL LLP, Wilmington, DE.

Attorneys for Plaintiff The Dow Chemical Company.

Ford F. Farabow, Jr., Esquire; Ronald A. Bleeker, Esquire; Joann M. Neth, Esquire; Martin I. Fuchs, Esquire; Mark J. Feldstein, Esquire; Jeffrey W. Abraham, Esquire; Troy A. Petersen, Esquire and Ken Motolenich-Salas, Esquire of FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P., Washington, D.C.
H. Woodruff Turner, Esquire; Thomas A. Donovan, Esquire; Robert D. Yeager, Esquire and Brian P. Anderson, Esquire of KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP, Pittsburgh, PA.
Richard L. Horwitz, Esquire; David E. Moore, Esquire and D. Fon Muttamara-Walker, Esquire of POTTER ANDERSON & CORROON LLP, Wilmington, DE.

Attorneys for Defendants NOVA Chemicals Corporation (Canada) and NOVA Chemicals Inc. (Delaware).

**MEMORANDUM OPINION**

July 30, 2010
Wilmington, Delaware.

**Farnan, District Judge.**

Pending before the Court are three Motions filed by Defendant Nova Chemicals Corporation (Canada) and Nova Chemicals Inc.'s (Delaware) (collectively "Nova"): (1) a Renewed Motion For Judgment As A Matter Of Law On The Issue Of Invalidity Under 35 U.S.C. § 112 Pursuant To Fed. R. Civ. P. 50 Or, In The Alternative, For A New Trial Under Fed. R. Civ. P. 59 (D.I. 553); (2) a Renewed Motion for Judgment as a Matter of Law under Fed. R. Civ. P. 50 That Plaintiff Is Not Entitled to Lost Profits, Limiting Award to Reasonable Royalty Damages And, in the Alternative, for a New Trial under Fed. R. Civ. P. 59 (D.I. 554); and (3) a Renewed Motion for Judgment as a Matter of Law on the Issue of Non-infringement under Fed. R. Civ. P. 50 Or, in the Alternative, for a New Trial under Fed. R. Civ. P. 59 (D.I. 555).[1] For the reasons discussed, the Court will deny Nova's Motions.

## BACKGROUND

Dow initiated this action against Nova asserting that Nova infringed United States Patent Nos. 5,847,053 ("the '053 patent") and 6,111,023 ("the '023 patent"), owned by Dow. The patents-in-

---

[1] Nova also filed two Motions For Judgment As A Matter Of Law (D.I. 500, 501) during trial. Because the issues raised by these Motions are encompassed by the Renewed Motions For Judgment As A Matter Of Law, the Court will deny the previously filed Motions For Judgment As A Matter Of Law as moot.

suit relate to polymer compositions, specifically polyethylene. The Court conducted a jury trial between May 27, 2010 and June 15, 2010, and the jury returned a verdict in favor of Dow in the amount of $61,770,994.60, representing lost profits and reasonable royalty damages. (D.I. 525.) Following the conclusion of the jury trial, a one-day bench trial was held on the issue of Dow's standing.[2] Thereafter, Nova renewed its Motions For Judgment As A Matter Of Law.

## STANDARD OF REVIEW

### I. Motions For Judgment As A Matter Of Law

Pursuant to Rule 50 of the Federal Rules of Civil Procedure, a court may grant judgment as a matter of law if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis" to find for a party on a given issue after that party has been fully heard. Fed. R. Civ. P. 50(a). To prevail on a renewed motion for judgment as a matter of law following a jury trial, the moving party "'must show that the jury's findings, presumed or express are not supported by substantial evidence or, if they were, that the legal conclusions implied [by] the jury's verdict cannot in law be supported by those findings.'" Pannu v. Iolab Corp., 155 F.3d 1344, 1348 (Fed. Cir. 1998) (quoting Perkin-Elmer Corp. v. Computervision

---

[2] The Court has addressed the standing issue by separate Memorandum Opinion.

