IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THE DOW CHEMICAL COMPANY,         :
                                  :
        Plaintiff,                :
                                  :
    v.                            : Civil Action No. 05-737-JJF
                                  :
NOVA CHEMICALS CORPORATION        :
(CANADA), and NOVA CHEMICALS      :
INC. (Delaware),                  :
                                  :
        Defendants.               :
                                  :

Harry J. Roper, Esquire; Aaron A. Barlow, Esquire and Paul D. Margolis Esquire of JENNER & BLOCK LLP, Chicago, Illinois.
Raymond Nimrod, Esquire and Gregory D. Bonifield, Esquire of JENNER & BLOCK LLP, New York, New York.
Rodger D. Smith II, Esquire and Andrew C. Mayo, Esquire of MORRIS, NICHOLS, ARSHT & TUNNEL LLP, Wilmington, DE.

Attorneys for Plaintiff The Dow Chemical Company.

Ford F. Farabow, Jr., Esquire; Ronald A. Bleeker, Esquire; Joann M. Neth, Esquire; Martin I. Fuchs, Esquire; Mark J. Feldstein, Esquire; Jeffrey W. Abraham, Esquire; Troy A. Petersen, Esquire and Ken Motolenich-Salas, Esquire of FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P., Washington, D.C.
H. Woodruff Turner, Esquire; Thomas A. Donovan, Esquire; Robert D. Yeager, Esquire and Brian P. Anderson, Esquire of KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP, Pittsburgh, PA.
Richard L. Horwitz, Esquire; David E. Moore, Esquire and D. Fon Muttamara-Walker, Esquire of POTTER ANDERSON & CORROON LLP, Wilmington, DE.

Attorneys for Defendants NOVA Chemicals Corporation (Canada) and NOVA Chemicals Inc. (Delaware).

**MEMORANDUM OPINION**

July 30, 2010
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court are a Motion For Summary Judgment Of Invalidity Based On Dow's "Slope Of Strain Hardening Coefficient" Limitation (D.I. 254) filed by Defendants Nova Chemicals Corporation (Canada) and Nova Chemical Inc. (Delaware) (collectively "Defendants"), as well as a Motion For Summary Judgment That The Claims Of The '053 And '023 Patents Are Not Invalid For Lack Of Written Description (D.I. 263) and a Motion For Partial Summary Judgment On Nova's New Written Description Defense Based On Dow's Slope Of Strain Hardening Coefficient" Limitation (D.I. 291) filed by Plaintiff The Dow Chemical Company ("Plaintiff"). For the reasons discussed, the Motions have been denied (D.I. 472).

## I. LEGAL STANDARD ON SUMMARY JUDGMENT

In pertinent part, Rule 56(c) of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining whether there is a triable dispute of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party.

1

<u>Valhal Corp. v. Sullivan Assocs., Inc.</u>, 44 F.3d 195, 200 (3d Cir. 1995).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts. . . . In the language of the Rule, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial." <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986)(internal citations omitted). However, the mere existence of some evidence in support of the non-movant will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the non-movant on that issue. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986). Thus, if the evidence is "merely colorable, or is not significantly probative," summary judgment may be granted. <u>Id.</u>

## II. DISCUSSION

### A. Indefiniteness

The Court concludes that Defendants are not entitled to summary judgment on the issue of indefiniteness. Defendants contend that evidence which arose after the Court's Claim Construction Order indicates that no question of material fact exists. While the new evidence regarding Plaintiff's expert witnesses is relevant, it is not dispositive. In the Court's

view, many of the troubling questions regarding indefiniteness which were discussed in the Court's Claim Construction Memorandum Opinion (D.I. 270 at 7-21) remain, and require resolution by the jury on a full factual record. Accordingly, the Court has denied Defendants' Motion For Summary Judgment on indefiniteness.

### B. Lack Of Written Description Defenses

#### 1. Whether An Issue Of Material Fact Exists Regarding Written Support For SHC Units And Slope Location

Defendants contend that the patents-in-suit are invalid because they lack slope hardening coefficient units and an indication of slope location, and thus, do not "provide a description of the compound sufficient to distinguish infringing compounds from non-infringing compounds." (D.I. 325 at 1.) Based on the current record, the Court is persuaded that a reasonable jury could find that units and slope location are necessary to determine whether the accused infringing product actually infringes the patents-in-suit. Further, as discussed <u>supra</u> and in the Court's Claim Construction Memorandum Opinion, the Court concludes that material mixed questions of fact and law remain as to whether the questioned slope of strain hardening coefficient units and slope location are described in the patent. Accordingly, to the extent Plaintiff and Defendants both seek summary judgment on this basis, the Court has denied the Motions.

### 2. Whether Plaintiff Is Entitled To Summary Judgment On The Existence Of An Adequate Written Description

By its Motion, Plaintiff contends that if a claim limitation is recited verbatim in the patent, there can be no lack of written description. (D.I. 326 at 1.) The Court concludes that a verbatim recitation does not necessarily provide an adequate written description of a claim, see <u>Enzo Biochem, Inc. v. Gen-Probe Inc.</u>, 323 F.3d 956, 968 (Fed. Cir. 2002), and therefore, Plaintiff is not entitled to summary judgment on this basis.

With regard to the value of the slope hardening coefficient, Plaintiff further contends that there is no requirement that all possible values in a range be explicitly discussed to satisfy a written description requirement. (D.I. 326.) Viewing the evidence in the light most favorable to Defendants, as the non-movants, the Court concludes that a reasonable jury could determine that the actual density range is not adequately described by the patent; some evidence indicates a maximum strain of slope hardening coefficient value at 2.3, while the claim language leaves the range without an upper limit. Accordingly, the Court concludes that genuine issues of material fact exist which preclude summary judgment.

In addition, with regard to the "linear" and "substantially linear" species, Plaintiff contends that both species are specifically claimed in the patents-in-suit. Viewing the

4

evidence in the light most favorable to Defendants, the Court concludes that a reasonable jury could find that the patents-in-suit do not adequately describe the totality of the invention; some evidence exits regarding differences between "linear" and "substantially linear" species, and the patents-in-suit focus on the "substantially linear" species. Accordingly, the Court concludes that genuine issues of material fact exist which preclude summary judgment.

With regard to the density of Component B, Plaintiff contends that a Component B can have a density of about 0.965 g/cm$^3$ even though the specification only describes density of up to 0.944 g/cm$^3$ because the claimed range of densities is properly described. Plaintiff has presented evidence that the density range of Component B is described, but Defendants have presented evidence indicating that the high end of the density range represents an impossibility. Because an impossibility creates a legitimate possibility that a written description is not satisfied, see Chiron Corp. v. Genetech, Inc., 363 F.3d 1247, 1255 (Fed. Cir. 2004), the Court concludes that a reasonable jury could find that the invention is not accurately described. Because genuine issues of material fact exist concerning the aforementioned issues, the Court has denied Plaintiff's and Motions For Summary Judgment.

## III. CONCLUSION

For the reasons discussed, Defendants' Motion For Summary Judgment Of Invalidity Based On Dow's "Slope Of Strain Hardening Coefficient" Limitation (D.I. 254), Plaintiff's Motion For Summary Judgment That The Claims Of The '053 And '023 Patents Are Not Invalid For Lack Of Written Description (D.I. 263), and Plaintiff's Motion For Partial Summary Judgment On Nova's New Written Description Defense Based On Dow's Slope Of Strain Hardening Coefficient" Limitation (D.I. 291) have been be denied.

An appropriate Order has been entered (D.I. 472).