# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

Rodger D. Smith II
(302) 351-9205
(302) 498-6209 FAX
rsmith@mnat.com

Originally Filed:  April 18, 2013
Redacted Version:  April 22, 2013

BY E-FILING

REDACTED - PUBLIC VERSION

The Honorable Leonard P. Stark
United States District Court
 For the District of Delaware
844 North King Street
Wilmington, DE 19801

Re: *Dow Chemical Co. v. Nova Chemicals Corp., et al.*,
C.A. No. 05-737-LPS

Dear Judge Stark,

Following a meet and confer, during which the parties were unable to resolve Nova's objections to Dow's two April 11, 2013 Declarations under Fed. R. Evid. 803(6) and 902(11) (attached hereto as Exhibits A and B), the parties request the Court's assistance.

## I. DOW'S POSITION

As discussed during the Pretrial Conference (Tr. at 65:12-67:13), Dow provided Nova with two declarations certifying records of Dow's regularly conducted business activity pursuant to Fed. R. Evid. 803(6) and 902(11) (Ex. A and B) in a good faith attempt to resolve a substantial number of authenticity and hearsay objections raised by Nova in the Pretrial Order, and resolve the need to call witnesses live at the upcoming two-day trial solely for the purpose of addressing foundational issues with respect to the documents covered by the certifications.[1]

---

[1]  Exhibits H - Z include excerpts of the documents addressed by the certifications.  If the Court would like, Dow can provide copies of the native versions of these documents, which were produced to Nova in native Microsoft Excel format.

The Honorable Leonard P. Stark
April 18, 2013
Page 2

On April 11, 2013, Dow provided certifications from Mr. Wetekamp and Mr. Zucchet pursuant to Rules 803(6) and 902(11) that address the authenticity of certain documents Dow produced during discovery reflecting data retrieved from Dow's electronic databases to respond to discovery obligations in this litigation, and the admissibility of these documents as business records.  (*See* Exs. A & B.)

On April 16, Nova sent a letter to Dow challenging the underlying documents addressed by the certifications—as it did in its motion *in limine* no. 2—but failed to provide any objections to the certifications themselves.  Nova asserted that it believed that the certifications did not resolve ***any*** of the objections to the underlying documents, even though many of these documents are merely updates to documents Dow produced during the initial phase of this case, which Nova never challenged.  Moreover, Nova demanded additional discovery from Dow's declarants—even though Mr. Zucchet has been deposed before, and Mr. Wetekamp has been deposed ***three times***, in this phase of the litigation.  (*See* Ex. C (April 16 Ltr. from Fues to Margolis).)  The parties met and conferred on April 17, but Nova refused to provide Dow with any specifics as to which documents Nova was objecting to or the specific reasons for its objections so that Dow could understand how it could resolve those objections.

Dow respectfully requests a ruling from the Court prior to trial on whether Dow has laid the necessary foundational requirements under Rules 803 and 901 for the documents addressed by the attached certifications as Nova has not raised any objections to the sufficiency of the statements as laying the necessary foundation under these rules.  Rule 902(11) specifically allows a proponent of a document to lay the foundation for authenticity of a document under Rule 901, and admissibility as a business record under Rule 803.  *See Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 552 (D. Md. 2007) ("This rule was added in the 2000 amendments to the Federal Rules of Evidence, and it was intended to "[set] forth a procedure by which parties can authenticate certain records of regularly conducted activity, other than through the testimony of a foundation witness.") (quoting Fed. R. Evid. 902(11) Advisory Committee's Note); Fed. R. Evid. 803(6).  As the certifications establish, the documents addressed therein reflect data maintained in the ordinary course of Dow's business that Dow retrieved from its electronic manufacturing and financial databases.  Thus, Dow's use of the attached certifications is a proper method of laying foundation for authenticity of the documents addressed therein, as well as their admissibility as business records, and lays sufficient foundation under Rules 803 and 901.  *Id.*

