# EXHIBITS A-B
# REDACTED IN THEIR ENTIRETY

# EXHIBIT C



Eric J. Fues<br>
(202) 408-4245<br>
eric.fues@finnegan.com

April 16, 2013

Joshua S. Reisberg                                         **VIA EMAIL**
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

      Re:    **Dow v. NOVA supplemental damages**

Dear Josh:

      This responds to your April 11, 2013 email to Sulay Jhaveri about NOVA's objections to certain Dow documents and about the declarations of Mark Wetekamp and Kent Zucchet, both served on April 11. NOVA maintains its objections against the documents referenced in these declarations. NOVA also views the declarations themselves as improper attempts by Dow to submit written testimony discussing aspects of the documents—separate and apart from attempting to authenticate them—in lieu of calling these witnesses live at the hearing. If Dow wants this testimony in the record, Dow employees Wetekamp and Zucchet should testify in court and be subject to cross examination.

      The underlying documents remain objectionable because they are hearsay and lack proper authentication. Instead of comprising regular business records, these documents were created at the direction of Dow's counsel specifically for this litigation. Dow's lawyers, not Dow's employees, selected which products to include and exclude from these tables. And when NOVA asked Messrs. Wetekamp and Zucchet and Dow's corporate witnesses at their depositions why certain products were selected, Dow's counsel improperly raised privilege objections and repeatedly instructed Dow's witnesses, including Messrs. Wetekamp and Zucchet, not to answer questions about the documents. Furthermore, some of the information in these documents was not kept in the ordinary course of Dow's business, as agreed by at least one Dow corporate witness.

      The documents in question are largely compilations and summaries of information allegedly stored in underlying databases. But, contrary to Rule 1006, Dow never provided NOVA with access to the underlying databases from which these so-called business records were supposedly extracted. These factors all show that they are not regular business records such that they avoid the hearsay rule. Dow's attempted certification under FRE 902(11) also fails because the documents inherently lack trustworthiness.

      Rule 902(11) provides that NOVA should have a fair opportunity to challenge the documents and the certification declarations. Accordingly, NOVA requests that Dow make

Joshua S. Reisberg
Quinn Emanuel Urquhart & Sullivan, LLP
April 16, 2013
Page 2

Messrs. Wetekamp and Zucchet available for deposition during the week of April 22-26 in Wilmington, Delaware, or that Dow withdraw the declarations. NOVA makes these requests without prejudice to its current objections, and in the event the depositions proceed, NOVA reserves the right to designate the deposition testimony and to raise additional objections to the underlying documents.

  Please let us know when you are available tomorrow to meet and confer about these issues, including scheduling the depositions of Messrs. Wetekamp and Zucchet.

         Sincerely,

         Eric J. Fues

cc: Counsel of Record

# EXHIBITS D-BB
# REDACTED IN THEIR ENTIRETY