IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE DOW CHEMICAL COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-737 (LPS) |
| | ) | |
| NOVA CHEMICALS CORPORATION | ) | |
| (CANADA) and NOVA CHEMICALS INC. | ) | |
| (DELAWARE), | ) | |
| | ) | |
| Defendants. | ) | |

## DOW'S ANSWERING BRIEF IN OPPOSITION TO NOVA'S
## MOTION FOR STAY OF ENTRY AND EXECUTION OF JUDGMENT

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9220
rsmith@mnat.com
  *Attorneys for Plaintiff*
  *The Dow Chemical Company*

OF COUNSEL:

Harry J. Roper
Aaron A. Barlow
Paul D. Margolis
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
(312) 222-9350

Raymond N. Nimrod
Gregory D. Bonifield
Joshua S. Reisberg
QUINN EMANUAL URQUHART
OLIVER & HEDGES LLP
51 Madison Avenue. 22nd Floor
New York, NY 10010
(212) 849-7000

July 3, 2013

# TABLE OF CONTENTS

I.     INTRODUCTION AND SUMMARY OF ARGUMENT ...................................................1

II.    NATURE AND STAGE OF PROCEEDINGS ................................................................3

III.   ARGUMENT .................................................................................................................4

     A.     Nova's Tactical Choice To Seek Reexamination Long After Trial Cannot Form The Basis For A Stay ..................................................................................5

           1.     Nova Does Not Identify Any Cognizable Harm, And Even If It Could, Any Harm Was Self-Inflicted .........................................................6

           2.     A Stay Would Not Simplify Any Issues .....................................................8

           3.     The Late Stage Of These Court Proceedings Warrants Denying Nova's Motion ...........................................................................................9

           4.     The Recent Decision In *Fresenius* Supports Denial Of Nova's Motion Based On The Stay Factors .....................................................9

     B.     The Reexamination Has No Effect On These Proceedings..................................11

           1.     A PTO Decision Will Not Void This Court's Final Validity Judgment ...............................................................................................11

           2.     Rule 60 Relief Would Not Be Available Here .........................................14

           3.     Nova's Discussion Of Dow's Alleged Contentions Merely Presents A Series Of Straw-man Arguments .........................................................15

           4.     Nova's Distinction Between Final Executed And Final Unexecuted Judgments Has No Basis In The Law .......................................................16

           5.     Nova's Other Cases Are Inapposite .........................................................18

     C.     Execution of Judgment Should Not Be Stayed ..................................................19

IV.   CONCLUSION ...........................................................................................................20

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Akzenta Paneele + Profile GmbH v. Unilin Flooring N.C. LLC,*
    464 F. Supp. 2d 481 (D. Md. 2006) ...................................................................18

*Amado v. Microsoft Corp.,*
    517 F.3d 1353 (Fed. Cir. 2008)...........................................................................14

*Bausch & Lomb Inc. v. Alcon Labs., Inc.,*
    914 F. Supp. 951 (W.D.N.Y. 1996) ...................................................................18

*Baxter Intl., Inc., In re,*
    698 F.3d 1349 (Fed. Cir. 2012)......................................................... 12, 13, 17, 18

*Belden Techs. Inc. v. Superior Essex Commc'ns LP,*
    2010 WL 3522327 (D. Del. Sept. 2, 2010)..........................................................6

*Broadcast Innovation, LLC v. Charter Commc'ns, Inc.,*
    2006 WL 1897165 (D. Colo. July 11, 2006) .....................................................18

*Cooper Notification, Inc. v. Twitter, Inc.,*
    2010 WL 5149351 (D. Del. Dec. 13, 2010) .........................................................6

*Diet Drugs Prods. Liab. Litig., In re,*
    401 F.3d 143 (3d Cir. 2005) ..............................................................................18

*Everything For Love.com, Inc. v. Tender Loving Things, Inc.,*
    2006 WL 2091706 (D. Ariz. July 21, 2006)......................................................18

*Flexiteek Ams., Inc. v. PlasTEAK, Inc.,*
    2010 WL 2976859 (S.D. Fla. July 20, 2010).....................................................20

*Flexiteek Ams., Inc. v. PlasTEAK, Inc.,*
    2012 WL 5364247 (S.D. Fla. Oct. 31, 2012) ......................................... 14, 15, 17

*Flexiteek Ams., Inc. v. PlasTEAK, Inc.,*
    2012 WL 5364263 (S.D. Fla. Sept. 10, 2012) ....................................... 14, 15, 17

*Fresenius USA, Inc. v. Baxter Int'l, Inc.,*
    __ F.3d __ (Fed. Cir. July 2, 2013) ...........................................................passim

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.,*
    322 U.S. 238 (1944) ..........................................................................................15

*James v. Price Stern Sloan, Inc.,*
    283 F.3d 1064 (9th Cir. 2002) ...........................................................................11

*Johnson v. Orr,*
    897 F.2d 128 (3d Cir. 1990) ............................................................................................. 11

*Kenney v. Cal. Tanker Co.,*
    381 F.2d 775 (3d Cir. 1967) ............................................................................................. 20

*MercExchange, L.L.C. v. eBay, Inc.,*
    500 F. Supp. 2d 556 (E.D. Va. 2007) ................................................................................. 8

*NTP, Inc. v. Research In Motion, Ltd.,*
    397 F. Supp. 2d 785 (E.D. Va. 2005) ............................................................................. 7, 8

*Orion IP, LLC, v. Mercedes-Benz USA, LLC,*
    2008 WL 5378040 (E.D. Tex. Dec. 22, 2008) .................................................................. 7

*Peach State Labs, Inc. v. Envt'l Mfg. Solutions, LLC,*
    2012 WL 503839 (M.D. Fla. Jan. 13, 2012) .................................................................... 19

