IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE DOW CHEMICAL COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NOVA CHEMICALS CORPORATION )<br>(CANADA), and NOVA CHEMICALS INC. )<br>(DELAWARE), )<br>)<br>Defendants. ) | C.A. No. 05-737-LPS |

**NOTICE OF SUBSEQUENT AUTHORITY
IN SUPPORT OF NOVA'S MOTION FOR A
STAY OF DAMAGES PROCEEDINGS OR, IN THE ALTERNATIVE,
FOR A STAY OF ENTRY OF JUDGMENT AND EXECUTION**

Defendants NOVA Chemicals Corporation and NOVA Chemicals Inc. (collectively "NOVA"), by its undersigned counsel, submit this paper to bring to the Court's attention a recent grant of *certiorari* by the Supreme Court which may provide supplemental grounds in support of NOVA's pending motion (D.I. 746) for a stay of the damages proceeding or, in the alternative, a stay of entry of judgment and execution.

On January 10, 2014, the U.S. Supreme Court granted *certiorari* in the case of *Nautilus, Inc. v. Biosig Instruments, Inc.*, No. 13-369, 2014 WL 92363, *1 (S. Ct. Jan. 10, 2014). The primary question presented in Nautilus' petition is:

> Does the Federal Circuit's acceptance of ambiguous patent claims with multiple reasonable interpretations—so long as the ambiguity is not "insoluble" by a court—defeat the statutory requirement of particular and distinct patent claiming?

(Ex. A at i.)

In the instant case, NOVA argued the same issue in both this Court and on appeal. Indeed, NOVA's own petition for *certiorari* posed the issue in essentially identical terms:

2. Whether the Federal Circuit's test for patent indefiniteness, which upholds claims as long as their meaning is "discernible [by a reviewing court], even though the task may be formidable and the conclusion may be one over which reasonable persons may disagree," effectively eliminates the Patent Act's requirement that claims be definite and this Court's long-standing precedent that patent claim descriptions be neither vague nor ambiguous.

(Ex. B at i.)

Although NOVA's petition was denied, the grant of c*ertiorari* in the *Nautilus* case means that the Supreme Court should speak to this issue before the end of the term in June. Oral argument has been set for April 28, 2014. The impending issuance of that decision provides an additional reason why a stay is necessary and appropriate in this case, and would further promote judicial economy without any undue prejudice to Dow under the circumstances.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Ford F. Farabow, Jr.<br>Ronald A. Bleeker<br>Joann M. Neth<br>Mark J. Feldstein<br>Sulay D. Jhaveri<br>Eric Fues<br>FINNEGAN, HENDERSON, FARABOW,<br> GARRETT & DUNNER, L.L.P.<br>901 New York Avenue, N.W.<br>Washington, DC 20001-4413<br>(202) 408-4000 | By: */s/ David E. Moore*<br>   Richard L. Horwitz (#2246)<br>   David E. Moore (#3983)<br>   Hercules Plaza, 6th Floor<br>   1313 N. Market Street<br>   Wilmington, DE 19801<br>   Tel: (302) 984-6000<br>   rhorwitz@potteranderson.com<br>   dmoore@potteranderson.com<br><br>*Attorneys for Defendants*<br>*NOVA Chemicals Corporation (Canada), and*<br>*NOVA Chemicals Inc. (Delaware)* |
| H. Woodruff Turner<br>Thomas A. Donovan<br>K&L GATES LLP<br>210 Sixth Avenue<br>Pittsburgh, PA 15222-2613<br>(412) 355-6500 | |

Dated: February 12, 2014
1139285 / 29645

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on February 12, 2014, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on February 12, 2014, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Rodger D. Smith II<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347<br>rsmith@mnat.com | Harry J. Roper<br>Steven R. Trybus<br>Aaron A. Barlow<br>Jenner & Block LLP<br>One IBM Plaza<br>Chicago, IL  60611<br>hroper@jenner.com<br>strybus@jenner.com<br>abarlow@jenner.com |
| Paul D. Margolis<br>Jenner & Block LLP<br>333 North Wabash Avenue<br>Chicago, IL  60611<br>pmargolis@jenner.com | Raymond N. Nimrod<br>Joseph Milowic III<br>Gregory D. Bonifield<br>Joshua S. Reisberg<br>Quinn Emanuel Urquhart Oliver<br>   & Sullivan LLP<br>51 Madison Avenue<br>22nd Floor<br>New York, NY  10010<br>raynimrod@quinnemanuel.com<br>josephmilowic@quinnemanuel.com<br>gregbonifield@quinnemanuel.com<br>joshuareisberg@quinnemanuel.com |

James R. Ferguson
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL  60606
jferguson@mayerbrown.com

/s/ *David E. Moore*
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
rhorwitz@potteranderson.com
dmoore@potteranderson.com

743809 / 29645