Corp., 732 F.2d 888, 893 (Fed. Cir. 1984)). In determining whether sufficient evidence was presented to support a jury verdict, a court must give the non-moving party, "as verdict winner, the benefit of all logical inferences that could be drawn from the evidence presented, resolve all conflicts in the evidence in his favor and, in general, view the record in the light most favorable to him." Williamson v. Consol. Rail Corp., 926 F.2d 1344, 1348 (3d Cir. 1991).

The court may not weigh the evidence, evaluate the credibility of the witnesses, or substitute its own version of the facts for the jury's findings. Marra v. Phila. Hous. Auth., 497 F.3d 286, 300 (3d Cir. 2007). Rather, the court must determine whether the evidence reasonably supports the jury's verdict. Dawn Equip. Co. v. Kentucky Farms, Inc., 140 F.3d 1009, 1014 (Fed. Cir. 1998). Although a court should grant judgment as a matter of law sparingly, it is appropriate where only a "scintilla of evidence" supports the verdict, or where "the record is critically deficient of the minimum quantum of evidence" needed to support the verdict. Johnson v. Campbell, 332 F.3d 199, 204 (3d Cir. 2003) (citing Gomez v. Allegheny Health Servs., Inc., 71 F.3d 1079, 1083 (3d Cir. 1995)).

**II. Motions For A New Trial**

In pertinent part, Federal Rule of Civil Procedure 59(a) provides:

> A new trial may be granted to all or any of the parties and on all or part of the issues in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States.

Fed. R. Civ. P. 59(a). Among the most common reasons for granting a new trial are the following: (1) the jury's verdict is against the clear weight of the evidence, and a new trial must be granted to prevent a miscarriage of justice; (2) newly discovered evidence exists that would likely alter the outcome of the trial; (3) improper conduct by an attorney or the court unfairly influenced the verdict; or (4) the jury's verdict was facially inconsistent. Zarow-Smith v. New Jersey Transit Rail Operations, 953 F. Supp. 581, 584 (D.N.J. 1997) (citations omitted).

The decision to grant or deny a new trial is committed to the sound discretion of the district court. Allied Chemical Corp. v. Darflon, Inc., 449 U.S. 33, 36 (1980); Olefins Trading, Inc. v. Han Yang Chem Corp., 9 F.3d 282 (1993) (reviewing district court's grant or denial of new trial motion under deferential "abuse of discretion" standard). However, where the ground for a new trial is that the jury's verdict was against the great weight of the evidence, the court should proceed cautiously, because such a ruling would necessarily substitute the court's judgment for that of the jury. Klein v. Hollings, 992 F.2d 1285, 1290 (3d Cir. 1993). Although the standard for grant of a new trial is less rigorous than the standard for grant

5

of judgment as a matter of law in that the court need not view the evidence in the light most favorable to the verdict winner, a new trial should only be granted where "a miscarriage of justice would result if the verdict were to stand," the verdict "cries out to be overturned," or where the verdict "shocks our conscience." Williamson, 926 F.2d at 1352; see also Price, 40 F. Supp. 2d at 550.

Where a motion for a new trial is based on an alleged legal error in the jury instructions, the court must determine "whether an error was in fact committed, and (2) whether that error was so prejudicial that [the] denial of a new trial would be inconsistent with substantial justice." Lafate v. Chase Manhattan Bank (USA), 123 F.Supp. 2d 773, 785 (D. Del. 2000) (citations omitted). In making these determinations, the court should examine the jury instructions as a whole and should not scrutinize specific instructions in a vacuum. Id. Overall, the jury instructions must fairly and adequately apprise the jury of the issues and the applicable law. Tigg Corp. v. Dow Corning, Corp., 962 F.2d 1119, 1123 (3d Cir. 1992).

Where a new trial is sought on the basis of the improper admission or exclusion of evidence, the Court applies the harmless error standard of Fed. R. Civ. P. 61:

> No error in either the admission or the exclusion of
> evidence and no error or defect in any ruling or order
> or in anything done or omitted by the court or by any

6

> of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

Becker v. Arco Chem. Co., 207 F.3d 176, 180 (3d Cir. 2000).