Nova is permitted a "fair opportunity to challenge" the adequacy of the foundation set forth in the certification.  *See* Fed. R. Evid. 902(11) & Advisory Committee's Note (Rule 902(11)'s notice requirement "is intended to give the opponent of the evidence a full opportunity to test the adequacy of the foundation set forth in the declaration.").  In other words, Nova is permitted to challenge whether the statements set forth in the certifications are sufficient to lay the necessary foundation for admissibility under Rules 803 and 901.  However, rather than address the statements in the certifications, Nova raises the same arguments that it addressed in its motion *in limine* no. 2 with respect to the underlying documents, which the Court has already heard and denied.  This is not a proper challenge to the ***certifications*** themselves.  Moreover, Nova incorrectly reads the rule as permitting Nova to pursue additional depositions of Dow's declarants—Messrs. Zucchet and Wetekamp.  Although Dow agrees that a party opposing a

The Honorable Leonard P. Stark
April 18, 2013
Page 3

Rule 902(11) certification is permitted such discovery under certain circumstances, Nova is not entitled to such additional discovery here. Each of the documents addressed by the certifications was produced to Nova during discovery. Moreover, Nova questioned Messrs. Wetekamp and Zucchet about these documents at their depositions, and asked questions relating to the authenticity of the documents and their admissibility as business records. (*See, e.g.*, Ex. AA (Oct. 5, 2012 Wetekamp Dep. Tr.) at 36:18-20; Ex. BB (Jan. 3, 2013 Zucchet Dep. Tr.) at 51:8-53:17, 116:6-117:14).) Any further depositions of these witnesses are unwarranted, particularly because Nova seeks the depositions to obtain additional grounds for objecting to the underlying documents (Ex. C at 2). However, Nova's opposition below establishes that Nova's complaint is with how the documents addressed by the certifications were created, not whether the data is what Dow purports it to be, or whether the data was retrieved from Dow's preexisting databases that are maintained in the ordinary course of Dow's business.

Nova's contention that it is entitled to additional depositions from Messrs. Zucchet and Wetekamp because Dow shielded permissible discovery during these depositions is not only incorrect, but also a red herring. As explained in Dow's opposition to Nova's motion *in limine* no. 2, which the Court denied, Dow did not shield discovery of any factual information concerning the documents at issue. Nova's sole complaint is that it was not permitted discovery from Dow's fact witnesses as to privileged communications with Dow's counsel relating to the reasons why certain data was retrieved from Dow's pre-existing databases for purposes of discovery. Even if Nova is correct that it was denied such discovery, the reasons as to *why* certain information was retrieved does not negate the authenticity of the data that was retrieved, or its admissibility as a business record. At best, Nova's contention is that it should have received additional discovery. However, as stated in Dow's opposition to Nova's motion *in limine* no. 2, Nova's recourse was to file a motion to compel, which it never filed.

Dow proposes that theCourt, at its convenience, hold a short phone conference to resolve any specific objections to the 19 documents attached as Exhibits H-Z, which are addressed by the attached certifications.

## II. <u>NOVA'S POSITION</u>

Dow's Fed. R. Evid. 902(11) Declarations, served on NOVA on the eve of the April 12, 2013 pretrial conference, should be excluded because (1) they are untrustworthy and inconsistent with Dow's prior admissions, and (2) Dow has refused to provide the declarants to be deposed on the assertions in the Declarations. Alternatively, the Court should order depositions of the Dow declarants in Wilmington, DE on or about April 24-25, 2013 for NOVA to challenge their new representations, consistent with Rule 902(11) ("the proponent must give an adverse party reasonable written notice of the intent to offer the record — and must make the record and certification available for inspection — so that the party has *a fair opportunity to challenge them.*" (emphasis added)).