*Personalized User Model, LLP v. Google, Inc.,*
    2012 WL 5379106 (D. Del. Oct. 31, 2012) ................................................................ 5, 6, 9

*Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.,*
    2009 WL 2047635 (C.D. Cal. July 8, 2009) ...................................................................... 7

*Shawkee Mfg. Co. v. Hartford-Empire Co.,*
    322 U.S. 271 (1944) ......................................................................................................... 15

*Smarter Agent, LLC v. Mobilerealtyapps.com, LLC,*
    889 F. Supp. 2d 673 (D. Del. 2012) ............................................................................. 5, 20

*Standard Havens Prods., Inc. v. Gencor Indus., Inc.,*
    996 F.2d 1236 (Fed. Cir. 1993) ....................................................................... 13, 14, 16, 17

*Swanson, In re,*
    540 F.3d 1368 (Fed. Cir. 2008) ....................................................................................... 12

*Ultrak, Inc., v. Radio Eng'g Indus., Inc.,*
    1999 WL 1020250 (N.D. Tex. May 17, 1999), *rev'd on other grounds*, 605 F.3d 967
    (Fed. Cir. 2010) ................................................................................................................. 8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 54(b) ................................................................................................... passim

Fed. R. Civ. P. 60 ............................................................................................... 14, 15, 20

## I.      INTRODUCTION AND SUMMARY OF ARGUMENT

The Court should deny Nova Chemicals Corporation and Nova Chemicals Inc.'s (collectively "Nova") renewed motion to stay, pending reexamination, the entry or execution of judgment on supplemental damages owed to The Dow Chemical Company ("Dow").

Nova's renewed motion suffers from two fundamental flaws. First, Nova's reexamination request came far too late to justify a stay. As the Court previously noted, "Nova could have sought the reexamination much earlier than it did." (D.I. 741 at 54:7-8.) Nova waited over seven years from the time the complaint was filed—and two and a half years after the adverse jury verdict—to seek reexamination based on the same arguments Nova presented at trial, or could have presented at trial. Thus, any alleged prejudice to Nova in having to pay supplemental damages for its infringement is entirely self-inflicted. And this case is "extremely advanced whereas the reexamination has just begun." (*Id*. at 53:5-7.) Under these circumstances, Nova cannot satisfy the requirements for a stay. To hold otherwise would reward Nova for its delay.

Second, Nova's legal theory is incorrect. Nova contends that an adverse reexamination ruling would automatically nullify the district court's final judgment because "the patents would be void *ab initio*." (Nova Br. 4.) However, Nova's cited authority points to the very opposite conclusion where, as here, the federal court's decision of invalidly is final. *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, __F.3d__ (Fed. Cir. July 2, 2013), attached hereto as Ex. A, reaffirms that final judgments of validity should not be disturbed by contrary PTO decisions.

Nova fails to point to a single instance where a court of any jurisdiction has held that a reexamination decision of invalidity operates to nullify an affirmed **final** judgment of validity. As Dow previously explained, the *ab initio* doctrine means that if an issued patent is later revoked in a reexamination, the patent owner cannot subsequently file new lawsuits seeking

damages from the date of patent issuance.  (D.I. 730 at 5.)  The doctrine does not stand for the proposition that prior decisions based on the patent are automatically nullified.  Indeed, Nova conceded as much when it agreed that it could not seek to recover the amounts that it has already paid Dow even if the patents are later invalidated.  (D.I. 741 at 5:15-19.)

The final and affirmed Rule 54(b) judgment here, to which Nova is a party, means that as far as Nova is concerned, the patents-in-suit are valid and infringed and Nova must pay for the damage it has caused by infringing them.  Nova should not be permitted to avoid a supplemental damages judgment by asserting the possibility of a later invalidity ruling from another proceeding.  Moreover, Nova's decision to wait more than two and a half years after a jury ruled against it before seeking re-examination demonstrates that Nova has no basis for the extraordinary outcome it seeks – to alter a final judgment of validity.

The Court should also deny Nova's request to stay the execution of the judgment. Nova's deliberate delay in seeking reexamination should defeat any attempt to stay execution of the judgment.  With the post-judgment interest rates being close to zero, Nova in effect seeks an interest free loan on the money that it owes Dow during the pendency of the reexamination, which could take years.  As this Court previously noted, with Dow having litigated and prevailed in this Court, the Federal Circuit and the Supreme Court, "it is fair to expect that we should get this case wrapped up, whatever remains to be done with it."  (D.I. 741 at 53:19-25.)

Indeed, Nova's motion, if granted, would encourage accused infringers to wait until after a trial to seek reexamination for a second bite at the invalidity apple and to delay execution of the judgment.  If an accused infringer seeks reexamination early in the case, it would face the risk of a PTO decision confirming the validity of the patent, thereby strengthening the patent in the eyes of the jury.  By waiting, the accused infringer avoids that problem altogether.  In fact, because

reexaminations are granted over 90% of the time, if courts are willing to stay execution of a judgment after trial, an infringer would have the incentive to seek reexamination with the hope of invalidating the patent, but at least delaying payment at near zero post-judgment interest rates.

What Nova seeks here is a delay of four to six years.  Even if cancellation of the patents-in-suit could somehow nullify the Court's Rule 54(b) judgment as Nova hopes, that cannot happen unless and until Nova's position prevails before the Patent Examiner, the PTO Board of Appeals, and in the Federal Circuit.  Nova asks the Court to stay proceedings based on the mere possibility that Dow's patents will ultimately be cancelled after all of those proceedings, likely not until 2016 or later.  Nova should not be permitted to delay final resolution of this case for several years based on reexamination requests that it could have filed long ago.

## II.   NATURE AND STAGE OF PROCEEDINGS

Dow filed this patent infringement against Nova in 2005.  (D.I. 1.)  A jury trial commenced on May 27, 2010.  At trial, Nova focused on its § 112 defenses and presented only a small subset of its prior art defenses.