## DISCUSSION

### I. Nova's Renewed Motion For Judgment As A Matter Of Law On The Issue Of Invalidity Under 35 U.S.C. § 112 Or, In The Alternative, For A New Trial

By its Motion, Nova contends that the patents-in-suit are invalid for lack of written description under 35 U.S.C. § 112. Specifically, Nova contends that the patents-in-suit lack the information needed to define the "SHC" limitation, such as the type of curve needed, the units to use, and the location of the "parallel line." As a result of these omissions, Nova contends that the public is unable to practice the claimed invention, and therefore, the patents-in-suit are invalid as a matter of law. Alternatively, Nova contends that it is entitled to a new trial based on errors in the jury instruction concerning Section 112.

Reviewing the evidence presented at trial in the light most favorable to Dow, as the verdict winner, the Court concludes that sufficient evidence was presented to support the jury's verdict that the patents-in-suit are not invalid. Dow presented extensive testimony from its expert, Dr. Hsiao, and the jury's

7

verdict indicates that the jury found Dr. Hsiao to be more credible than Dr. Fuller. In reviewing Dr. Hsiao's opinion, the Court finds more than ample evidentiary support for the jury's verdict. Accordingly, the Court will deny Nova's Motion For Judgment As A Matter Of Law on invalidity.

To the extent Nova requests a new trial based on an error in the jury instructions, the Court concludes that its instructions were not erroneous. The jury instruction given on invalidity under Section 112 is consistent with the Federal Circuit's decision in Ariad Pharms., Inc. v. Eli Lilly & Co., 598 F.3d 1336 (Fed. Cir. 2010). Accordingly, the Court will deny Nova's Motion to the extent that it seeks a new trial.

## II. Nova's Renewed Motion for Judgment as a Matter of Law On Lost Profits And Reasonable Royalty Damages, Or In The Alternative, For A New Trial

Nova next contends that insufficient evidence was presented to support the jury's verdict that Dow was entitled to lost profits damages. According to Nova, the jury should have limited damages to a reasonable royalty rate because Dow failed to establish that lost profits were warranted under the standard set forth in Panduit Corp. v. Stahlin Bros. Fibre Works, Inc., 575, 1152, 1156 (6th Cir. 1978).

After reviewing the evidence presented at trial in the light most favorable to Dow, the Court concludes that sufficient evidence was presented to support the jury's conclusion that Dow

was entitled to lost profits. To establish an entitlement to lost profits under the Panduit test adopted by the Federal Circuit, a plaintiff must prove: (1) demand for the patented product; (2) absence of acceptable non-infringing substitutes; (3) manufacturing and marketing capability to exploit the demand; and (4) the amount of the profit it would have made. Id. Nova contends that there are multiple non-infringing alternatives to Dow's Elite product, however, the Court is persuaded that the evidence presented at trial sufficiently establishes that none of the marketed products had the same high performance properties as the Dow Elite product. (See e.g., D.I. 580 at 33-34 (Trial Tr. Vol. 8.) In addition, Nova contends that Dow's evidence concerning the amount of profit it would have made is speculative. In the Court's view, however, Dow presented sufficient evidence of the amount of profit it would have made absent Nova's infringement. Dow's expert on the polyethylene market, Mr. Hoffman, testified that Dow would have obtained 80 percent of Nova's Surpass product sales, in the absence of the Surpass product being on the market. (See e.g., D.I. 580 at 121-124 (Trial Tr. Vol. 8.) The jury was entitled to credit Mr. Hoffman's testimony, and the Court finds Mr. Hoffman's testimony and the related evidence on lost profits to be sufficient to support the jury's lost profit award. Accordingly, the Court will deny Nova's Motion For Judgment As A Matter Of Law.