*First*, the Declarations include assertions inconsistent with Dow's prior sworn testimony. *See Martin v. Merrell Dow Pharmaceuticals, Inc.,* 851 F.2d 703, 706 (3d Cir. 1988) ("permissible for the district court to disregard the affidavit [that contradicted with sworn testimony] for purposes of determining whether there was a material dispute of fact" in context

The Honorable Leonard P. Stark
April 18, 2013
Page 4

of summary judgment). Specifically, contrary to prior admissions, the Declarations seek to authenticate as "business records" special purpose, litigation-specific documents and calculations prepared at the direction of Dow's counsel.



For example, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Instead, they were generated at the direction of counsel, as evident from Dow's privilege objections directing Mr. Zucchet to not answer questions about why he prepared this information. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ These admissions and privilege objections indicate that, contrary to the representations in the Declarations, the documents do not meet the "records of regularly conducted activity" exception to the hearsay rule.

As another example, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

As a further example, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉.

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

*Second*, notwithstanding the Declarations' inconsistencies with prior Dow admissions, Dow has improperly refused to allow a fair opportunity for NOVA to challenge the Declarations with depositions of the declarants. *U.S. v. Brown*, 553 F.3d 768, 793 (5th Cir. 2008) ("The notice requirements of Rule 902(11) are in place precisely to ensure that evidence to be accompanied by an affidavit can be vetted for objection or impeachment in advance."); *U.S. v. Kahre*, 610 F. Supp. 25 1261, 1266 (D. Nev. 2009) (noting that the opposing party was given an opportunity "to inspect the records and declarations and, if necessary, depose the record witnesses").

Dow's offer that it would provide the declarants for deposition if NOVA agreed in advance to waive its authentication objections is obviously a non-starter, as it requires NOVA to concede its objections to Dow's litigation-generated documents. Dow's argument that NOVA

The Honorable Leonard P. Stark
April 18, 2013
Page 5

deposed the declarants previously on the same documents is also not relevant. Obviously, NOVA did not have the opportunity to address assertions in the Declarations, which were not served on NOVA until April 11, 2013, well after the close of fact discovery.

Further, during discovery, in several instances NOVA was prevented from obtaining discovery about these litigation-generated documents. Dow's counsel instructed witnesses, including both Mr. Wetekamp and Mr. Zucchet, not to answer on privilege grounds questions about certain information in the spreadsheets. For example ███████████████ ███████████████████████████████████ Dow's counsel instructed Mr. Wetekamp not to answer based on privilege. (Ex. G, Wetekamp Dep. 19:3-21, 20:14-21:7, 22:9-19, Jan. 31, 2013.)

In other instances where questioning was not prevented by Dow counsel, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

***Last***, the Rule 902(11) Declarations assert that ████████████████████ ███████████████████████████████████████████████████████████████████████ But Rule 803(6) requires that a purported business record itself, not its underlying sources, meet those requirements. Dow's Declarations are therefore premised on an assumption that the listed trial exhibits are equivalent to the information contained in Dow's ███████████ databases. NOVA disputes this equivalency theory because the evidence reveals that manipulations have been done, and seeks to depose Mr. Wetekamp and Mr. Zucchet on this topic in their Declarations as well.

Accordingly, NOVA respectfully requests that the Court preclude Dow from relying on the Wetekamp and Zucchet Declarations. In the alternative, NOVA requests the Court to order Dow to provide Messrs. Wetekamp and Zucchet for deposition in Wilmington. NOVA further independently requests the Court's authorization to supplement its deposition designations and exhibit objections in connection with the Declarations and any further depositions, to the extent necessary.

Respectfully,

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)
Counsel for Plaintiff The Dow Chemical Company

The Honorable Leonard P. Stark
April 18, 2013
Page 6

                                */s/ Richard L. Horwitz*

                                Richard L. Horwitz (#2246)
                                Counsel for Defendants Nova Chemicals
                                Corporation (Canada) and Nova Chemicals, Inc.
                                (Delaware)

7143393

cc:    Clerk of Court (By E-Filing)
       Counsel of record (By E-Mail)