On June 15, 2010, the jury returned a verdict in Dow's favor on all infringement and invalidity issues and awarded Dow damages on Nova's sales of infringing products through December 31, 2009.  (D.I. 526.)  On July 30, 2010, the Court rejected Nova's post-trial JMOLs on issues of infringement, invalidity, and damages (D.I. 609), and granted Dow's motion for an accounting of sales after December 31, 2009 (D.I. 608).  Nova did not seek JMOL on any of its prior art defenses.  (D.I. 553-55.)

After Judge Farnan entered judgment pursuant to Rule 54(b) (D.I. 538), Nova filed a motion on August 17, 2010 (D.I. 612), to clarify that the judgments on validity, infringement, damages, and standing were "deemed final judgments pursuant to Fed. R. Civ. P. 54(b)" (D.I. 615).  This Court entered Nova's proposed order on August 26, 2010.  (*Id.*)

Nova appealed to the Federal Circuit, but did not raise any of its prior art defenses. *See* Brief for Appellants, 2011 WL 585724. The Federal Circuit affirmed this Court's 54(b) judgment against Nova in its entirety on January 24, 2012 (D.I. 637), and the Supreme Court denied Nova's petition for certiorari on October 29, 2012.

On December 17, 2012, more than seven years after this case was filed and two-and-a-half years after the jury's verdict on infringement and validity, Nova filed petitions for reexamination of the patents-in-suit. (D.I. 719.) On March 5, 2013, the Patent Office granted Nova's petitions. The prior art references that Nova has cited in its petitions for reexamination were all known to Nova before the 2010 jury trial in this case (*compare* D.I. 730, Ex. 1 *with* D.I. 1, Exs. A&B, D.I. 128 at E48-E109, D.I. 409 at 31-52), and Nova's experts gave opinions on many of them (*see* D.I. 265, Ex. 5 ¶¶ 181-292). Even though Nova filed its request for reexamination nearly seven months ago and quoted statistics to this Court suggesting that the Patent Office would have issued a rejection by now, the Patent Office has not issued any office action at this point and has not rejected any claims.

On March 19, 2013, Nova moved to stay the supplemental damages trial or, in the alternative, to stay entry and execution of judgment. (D.I. 727-28.) At the Pretrial Conference, the Court denied Nova's motion to stay trial but stated that Nova could renew its request to stay entry of judgment as part of post-trial briefing. (D.I. 741 at 52:5-14.) Trial on Dow's supplemental damages was held on April 30, 2012, and May 1, 2012. (D.I. 711.) Nova now renews its motion to stay entry or execution of the supplemental damages award. (*See* D.I. 747 ("Nova's Brief" or "Nova Br.").)

## III.   ARGUMENT

Nova's infringement and the validity of the patents-in-suit were finally adjudicated as between Nova and Dow. All that remains in this seven and a half year old patent case is for this

Court to quantify the damages that accrued beginning January 1, 2010, until the expiration of the patents on October 15, 2011.  Nova argues that it would be unfairly prejudiced if a stay were not entered now because the Patent Office might invalidate the patents-in-suit, which would supposedly nullify this Court's final judgment and relieve Nova of its payment obligation.  The Court should reject Nova's argument:  (1) Nova's delay in seeking reexamination warrants denying Nova's request to stay entry or execution of the judgment; and (2) an invalidity ruling in the reexamination would not nullify the affirmed final judgment of validity against Nova.

### A.   Nova's Tactical Choice To Seek Reexamination Long After Trial Cannot Form The Basis For A Stay

Assuming *arguendo* that an invalidity ruling in the reexamination could nullify this Court's final judgment on validity as between Nova and Dow, this Court should not stay entry or execution of the judgment here.  Nova asserts that it would suffer substantial prejudice if the Court does not grant the stay.  Nova's alleged prejudice, however, is self-inflicted due to its tactical choice to delay seeking reexamination.

The only basis for Nova's motion is the Court's discretion to stay litigation pending reexamination.  (Nova Br. at 1-2, citing *Smarter Agent, LLC v. Mobilerealtyapps.com, LLC*, 889 F. Supp. 2d 673, 674 (D. Del. 2012)).  In deciding whether to exercise this discretion, "the Court must weigh the competing interests of the parties."  *Id.*  "The factors courts typically consider in deciding how to exercise this discretion are:  (1) whether a stay will simplify the issues and trial of the case, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party."  *Smarter Agent*, 889 F. Supp. 2d at 674; *Personalized User Model, LLP v. Google, Inc.*, 2012 WL 5379106, at *1 (D. Del. Oct. 31, 2012).

When Nova moved to stay the supplemental damages trial, the Court ruled that "all of the discretionary factors point towards going forward with trial." (D.I. 741 at 52:15-53:25.) The Court also noted that Nova could have sought reexamination much earlier. The Court's prior analysis applies equally after the trial.

### 1.    Nova Does Not Identify Any Cognizable Harm, And Even If It Could, Any Harm Was Self-Inflicted

The only factor Nova addresses in its brief is prejudice (Nova Br. 11-12) but this weighs in Dow's favor.[1] As an initial matter, the prejudice that Nova alleges, *i.e.*, having to pay a money judgment on a patent that is later invalidated, is inherent whenever litigation and PTO proceedings are happening in parallel. *See Personalized User Model*, 2012 WL 5379106, at *1 (denying motion to stay even though the reexamination could "render[] moot … issues of infringement and invalidity" that had yet to be tried); *Cooper Notification, Inc. v. Twitter, Inc.*, 2010 WL 5149351, at*4 (D. Del. Dec. 13, 2010) (same). Yet courts routinely deny requests to stay pending reexamination.