As for Nova's request for a new trial, Nova contends that the great weight of the evidence demonstrates that the written description and definition for the SHC limitation in the patents-in-suit are "fundamentally defective." (D.I. 553 at 20.) In addition, Nova challenges the Court's jury instruction on written description and indefiniteness contending that (1) the written description instruction was prejudicial because it did not give a "four corners" instruction and did not limit the use of supporting extrinsic material; and 2) the indefiniteness instruction was prejudicial because it excused the absence of test conditions necessary for calculating SHC values.

Even without the benefit of drawing reasonable inferences in favor of Dow, the Court concludes that the jury's findings on lost profits are not against the great weight of the evidence, and that no miscarriage of justice results from the jury's verdict. Further, the Court is not persuaded that either the written description or indefiniteness instructions contained legal errors, and therefore, the Court cannot conclude that Nova was prejudiced by either instruction. Accordingly, the Court will deny Nova's request for a new trial.

### III. Nova's Renewed Motion For Judgment As A Matter Of Law On Non-infringement Or, In The Alternative, For A New Trial

By its Renewed Motion For Judgment As A Matter Of Law On Non-infringement, Nova contends that no reasonable jury could have found that the accused Nova products contain the following

10

elements of the asserted claims: (1) Component B; (2) Component A, (3) Component A with a SHC of greater than or equal to 1.3, and (4) Component A having the required SHC in metric units of kilograms and millimeters.  In addition, Nova contends that no reasonable jury could have found that Nova's XJS Resins Infringe the '053 and '023 patents.  Further, Nova maintains that no reasonable jury could have found that Component A of the asserted claims was present in the accused products that were sold in the United States.  Alternatively, Nova contends that a new trial is warranted because (1) the Court should have included Nova's proposed jury instruction 3.6, which required Dow to prove that Components A and B were present together in Nova's products sold in the United States, and (2) Dow's expert, Dr. Soares, improperly testified on cross-fractionation, which was beyond the scope of his expert report.  (Id.)

After reviewing the evidence adduced at trial in the light most favorable to Dow, the Court concludes that sufficient evidence supports the jury's verdict that Nova infringes the patents-in-suit.  The testimony of Dr. Soares and Dr. Hsiao both were sufficient to support a finding of infringement, and the jury was entitled to credit the testimony of these experts.

To the extent Nova contends that a new trial is warranted, the Court concludes that its jury instructions on patent infringement were not erroneous, and Nova's proposed instruction

was not warranted. Specifically Jury Instruction 3.3 (Patent Infringement - Direct) explained that to find infringement, the jury must conclude that the offending action took place within the United States. (D.I. 521 at 19.) In light of this instruction, the Court concludes that Nova's proposed instruction would have been redundant, and therefore, the Court cannot conclude that Nova was prejudiced by the Court's decision to exclude Nova's proposed jury instruction.

In addition, the Court cannot conclude that Nova was prejudiced by the testimony of Dr. Soares on cross-fractionation. Dr. Soares testified at his deposition that he used the cross-fractionation testing in PTX-300 "to realize that this product is not uniform, very clearly heterogeneously branched." (D.I. 571 Ex. A (Soares Dep. 342).) PTX 300 contained materials cited in Dr. Soares expert report at Exhibit B, and therefore, the Court is not persuaded that Dr. Soares' testimony impermissibly exceeded the scope of his expert report. Further, Dr. Soares comments on cross-fractionation followed testimony on cross-fractionation by Nova's expert, Dr. Speed. (D.I. 582 at 246-248.) Because Dr. Soares' testimony was a proper response to the testimony of Nova's expert and because his testimony was consistent with and a permissible elaboration on his deposition and expert report, the Court concludes that Dr. Soares' testimony was properly admitted and did not unduly prejudice Nova such that

a new trial is warranted.  Accordingly, the Court will deny Nova's Motion to the extent it seeks a new trial.

## CONCLUSION

For the reasons discussed, the Court will deny Nova's Motions.

An appropriate Order will be entered.