Here, any alleged prejudice to Nova was entirely self-inflicted by its tactical decision to delay the filing of its reexamination requests. As this Court noted at the Pretrial Conference: "And also in terms of prejudice, I think it is very noteworthy that Nova could have sought the reexamination much earlier than it did." (D.I. 741 at 54:7-9.) Nova should not be permitted to use the "harm" that is due to Nova's own tactical decisions to justify staying this case.

Numerous decisions on motions to stay pending reexamination show why Nova's deliberate and calculated delay in seeking reexamination should defeat any attempt to stay entry

---

[1]    Although Nova claims prejudice, Nova does not address the four prejudice factors, which are: (1) timing of the request for reexamination; (2) timing of the request for stay; (3) status of reexamination proceedings; and (4) relationship of the parties. *Belden Techs. Inc. v. Superior Essex Commc'ns LP*, 2010 WL 3522327, at *2-3 (D. Del. Sept. 2, 2010). As explained herein, even if Nova could identify prejudice, this factor weighs in Dow's favor based on Nova's delay in seeking reexamination.

or execution of the judgment.  In *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 2009 WL 2047635, at *3 (C.D. Cal. July 8, 2009), the infringer, like Nova here, waited two years after the adverse judgment to seek reexamination.  The infringer moved to stay execution of the judgment only after the judgment was affirmed on appeal.  *Id.*  The court denied the motion to stay, refusing to "hold the judgment . . . hostage to [infringer's] tactical choice to seek reexamination long after trial."  *Id.*  The court concluded that paying damages arising from an affirmed validity and infringement judgment was not irreparable harm:

> Just as injury resulting from attempted compliance with government regulation ordinarily is not irreparable harm, so too is injury resulting from an affirmed judgment not harm on which the Court is inclined to grant relief.  [Infringer's] choice to pursue compatible forms of review of the '545 patent sequentially rather than concurrently does not persuade the Court to use its inherent power to grant relief.

*Id.*  (internal citations omitted.)

Likewise, in *Orion IP, LLC, v. Mercedes-Benz USA, LLC*, 2008 WL 5378040, at *8 (E.D. Tex. Dec. 22, 2008), the court declined to stay entry of judgment after a jury verdict but before appeal because a stay would allow the infringer "a second bite at invalidity, even though [infringer] had ample opportunity to present its invalidity case at trial."

In *NTP, Inc. v. Research In Motion, Ltd.*, 397 F. Supp. 2d 785, 788 (E.D. Va. 2005), after remand from the Federal Circuit affirming infringement and validity of certain claims, the court refused to stay the proceedings based on a reexamination that was initiated after the jury verdict:

> The Court recognizes the rights of a patent holder whose patents have been infringed.  Indeed, the essence of patent protection is that a party legally deemed to have infringed one or more patents shall be liable to the patent holder for damages.  Valid patents would be rendered meaningless if an infringing party were allowed to circumvent the patents' enforcement by incessantly delaying and prolonging court proceedings which have already resulted in a finding of infringement.

Similarly, in *Ultrak, Inc., v. Radio Eng'g Indus., Inc.*, 1999 WL 1020250, at *1 (N.D. Tex. May 17, 1999), *rev'd on other grounds*, 605 F.3d 967 (Fed. Cir. 2010), the court denied a motion to stay execution of judgment where infringement and damages had already been affirmed by the Federal Circuit (even when the reexam was initiated a year before trial); *see also MercExchange, L.L.C. v. eBay, Inc.*, 500 F. Supp. 2d 556, 565 (E.D. Va. 2007) (refusing to "stay the post-trial proceedings as doing so would create the incentive for adjudicated infringers to seek to circumvent an otherwise enforceable jury verdict by utilizing an alternate forum").

As for prejudice to Dow, this Court already noted prejudice to Dow if the supplemental damages trial were stayed:

> But mostly it just seems to me here, Dow having litigated for over seven years, having won in front of the jury, having won in front of Judge Farnan, having won in the Federal Circuit, having prevailed in the Supreme Court is in a position where it is fair to expect that we should get this case wrapped up, whatever remains to be done with it.

(D.I. 741 at 53:19-25.)   This same prejudice warrants denying Nova's latest request to stay. Having successfully litigated against Nova for over seven years, Dow should be permitted to collect the money owed by Nova for its infringement, rather than give Nova a near interest-free loan (*see* D.I. 730 at 12).  Nova should not be rewarded now with a stay for its tactical decision to seek reexamination only after it lost in the district court, in the Federal Circuit, and in the Supreme Court.  Consequently, the prejudice factor favors Dow.

## 2.   A Stay Would Not Simplify Any Issues

Another factor courts consider in deciding whether to stay litigation is whether a stay would simplify the issues and trial in the case.  Nova does not address this factor.  The Court previously stated that there was "no overlap between the issues in front of [it] and what is in

front of the PTO." (D.I. 741 at 53:1-4.) The reexamination involves the issue of validity, which forms no part of the proceedings here.

The final and affirmed Rule 54(b) judgment includes a validity judgment. That judgment is binding against Nova. Nova cannot avoid supplemental damages by asserting invalidity. The only issue here is the calculation of supplemental damages. This factor clearly supports Dow.

### 3.   The Late Stage Of These Court Proceedings Warrants Denying Nova's Motion

Another factor courts consider is "whether discovery is complete and a trial date has been set," *i.e.*, the stage of the litigation. *Personalized User Model,* 2012 WL 5379106, at *1. Nova does not address this factor at all. The Court previously ruled that the case was "extremely advanced whereas the reexamination has just begun." (D.I. 741 at 53:5-8.) The same is even more true now and therefore this factor undoubtedly supports Dow.

In sum, all three stay factors favor Dow. Nova's motion should be denied.

### 4.   The Recent Decision In *Fresenius* Supports Denial Of Nova's Motion Based On The Stay Factors

As discussed below, the Federal Circuit's recent decision in *Fresenius* reaffirms that final judgments of validity should not be disturbed by contrary PTO decisions. *Fresenius* also supports denial of Nova's motion based on the stay factors because of Nova's delay in seeking reexamination.

In *Fresenius,* the Federal Circuit confirmed that a non-final district court judgment in favor of the patentee, Baxter, could be vacated based on cancellation of the patent in reexamination. Cancellation, however, takes place after the Federal Circuit's affirmance of the PTO decision. The Federal Circuit stated that "the statute requires that a final PTO decision **affirmed by this court** be given effect in pending infringement cases that are not yet final." *Fresenius*, slip op. at 29-30 (emphasis added). Thus, even if the reexamination decision could

somehow nullify this Court's Rule 54(b) judgment (which it cannot), that would not occur until after proceedings before the Patent Examiner, the Patent Office Board of Appeals, and the Federal Circuit.   All of these proceedings must be concluded for cancellation to occur. Therefore, for Nova to obtain the benefit that it seeks, this Court must stay proceedings for several years, likely to the year 2016 or later.

Notably, the reexamination proceedings in the *Fresenius* case took over seven years to complete.  Fresenius filed its reexamination request in 2005.  *Id*. at 6.  In March 2010, the Board of Patent Appeals and Interferences affirmed an examiner's determination that the relevant claims were invalid.  *Id*. at 8.  The Federal Circuit affirmed the Patent Office's decision, with its mandate issuing on November 2, 2012.  *Id*.

In *Fresenius,* the district court denied the multiple motions to stay proceedings based on the reexamination even though Fresenius had sought reexamination less than two years after the district court case was initiated.  *Id*. at 9.  In fact, the district court denied Fresenius's renewed motion to stay after the Patent Office Board of Appeals had affirmed the invalidity of the asserted claims.  *Id*.  The district court reasoned that because the determination would change by the time it became final, especially in view of the appeal to the Federal Circuit, the district court denied the motion to stay.  *Id*.

Here, Nova filed its requests for reexamination five years later in the process than Fresenius did in its case.  Nova should not be permitted to stall final resolution of this case based on reexamination requests that it did not file for tactical reasons until seven years after the Complaint was filed and two and one-half years after the jury verdict adverse to Nova.

Moreover,  as discussed below, even if Nova had not been dilatory and final resolution by the PTO were imminent, there would be no basis to stay proceedings based on the reexamination because it can have no impact on this Court's affirmed final Rule 54(b) judgment.

**B.     The Reexamination Has No Effect On These Proceedings**

Nova's motion should be denied for the additional reason that it is based on the incorrect legal theory that a PTO decision that the patents-in-suit are invalid will automatically nullify the district court's final judgment on validity.  Nova is wrong.

**1.     A PTO Decision Will Not Void This Court's Final Validity Judgment**

This Court's validity judgment is unquestionably a final judgment.  At Nova's urging, this Court incorporated that validity judgment into a Fed. R. Civ. P. 54(b) judgment.  (D.I. 612, D.I. 615.)  The effect of a Rule 54(b) judgment severs the issues it incorporates into a ***final*** judgment that becomes final for all purposes, including *res judicata*.  *See* Fed. R. Civ. P. 54(b) (providing that a Court may enter "final judgment as to one or more, but fewer than all, claims or parties."); *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1066, 1068 (9th Cir. 2002); *Johnson v. Orr*, 897 F.2d 128, 130 (3d Cir. 1990) ("a judgment entered pursuant to Rule 54(b) has the same finality as any other judgment"); Moore's Federal Practice § 54.26 (2013) ("Because a Rule 54(b) judgment is a judgment for all purposes, any of the federal rules applicable to judgments in general are also applicable to judgments under Rule 54(b).").

The Federal Circuit's disposition of that final judgment was simply "Affirmed." (D.I. 637.)  There was no remand to this Court.  (*See id.*)  The remaining proceedings before this Court were the parts of the case that were left out of the Rule 54(b) judgment.  But the parts that were incorporated into the 2010 final judgment were appealed to higher courts and completely resolved as to the parties here.  Therefore, on this motion, there is no question about the finality of the validity judgment.

The existence of a final judgment is fatal to Nova's argument. Nova contends it will be prejudiced absent a stay of execution because a PTO reexamination decision could affect its obligation to pay damages for infringing Dow's patent. (*See* Nova Br. at 1-2, 5, 12.) However, the existence of the final validity judgment means that it must pay for that infringement, regardless of what happens in the PTO. A PTO decision on a reexamined patent cannot "alter the binding effect of a prior judgment in a judicial proceeding":

> These conclusions do not mean, however, that, when the PTO does act in the context of a reexamination proceeding, its conclusions can alter the binding effect of a prior judgment in a judicial proceeding. They cannot….

*In re Baxter Int'l, Inc.*, 698 F.3d 1349, 1351 (Fed. Cir. 2012) (Judge O'Malley concurring in denial of rehearing *en banc*). The *Fresenius* case recently reaffirmed this principle, citing Judge O'Malley's opinion with approval. *Fresenius*, slip op. at 18. In *Fresenius*, the court relied on the fact that judgment was not final: "In this case, there is no question of reopening a final court judgment, because no such judgment has been entered." *Id.* at 19. Instead, in *Fresenius*, there were two district court judgments at issue. The first, from 2007, was revised and remanded on appeal and therefore "had been superseded." *Id.* at 20 n.9. The second, from 2012, was currently on appeal. Here, by contrast, this Court's 2010 judgment of validity was incorporated into a final Rule 54(b) judgment and affirmed with no alteration or remand.

Indeed, the PTO conceded in *Baxter* that "judgments of Article III courts may not be over-ridden by agencies of the Executive Branch." Brief for Appellee, Director of the USPTO Opposing Rehearing and Rehearing *En Banc*, *In re Baxter Int'l Inc*. (No. 2011-1073), 2012 WL 4667630 at *14; *see also In re Swanson*, 540 F.3d 1368, 1379 n.5 (Fed. Cir. 2008) ("[A]n attempt to reopen a final federal court judgment of infringement on the basis of a reexamination finding of invalidity might raise constitutional problems."). More specifically, the PTO

conceded, as noted by Judge O'Malley in her opinion, that "'[i]f a federal court awards relief to a patent holder against an infringer, a subsequent reexamination decision that the patent is invalid does not disturb *the judgment* of the court or *alter its binding effect on the parties.*' PTO Response at 14." *Baxter*, 698 F.3d at 1351 (emphasis added).

This principle was also reaffirmed by *Fresenius*. There the court acknowledged that where the court of appeals mandate has issued requiring specific, immediate relief for a party, then the judgment underlying that mandate may not be changed by subsequent events. *Fresenius*, slip op. at 28 & n.12. Here, the mandate on Dow's validity judgment issued, requiring the execution of the 2010 damages judgment. The underlying validity judgment therefore cannot be affected by subsequent PTO action. Nor are there any other validity proceedings in this Court that could be affected by such action. The supplemental damages proceedings flow from the 2010 validity and infringement judgment, not from anything else. Consequently, subsequent PTO decisions cannot alter the binding effect of the Court's affirmed and final 2010 validity judgment on the parties.

The cases Nova relies on imply the same thing. In *Standard Havens*, the Federal Circuit relied heavily on the fact that there was no final judgment:

> The issues of damages and enjoinability in this suit still being unresolved, despite trial and proper appeal, *we do not regard the issues of patent validity and infringement as having been incorporated into a final judgment* that would moot the issue of a stay pending completion of the section 145 suit.

*Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 996 F.2d 1236, at *1 (Fed. Cir. 1993) (emphasis added). The court went on to say that a final judgment that did incorporate validity and infringement "would moot the issue of a stay pending" reexamination. *Id.* Because here, at Nova's request, the validity decision was incorporated into a final Rule 54(b) judgment that was

appealed and completely disposed of by the courts, under *Standard Havens*, the validity issue is incorporated into a final judgment that moots the issue of a staying pending reexamination.

In *Flexiteek*, the district court did not void its earlier judgment based on a PTO decision, but instead invoked Fed. R. Civ. P. 60, gave detailed consideration to each of the factors underlying that rule, most of which were unrelated to the PTO decision, and granted "extraordinary" relief from the final judgment pursuant to the requirements of that rule. *See Flexiteek Ams., Inc. v. PlasTEAK, Inc.*, 2012 WL 5364247 (S.D. Fla. Oct. 31, 2012) (district court's decision); *Flexiteek Ams., Inc. v. PlasTEAK, Inc.*, 2012 WL 5364263, at *10-11 (S.D. Fla. Sept. 10, 2012) (magistrate's decision).

Thus, contrary to Nova's argument, an adverse PTO decision will not nullify this Court's 2010 final judgment of validity.  For that reason alone, Nova's motion should be denied.

### 2.    Rule 60 Relief Would Not Be Available Here

In its motion, Nova does not request Rule 60 relief from the Court's 2010 final judgment of validity.  Moreover, the Federal Circuit has held that a Rule 60 motion based on a reexamination decision should not be granted in a situation such as this where the accused infringer exhibited a lack of diligence in filing the reexamination petition. *See Amado v. Microsoft Corp.*, 517 F.3d 1353, 1363 (Fed. Cir. 2008); D.I. 730 at 6 & n.2.  There, the Federal Circuit found that Microsoft "failed to file the reexamination petition until after the unfavorable judgment was entered" despite the fact that "Microsoft was aware of the prior art upon which its reexamination petition was based well before trial." *Id.* at 1363.

Here, Nova was not diligent in pursuing its defenses or seeking reexamination.  Nova's reexamination request is based entirely on prior art that it presented at trial (*compare* D.I. 730, Ex. 1 *with* D.I. 582 at 2749:20-2751:20; DTX645) or that it had been aware of for many years

(*compare* D.I. 730, Ex. 1 *with* D.I. 1, Exs. A&B, D.I. 128 at E48-E109, D.I. 409 at 31-52). Nova could have filed its petition years ago.[2]

Furthermore, in *Flexiteek*, in addition to the fact that defendants "moved as expeditiously as could be expected," the plaintiffs also hid crucial prior art in discovery and committed additional improper acts that justified the extraordinary Rule 60 relief that Nova is not seeking. 2012 WL 5364263, at *10-11; 2012 WL 5364247, at *3. In that case there were a number of facts, absent here, that warranted Rule 60 relief. *Flexiteek*, 2012 WL 5364263, at *11.[3]

### 3.   Nova's Discussion Of Dow's Alleged Contentions Merely Presents A Series Of Straw-man Arguments

Dow made it quite clear in its earlier briefing and at the Pretrial Conference that the finality of the invalidity judgment was a key issue on whether a stay should be entered, stating at the hearing "we have a final judgment of validity and that is it." (D.I. 741 at 8:20-23.)

Instead of addressing that key issue, Nova addresses straw-man mischaracterizations of Dow's arguments. First, Nova argues that "Dow incorrectly contends that it essentially already has a final verdict as to supplemental damages." (Nova Br. at 7.) Dow has never made that

---

[2]   Nova contends it could not have filed its reexamination request before June 2010 because it relies on confidential documents that became public during the June 2010 trial. However, Nova waited two and a half years after the trial to seek reexamination. Furthermore, Dow produced the documents in 2008. If Nova had been diligent, it could have sought relief from the Protective Order in this Court or submitted the documents to the PTO under seal. (MPEP § 724.04(c) – "Any materials, i.e., information, properly submitted under MPEP § 724.02 in a reexamination proceeding will be sealed from public view.")

[3]   For this same reason Nova's reliance on *Shawkee Mfg. Co. v. Hartford-Empire Co.*, 322 U.S. 271 (1944), is misplaced. There, as explained in more detail in the companion case decided the same day, *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 239 (1944), there was "proof that fraud was perpetrated on [the Court] by a successful litigant." Specifically, the patentee's expert published an article, written by attorneys, describing how "remarkable" and "revolutionary" the invention was. *Id.* at 240. The patentee then introduced the article as evidence of validity in Court. *Id.* at 240-41. Based on this fraud, the Court granted relief from the prior validity judgment. There are no such "extraordinary circumstances" present here.

argument.  Rather, Dow contends that it has a final judgment of validity.  Nova does not dispute that Dow has a final judgment of validity.

Nova's second straw-man argument is that Dow allegedly "argues that damages can only be stayed *prior* to an affirmance of judgments on validity and infringement."  (Nova Br. at 7; *see also id*. at 8-9.)  Once again, that is not Dow's argument.  Dow is not relying on mere affirmance of this Court's validity ruling but on the fact that it was a final judgment.

Nova's third straw man argument is that Dow allegedly argues that *res judicata* precludes the PTO's reexamination decision.  (Nova Br. at 9-10.)  Dow never made that argument.  The PTO can, of course, proceed with the reexamination.  The relevant question, however, is whether the PTO's decision could impact Nova's obligations here.  Nova quotes from Dow's explanation at the Pretrial Conference for why the PTO can grant reexamination in spite of the existence of a final judgment.  (Nova Br. at 9 (citing D.I. 741 at 8:17-23).)  Dow said nothing about the PTO being bound by *res judicata* but merely explains that the PTO has other considerations involving third parties that go beyond the issues resolved in this Court between Dow and Nova.

### 4.    Nova's Distinction Between Final Executed And Final Unexecuted Judgments Has No Basis In The Law

Nova also describes the case law in this area as creating a "distinction between damages judgments that are non-final or unexecuted, as opposed to those that are final and executed." (Nova Br. at 7.)  Nova argues that a final judgment that is not executed is treated in the same way as a non-final judgment.  (*See id*. at 5-7.)

Nova, however, cites nothing to support this novel argument and, in fact, the case law shows that the distinction drawn in this area is between final and non-final judgments without regard to execution.  Nova argues correctly that *Standard Havens* draws a distinction between non-final judgments and final ones.  (Nova Br. at 6.)  Dow agrees.  Under *Standard Havens*, a

final judgment, such as the invalidity one here, "moot[s] the issue of a stay pending completion of the" reexamination.   996 F.2d at 1236.   *Standard Havens* says nothing about the final judgment needing to be executed first.

Nova next implies that a stay of execution of judgment was automatically granted in *Flexiteek* because of an adverse reexamination decision.  (Nova Br. at 6.)  However, nothing in *Flexiteek* was automatic.   Rather, the defendant in *Flexiteek* established that it was entitled to extraordinary relief under circumstances that were entirely different from those here.  2012 WL 5364263, at *10-11; 2012 WL 5364247, at *3.   Moreover, the defendant in *Flexiteek,* unlike Nova here, acted quickly and did not wait two and half years after a jury verdict on validity before seeking reexamination from the PTO.  *Id.*

Next, Nova argues that *Baxter* supports the idea that the situation is only different "if a final judgment is entered ***and executed upon***."   (Nova Br. at 6) (emphasis added).   However, once again, whether the judgment was executed was not mentioned in *Baxter*.   The opinion merely stated that a reexamination decision "cannot" "alter the binding effect of a prior judgment in a judicial proceeding" and reiterated the PTO's own position that a reexamination decision of invalidity "does not disturb the judgment of the court or alter its binding effect on the parties." *Baxter*, 698 F.3d at 1351.   These considerations relate to the finality of the judgment, not whether it has been executed upon.   Indeed, the argument that a PTO decision cannot alter the "binding effect on the parties" of a judgment implies that the judgment is yet to be executed in full, *i.e.*, that there are still acts that the judgment requires the parties to do.[4]

---

[4]   Indeed, *Fresenius* confirms that it is the finality of the judgment, not whether the judgment has already been executed upon.   To be sure, a judgment is final when it "leaves nothing for the court to do but execute the judgment," *Fresenius*, slip op. at 20*,* but here the validity judgment, which is the only judgment that a PTO decision could alter, was in fact executed upon.   Indeed, Nova itself submitted to the Court that the validity judgment should be

Thus, contrary to Nova's argument, the distinction that matters is whether the judgment is final, not whether it has been executed upon.  Here, the invalidity judgment is final and binding on the parties.  Any subsequent reexamination decision cannot alter that judgment's "binding effect on the parties." *Baxter*, 698 F.3d at 1351.

### 5.      Nova's Other Cases Are Inapposite

Nova's other authorities do not support its position that unexecuted money damages would be obviated by a PTO decision invalidating the patents-in-suit.  Nova's argument that "[c]ourts recognize the risk of entering and enforcing judgments against parties on the basis of invalidated patents" (Nova Br. at 5) is supported only by district court cases where defendants were seeking stays prior to trial on infringement and validity.  (*See* D.I. 730 at 7-8, 9 n.3 (explaining that *Bausch & Lomb Inc. v. Alcon Labs., Inc.*, 914 F. Supp. 951, 952 (W.D.N.Y. 1996), *Broadcast Innovation, LLC v. Charter Commc'n, Inc.*, 2006 WL 1897165, at *7 (D. Colo. July 11, 2006), *Everything For Love.com, Inc. v. Tender Loving Things, Inc.,* 2006 WL 2091706, at *4 (D. Ariz. July 21, 2006), and *Akzenta Paneele + Profile GmbH v. Unilin Flooring N.C. LLC,* 464 F. Supp. 2d 481 (D. Md. 2006), were all district court cases that decided to stay prior to trial because the trial involved the prior art references at issue in the PTO).)

Moreover, these cases do not hold, as Nova contends, that harm from denying a stay would arise from entering and enforcing judgments.  Rather, the harm in those cases was the harm caused by a validity judgment against the defendants.  (*See* D.I. 730 at 7-8.)

---

incorporated into a final Rule 54(b) judgment.  One of the key requirements for judgment under Rule 54(b) is that the judgment be one that "leaves nothing for the court to do but execute the judgment." *In re Diet Drugs Prods. Liab. Litig.*, 401 F.3d 143, 162-63 (3d Cir. 2005).

### C.      Execution of Judgment Should Not Be Stayed

Nova also requests that if the Court enters judgment that the Court stay its execution pending the reexamination.  Nova does not discuss how its request for a stay of execution of judgment differs from its request for a stay of entry of judgment.  In fact, Nova relies on the same arguments and cases to support each request.  As discussed above, Nova's request for relief fails to satisfy the three factors courts consider in deciding whether to stay litigation.

Nova's delay in seeking reexamination should defeat any attempt to stay execution of the judgment.  With the post-judgment interest rates being close to zero, Nova in effect seeks an interest free loan on the money that it owes Dow during the pendency of the reexamination, which could take years.  Nova argues the reexamination will only be lengthy if Dow loses.  However, Nova's argument assumes there are only two possibilities:  (1) that the PTO decides immediately to uphold the validity of all claims; and (2) that the PTO rejects Dow's claims and Dow loses all subsequent proceedings.  There are obviously many other possibilities involving initial rejections that are withdrawn, successful appeals, etc.  Consequently, the expected length of a reexamination proceeding weighs heavily against the relief that Nova is requesting.

Nova could have sought reexamination years ago yet failed to do so until the end of last year.  Nova should not be rewarded for its lack of diligence by receiving an interest free loan and yet another bite at the apple.  Nova's strategy, if successful, will encourage every defendant who loses a patent case in a district court to file a request for reexamination after trial rather than do so earlier in the case.  Doing so earlier in the case carries the risk of strengthening the patent in the eyes of the jury if the PTO upholds the validity of the claims.  But waiting until after trial, as long as courts will stay litigation, holds no risk at all.

The authority Nova relies upon is inapposite.  In *Peach State Labs, Inc. v. Envt'l Mfg. Solutions, LLC*, 2012 WL 503839 (M.D. Fla. Jan. 13, 2012), the court stayed enforcement of a

permanent injunction ***before*** entry of judgment and ***before*** appeal.   In *Flexiteek Ams., Inc. v. PlasTEAK, Inc.*, 2010 WL 2976859 (S.D. Fla. July 20, 2010), the court likewise granted a stay of execution ***before*** the appeal of invalidity was decided.   After the invalidity judgment was finalized, defendants had to resort to Rule 60 to seek relief, which Nova does not and cannot do for the reasons discussed above.[5]

Furthermore, it is reasonable for Dow to expect to be close to concluding this almost eight year old case.   As the Court recently noted, in "weighing the interests implicated by a stay motion, the Court is mindful of its 'responsibility to secure the just and speedy and inexpensive determination of every action.'"   *Smarter Agent*, 889 F. Supp. 2d at 677 (quoting *Kenney v. Cal. Tanker Co.*, 381 F.2d 775, 777 (3d Cir. 1967)).   In this case in particular, these considerations all point toward denying Nova's motion.   This case is approaching its eighth anniversary and has been through two trials and appeal.   Indeed, as the Court noted, it is time to wrap this case up:

> But mostly it just seems to me here, Dow having litigated for over seven years, having won in front of the jury, having won in front of Judge Farnan, having won in the Federal Circuit, having prevailed in the Supreme Court is in a position where it is fair to expect that we should get this case wrapped up, whatever remains to be done with it.

(D.I. 741 at 53:19-25.)   Consequently, Dow requests that the Court deny Nova's request to stay execution of the judgment in this case.

## IV.   CONCLUSION

For the foregoing reasons, the Court should deny Nova's motion.

---

[5]   For these same reasons, Nova's arguments that it can protect Dow's interests by escrowing funds or executing a supersedeas bond (Nova Br. at 11) fail.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

_____
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9220
rsmith@mnat.com
  *Attorneys for Plaintiff*
  *The Dow Chemical Company*

OF COUNSEL:

Harry J. Roper
Aaron A. Barlow
Paul D. Margolis
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL  60654
(312) 222-9350

Raymond N. Nimrod
Gregory D. Bonifield
Joshua S. Reisberg
QUINN EMANUAL URQUHART
OLIVER & HEDGES LLP
51 Madison Avenue. 22nd Floor
New York, NY  10010
(212) 849-7000

July 3, 2013
7343771

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 3, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to all registered participants.

I also certify that copies were caused to be served on July 3, 2013, upon the following in the manner indicated:

Richard L. Horwitz                                              *VIA ELECTRONIC MAIL*
David E. Moore
POTTER ANDERSON & CORROON LLP
1313 North Market Street, 6th Floor
Wilmington, DE  19899

Jeffrey W. Abraham                                           *VIA ELECTRONIC MAIL*
Eric J. Fues
Ronald A. Bleeker
Mark J. Feldstein
Sulay D. Jhaveri
Pier D. DeRoo
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, DC  20001

Martin I. Fuchs                                                  *VIA ELECTRONIC MAIL*
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA  20190-5675

H. Woodruff Turner                                          *VIA ELECTRONIC MAIL*
Robert D. Yeager
Thomas A. Donovan
K & L GATES
K & L Gates Center
210 Sixth Avenue
Pittsburgh, PA  15222-2613

*/s/ Rodger D. Smith II*

_____

Rodger D. Smith II (#3778)